UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PETER ACKERMAN and<br>JOANNE LEEDOM-ACKERMAN,<br><br>  3229 R St., N.W.<br>  Washington, D.C. 20007<br><br>     Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Internal Revenue Service<br>  1111 Constitution Ave., N.W.<br>  Washington, D.C.  20224<br><br>     Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br><br><br>CIVIL ACTION NO._____ |

## COMPLAINT

Plaintiffs Peter Ackerman and Joanne Leedom-Ackerman ("Plaintiffs"), by and through their undersigned counsel, file this Complaint against the United States of America ("Defendant"), and allege as follows

1.     Plaintiffs at all times relevant to this matter have been husband and wife and reside at 3229 R Street, N.W., Washington, D.C. 20007.  Their social security account numbers are xxx-xx-1402 and xxx-xx-7396, respectively.

2.     This is a civil action against the Defendant for the recovery of income taxes for the years 1997 through 2003 which were erroneously and illegally assessed and collected as discussed below.

3.      This case was brought pursuant to 26 United States Code (U.S.C.) § 6230(c)(3) (hereafter also cited as "I.R.C."), and 28 U.S.C. §§ 1340 and 1346.  Venue is proper pursuant to 28 U.S.C. § 1396.

4.      Plaintiffs have made no transfer or assignment of this claim or any part thereof and at all times have been the sole and absolute owner of such claim.  No action with respect to this claim has been taken before the Congress of the United States or before any department or agency of the United States other than action before the Treasury Department, as hereinafter described.  No other suit or process by Plaintiffs, or any assignee, is pending on such claim in any other court.

5.      All conditions precedent to Plaintiffs bringing this action have been performed or have occurred.

6.      On or about January 8, 2006, the Internal Revenue Service ("I.R.S.") made assessments against the Plaintiffs of income taxes, penalties and interest with respect to the tax years 1997 through 2003 inclusive.  These assessments were supposed to be the product of an Opinion in the United States Tax Court, *Santa Monica Pictures, LLC v. Commissioner*, T.C. Memo 2005-144, (appeal dismissed, 2d Cir. 2007).  Attached as Plaintiffs' Exhibit A is a copy of the January 18, 2006 cover letter from the I.R.S. Ogden, Utah Office, as well as each of the I.R.S. Forms 4549-A, Income Tax Examination Changes, that accompanied it.  That letter admitted that the computations for 2000-2003 were not based upon complete information.

7.      In accordance with I.R.C. § 6230(c), representatives of the Plaintiffs submitted a series of timely claims for computational adjustments with respect to the material identified in Exhibit A.

        A.      On February 21, 2006, attorney Howard Levinton, pursuant to a Power of Attorney, submitted on behalf of Plaintiffs a letter to the I.R.S. Office in Ogden, Utah that had issued the January 18, 2006, letter.  His letter was a claim for computational adjustments,

pointing out that the total of the adjustments in the Forms 4549-A for 1997 and 1998 exceeded the adjustments reflected in the holdings of the Tax Court. A copy of that letter is attached as Exhibit B.

B.    On March 28, 2006, Mr. Levinton submitted on behalf of Plaintiffs a timely supplemental claim for computational adjustments for all years, with significant supporting materials, which described additional corrections to be made. A true and complete copy of Mr. Levinton's request and the supporting materials is attached as Exhibit C.

C.    On August 16, 2006, counsel for Plaintiffs in this matter submitted a further timely supplemental request for computational adjustment, which reaffirmed most of the prior requests but corrected others and pointed out additional items for correction, of which a copy is attached as Exhibit D. Part of that submission was a summary of all the adjustments identified in Exhibits B, C, and D.

8.    The filing of a request for computational adjustment under I.R.C. § 6230 (c) does not require the prior payment of the underlying tax, penalty or interest, as it is directed at the components of the computation and not the ultimate liability. However, Plaintiffs fully paid the assessed liabilities on or about October 19, 2006.

9.    The amounts of net adjustments (some of which relate to ordinary income or losses, and others relating to capital gains or losses) and the computed reduction in income tax resulting from Exhibits B, C, and D are as follows:

| Tax Year | Net Items of Adjustment to Taxable Income | Refund Produced by Net Adjustments |
|---|---|---|
| 1997 | $30,737, 885 | $14, 583,325 |
| 1998 | 19,260,280 | 6,130,229 |
| 1999 | 13,970,000 | 2,019,736 |
| 2000 | (5,872,059) | none |
| 2001 | 22,303,992 | none |
| 2002 | 1,334,000 | 1,914,156 |
| 2003 | 7,200,000 | none |

To the extent those refunds of income tax would be allowable, the penalties and interest assessed against the Plaintiffs would likewise have been reduced *pro rata* and should be refunded.

10.    Although personnel at the I.R.S. in Ogden, Utah, to whom the claims for adjustment were delivered verbally acknowledged receipt of the claims, the I.R.S. has never responded in writing, indicated that the claims are in any way improper or deficient, or explained why any part of them would not be allowable.

11.    This suit is timely pursuant to I.R.C. §§ 6230(c) and 6532(a).

12.    Defendant has refused and continues to refuse to process any of the requested computational adjustments described above, and refuses to refund the income taxes resulting from the claims for computational adjustments identified above.  For the reasons set out in this Complaint and in Plaintiffs' claims, Exhibits B through D hereto, Plaintiffs are entitled to and demand judgment against Defendant for refunds of income tax in the amount of $14,583,325 in 1997, $6,130,229 in 1998, $2,019,736 in 1999, $1,914,156 in 2002, or such other amount as may be allowable, plus refunds of a *pro rata* portion of the applicable penalties, together with interest thereon according to law and for costs and further relief as may be just and appropriate.

WHEREFORE, PLAINTIFFS PRAY for judgment compelling Defendant to process the adjustments in Exhibits B, C, and D as are proper, and, after doing so, for judgment against Defendant in the amounts alleged in Paragraph 9 or for such other amounts to which Plaintiffs are entitled in law and fact, together with the penalties applied to those amounts, interest according to law on the total, and for costs and further relief as may be just and appropriate.

Respectfully submitted,

JAMES P. JOSEPH, D.C. Bar No. 421231
REBECCA L. D. GORDON, D.C. Bar No. 468809

Arnold & Porter, L.L.P.
555 Twelfth Street, N.W.
Washington, D.C.  20004-1206
(202) 942-5000 (telephone)
(202) 942-5999 (facsimile)

LEAD COUNSEL FOR PLAINTIFFS

Dated:  February 19, 2008

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

PETER ACKERMAN and
JOANNE LEEDOM-ACKERMAN

**DEFENDANTS**

UNITED STATES OF AMERICA

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___11001___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

JAMES P. JOSEPH (202.942.5355)
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC 20004-1207

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

◉ 2 U.S. Government Defendant

○ 3 Federal Question
(U.S. Government Not a Party)

○ 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

◉ **E.** *General Civil (Other)*      OR      ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☒ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ **530 Habeas Corpus-General**<br>☐ **510 Motion/Vacate Sentence** | ☐ **442 Civil Rights-Employment (criteria: race, gender/sex, national origin, disability age, religion, retaliation)**<br><br>***(If pro se, select this deck)*** | ☐ **895 Freedom of Information Act**<br>☐ **890 Other Statutory Actions (if Privacy Act)**<br><br>***(If pro se, select this deck)*** | ☐ **152 Recovery of Defaulted Student Loans (excluding veterans)** |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ **710 Fair Labor Standards Act**<br>☐ **720 Labor/Mgmt. Relations**<br>☐ **730 Labor/Mgmt. Reporting & Disclosure Act**<br>☐ **740 Labor Railway Act**<br>☐ **790 Other Labor Litigation**<br>☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights Act)**<br>☐ **443 Housing/Accommodations**<br>☐ **444 Welfare**<br>☐ **440 Other Civil Rights**<br>☐ **445 American w/Disabilities-Employment**<br>☐ **446 Americans w/Disabilities-Other** | ☐ **110 Insurance**<br>☐ **120 Marine**<br>☐ **130 Miller Act**<br>☐ **140 Negotiable Instrument**<br>☐ **150 Recovery of Overpayment & Enforcement of Judgment**<br>☐ **153 Recovery of Overpayment of Veteran's Benefits**<br>☐ **160 Stockholder's Suits**<br>☐ **190 Other Contracts**<br>☐ **195 Contract Product Liability**<br>☐ **196 Franchise** | ☐ **441 Civil Rights-Voting (if Voting Rights Act)** |

**V. ORIGIN**

◉ **1 Original Proceeding**  ○ **2 Removed from State Court**  ○ **3 Remanded from Appellate Court**  ○ **4 Reinstated or Reopened**  ○ **5 Transferred from another district (specify)**  ○ **6 Multi district Litigation**  ○ **7 Appeal to District Judge from Mag. Judge**

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Pursuant to 26 U.S.C. section 6230(c)(3) and 28 U.S.C. sections 1340 and 1346, this cause seeks recovery of erroneously assessed income taxes.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** 24,647,446   Check YES only if demanded in complaint   **JURY DEMAND:** YES ☐ NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE February 19, 2008   SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

# EXHIBIT A*

## 1 of 3

*Personal Information, such as Social Security Numbers, has been redacted.

**Department of the Treasury**
**Internal Revenue Service**
1973 North Rulon White Blvd.
Ogden, UT 84404-0049

Mail Stop: 4430

January 18, 2006

Social Security Number:
██████1402
Tax Years: 1997, 1998, 1999, 2000, 2001, 2002 & 2003
Person to Contact:
Ms. Carver
Contact Identification Number:
██████6984
Contact Telephone Number:
866-899-9083 ext. 8616
Contact Hours:
7:00 a.m. to 3:30 p.m.   Mountain Time
Partnership/S Corporation:
Somerville Trust
Employer Identification Number:
██████5877

P ACKERMAN & J LEEDOM-ACKERMAN
3229 R ST NW
WASHINGTON  DC  20007-2941294

Dear Mr. and Mrs. Ackerman:

The examination of Santa Monica Pictures LLC & Corona Film Finance Fund LLC partnerships, employer identification numbers██████6720 & ██████8085, has been completed.

Since the examination of these partnerships affects Somerville Trust in which you are an investor, your individual return has been adjusted accordingly.

If you need additional information, please contact the tax matters person/general partner of Somerville Trust.

Enclosed is Form 4549A-CG explaining how the adjustments made during our examination of the above partnerships affect your individual tax return. This information is necessary so that the Circuit Court action may proceed.

The adjustments listed on the attached Form 886A affected your Schedule D Capital Loss Carryover. After this examination you no longer have any Schedule D Capital Loss Carryover. Please adjust your records to show this on the next return you file.

Due to the short statute of limitations on this case, we did not have time to secure your actual tax return for 2000, 2001, 2002 and 2003. We worked your case using a transcript of your account and other information available to us. When we receive your actual return or other pertinent information, we will reconsider our prior tax assessment. We apologize for any inconvenience this may cause you.

If you owe additional tax and/or penalties, we will send a billing notice including interest. The interest computation shown on the enclosed report is an estimate. It does not reflect any credits or payments. When the additional tax has been added to your account, you will receive a correct billing. You may want to pay the amount shown on our report, as interest will continue to accrue on any unpaid balance. If you are due a refund, it will be issued to you if you owe no other taxes and have no other legal obligations that we are required to collect.

A copy of this letter has been forwarded to your authorized representative(s).

If you have any questions about this matter, please contact the person whose name, telephone number, and contact hours are shown above.

TS-10 (Rev. 5-03)

If you write, please include your telephone number, the hours you can be reached and a copy of this letter.

Thank you for your cooperation.

Sincerely,

*Ms. Carver*

Tax Technician
Exam Field Support

Enclosures:
Form 4549A-CG
Publication 594

TS-10 (Rev. 5-03)

| Form **4549A** | Department of the Treasury - Internal Revenue Service<br>**Income Tax Examination Changes** | | Page  1   of  2 |
|---|---|---|---|

| Name and Address of Taxpayer | SS or EI Number | Return Form No: |
|---|---|---|
| P ACKERMAN & J LEEDOM-ACKERMAN<br>3229 R ST NW<br>WASHINGTON  DC  20007-2941-294 | ████-1402 | 1040 |

| | Person with whom examination changes were discussed. | Name and Title: |
|---|---|---|

| 1.  **Adjustments to Income** | Period End 12/31/2003 | Period End | Period End |
|---|---|---|---|
| a. Capital Gain or Loss | 15,159,146.00 | | |
| b. Itemized Deductions | 5,867,739.00 | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| o. | | | |
| p. | | | |
| 2.  **Total Adjustments** | 21,026,885.00 | | |
| 3.  Taxable Income Per Return or as Previously Adjusted | -2,450,064.00 | | |
| 4.  **Corrected Taxable Income** | 18,576,821.00 | | |
|      Tax Method | SCHEDULE D | | |
|      Filing Status | Joint | | |
| 5.  **Tax** | 3,988,775.00 | | |
| 6.  Additional Taxes / Alternative Minimum Tax | 446,503.00 | | |
| 7.  Corrected Tax Liability | 4,435,278.00 | | |
| 8.  **Less**       a. | | | |
|      **Credits**  b. | | | |
|                        c. | | | |
|                        d. | | | |
| 9.  **Balance** (Line 7 less total of lines 8a through 8d) | 4,435,278.00 | | |
| 10. Plus      a. | | | |
|      Other   b. | | | |
|      Taxes   c. | | | |
|                  d. | | | |
| 11. **Total Corrected Tax Liability** (line 9 plus line 10a - 10d) | 4,435,278.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 173,698.00 | | |
| 13. Adjustments to: a.  Special Fuels Credit | | | |
|                              b. | | | |
|                              c. | | | |
| 14. **Deficiency-Increase in Tax** or (Overassessment Decrease in Tax) (Line 11 less 12 adjusted by 13) | 4,261,580.00 | | |
| 15. Adjustments to Prepayment Credits | | | |
| 16. **Balance Due or (Overpayment)** (Line 14 adjusted by Line 15) ( Excluding interest and penalties) | 4,261,580.00 | | |

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States.  If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax.  The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.

| Form **4549A** | Department of the Treasury - Internal Revenue Service<br>**Income Tax Examination Changes** | Page  2  of  2 |
|---|---|---|

| Name and Address of Taxpayer<br>P ACKERMAN & J LEEDOM-ACKERMAN | SS or EI Number<br>███-1402 | Return Form No:<br>1040 |
|---|---|---|

| 17.  Penalties | Period End 12/31/2003 | Period End | Period End |
|---|---|---|---|
| a. Accuracy-IRC 6662 | 1,704,632.00 | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| 18.  **Total Penalties** | 1,704,632.00 | | |
| Underpayment attributable to negligence: (1981-1987) A tax addition of 50 percent of the interest due on underpayment will accrue until paid or assessed | | | |
| Underpayment attributable to fraud: (1981-1987) A tax addition of 50 percent of the interest due on underpayment will accrue until paid or assessed | | | |
| Underpayment attributable Tax Motivated Transactions TMT interest will accrue and be assessed at 120% of underpayment rate in accordance with IRC 6621(c) | 0.00 | | |

| 19.  **Summary of Taxes, Penalties and Interest:** | | | |
|---|---|---|---|
| a.  Balance due or Overpayment Taxes – Line 16, Page 1 | 4,261,580.00 | | |
| b.  Penalties (Line 18, Page2)-computed to 01/18/2006 | 1,704,632.00 | | |
| c.  Interest (IRC§ 6601)-computed to 02/17/2006 | 642,375.59 | | |
| d.  TMT Interest – computed 02/17/2006 on TMT underpayment | 0.00 | | |
| e.  Amount due or refund (sum of lines a, b, c and d) | 6,608,587.59 | | |

**Other Information:**

For tax period(s) 200312, the tax liability shown in this report may be subject to IRC section 6404(g).  Interest on the amount due will not be charged during the suspension period applicable to your tax liability. When your tax bill is issued, it will reflect the reduced amount of interest based on IRC section 6404(g), if such suspension period has resulted.

| Examiner's Signature:<br>Ms. Carver | Employee ID:<br>███6984 | Office:<br>OSC 1-866-899-9083 EXT 8616 | Date:<br>01/18/2006 |
|---|---|---|---|

Form **CG-4549A**

| Form **886-A**<br>(Rev. January<br>1994)886-A | **EXPLANATION OF ITEMS** | Schedule number or exhibit |
|---|---|---|
| Name of Taxpayer<br>P ACKERMAN & J LEEDOM-ACKERMAN | Taxpayer Identification Number<br>█████-1402 | Year/Period Ended<br>2003 |

**CONTRIBUTIONS CARRYOVER**

| | Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|---|
| | 2003 | $5,109,781.00 | $0.00 | $5,109,781.00 |

Based on the adjustments to one or more of the prior year returns, the amount of carry over contributions has been adjusted.

**LONG TERM CAPITAL LOSS CARRYOVER FROM 2002**

| | Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|---|
| | 2003 | ($33,232,633.00) | $0.00 | $33,232,633.00 |

Because of adjustments in a previous year your Schedule D Carryover to this year has been adjusted.

**Itemized Deductions**

| | Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|---|
| | 2003 | $17,873,543.00 | $12,005,804.00 | $5,867,739.00 |

Certain expenses deducted as miscellaneous itemized deductions are only deductible to the extent that they exceed a percentage of your adjusted gross income. Since we have made other changes in this report which affect your adjusted gross income, we have also adjusted these expenses.

The amount of Schedule A deduction is limited if your income is more that the dollar limit for your filing status. Your income is more than that limit, so we reduced the amount you can claim. We have attached a Schedule A showing how we figured your new amounts.

**Statutory-Alt Min Tax**

| | Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|---|
| | 2003 | $173,698.00 | $446,503.00 | $272,805.00 |

You have an alternative minimum tax liability only if your tentative minimum tax exceeds your regular tax liability. Tentative minimum tax is computed by first calculating your alternative minimum taxable income, which equals your regular taxable income increased by any tax preference items for the taxable year, and increased or decreased by adjustment items for the taxable year. Alternative minimum taxable income is then reduced by an exemption amount ($35,750 for Single/Head of Household; $49,000 for Married Filing Joint/Surviving Spouse; and $24,500 for Married Filing Separately), which is subject to phase-out depending on the amount of your alternative minimum taxable income. For taxable years after 1992, the remaining amount is subject to a 26 percent tax rate on the first $175,000 and 28 percent tax rate on any amount in excess of $175,000. A tentative minimum tax is then computed by reducing the amount determined in the preceding sentence by any allowable foreign tax credit. The alternative minimum tax liability is the amount by which tentative minimum tax exceeds regular tax liability.

Form **886-A** (1-1994)                    _____                    Department of the Treasury - **Internal Revenue Service**

| Name Of Taxpayer: | P ACKERMAN & J LEEDOM-ACKERMAN | | 01/18/2006 |
|---|---|---|---|
| Identification Number: | ████1402 | Total | 6.30.00 |

## 2003   - SCHEDULE A - ITEMIZED DEDUCTIONS

| | PER RETURN | PER EXAM | ADJUSTMENT |
|---|---|---|---|
| 1. Medical, dental and insurance premiums | 0.00 | 0.00 | 0.00 |
| 2.   7.50% of Adjusted Gross Income | 1,156,761.00 | 2,293,697.00 | |
| 3. Net Medical and Dental Expense | 0.00 | 0.00 | 0.00 |
| 4. Taxes | 1,113,509.00 | 1,113,509.00 | 0.00 |
| 5. Home Interest Expense | 0.00 | 0.00 | 0.00 |
| 6. Investment Interest | 6,886,966.00 | 6,886,966.00 | 0.00 |
| 7. Other Interest Expense | 0.00 | 0.00 | 0.00 |
| 8. Total Interest Expense | 6,886,966.00 | 6,886,966.00 | 0.00 |
| 9. Contributions | 7,711,740.00 | 2,601,959.00 | 5,109,781.00 |
| 10. Casualty and theft Losses | 0.00 | 0.00 | 0.00 |
| 11. Miscellaneous deductions subject to AGI limit | 2,928,317.00 | 2,928,317.00 | 0.00 |
| 12.   2.00% of Adjusted Gross Income | 308,470.00 | 611,653.00 | |
| 13. Excess Miscellaneous deductions | 2,619,847.00 | 2,316,664.00 | 303,183.00 |
| 14. Other Miscellaneous deductions | 0.00 | 0.00 | 0.00 |
| 15. Total itemized deductions (Sum of Lines 3, 4, 8, 9,10,13, and 14 less any applicable limitation) | 17,873,543.00 | 12,005,804.00 | 5,867,739.00 |

## ITEMIZED DEDUCTIONS WORKSHEET - PER EXAM

| | |
|---|---|
| A. Total of lines 3, 4, 8, 9, 10, 13, and 14 | 12,919,098.00 |
| B. Total of lines 3, 6, 10, (plus any gambling losses included on line 14) | 6,886,966.00 |
| C. Line A less Line B | 6,032,132.00 |
| D. Multiply the amount on line C by 80% | 4,825,706.00 |
| E. Adjusted Gross Income from Form 1040 | 30,582,625.00 |
| F. Itemized Deduction Limitation | 139,500.00 |
| G. Line E less Line F | 30,443,125.00 |
| H. Multiply the amount on Line G by 3% | 913,294.00 |
| I.   Enter the smaller of Line D or Line H | 913,294.00 |
| J. Total Itemized Deductions (entered on line 15 above) | 12,005,804.00 |

2003  **- SCHEDULE D - CAPITAL GAINS AND LOSSES**

**Part I**     Short-Term Capital Gains and Losses—Assets Held One Year or Less
| | | |
|---|---|---|
| 1 | Short-term capital gain or loss | 3.952.973.00 |
| 2 | Short-term capital loss carryover | 0.00 |
| 3 | Short Post-May 5 gain or (loss) | 0.00 |
| 4 | Net Short-term Gain or Loss (Add line 1 and 2) | 3.952.973.00 |

**Part II**    Long-Term Capital Gains and Losses—Assets Held More Than One Year
| | | |
|---|---|---|
| 5 | Long-term capital gain or loss | 11.203.173.00 |
| 6 | Long-term capital gain or loss carryover | 0.00 |
| 7 | Long Post-May 5 gain or (loss) | 7.966.048.00 |
| 8 | Net long-term Gain or Loss (Add line 5 and 6) | 11.203.173.00 |

**Part III**   Taxable Gain or Deductible Loss
| | | |
|---|---|---|
| 9 | Sum of lines 4 and 8 - Net Capital Gain or Loss | 15.156.146.00 |
| 10 | Sum of lines 3 and 7 | 7.966.048.00 |
| 11 | Capital loss limitation | 0.00 |
| 12 | Capital Gain or Loss - As Corrected | 15.156.146.00 |
| 13 | Capital Gain or Loss - Per Return | (3.000.00) |
| 14 | Line 12 less line 13 - Adjustment to Income | 15.159.146.00 |

CORRECTED CARRYOVER
| | | |
|---|---|---|
| 15 | Short-term Carryover to Subsequent Year | 0.00 |
| 16 | Long-term Carryover to Subsequent Year | 0.00 |

Name of Taxpayer:   P ACKERMAN & J LEEDOM-ACKERMAN                                01/18/2006
Identification Number: ███████-1402                    Total                        6.30.00

**Part IV    Tax Computation Using Maximum Capital Gains Rates**

| | | | | |
|---|---|---|---|---:|
| 17 | Enter your taxable income from Form 1040, line 40 . . . . . . . . | | **17** | 18.576.821.00 |
| 18 | Enter the **smaller** of line 8 or line 9, but not less than zero . . | **18** | 11.203.173.00 | |
| 19 | Enter your qualified dividends from Form 1040, line 9b . . . . . | **19** | 2.047.705.00 | |
| 20 | Add lines 18 and 19 . . . . . . . . . . . . . . | **20** | 13.250.878.00 | |
| 21 | Amount from line 4g of Form 4952 (investment interest expense) . | **21** | 0.00 | |
| 22 | Subtract line 21 from line 20. If zero or less, enter -0- . . . . . . | | **22** | 13.250.878.00 |
| 23 | Subtract line 22 from line 17. If zero or less, enter -0- . . . . . . | | **23** | 5.325.943.00 |
| 24 | Enter the **smaller** of line 17 **or:**  56.800.00 | | | |
| | • $56,800 if married filing jointly or qualifying widow(er);  ⎫ | | | |
| | • $28,500 or married filing separately; or  ⎬ . . . | **24** | 56.800.00 | |
| | • $38,050 if head of household  ⎭ | | | |
| | **If line 23 is more than line 24, skip lines 30–35 and go to line 36.** | | | |
| 25 | Enter the amount from line 23 . . . . . . . . | **25** | | |
| 26 | Subtract line 25 from line 24. If zero or less, go to line 36 . . . . | **26** | | |
| 27 | Add lines 10 and 19 . . . . . . . | **27** | | |
| 28 | Enter the **smaller** of line 26 or line 27 . . . . . . . | **28** | | |
| 29 | Multiply line 28 by 5% (.05) . . . . . . . . . . . . . | | **29** | |
| | **If lines 26 and 28 are the same, skip lines 30–35 and go to line 36.** | | | |
| 30 | Subtract line 28 from line 26 . . . . . . . . | **30** | | |
| 31 | Enter your qualified 5-year gain . . . . . . . . | **31** | | |
| 32 | Enter the **smaller** of line 30 or line 31 · · · · · · | **32** | | |
| 33 | Multiply line 32 by 8% (.08) . . . . . . . . | | **33** | |
| 34 | Subtract line 32 from line 30 · · · · · · · | **34** | | |
| 35 | Multiply line 34 by 10% (.10) · · · · · · · · · | | **35** | |
| | **If lines 22 and 26 are the same, skip lines 36–45 and go to line 46.** | | | |
| 36 | Enter the **smaller** of line 17 or line 22 · · · · · · | **36** | 13.250.878.00 | |
| 37 | Enter the amount from line 26 (if line 26 is blank, enter -0-) . . . | **37** | 0.00 | |
| 38 | Subtract line 37 from line 36 . . . . . . . . . . | **38** | 13.250.878.00 | |
| 39 | Add lines 10 and 19 . . . . . . . | **39** | 10.013.753.00 | |
| 40 | Enter the amount from line 28 (if line 28 is blank, enter -0-) | **40** | 0.00 | |
| 41 | Subtract line 40 from line 39 · · · · · | **41** | 10.013.753.00 | |
| 42 | Enter the **smaller** of line 38 or line 41 · · · · · · | **42** | 10.013.753.00 | |
| 43 | Multiply line 42 by 15% (.15) · · · · · · · · · | | **43** | 1.502.062.95 |
| 44 | Subtract line 42 from line 38 · · · · · · · | **44** | 3.237.125.00 | |
| 45 | Multiply line 44 by 20% (.20) · · · · · · · · · | | **45** | 647.425.00 |
| 46 | Figure the tax on the amount on **line 23**. Use the Tax Table or Tax Rate Schedules, whichever applies | **46** | | 1.839.287.00 |
| 47 | Add lines 29, 33, 35, 43, 45, and 46 . . . . . . . | | **47** | 3.988.774.95 |
| 48 | Figure the tax on the amount on **line 17**. Use the Tax Table or Tax Rate Schedules, whichever applies | **48** | | 6.477.094.00 |
| 49 | **Tax on all taxable income. Enter the smaller of line 47 or line 48 here and on Form 1040, line 41** | **49** | | 3.988.774.95 |

---

**Worksheet for Lines 27 and 39**

| | | | |
|---|---|---|---:|
| 1. | Enter your qualified dividends from Form 1040, line 9b . . . . . . . . . . . . . . . . . . . . . . . . . . | **1.** | 2.047.705.00 |
| 2. | Enter the amount from Form 4952, line 4g . . . . . . . . . . . . . . . . . . . . . . . . . . . | **2.** | 0.00 | |
| 3. | Enter the amount from Form 4952, line 4e . . . . . . . . . . . . . . . . . . . . . . | **3.** | 0.00 | |
| 4. | Subtract line 3 from line 2. If zero or less, enter -0- . . . . . . . . . . . . . . . . . . . . . . . . . | **4.** | 0.00 |
| 5. | Subtract line 4 from line 1. If zero or less, enter -0- . . . . . . . . . . . . . . . . . . . . . . . . . | **5.** | 2.047.705.00 |
| 6. | Enter the amount from Schedule D, line 10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **6.** | 7.966.048.00 |
| 7. | Add lines 5 and 6. Enter the result here and on Schedule D, lines 27 and 39 (unless you are skipping the line) | **7.** | 10.013.753.00 |

Name of Taxpayer    P ACKERMAN & J LEEDOM-ACKERMAN                01/18/2006
Identification Number: ████-1402                    Total            6.30.00

2003 - **Form 6251 – Alternative Minimum Tax Computation**

| | | |
|---|---|---:|
| 1. | If filing Schedule A enter tax table income, otherwise adjusted gross income | 18,576,821.00 |
| 2. | Total adjustment and preferences | 2,512,184.00 |
| 3. | Net operating loss deduction | 337,910.00 |
| 4. | Alternative tax net operating loss deduction | 0.00 |
| 5. | Alternative minimum taxable income (combine lines 1 thru 4) | 21,426,915.00 |
| 6. | Exemption amount | 0.00 |
| 7. | Subtract line 6 from line 5 ( if 0 or less, enter 0) | 21,426,915.00 |
| 8. | If capital gains are reported, see line 30 from page 2 | 4,435,278.00 |
| | All others: If line 7 is $175,000 or less ($87,500 if MFS) multiply line 7 by 26%. Otherwise, multiply line 7 by 28% and subtract $3,500 ($1,750 if MFS) from result | |
| 9. | Alternative minimum tax foreign tax credit | 0.00 |
| 10. | Tentative minimum tax.  Subtract line 9 from line 8 | 4,435,278.00 |
| 11. | Regular tax before credits | 3,988,775.00 |
| 12. | Alternative minimum tax | 446,503.00 |

**Exemption Worksheet (Line 6)**

| | | |
|---|---|---:|
| A. | Exemption amount based on filing status | 58,000.00 |
| B. | Alternative minimum taxable income | 21,426,915.00 |
| C. | Enter $112,500 ($150,000 if married filing jointly or qualifying widow(er), $75,000 if married filing separate) | 150,000.00 |
| D. | Subtract line C from Line B | 21,276,915.00 |
| E. | Multiply line D by 25% | 5,319,229.00 |
| F. | Subtract line E from line A (if zero or less, enter 0) | 0.00 |

| Name of Taxpayer: | P ACKERMAN & J LEEDOM-ACKERMAN | | 01/18/2006 |
|---|---|---|---|
| Identification Number: | ████-1402 | Total | 6.30.00 |

2003 - **Form 6251 - Continuation, Tax Computation Using Maximum Capital Gain Rates**

| | | |
|---|---|---|
| 1. | Amount from Form 6251 report, line 7 | 21,426,915.00 |
| 2. | Amount from Schedule D line 26, or line 13 from worksheet (refigured for AMT) | 13,250,878.00 |
| 3. | Amount from Schedule D line 19 (refigured for AMT) | 0.00 |
| 4. | Amount from line 2 if no Schedule D worksheet otherwise, the | 13,250,878.00 |
| | smaller of the sum of 2 or 3 or Schedule D worksheet line 10 | 13,250,878.00 |
| 5. | Smaller of line 1 or line 4 | 8,176,037.00 |
| 6. | Subtract line 5 from line 1 | |
| 7. | If line 6 is $175,000 or less ($87,500 if MFS) multiply | 2,285,790.00 |
| | line 6 by 26%. Otherwise, multiply line 6 by 28% and | |
| | subtract $3,500 ($1,750 if MFS) from result | |
| 8. | Amount from Schedule D line 30, or line 19 from worksheet (refigured for AMT) | 0.00 |
| 9. | Smallest of line 1 or line 2 | 13,250,878.00 |
| 10. | Smallest of line 8 or line 9 (not less than zero) | 0.00 |
| 11. | Amount from Schedule D line 43 (line 31 if line 43 is blank)  or | 10,013,753.00 |
| | line 32 (line 20 if line 32 is blank) from the worksheet (refigured for AMT) | |
| 12. | Smaller of line 10 or line 11 (not less than zero) | 0.00 |
| 13. | Multiply line 12 by 5% | 0.00 |
| 14. | Subtract line 12 from line 10 | 0.00 |
| 15. | Qualified 5-year gain from Schedule D line 35 (refigured for AMT) | 0.00 |
| 16. | Smaller of line 14 or line 15 | 0.00 |
| 17. | Multiply line 16 by 8% | 0.00 |
| 18. | Subtract line 16 from line 14 | 0.00 |
| 19. | Multiply line 18 by 10% | 0.00 |
| 20. | Subtract line 12 from line 11 | 10,013,753.00 |
| 21. | Subtract line 10 from line 9 | 13,250,878.00 |
| 22. | Smaller of line 20 or line 21 | 10,013,753.00 |
| 23. | Multiply line 22 by 15% | 1,502,063.00 |
| 24. | Subtract line 22 from line 21 | 3,237,125.00 |
| 25. | Multiply line 24 by 20% | 647,425.00 |
| 26. | Subtract line 9 from line 5 | 0.00 |
| 27. | Multiply line 26 by 25% | 0.00 |
| 28. | Total of lines 7, 13, 17, 19, 23, 25, and 27 | 4,435,278.00 |
| 29. | If line 1 is $175,000 or less ($87,500 if MFS) multiply | 5,996,036.00 |
| | line 1 by 26%. Otherwise, multiply line 1 by 28% and | |
| | subtract $3,500 ($1,750 if MFS) from result | |
| 30. | Smaller of line 28 or 29, enter here and on line 8 of Form 6251 report | 4,435,278.00 |

| Name of Taxpayer: | P ACKERMAN & J LEEDOM-ACKERMAN | | 01/18/2006 |
|---|---|---|---|
| Identification Number: | ⬛1402 | Total | 6.30.00 |

## SUMMARY OF THE ACCURACY-RELATED PENALTY - IRC 6662

### 2003 - 20% PENALTY ISSUES - Section 6662(a) and 6662(b)

It has been determined that the underpayment of tax shown on line 5 below is attributable to one or more of the following elements of the accuracy-related penalty: (1) negligence or disregard of rules or regulations, (2) substantial understatement of income tax, or (3) substantial valuation overstatement, therefore, an addition to tax is imposed as provided by Section 6662(a) of the Internal Revenue Code.

| | |
|---|---|
| 1. Total tax computed with non-penalty adjustments and adjustments subject to penalty under Section 6662(b) | 173,698.00 |
| 2. Total tax computed with non-penalty adjustments only | 173,698.00 |
| 3. Line 1 less line 2 - Underpayment to which Section 6662(a) applies | 0.00 |
| 4. Allocable Prepayment Credits (other than EIC and Special Fuels Credits included in lines 1 & 2) | 0.00 |
| 5. Line 3 less line 4 - Underpayment subject to penalty | 0.00 |
| 6. Applicable penalty rate | 20.00% |
| 7. Line 5 multiplied by line 6 | 0.00 |
| 8. Previously assessed 20% Accuracy Penalty | 0.00 |
| 9. Line 7 less line 8 - 20% Accuracy-related penalty | 0.00 |

### 2003 - 40% PENALTY ISSUES - Section 6662(h)

It has been determined that the underpayment of tax shown on line 14 below is attributable to a gross valuation misstatement, therefore, an addition to tax is imposed as provided by Section 6662(h) of the Internal Revenue Code.

| | |
|---|---|
| 10. Total tax computed with non-penalty adjustments, adjustments subject to penalty under IRC 6662(a) and adjustments subject to penalty under IRC 6662(h) | 4,435,278.00 |
| 11. Total tax from line 1 above | 173,698.00 |
| 12. Line 10 less line 11 - Underpayment to which Section 6662(h) applies | 4,261,580.00 |
| 13. Allocable Prepayment Credits (other than EIC and Special Fuels Credits included in lines 10 & 11) | 0.00 |
| 14. Line 10 less line 11 - Underpayment subject to penalty | 4,261,580.00 |
| 15. Applicable penalty rate | 40.00% |
| 16. Line 14 multiplied by line 15 | 1,704,632.00 |
| 17. Previously assessed 40% Accuracy Penalty | 0.00 |
| 18. Line 16 less line 17 - 40% Accuracy-related penalty | 1,704,632.00 |
| 19. Line 9 plus line 18 - Total ACCURACY-RELATED PENALTY | 1,704,632.00 |

| Name Of Taxpayer: | P ACKERMAN & J LEEDOM-ACKERMAN | | 01/18/2006 |
| Identification Number: | ⬛⬛⬛-1402 | Total | 6.30.00 |

## 2003  -  Adjustments Subject to Accuracy-Related Penalty - IRC 6662

ADJUSTMENTS TO WHICH THE ACCURACY RELATED PENALTY APPLIES:
PENALTY RATES
20%  40%

| | | | |
|---|---|---|---|
| CONTRIBUTIONS CARRYOVER | X | 5,109,781.00 | IRC 6662(g) |
| LONG TERM CAPITAL LOSS CARRYOVER FROM 2002 | X | 33,232,633.00 | IRC 6662(g) |

| Name Of Taxpayer: | P ACKERMAN & J LEEDOM-ACKERMAN | | 01/18/2006 |
|---|---|---|---|
| Identification Number | ████-1402 | Total | 6.30.00 |

## 2003   TAX YEAR INTEREST COMPUTATION

Interest computed to                                              02/17/2006

Total Tax Deficiency                                        $4,261,580.00

Plus Penalties*
- Overvaluation                                    $.00
- Substantial Understatement                       $.00
- Failure to File                                  $.00
- Negligence                                       $.00
- Civil Fraud                                      $.00
- Accuracy Penalties                         $1,704,632.00

Total Penalties                                             $1,704,632.00
Tax Deficiency and Penalties Subject to Interest            $5,966,212.00

| Type | Effective Dates | Days | Rate | Interest |
|---|---|---|---|---|
| Compound | 04/15/2004--06/30/2004 | 76 | 5% | $62,262.69 |
| Compound | 07/01/2004--09/30/2004 | 92 | 4% | $60,916.58 |
| Compound | 10/01/2004--12/31/2004 | 92 | 5% | $77,011.01 |
| Compound | 01/01/2005--03/31/2005 | 90 | 5% | $76,489.44 |
| Compound | 04/01/2005--09/30/2005 | 183 | 6% | $190,637.22 |
| Compound | 10/01/2005--12/31/2005 | 92 | 7% | $114,508.36 |
| Compound | 01/01/2006--02/17/2006 | 48 | 7% | $60,550.29 |

| | |
|---|---|
| Total Interest | $642,375.59 |
| Total Underpayment | $4,261,580.00 |
| Total Penalties | $1,704,632.00 |
| Total Amount Due | $6,608,587.59 |

Additional interest will be charged at the current rate compounded daily.  Interest is charged from the original due date of the return to a date 30 days after an agreement to the additional tax is signed, or to the date of payment, if earlier.  Negligence and fraud penalties, if applicable, will also continue to be charged.  Generally, if notice and demand is made for payment of any amount, and that amount is paid within 21 days after the date of the notice and demand, interest on the amount paid will not be charged after the date of the notice and demand. Since additional tax is due, you may want to pay it now and limit the interest and penalty charges.

* Interest on penalties became effective 7/19/1984 (1/1/1989 for negligence and fraud) and is computed from the due date of the return unless a valid extension was filed.

| Form **4549A** | Department of the Treasury - Internal Revenue Service<br>**Income Tax Examination Changes** | Page 1 of 2 |
|---|---|---|

| Name and Address of Taxpayer | SS or EI Number | Return Form No: |
|---|---|---|
| P ACKERMAN & J LEEDOM-ACKERMAN<br>3229 R ST NW<br>WASHINGTON DC 20007-2941-294 | ███-1402 | 1040 |

| | Person with whom examination changes were discussed. | Name and Title: |
|---|---|---|

| 1. **Adjustments to Income** | Period End 12/31/2002 | Period End | Period End |
|---|---|---|---|
| a. Capital Gain or Loss | 18,059,192.00 | | |
| b. Itemized Deductions | (2,136,015.00) | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| o. | | | |
| p. | | | |
| 2. **Total Adjustments** | 15,923,177.00 | | |
| 3. Taxable Income Per Return or as Previously Adjusted | -1,716,665.00 | | |
| 4. **Corrected Taxable Income** | 14,206,512.00 | | |
|     Tax Method | SCHEDULE D | | |
|     Filing Status | Joint | | |
| 5. **Tax** | 2,852,879.00 | | |
| 6. Additional Taxes / Alternative Minimum Tax | 541,843.00 | | |
| 7. Corrected Tax Liability | 3,394,722.00 | | |
| 8. **Less** a.<br>  **Credits** b.<br>      c.<br>      d. | | | |
| 9. **Balance** (Line 7 less total of lines 8a through 8d) | 3,394,722.00 | | |
| 10. Plus a.<br>  Other b.<br>  Taxes c.<br>      d. | | | |
| 11. **Total Corrected Tax Liability** (line 9 plus line 10a - 10d) | 3,394,722.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 309,709.00 | | |
| 13. Adjustments to a. Special Fuels Credit<br>         b.<br>         c. | | | |
| 14. **Deficiency-Increase in Tax** or (Overassessment Decrease in Tax) (Line 11 less 12 adjusted by 13) | 3,085,013.00 | | |
| 15. Adjustments to Prepayment Credits | | | |
| 16. **Balance Due or (Overpayment)** (Line 14 adjusted by Line 15) ( Excluding interest and penalties) | 3,085,013.00 | | |

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax. The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.

Form CG-4549A

| Form **4549A** | Department of the Treasury - Internal Revenue Service **Income Tax Examination Changes** | | Page  2  of  2 |
|---|---|---|---|

| Name and Address of Taxpayer | SS or EI Number | Return Form No: |
|---|---|---|
| P ACKERMAN & J LEEDOM-ACKERMAN | ████-1402 | 1040 |

| 17.  Penalties | Period End 12/31/2002 | Period End | Period End |
|---|---|---|---|
| a.  Accuracy-IRC 6662 | 1,234,005.20 | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| 18.  Total Penalties | 1,234,005.20 | | |
| Underpayment attributable to negligence: (1981-1987) A tax addition of 50 percent of the interest due on underpayment will accrue until paid or assessed | | | |
| Underpayment attributable to fraud: (1981-1987) A tax addition of 50 percent of the interest due on underpayment will accrue until paid or assessed | | | |
| Underpayment attributable Tax Motivated Transactions TMT interest will accrue and be assessed at 120% of underpayment rate in accordance with IRC 6621(c) | 0.00 | | |

**19.  Summary of Taxes, Penalties and Interest:**

| | | |
|---|---|---|
| a.  Balance due or Overpayment Taxes – Line 16, Page 1 | 3,085,013.00 | |
| b.  Penalties (Line 18, Page2)-computed to 01/18/2006 | 1,234,005.20 | |
| c.  Interest (IRC§ 6601)-computed to 02/17/2006 | 650,837.13 | |
| d.  TMT Interest – computed 02/17/2006 on TMT underpayment | 0.00 | |
| e.  Amount due or refund (sum of lines a, b, c and d) | 4,969,855.33 | |

**Other Information:**

| Examiner's Signature: | Employee ID: | Office: | Date: |
|---|---|---|---|
| Ms. Carver | ████6984 | OSC 1-866-899-9083 EXT 8616 | 01/18/2006 |

RGS Version  6.30.00                                                   Form **CG-4549A**

| Form **886-A** (Rev. January 1994)886-A | **EXPLANATION OF ITEMS** | Schedule number or exhibit |
| --- | --- | --- |
| Name of Taxpayer <br> P ACKERMAN & J LEEDOM-ACKERMAN | Taxpayer Identification Number <br> ████-1402 | Year/Period Ended <br> 2002 |

## CONTRIBUTIONS CARRYOVER

| | Tax Period | Per Return | Per Exam | Adjustment |
| --- | --- | --- | --- | --- |
| | 2002 | $2,070,806.00 | $0.00 | $2,070,806.00 |

Based on the adjustments to one or more of the prior year returns, the amount of carry over contributions has been adjusted.

### Sch D - Long-Term Capital Loss Carryover

| | Tax Period | Per Return | Per Exam | Adjustment |
| --- | --- | --- | --- | --- |
| | 2002 | ($51,291,825.00) | $0.00 | $51,291,825.00 |

Because of adjustments in a previous year your Schedule D Carryover to this year has been adjusted.

### Itemized Deductions

| | Tax Period | Per Return | Per Exam | Adjustment |
| --- | --- | --- | --- | --- |
| | 2002 | $19,342,477.00 | $21,478,492.00 | ($2,136,015.00) |

Certain expenses deducted as miscellaneous itemized deductions are only deductible to the extent that they exceed a percentage of your adjusted gross income. Since we have made other changes in this report which affect your adjusted gross income, we have also adjusted these expenses.

The amount of Schedule A deduction is limited if your income is more that the dollar limit for your filing status. Your income is more than that limit, so we reduced the amount you can claim. We have attached a Schedule A showing how we figured your new amounts.

### Statutory-Alt Min Tax

| | Tax Period | Per Return | Per Exam | Adjustment |
| --- | --- | --- | --- | --- |
| | 2002 | $309,709.00 | $541,843.00 | $232,134.00 |

You have an alternative minimum tax liability only if your tentative minimum tax exceeds your regular tax liability. Tentative minimum tax is computed by first calculating your alternative minimum taxable income, which equals your regular taxable income increased by any tax preference items for the taxable year, and increased or decreased by adjustment items for the taxable year. Alternative minimum taxable income is then reduced by an exemption amount ($35,750 for Single/Head of Household; $49,000 for Married Filing Joint/Surviving Spouse; and $24,500 for Married Filing Separately), which is subject to phase-out depending on the amount of your alternative minimum taxable income. For taxable years after 1992, the remaining amount is subject to a 26 percent tax rate on the first $175,000 and 28 percent tax rate on any amount in excess of $175,000. A tentative minimum tax is then computed by reducing the amount determined in the preceding sentence by any allowable foreign tax credit. The alternative minimum tax liability is the amount by which tentative minimum tax exceeds regular tax liability.

Form **886-A** (1-1994)                                              Department of the Treasury - **Internal Revenue Service**

Name Of Taxpayer:   P ACKERMAN & J LEEDOM-ACKERMAN                          01/18/2006
Identification Number: ███-1402                        Total                    6.30.00

## 2002  -  SCHEDULE A - ITEMIZED DEDUCTIONS

|  | PER RETURN | PER EXAM | ADJUSTMENT |
|---|---|---|---|
| 1. Medical, dental and insurance premiums | 0.00 | 0.00 | 0.00 |
| 2.    7.50% of Adjusted Gross Income | 1,321,936.00 | 2,676,375.00 |  |
| 3. Net Medical and Dental Expense | 0.00 | 0.00 | 0.00 |
| 4. Taxes | 1,460,430.00 | 1,460,430.00 | 0.00 |
| 5. Home Interest Expense | 0.00 | 0.00 | 0.00 |
| 6. Investment Interest | 8,376,536.00 | 8,376,536.00 | 0.00 |
| 7. Other Interest Expense | 0.00 | 0.00 | 0.00 |
| 8. Total Interest Expense | 8,376,536.00 | 8,376,536.00 | 0.00 |
| 9. Contributions | 6,861,310.00 | 9,900,285.00 | (3,038,975.00) |
| 10. Casualty and theft Losses | 0.00 | 0.00 | 0.00 |
| 11. Miscellaneous deductions subject to AGI limit | 3,521,372.00 | 3,521,372.00 | 0.00 |
| 12.    2.00% of Adjusted Gross Income | 352,516.00 | 713,700.00 |  |
| 13. Excess Miscellaneous deductions | 3,168,856.00 | 2,807,672.00 | 361,184.00 |
| 14. Other Miscellaneous deductions | 0.00 | 0.00 | 0.00 |
| 15. Total itemized deductions (Sum of Lines 3, 4, 8, 9,10,13, and 14 less any applicable limitation) | 19,342,477.00 | 21,478,492.00 | (2,136,015.00) |

## ITEMIZED DEDUCTIONS WORKSHEET - PER EXAM

| | |
|---|---|
| A. Total of lines 3, 4, 8, 9, 10, 13, and 14 | 22,544,923.00 |
| B. Total of lines 3, 6, 10, (plus any gambling losses included on line 14) | 8,376,536.00 |
| C. Line A less Line B | 14,168,387.00 |
| D. Multiply the amount on line C by 80% | 11,334,710.00 |
| E. Adjusted Gross Income from Form 1040 | 35,685,004.00 |
| F. Itemized Deduction Limitation | 137,300.00 |
| G. Line E less Line F | 35,547,704.00 |
| H. Multiply the amount on Line G by 3% | 1,066,431.00 |
| I.  Enter the smaller of Line D or Line H | 1,066,431.00 |
| J. Total Itemized Deductions (entered on line 15 above) | 21,478,492.00 |

| Name of Taxpayer: | P ACKERMAN & J LEEDOM-ACKERMAN | | 01/18/2006 |
|---|---|---|---|
| Identification Number: | ████-1402 | Total | 6.30.00 |

2002 - SCHEDULE D - CAPITAL GAINS AND LOSSES

| | |
|---|---|
| 1. Short-term capital gain or loss | 4,048,103.00 |
| 2. Short-term capital loss carryover | 0.00 |
| 3. Net Short-term Gain or Loss (Add line 1 and 2) | 4,048,103.00 |
| 4. Long-term capital gain or loss | 14,008,089.00 |
| 5. Long-term capital gain or loss carryover | 0.00 |
| 6. Net long-term Gain or Loss (Add line 4 and 5) | 14,008,089.00 |
| 7. Sum of lines 3 and 6 - Net Capital Gain or Loss | 18,056,192.00 |
| 8. Capital loss limitation | 0.00 |
| 9. Capital Gain or Loss - As Corrected | 18,056,192.00 |
| 10. Capital Gain or Loss - Per Return | (3,000.00) |
| 11. Line 9 less line 10 - Adjustment to Income | 18,059,192.00 |

CORRECTED CARRYOVER

| | |
|---|---|
| 12. Short-term Carryover to Subsequent Year | 0.00 |
| 13. Long-term Carryover to Subsequent Year | 0.00 |

COMPUTATION OF ALTERNATIVE TAX

| | | |
|---|---|---|
| 14. Unrecaptured 1250 gain | | 0.00 |
| 15. Taxable Income | | 14,206,512.00 |
| 16. Smaller of line 6 or line 7 | | 14,008,089.00 |
| 17. Form 4952, line 4e | | 0.00 |
| 18. Subtract line 17 from line 16 (not less than 0) | | 14,008,089.00 |
| 19. Subtract line 18 from line 15 (not less than 0) | | 198,423.00 |
| 20. Tax on the amount on line 19 | | 51,261.00 |
| 21. Smaller of line 15 or | 46,700.00 | 46,700.00 |
| 22. Amount from line 19 | | 198,423.00 |
| 23. Subtract line 22 from line 21 (not less than 0) | | 0.00 |
| 24. Qualified 5-year gain | | 0.00 |
| 25. Smaller of line 23 or line 24 | | 0.00 |
| 26. Multiply line 25 by 8% | | 0.00 |
| 27. Subtract line 25 from line 23 | | 0.00 |
| 28. Multiply line 27 by 10% | | 0.00 |
| 29. Smaller of line 15 or line 18 | | 14,008,089.00 |
| 30. Amount from line 23 | | 0.00 |
| 31. Subtract line 30 from line 29 (not less than 0) | | 14,008,089.00 |
| 32. Multiply line 31 by 20% | | 2,801,618.00 |
| 33. Alternative Tax, sum of lines 20, 26, 28, and 32 | | 2,852,879.00 |

Name of Taxpayer     P ACKERMAN & J LEEDOM-ACKERMAN          01/18/2006
Identification Number: ██████-1402          Total          6.30.00

2002 - **Form 6251 – Alternative Minimum Tax Computation**

| | | |
|---|---|---:|
| 1. | If filing Schedule A enter tax table income, otherwise adjusted gross income | 14,206,512.00 |
| 2. | Total adjustment and preferences | 1,932,307.00 |
| 3. | Net operating loss deduction | 0.00 |
| 4. | Alternative tax net operating loss deduction | 0.00 |
| 5. | Alternative minimum taxable income (combine lines 1 thru 4) | 16,138,819.00 |
| 6. | Exemption amount | 0.00 |
| 7. | Subtract line 6 from line 5 ( if 0 or less, enter 0) | 16,138,819.00 |
| 8. | If capital gains are reported, see line 22 from page 2 | 3,394,722.00 |
| | All others: | |
| | If line 7 is $175,000 or less ($87,500 if MFS) multiply line 7 by 26%. Otherwise, multiply line 7 by 28% and subtract $3,500 ($1,750 if MFS) from result | |
| 9. | Alternative minimum tax foreign tax credit | 0.00 |
| 10. | Tentative minimum tax. Subtract line 9 from line 8 | 3,394,722.00 |
| 11. | Regular tax before credits | 2,852,879.00 |
| 12. | Alternative minimum tax | 541,843.00 |

**Exemption Worksheet (Line 6)**

| | | |
|---|---|---:|
| A. | Exemption amount based on filing status | 49,000.00 |
| B. | Alternative minimum taxable income | 16,138,819.00 |
| C. | Enter $112,500 ($150,000 if married filing jointly or qualifying widow(er), $75,000 if married filing separate) | 150,000.00 |
| D. | Subtract line C from Line B | 15,988,819.00 |
| E. | Multiply line D by 25% | 3,997,205.00 |
| F. | Subtract line E from line A (if zero or less, enter 0) | 0.00 |

Name of Taxpayer:    P ACKERMAN & J LEEDOM-ACKERMAN                01/18/2006
Identification Number: ████-1402                        Total         6.30.00

### 2002 - Form 6251 - Continuation, using Maximum Capital Gain Rates, Computation of Line 10 when Schedule D is completed

| | | |
|---|---|---:|
| 1. | Amount from Form 6251 report, line 9 | 16,138,819.00 |
| 2 | Amount from Schedule D line 18, or line 9 from worksheet (refigured for AMT) | 14,008,089.00 |
| 3 | Amount from Schedule D report, line 14 (refigured for AMT) | 0.00 |
| 4. | Amount from line 2 if no Schedule D worksheet otherwise, the smaller of the sum of 2 or 3 or Schedule D worksheet line 4. | 14,008,089.00<br>14,008,089.00 |
| 5. | Smaller of line 1 or line 4 | |
| 6. | Subtract line 5 from line 1 | 2,130,730.00 |
| 7. | If line 6 is $175,000 or less ($87,500 if MFS) multiply line 6 by 26%. Otherwise, multiply line 6 by 28% and subtract $3,500 ($1,750 if MFS) from result | 593,104.00 |
| 8. | Amount from Schedule D report, line 23 (refigured for AMT) | 0.00 |
| 9. | Smallest of line 1 or line 2 | 14,008,089.00 |
| 10. | Smallest of line 8 or line 9 (not less than zero) | 0.00 |
| 11. | Qualified 5-year gain from Schedule D report, line 24 (refigured for AMT) | 0.00 |
| 12. | Smaller of line 10 or line 11 | 0.00 |
| 13. | Multiply line 12 by 8% | 0.00 |
| 14 . | Subtract line 12 from line 10 | 0.00 |
| 15. | Multiply line 14 by 10% | 0.00 |
| 16. | Subtract line 10 from line 9 | 14,008,089.00 |
| 17. | Multiply line 16 by 20% | 2,801,618.00 |
| 18. | Subtract line 9 from line 5 | 0.00 |
| 19. | Multiply line 18 by 25% | 0.00 |
| 20. | Total of lines 7, 13, 15, 17, and 19 | 3,394,722.00 |
| 21. | If line 1 is $175,000 or less ($87,500 if MFS) multiply line 1 by 26%. Otherwise, multiply line 1 by 28% and subtract $3,500 ($1,750 if MFS) from result | 4,515,369.00 |
| 22. | Smaller of line 20 or 21, enter here and on line 10 of Form 6251 report | 3,394,722.00 |

| Name of Taxpayer: | P ACKERMAN & J LEEDOM-ACKERMAN | 01/18/2006 |
| Identification Number: | ⬛1402 | Total | 6.30.00 |

## SUMMARY OF THE ACCURACY-RELATED PENALTY - IRC 6662

### 2002 - 20% PENALTY ISSUES - Section 6662(a) and 6662(b)

It has been determined that the underpayment of tax shown on line 5 below is attributable to one or more of the following elements of the accuracy-related penalty: (1) negligence or disregard of rules or regulations, (2) substantial understatement of income tax, or (3) substantial valuation overstatement, therefore, an addition to tax is imposed as provided by Section 6662(a) of the Internal Revenue Code.

| | |
|---|---|
| 1. Total tax computed with non-penalty adjustments and adjustments subject to penalty under Section 6662(b) | 309,709.00 |
| 2. Total tax computed with non-penalty adjustments only | 309,709.00 |
| 3. Line 1 less line 2 - Underpayment to which Section 6662(a) applies | 0.00 |
| 4. Allocable Prepayment Credits (other than EIC and Special Fuels Credits included in lines 1 & 2) | 0.00 |
| 5. Line 3 less line 4 - Underpayment subject to penalty | 0.00 |
| 6. Applicable penalty rate | 20.00% |
| 7. Line 5 multiplied by line 6 | 0.00 |
| 8. Previously assessed 20% Accuracy Penalty | 0.00 |
| 9. Line 7 less line 8 - 20% Accuracy-related penalty | 0.00 |

### 2002 - 40% PENALTY ISSUES - Section 6662(h)

It has been determined that the underpayment of tax shown on line 14 below is attributable to a gross valuation misstatement, therefore, an addition to tax is imposed as provided by Section 6662(h) of the Internal Revenue Code.

| | |
|---|---|
| 10. Total tax computed with non-penalty adjustments, adjustments subject to penalty under IRC 6662(a) and adjustments subject to penalty under IRC 6662(h) | 3,394,722.00 |
| 11. Total tax from line 1 above | 309,709.00 |
| 12. Line 10 less line 11 - Underpayment to which Section 6662(h) applies | 3,085,013.00 |
| 13. Allocable Prepayment Credits (other than EIC and Special Fuels Credits included in lines 10 & 11) | 0.00 |
| 14. Line 10 less line 11 - Underpayment subject to penalty | 3,085,013.00 |
| 15. Applicable penalty rate | 40.00% |
| 16. Line 14 multiplied by line 15 | 1,234,005.20 |
| 17. Previously assessed 40% Accuracy Penalty | 0.00 |
| 18. Line 16 less line 17 - 40% Accuracy-related penalty | 1,234,005.20 |
| 19. Line 9 plus line 18 - Total ACCURACY-RELATED PENALTY | 1,234,005.20 |

| Name Of Taxpayer: | P ACKERMAN & J LEEDOM-ACKERMAN | | 01/18/2006 |
| Identification Number: | ▉▉-1402 | Total | 6.30.00 |

## 2002 - Adjustments Subject to Accuracy-Related Penalty - IRC 6662

ADJUSTMENTS TO WHICH THE ACCURACY RELATED PENALTY APPLIES:

PENALTY RATES

20%  40%

| | 20% | 40% | | |
|---|---|---|---|---|
| Sch D - Long-Term Capital Loss Carryover | | X | 51,291,825.00 | IRC 6662(g) |

| Name Of Taxpayer: | P ACKERMAN & J LEEDOM-ACKERMAN | | 01/18/2006 |
|---|---|---|---|
| Identification Number: ▮▮▮-1402 | | Total | 6.30.00 |

## 2002  TAX YEAR INTEREST COMPUTATION

| | | |
|---|---|---|
| Interest computed to | | 02/17/2006 |
| Total Tax Deficiency | | $3,085,013.00 |

| Plus Penalties* | | |
|---|---|---|
| - Overvaluation | $.00 | |
| - Substantial Understatement | $.00 | |
| - Failure to File | $.00 | |
| - Negligence | $.00 | |
| - Civil Fraud | $.00 | |
| - Accuracy Penalties | $1,234,005.20 | |
| Total Penalties | | $1,234,005.20 |
| Tax Deficiency and Penalties Subject to Interest | | $4,319,018.20 |

| Type | Effective Dates | Days | Rate | Interest |
|---|---|---|---|---|
| Compound | 04/15/2003--09/30/2003 | 168 | 5% | $71,815.85 |
| Compound | 10/01/2003--12/31/2003 | 92 | 4% | $42,443.44 |
| Compound | 01/01/2004--03/31/2004 | 91 | 4% | $44,308.06 |
| Compound | 04/01/2004--06/30/2004 | 91 | 5% | $56,007.56 |
| Compound | 07/01/2004--09/30/2004 | 92 | 4% | $45,811.09 |
| Compound | 10/01/2004--12/31/2004 | 92 | 5% | $57,914.58 |
| Compound | 01/01/2005--03/31/2005 | 90 | 5% | $57,522.34 |
| Compound | 04/01/2005--09/30/2005 | 183 | 6% | $143,364.88 |
| Compound | 10/01/2005--12/31/2005 | 92 | 7% | $86,113.71 |
| Compound | 01/01/2006--02/17/2006 | 48 | 7% | $45,535.62 |

| | |
|---|---|
| Total Interest | $650,837.13 |
| Total Underpayment | $3,085,013.00 |
| Total Penalties | $1,234,005.20 |
| Total Amount Due | $4,969,855.33 |

Additional interest will be charged at the current rate compounded daily. Interest is charged from the original due date of the return to a date 30 days after an agreement to the additional tax is signed, or to the date of payment, if earlier. Negligence and fraud penalties, if applicable, will also continue to be charged. Generally, if notice and demand is made for payment of any amount, and that amount is paid within 21 days after the date of the notice and demand, interest on the amount paid will not be charged after the date of the notice and demand. Since additional tax is due, you may want to pay it now and limit the interest and penalty charges.

* Interest on penalties became effective 7/19/1984 (1/1/1989 for negligence and fraud) and is computed from the due date of the return unless a valid extension was filed.

| Form **4549A** | | Department of the Treasury - Internal Revenue Service<br>**Income Tax Examination Changes** | | Page 1 of 2 | |
|---|---|---|---|---|---|

| Name and Address of Taxpayer | | SS or EI Number | | Return Form No: | |
|---|---|---|---|---|---|
| P ACKERMAN & J LEEDOM-ACKERMAN<br>3229 R ST NW<br>WASHINGTON DC 20007-2941-294 | | ███-1402 | | 1040 | |
| | | Person with whom examination changes were discussed. | Name and Title: | | |

| 1. **Adjustments to Income** | | Period End 12/31/2001 | Period End | Period End |
|---|---|---|---|---|
| a. Capital Gain or Loss | | 10,968,479.00 | | |
| b. Itemized Deductions | | (1,522,383.00) | | |
| c. | | | | |
| d. | | | | |
| e. | | | | |
| f. | | | | |
| g. | | | | |
| h. | | | | |
| i. | | | | |
| j. | | | | |
| k. | | | | |
| l. | | | | |
| m. | | | | |
| n. | | | | |
| o. | | | | |
| p. | | | | |
| 2. **Total Adjustments** | | 9,446,096.00 | | |
| 3. Taxable Income Per Return or as Previously Adjusted | | 2,527,507.00 | | |
| 4. **Corrected Taxable Income** | | 11,973,603.00 | | |
|     Tax Method | | SCHEDULE D | | |
|     Filing Status | | Joint | | |
| 5. **Tax** | | 3,751,706.00 | | |
| 6. Additional Taxes / Alternative Minimum Tax | | 0.00 | | |
| 7. Corrected Tax Liability | | 3,751,706.00 | | |
| 8. **Less**   a. Foreign Tax Credit | | 61,512.00 | | |
| **Credits** b. Rate Reduction Credit | | 0.00 | | |
|     c. | | | | |
|     d. | | | | |
| 9. **Balance** (Line 7 less total of lines 8a through 8d) | | 3,690,194.00 | | |
| 10. Plus   a. | | | | |
| Other   b. | | | | |
| Taxes   c. | | | | |
|     d. | | | | |
| 11. **Total Corrected Tax Liability** (line 9 plus line 10a - 10d) | | 3,690,194.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | | 1,241,877.00 | | |
| 13. Adjustments to: a. Special Fuels Credit | | | | |
|     b. | | | | |
|     c. | | | | |
| 14. **Deficiency-Increase in Tax** or (Overassessment<br>Decrease in Tax) (Line 11 less 12 adjusted by 13) | | 2,448,317.00 | | |
| 15. Adjustments to Prepayment Credits | | | | |
| 16. **Balance Due or (Overpayment)** (Line 14 adjusted by<br>Line 15) ( Excluding interest and penalties) | | 2,448,317.00 | | |

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax. The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.

RGS Version 6.30.00

Form CG-4549A

| Form **4549A** | Department of the Treasury - Internal Revenue Service<br>**Income Tax Examination Changes** | Page 2 of 2 |
|---|---|---|

| Name and Address of Taxpayer<br>P ACKERMAN & J LEEDOM-ACKERMAN | SS or EI Number<br>███-1402 | Return Form No:<br>1040 |
|---|---|---|

| 17. Penalties | Period End 12/31/2001 | Period End | Period End |
|---|---|---|---|
| a. Accuracy-IRC 6662 | 979,326.80 | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| **18. Total Penalties** | 979,326.80 | | |
| Underpayment attributable to negligence: (1981-1987) A tax addition of 50 percent of the interest due on underpayment will accrue until paid or assessed | | | |
| Underpayment attributable to fraud: (1981-1987) A tax addition of 50 percent of the interest due on underpayment will accrue until paid or assessed | | | |
| Underpayment attributable Tax Motivated Transactions TMT interest will accrue and be assessed at 120% of underpayment rate in accordance with IRC 6621(c) | 0.00 | | |
| **19. Summary of Taxes, Penalties and Interest:** | | | |
| a. Balance due or Overpayment Taxes – Line 16, Page 1 | 2,448,317.00 | | |
| b. Penalties (Line 18, Page2)-computed to 01/18/2006 | 979,326.80 | | |
| c. Interest (IRC§ 6601)-computed to 02/17/2006 | 777,620.82 | | |
| d. TMT Interest – computed 02/17/2006 on TMT underpayment | 0.00 | | |
| e. Amount due or refund (sum of lines a, b, c and d) | 4,205,264.62 | | |

**Other Information:**

For tax period(s) 200112, the tax liability shown in this report may be subject to IRC section 6404(g). Interest on the amount due will not be charged during the suspension period applicable to your tax liability. When your tax bill is issued, it will reflect the reduced amount of interest based on IRC section 6404(g), if such suspension period has resulted.

| Examiner's Signature:<br>Ms. Carver | Employee ID:<br>███6984 | Office:<br>OSC 1-866-899-9083 EXT 8616 | Date:<br>01/18/2006 |
|---|---|---|---|

RGS Version 6.30.00

Form **CG-4549A**

| Form **886-A** (Rev. January 1994)886-A | EXPLANATION OF ITEMS | Schedule number or exhibit |
|---|---|---|
| Name of Taxpayer P ACKERMAN & J LEEDOM-ACKERMAN | Taxpayer Identification Number ▮▮▮-1402 | Year/Period Ended 2001 |

## LTCL CARRYOVER FROM 2000

| | Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|---|
| | 2001 | ($60,129,863.00) | $0.00 | $60,129,863.00 |

Because of adjustments in a previous year your Schedule D Carryover to this year has been adjusted.

## STCL CARRYOVER FROM 2000

| | Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|---|
| | 2001 | ($2,130,441.00) | $0.00 | $2,130,441.00 |

Because of adjustments in a previous year your Schedule D Carryover to this year has been adjusted.

## Itemized Deductions

| | Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|---|
| | 2001 | $20,776,977.00 | $22,299,360.00 | ($1,522,383.00) |

Certain expenses deducted as miscellaneous itemized deductions are only deductible to the extent that they exceed a percentage of your adjusted gross income. Since we have made other changes in this report which affect your adjusted gross income, we have also adjusted these expenses.

The amount of Schedule A deduction is limited if your income is more that the dollar limit for your filing status. Your income is more than that limit, so we reduced the amount you can claim. We have attached a Schedule A showing how we figured your new amounts.

## Statutory-Alt Min Tax

| | Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|---|
| | 2001 | $343,091.00 | $0.00 | ($343,091.00) |

You have an alternative minimum tax liability only if your tentative minimum tax exceeds your regular tax liability. Tentative minimum tax is computed by first calculating your alternative minimum taxable income, which equals your regular taxable income increased by any tax preference items for the taxable year, and increased or decreased by adjustment items for the taxable year. Alternative minimum taxable income is then reduced by an exemption amount ($35,750 for Single/Head of Household; $49,000 for Married Filing Joint/Surviving Spouse; and $24,500 for Married Filing Separately), which is subject to phase-out depending on the amount of your alternative minimum taxable income. For taxable years after 1992, the remaining amount is subject to a 26 percent tax rate on the first $175,000 and 28 percent tax rate on any amount in excess of $175,000. A tentative minimum tax is then computed by reducing the amount determined in the preceding sentence by any allowable foreign tax credit. The alternative minimum tax liability is the amount by which tentative minimum tax exceeds regular tax liability.

Form **886-A** (1-1994)    Department of the Treasury - **Internal Revenue Service**

| Name Of Taxpayer: P ACKERMAN & J LEEDOM-ACKERMAN | | | 01/18/2006 |
| Identification Number: ▇▇▇-1402 | | Total | 6.30.00 |

### 2001 - SCHEDULE A - ITEMIZED DEDUCTIONS

| | PER RETURN | PER EXAM | ADJUSTMENT |
|---|---|---|---|
| 1. Medical, dental and insurance premiums | 0.00 | 0.00 | 0.00 |
| 2.    7.50% of Adjusted Gross Income | 1,747,836.00 | 2,570,472.00 | |
| 3. Net Medical and Dental Expense | 0.00 | 0.00 | 0.00 |
| 4. Taxes | 1,133,921.00 | 1,133,921.00 | 0.00 |
| 5. Home Interest Expense | 0.00 | 0.00 | 0.00 |
| 6. Investment Interest | 8,353,181.00 | 8,353,181.00 | 0.00 |
| 7. Other Interest Expense | 0.00 | 0.00 | 0.00 |
| 8. Total Interest Expense | 8,353,181.00 | 8,353,181.00 | 0.00 |
| 9. Contributions | 6,845,456.00 | 8,916,262.00 | (2,070,806.00) |
| 10. Casualty and theft Losses | 0.00 | 0.00 | 0.00 |
| 11. Miscellaneous deductions subject to AGI limit | 3,044,220.00 | 3,044,220.00 | 0.00 |
| 12.    2.00% of Adjusted Gross Income | 466,090.00 | 685,459.00 | |
| 13. Excess Miscellaneous deductions | 2,578,130.00 | 2,358,761.00 | 219,369.00 |
| 14. Other Miscellaneous deductions | 2,561,435.00 | 2,561,435.00 | 0.00 |
| 15. Total itemized deductions (Sum of Lines 3, 4, 8, 9,10,13, and 14 less any applicable limitation) | 20,776,977.00 | 22,299,360.00 | (1,522,383.00) |

### ITEMIZED DEDUCTIONS WORKSHEET - PER EXAM

| | |
|---|---|
| A. Total of lines 3, 4, 8, 9, 10, 13, and 14 | 23,323,560.00 |
| B. Total of lines 3, 6, 10, (plus any gambling losses included on line 14) | 8,353,181.00 |
| C. Line A less Line B | 14,970,379.00 |
| D. Multiply the amount on line C by 80% | 11,976,303.00 |
| E. Adjusted Gross Income from Form 1040 | 34,272,963.00 |
| F. Itemized Deduction Limitation | 132,950.00 |
| G. Line E less Line F | 34,140,013.00 |
| H. Multiply the amount on Line G by 3% | 1,024,200.00 |
| I. Enter the smaller of Line D or Line H | 1,024,200.00 |
| J. Total Itemized Deductions (entered on line 15 above) | 22,299,360.00 |

| Name of Taxpayer: | P ACKERMAN & J LEEDOM-ACKERMAN | | 01/18/2006 |
|---|---|---|---|
| Identification Number: | ⬛-1402 | Total | 6.30.00 |

## 2001 - SCHEDULE D - CAPITAL GAINS AND LOSSES

| | |
|---|---|
| 1. Short-term capital gain or loss | 6,242,887.00 |
| 2. Short-term capital loss carryover | 0.00 |
| 3. Net Short-term Gain or Loss (Add line 1 and 2) | 6,242,887.00 |
| | |
| 4. Long-term capital gain or loss | 4,722,592.00 |
| 5. Long-term capital gain or loss carryover | 0.00 |
| 6. Net long-term Gain or Loss (Add line 4 and 5) | 4,722,592.00 |
| | |
| 7. Sum of lines 3 and 6 - Net Capital Gain or Loss | 10,965,479.00 |
| 8. Capital loss limitation | 0.00 |
| 9. Capital Gain or Loss - As Corrected | 10,965,479.00 |
| 10. Capital Gain or Loss - Per Return | (3,000.00) |
| 11. Line 9 less line 10 - Adjustment to Income | 10,968,479.00 |

### CORRECTED CARRYOVER

| | |
|---|---|
| 12. Short-term Carryover to Subsequent Year | 0.00 |
| 13. Long-term Carryover to Subsequent Year | 0.00 |

### COMPUTATION OF ALTERNATIVE TAX

| | | |
|---|---|---|
| 14. Unrecaptured 1250 gain | | 0.00 |
| 15. Taxable Income | | 11,973,603.00 |
| 16. Smaller of line 6 or line 7 | | 4,722,592.00 |
| 17. Form 4952, line 4e | | 0.00 |
| 18. Subtract line 17 from line 16 (not less than 0) | | 4,722,592.00 |
| 19. Subtract line 18 from line 15 (not less than 0) | | 7,251,011.00 |
| 20. Tax on the amount on line 19 | | 2,807,188.00 |
| 21. Smaller of line 15 or | 45,200.00 | 45,200.00 |
| 22. Amount from line 19 | | 7,251,011.00 |
| 23. Subtract line 22 from line 21 (not less than 0) | | 0.00 |
| 24. Qualified 5-year gain | | 0.00 |
| 25. Smaller of line 23 or line 24 | | 0.00 |
| 26. Multiply line 25 by 8% | | 0.00 |
| 27. Subtract line 25 from line 23 | | 0.00 |
| 28. Multiply line 27 by 10% | | 0.00 |
| 29. Smaller of line 15 or line 18 | | 4,722,592.00 |
| 30. Amount from line 23 | | 0.00 |
| 31. Subtract line 30 from line 29 (not less than 0) | | 4,722,592.00 |
| 32. Multiply line 31 by 20% | | 944,518.00 |
| 33. Alternative Tax, sum of lines 20, 26, 28, and 32 | | 3,751,706.00 |

| Name of Taxpayer: | P ACKERMAN & J LEEDOM-ACKERMAN | 01/18/2006 |
|---|---|---|
| Identification Number: | ▆▆▆-1402          Total | 6.30.00 |

## 2001 - FORM 6251 - ALTERNATIVE MINIMUM TAX COMPUTATION

| | |
|---|---|
| 1. Total Adjustments and Preferences | 2,615,731.00 |
| 2. Tax Table Income (from Form 1040, line 37) | 11,973,603.00 |
| 3. Net Operating Loss Deduction | 0.00 |
| 4. Itemized Deduction Limitation (from Schedule A Worksheet) | ($1,024,200.00) |
| 5. Combine lines 1 through 4 | 13,565,134.00 |
| 6. Alternative Tax Net Operating Loss Deduction | 0.00 |
| 7. Alternative Minimum Taxable Income | 13,565,134.00 |
| 8. Exemption Amount | 0.00 |
| 9. Subtract line 8 from line 7 (if 0 or less, enter 0) | 13,565,134.00 |
| 10. If line 9 is $175,000 or less ($87,500 or less if married filing separate) multiply line 9 by 26% | 3,416,930.00 |
| 11. Alternative Minimum Tax Foreign Tax Credit | 61,512.00 |
| 12. Tentative Minimum Tax (Subtract 11 form 10) | 3,355,418.00 |
| 13. Regular Tax Before Credits (less Foreign Tax Credit) | 3,690,194.00 |
| 14. Alternative Minimum Tax (before credit) | 0.00 |
| 15. Empowerment Zone Employment Credit | 0.00 |
| 16. Net Alternative Minimum Tax (line 14 less line 15) | 0.00 |

## EXEMPTION WORKSHEET (Line 8)

| | |
|---|---|
| A. Exemption amount based on filing status | 49,000.00 |
| B. Alternative Minimum Taxable Income (line 7) | 13,565,134.00 |
| C. Enter $112,500 ($150,000 if married filing jointly or qualifying widow(er), $75,000 if married filing separate) | 150,000.00 |
| D. Subtract line C from line B | 13,415,134.00 |
| E. Multiply line D by 25% | 3,353,784.00 |
| F. Subtract line E from line A (if zero or less, enter 0) | 0.00 |

| Name of Taxpayer: | P ACKERMAN & J LEEDOM-ACKERMAN | | 01/18/2006 |
|---|---|---|---|
| Identification Number: | ████-1402 | Total | 6.30.00 |

2001 - **FORM 6251 - CONTINUATION, USING MAXIMUM CAPITAL GAINS RATES COMPUTATION OF LINE 10 WHEN SCHEDULE D IS COMPLETED**

| | | |
|---|---|---|
| 1. | Amount from Form 6251 Report, line 9 | 13,565,134.00 |
| 2. | Amount from Schedule D Report, line 18 (refigured for AMT) | 4,722,592.00 |
| 3. | Amount from Schedule D Report, line 14 (refigured for AMT) | 0.00 |
| 4. | Add line 2 and 3 | 4,722,592.00 |
| 5. | Amount from Schedule D Report, line 18 (refigured for AMT) | 4,722,592.00 |
| 6. | Smaller of line 4 or line 5 | 4,722,592.00 |
| 7. | Subtract line 6 from line 1 | 8,842,542.00 |
| 8. | If line 7 is $175,000 or less ($87,500 if MFS) multiply line 7 by 26%. Otherwise, multiply line 7 by 28% and subtract $3,500 ($1,750 if MFS) from result | 2,472,412.00 |
| 9. | Amount from Schedule D Report, line 23 (refigured for AMT) | 0.00 |
| 10. | Smallest of line 1, 2, or line 9 | 0.00 |
| 11. | Qualified 5-year gain from Schedule D Report, line 24 (refigured for AMT) | 0.00 |
| 12. | Smaller of line 10 or line 11 | 0.00 |
| 13. | Multiply line 12 by 8% | 0.00 |
| 14. | Subtract line 12 from line 11 | 0.00 |
| 15. | Multiply line 14 by 10% | 0.00 |
| 16. | Smaller of line 1 or line 2 | 4,722,592.00 |
| 17. | Amount from line 10 | 0.00 |
| 18. | Subtract line 17 from line 16 | 4,722,592.00 |
| 19. | Multiply line 18 by 20% | 944,518.00 |
| 20. | Amount from line 1 | 13,565,134.00 |
| 21. | Total of lines 7, 10, and 18 | 13,565,134.00 |
| 22. | Subtract line 21 from line 20 | 0.00 |
| 23. | Multiply line 22 by 25% | 0.00 |
| 24. | Total of lines 8, 13, 15, 19, and 23 | 3,416,930.00 |
| 25. | If line 1 is $175,000 or less ($87,500 if MFS) multiply line 1 by 26%. Otherwise, multiply line 1 by 28% and subtract $3,500 ($1,750 if MFS) from result | 3,794,738.00 |
| 26. | Smaller of line 24 or 25, enter here and on line 10 of Form 6251 Report | 3,416,930.00 |

# EXHIBIT A<sup>*</sup>

## 2 of 3

*Personal Information, such as Social Security Numbers, has been redacted.

| Name of Taxpayer: | P ACKERMAN & J LEEDOM-ACKERMAN | | 01/18/2006 |
| Identification Number: | ███-1402 | Total | 6.30.00 |

## SUMMARY OF THE ACCURACY-RELATED PENALTY - IRC 6662

### 2001 - 20% PENALTY ISSUES - Section 6662(a) and 6662(b)

It has been determined that the underpayment of tax shown on line 5 below is attributable to one or more of the following elements of the accuracy-related penalty: (1) negligence or disregard of rules or regulations, (2) substantial understatement of income tax, or (3) substantial valuation overstatement, therefore, an addition to tax is imposed as provided by Section 6662(a) of the Internal Revenue Code.

| | |
|---|---:|
| 1. Total tax computed with non-penalty adjustments and adjustments subject to penalty under Section 6662(b) | 662,051.00 |
| 2. Total tax computed with non-penalty adjustments only | 662,051.00 |
| 3. Line 1 less line 2 - Underpayment to which Section 6662(a) applies | 0.00 |
| 4. Allocable Prepayment Credits (other than EIC and Special Fuels Credits included in lines 1 & 2) | 0.00 |
| 5. Line 3 less line 4 - Underpayment subject to penalty | 0.00 |
| 6. Applicable penalty rate | 20.00% |
| 7. Line 5 multiplied by line 6 | 0.00 |
| 8. Previously assessed 20% Accuracy Penalty | 0.00 |
| 9. Line 7 less line 8 - 20% Accuracy-related penalty | 0.00 |

### 2001 - 40% PENALTY ISSUES - Section 6662(h)

It has been determined that the underpayment of tax shown on line 14 below is attributable to a gross valuation misstatement, therefore, an addition to tax is imposed as provided by Section 6662(h) of the Internal Revenue Code.

| | |
|---|---:|
| 10. Total tax computed with non-penalty adjustments, adjustments subject to penalty under IRC 6662(a) and adjustments subject to penalty under IRC 6662(h) | 3,690,194.00 |
| 11. Total tax from line 1 above | 662,051.00 |
| 12. Line 10 less line 11 - Underpayment to which Section 6662(h) applies | 3,028,143.00 |
| 13. Allocable Prepayment Credits (other than EIC and Special Fuels Credits included in lines 10 & 11) | 579,826.00 |
| 14. Line 10 less line 11 - Underpayment subject to penalty | 2,448,317.00 |
| 15. Applicable penalty rate | 40.00% |
| 16. Line 14 multiplied by line 15 | 979,326.80 |
| 17. Previously assessed 40% Accuracy Penalty | 0.00 |
| 18. Line 16 less line 17 - 40% Accuracy-related penalty | 979,326.80 |
| 19. Line 9 plus line 18 - Total ACCURACY-RELATED PENALTY | 979,326.80 |

| Name Of Taxpayer: | P ACKERMAN & J LEEDOM-ACKERMAN | | 01/18/2006 |
| Identification Number: | ⬛-1402 | Total | 6.30.00 |

## 2001  -  Adjustments Subject to Accuracy-Related Penalty - IRC 6662

ADJUSTMENTS TO WHICH THE ACCURACY RELATED PENALTY APPLIES :
PENALTY RATES
20%  40%

| | | | |
|---|---|---|---|
| LTCL CARRYOVER FROM 2000 | X | 60,129,863.00 | IRC 6662(g) |
| STCL CARRYOVER FROM 2000 | X | 2,130,441.00 | IRC 6662(g) |

| Name Of Taxpayer: | P ACKERMAN & J LEEDOM-ACKERMAN | | 01/18/2006 |
|---|---|---|---|
| Identification Number ████-1402 | | Total | 6.30.00 |

## 2001  TAX YEAR INTEREST COMPUTATION

| | | |
|---|---|---|
| Interest computed to | | 02/17/2006 |
| Total Tax Deficiency | | $2,448,317.00 |

Plus Penalties*

| | | |
|---|---|---|
| - Overvaluation | $.00 | |
| - Substantial Understatement | $.00 | |
| - Failure to File | $.00 | |
| - Negligence | $.00 | |
| - Civil Fraud | $.00 | |
| - Accuracy Penalties | $979,326.80 | |
| Total Penalties | | $979,326.80 |
| Tax Deficiency and Penalties Subject to Interest | | $3,427,643.80 |

| Type | Effective Dates | Days | Rate | Interest |
|---|---|---|---|---|
| Compound | 04/15/2002--12/31/2002 | 260 | 6% | $149,659.68 |
| Compound | 01/01/2003--09/30/2003 | 273 | 5% | $136,304.84 |
| Compound | 10/01/2003--12/31/2003 | 92 | 4% | $37,628.62 |
| Compound | 01/01/2004--03/31/2004 | 91 | 4% | $37,491.46 |
| Compound | 04/01/2004--06/30/2004 | 91 | 5% | $47,391.04 |
| Compound | 07/01/2004--09/30/2004 | 92 | 4% | $38,763.25 |
| Compound | 10/01/2004--12/31/2004 | 92 | 5% | $49,004.67 |
| Compound | 01/01/2005--03/31/2005 | 90 | 5% | $48,672.78 |
| Compound | 04/01/2005--09/30/2005 | 183 | 6% | $121,308.82 |
| Compound | 10/01/2005--12/31/2005 | 92 | 7% | $72,865.49 |
| Compound | 01/01/2006--02/17/2006 | 48 | 7% | $38,530.17 |

| | |
|---|---|
| Total Interest | $777,620.82 |
| Total Underpayment | $2,448,317.00 |
| Total Penalties | $979,326.80 |
| Total Amount Due | $4,205,264.62 |

Additional interest will be charged at the current rate compounded daily.  Interest is charged from the original due date of the return to a date 30 days after an agreement to the additional tax is signed, or to the date of payment, if earlier.  Negligence and fraud penalties, if applicable, will also continue to be charged.  Generally, if notice and demand is made for payment of any amount, and that amount is paid within 21 days after the date of the notice and demand, interest on the amount paid will not be charged after the date of the notice and demand. Since additional tax is due, you may want to pay it now and limit the interest and penalty charges.

* Interest on penalties became effective 7/19/1984 (1/1/1989 for negligence and fraud) and is computed from the due date of the return unless a valid extension was filed.

| Form **4549A** | Department of the Treasury - Internal Revenue Service **Income Tax Examination Changes** | Page 1 of 2 |
|---|---|---|

| Name and Address of Taxpayer | SS or EI Number | Return Form No: |
|---|---|---|
| P ACKERMAN & J LEEDOM-ACKERMAN<br>3229-R ST NW<br>WASHINGTON DC 20007-2941-294 | ███████-1402 | 1040 |
| | Person with whom examination changes were discussed. | Name and Title: |

| 1. **Adjustments to Income** | Period End 12/31/2000 | Period End | Period End |
|---|---|---|---|
| a. Capital Gain or Loss | 18,787,184.00 | | |
| b. Itemized Deductions | 939,360.00 | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| o. | | | |
| p. | | | |
| 2. **Total Adjustments** | 19,726,544.00 | | |
| 3. Taxable Income Per Return or as Previously Adjusted | 4,197,883.00 | | |
| 4. **Corrected Taxable Income** | 23,924,427.00 | | |
|     Tax Method | SCHEDULE D | | |
|     Filing Status | Joint | | |
| 5. **Tax** | 7,469,618.00 | | |
| 6. Additional Taxes / Alternative Minimum Tax | | | |
| 7. Corrected Tax Liability | 7,469,618.00 | | |
| 8. **Less** a. Foreign Tax Credit | 49,209.00 | | |
| **Credits** b. | | | |
|     c. | | | |
|     d. | | | |
| 9. **Balance** (Line 7 less total of lines 8a through 8d) | 7,420,409.00 | | |
| 10. Plus a. Self Employment Tax | 113.00 | | |
| Other b. | | | |
| Taxes c. | | | |
|     d. | | | |
| 11. **Total Corrected Tax Liability** (line 9 plus line 10a - 10d) | 7,420,522.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 1,585,934.00 | | |
| 13. Adjustments to: a. Special Fuels Credit | 0.00 | | |
|     b. | | | |
|     c. | | | |
| 14. **Deficiency-Increase in Tax** or (Overassessment Decrease in Tax) (Line 11 less 12 adjusted by 13) | 5,834,588.00 | | |
| 15. Adjustments to Prepayment Credits | | | |
| 16. **Balance Due or (Overpayment)** (Line 14 adjusted by Line 15) ( Excluding interest and penalties) | 5,834,588.00 | | |

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax. The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.

Form **CG-4549A**

| Form **4549A** | Department of the Treasury - Internal Revenue Service<br>**Income Tax Examination Changes** | | Page  2  of  2 |
|---|---|---|---|
| **Name and Address of Taxpayer**<br>P ACKERMAN & J LEEDOM-ACKERMAN | **SS or EI Number**<br>███-1402 | | **Return Form No:**<br>1040 |

| 17.  **Penalties** | **Period End** 12/31/2000 | **Period End** | **Period End** |
|---|---|---|---|
| a. Accuracy IRC 6662 | 2,333,835.20 | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| 18.  **Total Penalties** | 2,333,835.20 | | |
| Underpayment attributable to negligence: (1981-1987) A tax addition of 50 percent of the interest due on underpayment will accrue until paid or assessed | | | |
| Underpayment attributable to fraud: (1981-1987) A tax addition of 50 percent of the interest due on underpayment will accrue until paid or assessed | | | |
| Underpayment attributable Tax Motivated Transactions TMT interest will accrue and be assessed at 120% of underpayment rate in accordance with IRC 6621(c) | 0.00 | | |
| 19.  **Summary of Taxes, Penalties and Interest:** | | | |
| a. Balance due or Overpayment Taxes – Line 16, Page 1 | 5,834,588.00 | | |
| b. Penalties (Line 18, Page2)-computed to 01/18/2006 | 2,333,835.20 | | |
| c. Interest (IRC§ 6601)-computed to 02/17/2006 | 2,571,187.93 | | |
| d. TMT Interest – computed 02/17/2006 on TMT underpayment | 0.00 | | |
| e. Amount due or refund (sum of lines a, b, c and d) | 10,739,611.13 | | |

**Other Information:**

| **Examiner's Signature:**<br>Ms. Carver | **Employee ID:**<br>██6984 | **Office:**<br>OSC 1-866-899-9083 EXT 8616 | **Date:**<br>01/18/2006 |
|---|---|---|---|

RGS Version  6.30.00      Form **CG-4549A**

| Form **886-A** (Rev. January 1994)886-A | **EXPLANATION OF ITEMS** | Schedule number or exhibit |
|---|---|---|

| Name of Taxpayer | Taxpayer Identification Number | Year/Period Ended |
|---|---|---|
| P ACKERMAN & J LEEDOM-ACKERMAN | ████-1402 | 2000 |

**STCL CARRYOVER FROM 1999**

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 2000 | ($10,830,264.00) | $0.00 | $10,830,264.00 |

Because of adjustments in a previous year your Schedule D Carryover to this year has been adjusted.

**SCH D LTCG CARRYOVER FROM1999**

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 2000 | ($70,217,224.00) | $0.00 | $70,217,224.00 |

Because of adjustments in a previous year your Schedule D Carryover to this year has been adjusted.

**Itemized Deductions**

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 2000 | $13,289,976.00 | $12,350,616.00 | $939,360.00 |

Certain expenses deducted as miscellaneous itemized deductions are only deductible to the extent that they exceed a percentage of your adjusted gross income. Since we have made other changes in this report which affect your adjusted gross income, we have also adjusted these expenses.

The amount of Schedule A deduction is limited if your income is more that the dollar limit for your filing status. Your income is more than that limit, so we reduced the amount you can claim. We have attached a Schedule A showing how we figured your new amounts.

Name Of Taxpayer:    P ACKERMAN & J LEEDOM-ACKERMAN                    01/18/2006
Identification Number:  ████-1402                          Total              6.30.00

### 2000 - SCHEDULE A - ITEMIZED DEDUCTIONS

|  | PER RETURN | PER EXAM | ADJUSTMENT |
|---|---|---|---|
| 1. Medical, dental and insurance premiums | 0.00 | 0.00 | 0.00 |
| 2.    7.50% of Adjusted Gross Income | 1,311,589.00 | 2,720,628.00 | |
| 3. Net Medical and Dental Expense | 0.00 | 0.00 | 0.00 |
| 4. Taxes | 951,190.00 | 951,190.00 | 0.00 |
| 5. Home Interest Expense | 0.00 | 0.00 | 0.00 |
| 6. Investment Interest | 4,989,482.00 | 4,989,482.00 | 0.00 |
| 7. Other Interest Expense | 0.00 | 0.00 | 0.00 |
| 8. Total Interest Expense | 4,989,482.00 | 4,989,482.00 | 0.00 |
| 9. Contributions | 6,881,804.00 | 6,881,804.00 | 0.00 |
| 10. Casualty and theft Losses | 0.00 | 0.00 | 0.00 |
| 11. Miscellaneous deductions subject to AGI limit | 1,338,024.00 | 1,338,024.00 | 0.00 |
| 12.    2.00% of Adjusted Gross Income | 349,757.00 | 725,501.00 | |
| 13. Excess Miscellaneous deductions | 988,267.00 | 612,523.00 | 375,744.00 |
| 14. Other Miscellaneous deductions | 0.00 | 0.00 | 0.00 |
| 15. Total itemized deductions (Sum of Lines 3, 4, 8, 9,10,13, and 14 less any applicable limitation) | 13,289,976.00 | 12,350,616.00 | 939,360.00 |

### ITEMIZED DEDUCTIONS WORKSHEET - PER EXAM

| | |
|---|---|
| A. Total of lines 3, 4, 8, 9, 10, 13, and 14 | 13,434,999.00 |
| B. Total of lines 3, 6, 10, (plus any gambling losses included on line 14) | 4,989,482.00 |
| C. Line A less Line B | 8,445,517.00 |
| D. Multiply the amount on line C by 80% | 6,756,414.00 |
| E. Adjusted Gross Income from Form 1040 | 36,275,043.00 |
| F. Itemized Deduction Limitation | 128,950.00 |
| G. Line E less Line F | 36,146,093.00 |
| H. Multiply the amount on Line G by 3% | 1,084,383.00 |
| I.  Enter the smaller of Line D or Line H | 1,084,383.00 |
| J. Total Itemized Deductions (entered on line 15 above) | 12,350,616.00 |

| Name of Taxpayer:    P ACKERMAN & J LEEDOM-ACKERMAN | 01/18/2006 |
|---|---|
| Identification Number: ●●●-1402                              Total | 6.30.00 |

## 2000  - SCHEDULE D - CAPITAL GAINS AND LOSSES

| | |
|---|---:|
| 1. Short-term capital gain or loss | 8,696,823.00 |
| 2. Short-term capital loss carryover | 0.00 |
| 3. Net Short-term Gain or Loss (Add line 1 and 2) | 8,696,823.00 |
| 4. Long-term capital gain or loss | 10,087,361.00 |
| 5. Long-term capital gain or loss carryover | 0.00 |
| 6. Net long-term Gain or Loss (Add line 4 and 5) | 10,087,361.00 |
| 7. Sum of lines 3 and 6 - Net Capital Gain or Loss | 18,784,184.00 |
| 8. Capital loss limitation | 0.00 |
| 9. Capital Gain or Loss - As Corrected | 18,784,184.00 |
| 10. Capital Gain or Loss - Per Return | (3,000.00) |
| 11. Line  9 less line 10 - Adjustment to Income | 18,787,184.00 |

### CORRECTED CARRYOVER

| | |
|---|---:|
| 12. Short-term Carryover to Subsequent Year | 0.00 |
| 13. Long-term Carryover to Subsequent Year | 0.00 |

### COMPUTATION OF ALTERNATE TAX

| | |
|---|---:|
| 14. Taxable Income | 23,924,427.00 |
| 15. Smaller of line 6 or line 7 | 10,087,361.00 |
| 16. Form 4952, line 4e | 0.00 |
| 17. Subtract line 16 from line 15 | 10,087,361.00 |
| 18. Combine line 3 and Total 28% Rate Gain (not less than 0) | 0.00 |
| 19. Smaller of line 18 and Total 28% Rate Gain | 0.00 |
| 20. Unrecaptured Section 1250 Gain | 0.00 |
| 21. Add line 19 and 20 | 0.00 |
| 22. Subtract line 21 from line 17 (not less than 0) | 10,087,361.00 |
| 23. Subtract line 22 from line 14 (not less than 0) | 13,837,066.00 |
| 24. Smaller of line 14 or 43,850.00 | 43,850.00 |
| 25. Smaller of line 23 or line 24 | 43,850.00 |
| 26. Subtract line 17 from line 14 (not less than 0) | 13,837,066.00 |
| 27. Larger of line 25 or line 26 | 13,837,066.00 |
| 28. Tax on amount on line 27 | 5,452,146.00 |
| 29. Amount from line 24 | 43,850.00 |
| 30. Amount from line 23 | 13,837,066.00 |
| 31. Subtract line 30 from line 29 (not less than 0) | 0.00 |
| 32. Multiply line  31 by 10% | 0.00 |
| 33. Smaller of line 14 or line 22 | 10,087,361.00 |
| 34. Amount from line 31 | 0.00 |
| 35. Subtract line 34 from line 33 (not less than 0) | 10,087,361.00 |
| 36. Multiply line 35 by 20% | 2,017,472.00 |
| 37. Smaller of line 17 or line 20 | 0.00 |
| 38. Add lines 17 and  27 | 23,924,427.00 |
| 39. Amount from line 14 | 23,924,427.00 |
| 40. Subtract line 39 from line 38 | 0.00 |
| 41. Subtract line 40 from line 37 | 0.00 |
| 42. Multiply line 41 by 25% | 0.00 |
| 43. Amount from line 14 | 23,924,427.00 |
| 44. Add lines 27, 31, 35, and  41 | 23,924,427.00 |
| 45. Subtract line 44 from line 43 | 0.00 |
| 46. Multiply line 45 by 28% | 0.00 |
| 47. Add lines 28, 32, 36, 42, and  46 - Alternative Tax | 7,469,618.00 |

| Name of Taxpayer: | P ACKERMAN & J LEEDOM-ACKERMAN | 01/18/2006 |
|---|---|---|
| Identification Number: | ⬛-1402        Total | 6.30.00 |

### 2000    - FORM 6251 - ALTERNATIVE MINIMUM TAX COMPUTATION

| | |
|---|---|
| 1. Total Adjustments and Preferences | 931,934.00 |
| 2. Tax Table Income (from Form 1040, line 37) | 23,924,427.00 |
| 3. Net Operating Loss Deduction | 0.00 |
| 4. Itemized Deduction Limitation (from Schedule A Worksheet) | ($1,084,383.00) |
| 5. Combine lines 1 through 4 | 23,771,978.00 |
| 6. Alternative Tax Net Operating Loss Deduction | 0.00 |
| 7. Alternative Minimum Taxable Income | 23,771,978.00 |
| 8. Exemption Amount | 0.00 |
| 9. Subtract line 8 from line 7 (if 0 or less, enter 0) | 23,771,978.00 |
| 10. If line 9 is $175,000 or less ($87,500 or less if married filing separate) multiply line 9 by 26% | 5,845,665.00 |
| 11. Alternative Minimum Tax Foreign Tax Credit | 0.00 |
| 12. Tentative Minimum Tax (Subtract 11 form 10) | 5,845,665.00 |
| 13. Regular Tax Before Credits (less Foreign Tax Credit) | 7,420,409.00 |
| 14. Alternative Minimum Tax (before credit) | 0.00 |
| 15. Empowerment Zone Employment Credit | 0.00 |
| 16. Net Alternative Minimum Tax (line 14 less line 15) | 0.00 |

### EXEMPTION WORKSHEET (Line 8)

| | |
|---|---|
| A. Exemption amount based on filing status | 45,000.00 |
| B. Alternative Minimum Taxable Income (line 7) | 23,771,978.00 |
| C. Enter $112,500 ($150,000 if married filing jointly or qualifying widow(er), $75,000 if married filing separate) | 150,000.00 |
| D. Subtract line C from line B | 23,621,978.00 |
| E. Multiply line D by 25% | 5,905,495.00 |
| F. Subtract line E from line A (if zero or less, enter 0) | 0.00 |

| Name of Taxpayer: P ACKERMAN & J LEEDOM-ACKERMAN | 01/18/2006 |
|---|---|
| Identification Number: ████-1402    Total | 6.30.00 |

2000    **- FORM 6251 - CONTINUATION, USING MAXIMUM CAPITAL GAINS RATES COMPUTATION OF LINE 10 WHEN SCHEDULE D IS COMPLETED**

| | |
|---|--:|
| 1. Amount from Form 6251 Report, line 9 | 23,771,978.00 |
| 2. Amount from Schedule D Report, line 22 (refigured for AMT) | 10,087,361.00 |
| 3. Amount from Schedule D Report, line 20 (refigured for AMT) | 0.00 |
| 4. Add line 2 and 3 | 10,087,361.00 |
| 5. Amount from Schedule D Report, line 17 (refigured for AMT) | 10,087,361.00 |
| 6. Smaller of line 4 or line 5 | 10,087,361.00 |
| 7. Subtract line 6 from line 1 | 13,684,617.00 |
| 8. If line 7 is $175,000 or less ($87,500 if MFS) multiply line 7 by 26%. Otherwise, multiply line 7 by 28% and subtract $3,500 ($1,750 if MFS) from result | 3,828,193.00 |
| 9. Amount from Schedule D Report, line 31 | 0.00 |
| 10. Smallest of line 1, 2, or line 9 | 0.00 |
| 11. Multiply line 10 by 10% | 0.00 |
| 12. Smaller of line 1 or line 2 | 10,087,361.00 |
| 13. Amount from line 10 | 0.00 |
| 14. Subtract line 13 from line 12 (not less than 0) | 10,087,361.00 |
| 15. Multiply line 14 by 20% | 2,017,472.00 |
| 16. Amount from line 1 | 23,771,978.00 |
| 17. Add lines 7, 10, and 14 | 23,771,978.00 |
| 18. Subtract line 17 from line 16 | 0.00 |
| 19. Multiply line 18 by 25% | 0.00 |
| 20. Add lines 8, 11, 15, and 19 | 5,845,665.00 |
| 21. If line 1 is $175,000 or less ($87,500 if MFS) multiply line 1 by 26%. Otherwise, multiply line 1 by 28% and subtract $3,500 ($1,750 if MFS) from result | 6,652,654.00 |
| 22. Smaller of line 20 or 21, enter here and on line 10 of Form 6251 Report | 5,845,665.00 |

| Name of Taxpayer: | P ACKERMAN & J LEEDOM-ACKERMAN | | 01/18/2006 |
|---|---|---|---|
| Identification Number: | ████ 1402 | Total | 6.30.00 |

## SUMMARY OF THE ACCURACY-RELATED PENALTY - IRC 6662

### 2000 - 20% PENALTY ISSUES - Section 6662(a) and 6662(b)

It has been determined that the underpayment of tax shown on line 5 below is attributable to one or more of the following elements of the accuracy-related penalty: (1) negligence or disregard of rules or regulations, (2) substantial understatement of income tax, or (3) substantial valuation overstatement, therefore, an addition to tax is imposed as provided by Section 6662(a) of the Internal Revenue Code.

| | |
|---|---|
| 1. Total tax computed with non-penalty adjustments and adjustments subject to penalty under Section 6662(b) | 1,585,934.00 |
| 2. Total tax computed with non-penalty adjustments only | 1,585,934.00 |
| 3. Line 1 less line 2 - Underpayment to which Section 6662(a) applies | 0.00 |
| 4. Allocable Prepayment Credits (other than EIC and Special Fuels Credits included in lines 1 & 2) | 0.00 |
| 5. Line 3 less line 4 - Underpayment subject to penalty | 0.00 |
| 6. Applicable penalty rate | 20.00% |
| 7. Line 5 multiplied by line 6 | 0.00 |
| 8. Previously assessed 20% Accuracy Penalty | 0.00 |
| 9. Line 7 less line 8 - 20% Accuracy-related penalty | 0.00 |

### 2000 - 40% PENALTY ISSUES - Section 6662(h)

It has been determined that the underpayment of tax shown on line 14 below is attributable to a gross valuation misstatement, therefore, an addition to tax is imposed as provided by Section 6662(h) of the Internal Revenue Code.

| | |
|---|---|
| 10. Total tax computed with non-penalty adjustments, adjustments subject to penalty under IRC 6662(a) and adjustments subject to penalty under IRC 6662(h) | 7,420,522.00 |
| 11. Total tax from line 1 above | 1,585,934.00 |
| 12. Line 10 less line 11 - Underpayment to which Section 6662(h) applies | 5,834,588.00 |
| 13. Allocable Prepayment Credits (other than EIC and Special Fuels Credits included in lines 10 & 11) | 0.00 |
| 14. Line 10 less line 11 - Underpayment subject to penalty | 5,834,588.00 |
| 15. Applicable penalty rate | 40.00% |
| 16. Line 14 multiplied by line 15 | 2,333,835.20 |
| 17. Previously assessed 40% Accuracy Penalty | 0.00 |
| 18. Line 16 less line 17 - 40% Accuracy-related penalty | 2,333,835.20 |
| 19. Line 9 plus line 18 - Total ACCURACY-RELATED PENALTY | 2,333,835.20 |

| Name Of Taxpayer: | P ACKERMAN & J LEEDOM-ACKERMAN | | 01/18/2006 |
| Identification Number: | ▬-1402 | Total | 6.30.00 |

## 2000 - Adjustments Subject to Accuracy-Related Penalty - IRC 6662

ADJUSTMENTS TO WHICH THE ACCURACY RELATED PENALTY APPLIES:
PENALTY RATES
20% 40%

| | | | |
|---|---|---|---|
| STCL CARRYOVER FROM 1999 | X | 10,830,264.00 | IRC 6662(g) |
| SCH D LTCG CARRYOVER FROM 1999 | X | 70,217,224.00 | IRC 6662(g) |

| Name Of Taxpayer: | P ACKERMAN & J LEEDOM-ACKERMAN | | 01/18/2006 |
|---|---|---|---|
| Identification Number: | ⬛-1402 | Total | 6.30.00 |

## 2000  TAX YEAR INTEREST COMPUTATION

Interest computed to                                                    02/17/2006

Total Tax Deficiency                                             $5,834,588.00

Plus Penalties*
- Overvaluation                                        $.00
- Substantial Understatement                           $.00
- Failure to File                                      $.00
- Negligence                                           $.00
- Civil Fraud                                          $.00
- Accuracy Penalties                            $2,333,835.20

Total Penalties                                                 $2,333,835.20
Tax Deficiency and Penalties Subject to Interest               $8,168,423.20

| Type | Effective Dates | Days | Rate | Interest |
|---|---|---|---|---|
| Compound | 04/15/2001--06/30/2001 | 76 | 8% | $137,190.21 |
| Compound | 07/01/2001--12/31/2001 | 184 | 7% | $298,289.17 |
| Compound | 01/01/2002--12/31/2002 | 365 | 6% | $531,990.57 |
| Compound | 01/01/2003--09/30/2003 | 273 | 5% | $348,102.00 |
| Compound | 10/01/2003--12/31/2003 | 92 | 4% | $96,097.82 |
| Compound | 01/01/2004--03/31/2004 | 91 | 4% | $95,747.53 |
| Compound | 04/01/2004--06/30/2004 | 91 | 5% | $121,029.56 |
| Compound | 07/01/2004--09/30/2004 | 92 | 4% | $98,995.49 |
| Compound | 10/01/2004--12/31/2004 | 92 | 5% | $125,150.54 |
| Compound | 01/01/2005--03/31/2005 | 90 | 5% | $124,302.94 |
| Compound | 04/01/2005--09/30/2005 | 183 | 6% | $309,804.41 |
| Compound | 10/01/2005--12/31/2005 | 92 | 7% | $186,087.46 |
| Compound | 01/01/2006--02/17/2006 | 48 | 7% | $98,400.23 |

| | |
|---|---|
| Total Interest | $2,571,187.93 |
| Total Underpayment | $5,834,588.00 |
| Total Penalties | $2,333,835.20 |
| Total Amount Due | $10,739,611.13 |

Additional interest will be charged at the current rate compounded daily.  Interest is charged from the original due date of the return to a date 30 days after an agreement to the additional tax is signed, or to the date of payment, if earlier.  Negligence and fraud penalties, if applicable, will also continue to be charged.  Generally, if notice and demand is made for payment of any amount, and that amount is paid within 21 days after the date of the notice and demand, interest on the amount paid will not be charged after the date of the notice and demand. Since additional tax is due, you may want to pay it now and limit the interest and penalty charges.

* Interest on penalties became effective 7/19/1984 (1/1/1989 for negligence and fraud) and is computed from the due date of the return unless a valid extension was filed.

| Form **4549A** | Department of the Treasury - Internal Revenue Service<br>**Income Tax Examination Changes** | | Page 1 of 2 |
|---|---|---|---|

| Name and Address of Taxpayer | SS or EI Number | | Return Form No: |
|---|---|---|---|
| P ACKERMAN & J LEEDOM-ACKERMAN<br>3229 R ST NW<br>WASHINGTON DC 20007-2941-294 | ▅▅▅▅-1402 | | 1040 |
| | Person with whom<br>examination changes<br>were discussed. | Name and Title: | |

| 1. Adjustments to Income | Period End 12/31/1999 | Period End | Period End |
|---|---|---|---|
| a. Capital Gain or Loss | 13,141,495.00 | | |
| b. Itemized Deductions | 657,075.00 | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| o. | | | |
| p. | | | |
| 2. **Total Adjustments** | 13,798,570.00 | | |
| 3. Taxable Income Per Return or as Previously Adjusted | 6,190,624.00 | | |
| 4. **Corrected Taxable Income** | 19,989,194.00 | | |
|     Tax Method | SCHEDULE D | | |
|     Filing Status | Joint | | |
| 5. **Tax** | 5,338,931.00 | | |
| 6. Additional Taxes / Alternative Minimum Tax | | | |
| 7. Corrected Tax Liability | 5,338,931.00 | | |
| 8. **Less**   a. Foreign Tax Credit | 22,986.00 | | |
|    **Credits**   b. | | | |
|            c. | | | |
|            d. | | | |
| 9. **Balance** (Line 7 less total of lines 8a through 8d) | 5,315,945.00 | | |
| 10. Plus   a. Alternative Minimum Tax | 1,651,917.00 | | |
|    **Other**   b. Self Employment Tax | 644.00 | | |
|    **Taxes**   c. | | | |
|           d. | | | |
| 11. **Total Corrected Tax Liability** (line 9 plus line 10a - 10d) | 6,968,506.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 4,339,967.00 | | |
| 13. Adjustments to: a. Special Fuels Credit | | | |
|               b. | | | |
|               c. | | | |
| 14. **Deficiency-Increase in Tax** or (Overassessment<br>Decrease in Tax) (Line 11 less 12 adjusted by 13) | 2,628,539.00 | | |
| 15. Adjustments to Prepayment Credits | | | |
| 16. **Balance Due or (Overpayment)** (Line 14 adjusted by<br>Line 15) ( Excluding interest and penalties) | 2,628,539.00 | | |

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States.  If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax.  The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.

| Form **4549A** | Department of the Treasury - Internal Revenue Service<br>**Income Tax Examination Changes** | Page  2  of  2 |
|---|---|---|

| Name and Address of Taxpayer | SS or EI Number | Return Form No: |
|---|---|---|
| P ACKERMAN & J LEEDOM-ACKERMAN | ▉-1402 | 1040 |

| 17. **Penalties** | **Period End** 12/31/1999 | **Period End** | **Period End** |
|---|---|---|---|
| a. Accuracy-IRC 6662 | 1,051,415.60 | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| 18. **Total Penalties** | 1,051,415.60 | | |
| Underpayment attributable to negligence: (1981-1987) A tax addition of 50 percent of the interest due on underpayment will accrue until paid or assessed | | | |
| Underpayment attributable to fraud: (1981-1987) A tax addition of 50 percent of the interest due on underpayment will accrue until paid or assessed | | | |
| Underpayment attributable Tax Motivated Transactions TMT interest will accrue and be assessed at 120% of underpayment rate in accordance with IRC 6621(c) | 0.00 | | |
| 19. **Summary of Taxes, Penalties and Interest:** | | | |
| a. Balance due or Overpayment Taxes – Line 16, Page 1 | 2,628,539.00 | | |
| b. Penalties (Line 18, Page2)-computed to 01/18/2006 | 1,051,415.60 | | |
| c. Interest (IRC§ 6601)-computed to 02/17/2006 | 1,610,828.81 | | |
| d. TMT Interest – computed 02/17/2006 on TMT underpayment | 0.00 | | |
| e. Amount due or refund (sum of lines a, b, c and d) | 5,290,783.41 | | |

**Other Information:**

For tax period(s) 199912, the tax liability shown in this report may be subject to IRC section 6404(g).  Interest on the amount due will not be charged during the suspension period applicable to your tax liability. When your tax bill is issued, it will reflect the reduced amount of interest based on IRC section 6404(g), if such suspension period has resulted.

| Examiner's Signature:<br>Ms. Carver | Employee ID:<br>▉6984 | Office:<br>OSC 1-866-899-9083 EXT 8616 | Date:<br>01/18/2006 |
|---|---|---|---|

RGS Version  6.30.00

Form CG-4549A

| Form **886-A**<br>(Rev. January<br>1994)886-A | **EXPLANATION OF ITEMS** | Schedule number or exhibit |
|---|---|---|

| Name of Taxpayer<br>P ACKERMAN & J LEEDOM-ACKERMAN | Taxpayer Identification Number<br>██████-1402 | Year/Period Ended<br>1999 |
|---|---|---|

### SCH D CARRYOVER FROM 1998

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 1999 | ($94,188,983.00) | $0.00 | $94,188,983.00 |

Because of adjustments in a previous year your Schedule D Carryover to this year has been adjusted.

### Itemized Deductions

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 1999 | $22,986,782.00 | $22,329,707.00 | $657,075.00 |

Certain expenses deducted as miscellaneous itemized deductions are only deductible to the extent that they exceed a percentage of your adjusted gross income. Since we have made other changes in this report which affect your adjusted gross income, we have also adjusted these expenses.

The amount of Schedule A deduction is limited if your income is more that the dollar limit for your filing status. Your income is more than that limit, so we reduced the amount you can claim. We have attached a Schedule A showing how we figured your new amounts.

### Statutory-Alt Min Tax

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 1999 | $1,912,467.00 | $1,651,917.00 | ($260,550.00) |

You have an alternative minimum tax liability only if your tentative minimum tax exceeds your regular tax liability. Tentative minimum tax is computed by first calculating your alternative minimum taxable income, which equals your regular taxable income increased by any tax preference items for the taxable year, and increased or decreased by adjustment items for the taxable year. Alternative minimum taxable income is then reduced by an exemption amount ($33,750 for Single/Head of Household; $45,000 for Married Filing Joint/Surviving Spouse; and $22,500 for Married Filing Separately), which is subject to phase-out depending on the amount of your alternative minimum taxable income. For taxable years after 1992, the remaining amount is subject to a 26 percent tax rate on the first $175,000 and 28 percent tax rate on any amount in excess of $175,000. A tentative minimum tax is then computed by reducing the amount determined in the preceding sentence by any allowable foreign tax credit. The alternative minimum tax liability is the amount by which tentative minimum tax exceeds regular tax liability.

Name Of Taxpayer:    P ACKERMAN & J LEEDOM-ACKERMAN                    01/18/2006
Identification Number: ███████-1402                    Total                    6.30.00

1999    -  **SCHEDULE A - ITEMIZED DEDUCTIONS**

|  | PER RETURN | PER EXAM | ADJUSTMENT |
|---|---|---|---|
| 1. Medical, dental and insurance premiums | 0.00 | 0.00 | 0.00 |
| 2.    7.50% of Adjusted Gross Income | 2,188,305.00 | 3,173,918.00 | |
| 3. Net Medical and Dental Expense | 0.00 | 0.00 | 0.00 |
| 4. Taxes | 636,540.00 | 636,540.00 | 0.00 |
| 5. Home Interest Expense | 0.00 | 0.00 | 0.00 |
| 6. Investment Interest | 4,932,346.00 | 4,932,346.00 | 0.00 |
| 7. Other Interest Expense | 0.00 | 0.00 | 0.00 |
| 8. Total Interest Expense | 4,932,346.00 | 4,932,346.00 | 0.00 |
| 9. Contributions | 8,333,934.00 | 8,333,934.00 | 0.00 |
| 10. Casualty and theft Losses | 0.00 | 0.00 | 0.00 |
| 11. Miscellaneous deductions subject to AGI limit | 10,539,034.00 | 10,539,034.00 | 0.00 |
| 12.    2.00% of Adjusted Gross Income | 583,548.00 | 846,378.00 | |
| 13. Excess Miscellaneous deductions | 9,955,486.00 | 9,692,656.00 | 262,830.00 |
| 14. Other Miscellaneous deductions | 0.00 | 0.00 | 0.00 |
| 15. Total itemized deductions (Sum of Lines 3, 4, 8, 9,10,13, and 14 less any applicable limitation) | 22,986,782.00 | 22,329,707.00 | 657,075.00 |

**ITEMIZED DEDUCTIONS WORKSHEET - PER EXAM**

| | |
|---|---|
| A. Total of lines 3, 4, 8, 9, 10, 13, and 14 | 23,595,476.00 |
| B. Total of lines 3, 6, 10, (plus any gambling losses included on line 14) | 4,932,346.00 |
| C. Line A less Line B | 18,663,130.00 |
| D. Multiply the amount on line C by 80% | 14,930,504.00 |
| E. Adjusted Gross Income from Form 1040 | 42,318,901.00 |
| F. Itemized Deduction Limitation | 126,600.00 |
| G. Line E less Line F | 42,192,301.00 |
| H. Multiply the amount on Line G by 3% | 1,265,769.00 |
| I.  Enter the smaller of Line D or Line H | 1,265,769.00 |
| J. Total Itemized Deductions (entered on line 15 above) | 22,329,707.00 |

| Name of Taxpayer: P ACKERMAN & J LEEDOM-ACKERMAN | 01/18/2006 |
|---|---|
| Identification Number: ████-1402    Total | 6.30.00 |

### 1999 - SCHEDULE D - CAPITAL GAINS AND LOSSES

| | |
|---|---|
| 1. Short-term capital gain or loss | (10,833,264.00) |
| 2. Short-term capital loss carryover | 0.00 |
| 3. Net Short-term Gain or Loss (Add line 1 and 2) | (10,833,264.00) |
| 4. Long-term capital gain or loss | 23,971,759.00 |
| 5. Long-term capital gain or loss carryover | 0.00 |
| 6. Net long-term Gain or Loss (Add line 4 and 5) | 23,971,759.00 |
| 7. Sum of lines 3 and 6 - Net Capital Gain or Loss | 13,138,495.00 |
| 8. Capital loss limitation | 0.00 |
| 9. Capital Gain or Loss - As Corrected | 13,138,495.00 |
| 10. Capital Gain or Loss - Per Return | (3,000.00) |
| 11. Line 9 less line 10 - Adjustment to Income | 13,141,495.00 |

**CORRECTED CARRYOVER**

| | |
|---|---|
| 12. Short-term Carryover to Subsequent Year | 0.00 |
| 13. Long-term Carryover to Subsequent Year | 0.00 |

**COMPUTATION OF ALTERNATE TAX**

| | |
|---|---|
| 14. Taxable Income | 19,989,194.00 |
| 15. Smaller of line 6 or line 7 | 13,138,495.00 |
| 16. Form 4952, line 4e | 0.00 |
| 17. Subtract line 16 from line 15 | 13,138,495.00 |
| 18. Combine line 3 and Total 28% Rate Gain (not less than 0) | 0.00 |
| 19. Smaller of line 18 and Total 28% Rate Gain | 0.00 |
| 20. Unrecaptured Section 1250 Gain | 0.00 |
| 21. Add line 19 and 20 | 0.00 |
| 22. Subtract line 21 from line 17 (not less than 0) | 13,138,495.00 |
| 23. Subtract line 22 from line 14 (not less than 0) | 6,850,699.00 |
| 24. Smaller of line 14 or 43,050.00 | 43,050.00 |
| 25. Smaller of line 23 or line 24 | 43,050.00 |
| 26. Subtract line 17 from line 14 (not less than 0) | 6,850,699.00 |
| 27. Larger of line 25 or line 26 | 6,850,699.00 |
| 28. Tax on amount on line 27 | 2,686,038.00 |
| 29. Amount from line 24 | 43,050.00 |
| 30. Amount from line 23 | 6,850,699.00 |
| 31. Subtract line 30 from line 29 (not less than 0) | 0.00 |
| 32. Multiply line 31 by 10% | 0.00 |
| 33. Smaller of line 14 or line 22 | 13,138,495.00 |
| 34. Amount from line 31 | 0.00 |
| 35. Subtract line 34 from line 33 (not less than 0) | 13,138,495.00 |
| 36. Multiply line 35 by 20% | 2,627,699.00 |
| 37. Smaller of line 17 or line 20 | 0.00 |
| 38. Add lines 17 and 27 | 19,989,194.00 |
| 39. Amount from line 14 | 19,989,194.00 |
| 40. Subtract line 39 from line 38 | 0.00 |
| 41. Subtract line 40 from line 37 | 0.00 |
| 42. Multiply line 41 by 25% | 0.00 |
| 43. Amount from line 14 | 19,989,194.00 |
| 44. Add lines 27, 31, 35, and 41 | 19,989,194.00 |
| 45. Subtract line 44 from line 43 | 0.00 |
| 46. Multiply line 45 by 28% | 0.00 |
| 47. Add lines 28, 32, 36, 42, and 46 - Alternative Tax | 5,313,737.00 |

| Name of Taxpayer: | P ACKERMAN & J LEEDOM-ACKERMAN | 01/18/2006 |
|---|---|---|
| Identification Number: | ████-1402    Total | 6.30.00 |

## 1999    - FORM 6251 - ALTERNATIVE MINIMUM TAX COMPUTATION

| | |
|---|---|
| 1. Total Adjustments and Preferences | 9,920,266.00 |
| 2. Tax Table Income (from Form 1040, line 37) | 19,989,194.00 |
| 3. Net Operating Loss Deduction | 0.00 |
| 4. Itemized Deduction Limitation (from Schedule A Worksheet) | ($1,265,769.00) |
| 5. Combine lines 1 through 4 | 28,643,691.00 |
| 6. Alternative Tax Net Operating Loss Deduction | 0.00 |
| 7. Alternative Minimum Taxable Income | 28,643,691.00 |
| 8. Exemption Amount | 0.00 |
| 9. Subtract line 8 from line 7 (if 0 or less, enter 0) | 28,643,691.00 |
| 10. If line 9 is $175,000 or less ($87,500 or less if married filing separate) multiply line 9 by 26% | 6,965,654.00 |
| 11. Alternative Minimum Tax Foreign Tax Credit | 22,986.00 |
| 12. Tentative Minimum Tax (Subtract 11 form 10) | 6,942,668.00 |
| 13. Regular Tax Before Credits (less Foreign Tax Credit) | 5,290,751.00 |
| 14. Alternative Minimum Tax (before credit) | 1,651,917.00 |
| 15. Empowerment Zone Employment Credit | 0.00 |
| 16. Net Alternative Minimum Tax (line 14 less line 15) | 1,651,917.00 |

## EXEMPTION WORKSHEET (Line 8)

| | |
|---|---|
| A.  Exemption amount based on filing status | 45,000.00 |
| B.  Alternative Minimum Taxable Income (line 7) | 28,643,691.00 |
| C.  Enter $112,500 ($150,000 if married filing jointly or qualifying widow(er), $75,000 if married filing separate) | 150,000.00 |
| D.  Subtract line C from line B | 28,493,691.00 |
| E.  Multiply line D by 25% | 7,123,423.00 |
| F.  Subtract line E from line A (if zero or less, enter 0) | 0.00 |

| Name of Taxpayer: | P ACKERMAN & J LEEDOM-ACKERMAN | 01/18/2006 |
|---|---|---|
| Identification Number: | ████-1402      Total | 6.30.00 |

### 1999    - FORM 6251 - CONTINUATION, USING MAXIMUM CAPITAL GAINS RATES COMPUTATION OF LINE 10 WHEN SCHEDULE D IS COMPLETED

| | |
|---|---|
| 1. Amount from Form 6251 Report, line 9 | 28,643,691.00 |
| 2. Amount from Schedule D Report, line 22 (refigured for AMT) | 13,138,495.00 |
| 3. Amount from Schedule D Report, line 20 (refigured for AMT) | 0.00 |
| 4. Add line 2 and 3 | 13,138,495.00 |
| 5. Amount from Schedule D Report, line 17 (refigured for AMT) | 13,138,495.00 |
| 6. Smaller of line 4 or line 5 | 13,138,495.00 |
| 7. Subtract line 6 from line 1 | 15,505,196.00 |
| 8. If line 7 is $175,000 or less ($87,500 if MFS) multiply line 7 by 26%. Otherwise, multiply line 7 by 28% and subtract $3,500 ($1,750 if MFS) from result | 4,337,955.00 |
| 9. Amount from Schedule D Report, line 31 | 0.00 |
| 10. Smallest of line 1, 2, or line 9 | 0.00 |
| 11. Multiply line 10 by 10% | 0.00 |
| 12. Smaller of line 1 or line 2 | 13,138,495.00 |
| 13. Amount from line 10 | 0.00 |
| 14. Subtract line 13 from line 12 (not less than 0) | 13,138,495.00 |
| 15. Multiply line 14 by 20% | 2,627,699.00 |
| 16. Amount from line 1 | 28,643,691.00 |
| 17. Add lines 7, 10, and 14 | 28,643,691.00 |
| 18. Subtract line 17 from line 16 | 0.00 |
| 19. Multiply line 18 by 25% | 0.00 |
| 20. Add lines 8, 11, 15, and 19 | 6,965,654.00 |
| 21. If line 1 is $175,000 or less ($87,500 if MFS) multiply line 1 by 26%. Otherwise, multiply line 1 by 28% and subtract $3,500 ($1,750 if MFS) from result | 8,016,733.00 |
| 22. Smaller of line 20 or 21, enter here and on line 10 of Form 6251 Report | 6,965,654.00 |

Name of Taxpayer:   P ACKERMAN & J LEEDOM-ACKERMAN                01/18/2006
Identification Number:   ⬛⬛⬛1402                    Total              6.30.00

## SUMMARY OF THE ACCURACY-RELATED PENALTY - IRC 6662

### 1999 - 20% PENALTY ISSUES - Section 6662(a) and 6662(b)

It has been determined that the underpayment of tax shown on line 5 below is attributable
to one or more of the following elements of the accuracy-related penalty:  (1) negligence
or disregard of rules or regulations, (2) substantial understatement of income tax, or
(3) substantial valuation overstatement, therefore, an addition to tax is imposed as
provided by Section 6662(a) of the Internal Revenue Code.

| | |
|---|---:|
| 1. Total tax computed with non-penalty adjustments and adjustments subject to penalty under Section 6662(b) | 4,339,967.00 |
| 2. Total tax computed with non-penalty adjustments only | 4,339,967.00 |
| 3. Line 1 less line 2 - Underpayment to which Section 6662(a) applies | 0.00 |
| 4. Allocable Prepayment Credits (other than EIC and Special Fuels Credits included in lines 1 & 2) | 0.00 |
| 5. Line 3 less line 4 - Underpayment subject to penalty | 0.00 |
| 6. Applicable penalty rate | 20.00% |
| 7. Line 5 multiplied by line 6 | 0.00 |
| 8. Previously assessed 20% Accuracy Penalty | 0.00 |
| 9. Line 7 less line 8 - 20% Accuracy-related penalty | 0.00 |

### 1999 - 40% PENALTY ISSUES - Section 6662(h)

It has been determined that the underpayment of tax shown on line 14 below is attributable
to a gross valuation misstatement, therefore, an addition to tax is imposed as provided
by Section 6662(h) of the Internal Revenue Code.

| | |
|---|---:|
| 10. Total tax computed with non-penalty adjustments, adjustments subject to penalty under IRC 6662(a) and adjustments subject to penalty under IRC 6662(h) | 6,968,506.00 |
| 11. Total tax from line 1 above | 4,339,967.00 |
| 12. Line 10 less line 11 - Underpayment to which Section 6662(h) applies | 2,628,539.00 |
| 13. Allocable Prepayment Credits (other than EIC and Special Fuels Credits included in lines 10 & 11) | 0.00 |
| 14. Line 10 less line 11 - Underpayment subject to penalty | 2,628,539.00 |
| 15. Applicable penalty rate | 40.00% |
| 16. Line 14 multiplied by line 15 | 1,051,415.60 |
| 17. Previously assessed 40% Accuracy Penalty | 0.00 |
| 18. Line 16 less line 17 - 40% Accuracy-related penalty | 1,051,415.60 |
| 19. Line 9 plus line 18 - Total ACCURACY-RELATED PENALTY | 1,051,415.60 |

| Name Of Taxpayer: | P ACKERMAN & J LEEDOM-ACKERMAN | | 01/18/2006 |
| Identification Number: | ⬛-1402 | Total | 6.30.00 |

## 1999  -  Adjustments Subject to Accuracy-Related Penalty - IRC 6662

ADJUSTMENTS TO WHICH THE ACCURACY RELATED PENALTY APPLIES:

PENALTY RATES

20%  40%

SCH D CARRYOVER FROM 1998                                    X        94,188,983.00   IRC 6662(g)

| Name Of Taxpayer: | P ACKERMAN & J LEEDOM-ACKERMAN | | 01/18/2006 |
|---|---|---|---|
| Identification Number: | ████-1402 | Total | 6.30.00 |

## 1999  TAX YEAR INTEREST COMPUTATION

Interest computed to                                                02/17/2006

Total Tax Deficiency                                        $2,628,539.00

Plus Penalties*
- Overvaluation                                    $.00
- Substantial Understatement                       $.00
- Failure to File                                  $.00
- Negligence                                       $.00
- Civil Fraud                                      $.00
- Accuracy Penalties                         $1,051,415.60

Total Penalties                                            $1,051,415.60
Tax Deficiency and Penalties Subject to Interest           $3,679,954.60

| Type | Effective Dates | Days | Rate | Interest |
|---|---|---|---|---|
| Compound | 04/15/2000--12/31/2000 | 260 | 9% | $242,928.95 |
| Compound | 01/01/2001--03/31/2001 | 90 | 9% | $88,017.95 |
| Compound | 04/01/2001--06/30/2001 | 91 | 8% | $80,792.43 |
| Compound | 07/01/2001--12/31/2001 | 184 | 7% | $146,949.77 |
| Compound | 01/01/2002--12/31/2002 | 365 | 6% | $262,080.90 |
| Compound | 01/01/2003--09/30/2003 | 273 | 5% | $171,489.66 |
| Compound | 10/01/2003--12/31/2003 | 92 | 4% | $47,341.82 |
| Compound | 01/01/2004--03/31/2004 | 91 | 4% | $47,169.25 |
| Compound | 04/01/2004--06/30/2004 | 91 | 5% | $59,624.25 |
| Compound | 07/01/2004--09/30/2004 | 92 | 4% | $48,769.33 |
| Compound | 10/01/2004--12/31/2004 | 92 | 5% | $61,654.41 |
| Compound | 01/01/2005--03/31/2005 | 90 | 5% | $61,236.85 |
| Compound | 04/01/2005--09/30/2005 | 183 | 6% | $152,622.66 |
| Compound | 10/01/2005--12/31/2005 | 92 | 7% | $91,674.50 |
| Compound | 01/01/2006--02/17/2006 | 48 | 7% | $48,476.08 |

| | |
|---|---|
| Total Interest | $1,610,828.81 |
| Total Underpayment | $2,628,539.00 |
| Total Penalties | $1,051,415.60 |
| Total Amount Due | $5,290,783.41 |

    Additional interest will be charged at the current rate compounded daily.  Interest is charged from the original due date of the return to a date 30 days after an agreement to the additional tax is signed, or to the date of payment, if earlier.  Negligence and fraud penalties, if applicable, will also continue to be charged.  Generally, if notice and demand is made for payment of any amount, and that amount is paid within 21 days after the date of the notice and demand, interest on the amount paid will not be charged after the date of the notice and demand. Since additional tax is due, you may want to pay it now and limit the interest and penalty charges.

* Interest on penalties became effective 7/19/1984 (1/1/1989 for negligence and fraud) and is computed from the due date of the return unless a valid extension was filed.

| Form **4549A** | Department of the Treasury - Internal Revenue Service **Income Tax Examination Changes** | | Page 1 of 2 |
|---|---|---|---|

| Name and Address of Taxpayer | SS or EI Number | Return Form No: |
|---|---|---|
| P ACKERMAN & J LEEDOM-ACKERMAN<br>3229 R ST NW<br>WASHINGTON  DC  20007-2941-294 | ⬛-1402 | 1040 |
| | Person with whom examination changes were discussed. | Name and Title: |

| 1   Adjustments to Income | Period End 12/31/1998 | Period End | Period End |
|---|---|---|---|
| a. Capital Gain or Loss | 57,787,557.00 | | |
| b. Itemized Deductions | 2,889,378.00 | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| o. | | | |
| p. | | | |
| 2.  **Total Adjustments** | 60,676,935.00 | | |
| 3.  Taxable Income Per Return or as Previously Adjusted | 11,371,568.00 | | |
| 4.  **Corrected Taxable Income** | 72,048,503.00 | | |
|       Tax Method | SCHEDULE D | | |
|       Filing Status | Joint | | |
| 5.  **Tax** | 18,691,188.00 | | |
| 6.  Additional Taxes / Alternative Minimum Tax | | | |
| 7.  Corrected Tax Liability | 18,691,188.00 | | |
| 8.  **Less**     a. Foreign Tax Credit | 63,794.00 | | |
|     **Credits**  b. | | | |
|                  c. | | | |
|                  d. | | | |
| 9.  **Balance** (Line 7 less total of lines 8a through 8d) | 18,627,394.00 | | |
| 10. Plus     a. | | | |
|     Other    b. | | | |
|     Taxes    c. | | | |
|              d. | | | |
| 11. **Total Corrected Tax Liability** (line 9 plus line 10a - 10d) | 18,627,394.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 4,412,951.00 | | |
| 13. Adjustments to: a. Special Fuels Credit | | | |
|                     b. | | | |
|                     c. | | | |
| 14. **Deficiency-Increase in Tax** or (Overassessment Decrease in Tax) (Line 11 less 12 adjusted by 13) | 14,214,443.00 | | |
| 15. Adjustments to Prepayment Credits | | | |
| 16. **Balance Due or (Overpayment)** (Line 14 adjusted by Line 15) ( Excluding interest and penalties) | 14,214,443.00 | | |

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States.  If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax.  The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.

RGS Version  6.30.00                                                                                           Form CG-4549A

| Form **4549A** | Department of the Treasury - Internal Revenue Service **Income Tax Examination Changes** | | Page 2 of 2 |
|---|---|---|---|

| Name and Address of Taxpayer | SS or EI Number | Return Form No: |
|---|---|---|
| P ACKERMAN & J LEEDOM-ACKERMAN | ▅▅▅-1402 | 1040 |

| 17. **Penalties** | **Period End** 12/31/1998 | **Period End** | **Period End** |
|---|---|---|---|
| a. Accuracy-IRC 6662 | 5,685,777.20 | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| 18. **Total Penalties** | 5,685,777.20 | | |
| Underpayment attributable to negligence: (1981-1987) A tax addition of 50 percent of the interest due on underpayment will accrue until paid or assessed | | | |
| Underpayment attributable to fraud: (1981-1987) A tax addition of 50 percent of the interest due on underpayment will accrue until paid or assessed | | | |
| Underpayment attributable Tax Motivated Transactions TMT interest will accrue and be assessed at 120% of underpayment rate in accordance with IRC 6621(c) | 0.00 | | |
| 19. **Summary of Taxes, Penalties and Interest:** | | | |
| a. Balance due or Overpayment Taxes – Line 16, Page 1 | 14,214,443.00 | | |
| b. Penalties (Line 18, Page2)-computed to 01/18/2006 | 5,685,777.20 | | |
| c. Interest (IRC§ 6601)-computed to 02/17/2006 | 11,111,133.05 | | |
| d. TMT Interest – computed 02/17/2006 on TMT underpayment | 0.00 | | |
| e. Amount due or refund (sum of lines a, b, c and d) | 31,011,353.25 | | |

Other Information:

For tax period(s) 199812, the tax liability shown in this report may be subject to IRC section 6404(g). Interest on the amount due will not be charged during the suspension period applicable to your tax liability. When your tax bill is issued, it will reflect the reduced amount of interest based on IRC section 6404(g), if such suspension period has resulted.

| Examiner's Signature: Ms. Carver | Employee ID: ▅▅▅6984 | Office: OSC 1-866-899-9083 EXT 8616 | Date: 01/18/2006 |
|---|---|---|---|

RGS Version 6.30.00

Form **CG-4549A**

| Form **886-A** (Rev. January 1994)886-A | **EXPLANATION OF ITEMS** | Schedule number or exhibit |
|---|---|---|
| Name of Taxpayer<br>P ACKERMAN & J LEEDOM-ACKERMAN | Taxpayer Identification Number<br>███-1402 | Year/Period Ended<br>1998 |

## LONG TERM CAPITAL GAIN SANTA MONICA

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 1998 | $0.00 | $211,283.00 | $211,283.00 |

This adjustment is being made pursuant to the petition filed in Circuit Court. In order for the petition to be accepted by the Circuit Court, the filing partner/shareholder must deposit with the Internal Revenue Service the amount by which his/her individual income tax liability would increase if the partnership/S corporation items on his/her return were adjusted based on the Final Partnership/S Corporation Administrative Action (FPAA/FSAA) notice. The Internal Revenue Service must also assess and collect the tax created by this action.

## LONG TERM CAPITAL GAIN - ROCKPORT

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 1998 | $0.00 | $62.00 | $62.00 |

This adjustment is being made pursuant to the petition filed in Circuit Court. In order for the petition to be accepted by the Circuit Court, the filing partner/shareholder must deposit with the Internal Revenue Service the amount by which his/her individual income tax liability would increase if the partnership/S corporation items on his/her return were adjusted based on the Final Partnership/S Corporation Administrative Action (FPAA/FSAA) notice. The Internal Revenue Service must also assess and collect the tax created by this action.

## LONG TERM CAPITAL GAIN ROCKPORT

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 1998 | $61.00 | $887.00 | $826.00 |

This adjustment is being made pursuant to the petition filed in Circuit Court. In order for the petition to be accepted by the Circuit Court, the filing partner/shareholder must deposit with the Internal Revenue Service the amount by which his/her individual income tax liability would increase if the partnership/S corporation items on his/her return were adjusted based on the Final Partnership/S Corporation Administrative Action (FPAA/FSAA) notice. The Internal Revenue Service must also assess and collect the tax created by this action.

## SCH D CARRYOVER FROM 1997

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 1998 | ($70,175,603.00) | $0.00 | $70,175,603.00 |

This adjustment is being made pursuant to the petition filed in Circuit Court. In order for the petition to be accepted by the Circuit Court, the filing partner/shareholder must deposit with the Internal Revenue Service the amount by which his/her individual income tax liability would increase if the partnership/S corporation items on his/her return were adjusted based on the Final Partnership/S Corporation Administrative Action (FPAA/FSAA) notice. The Internal Revenue Service must also assess and collect the tax created by this action.

| Form **886-A** (Rev. January 1994)886-A | **EXPLANATION OF ITEMS** | Schedule number or exhibit |
|---|---|---|
| Name of Taxpayer<br>P ACKERMAN & J LEEDOM-ACKERMAN | Taxpayer Identification Number<br>███-1402 | Year/Period Ended<br>1998 |

**LONG TERM CAPITAL GAIN - SANTA MONICA**

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 1998 | ($80,190,418.00) | $1,398,348.00 | $81,588,766.00 |

This adjustment is being made pursuant to the petition filed in Circuit Court. In order for the petition to be accepted by the Circuit Court, the filing partner/shareholder must deposit with the Internal Revenue Service the amount by which his/her individual income tax liability would increase if the partnership/S corporation items on his/her return were adjusted based on the Final Partnership/S Corporation Administrative Action (FPAA/FSAA) notice. The Internal Revenue Service must also assess and collect the tax created by this action.

**Itemized Deductions**

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 1998 | $8,401,095.00 | $5,511,717.00 | $2,889,378.00 |

Certain expenses deducted as miscellaneous itemized deductions are only deductible to the extent that they exceed a percentage of your adjusted gross income. Since we have made other changes in this report which affect your adjusted gross income, we have also adjusted these expenses.

The amount of Schedule A deduction is limited if your income is more that the dollar limit for your filing status. Your income is more than that limit, so we reduced the amount you can claim. We have attached a Schedule A showing how we figured your new amounts.

Name Of Taxpayer:  P.ACKERMAN & J LEEDOM-ACKERMAN                    01/18/2006
Identification Number:  ▉▉▉-1402                    Total                    6.30.00

1998    - SCHEDULE A - ITEMIZED DEDUCTIONS

|  | PER RETURN | PER EXAM | ADJUSTMENT |
|---|---|---|---|
| 1. Medical, dental and insurance premiums | 0.00 | 0.00 | 0.00 |
| 2.    7.50% of Adjusted Gross Income | 1,482,950.00 | 5,817,017.00 | |
| 3. Net Medical and Dental Expense | 0.00 | 0.00 | 0.00 |
| 4. Taxes | 460,805.00 | 460,805.00 | 0.00 |
| 5. Home Interest Expense | 0.00 | 0.00 | 0.00 |
| 6. Investment Interest | 1,527,638.00 | 1,527,638.00 | 0.00 |
| 7. Other Interest Expense | 0.00 | 0.00 | 0.00 |
| 8. Total Interest Expense | 1,527,638.00 | 1,527,638.00 | 0.00 |
| 9. Contributions | 3,387,227.00 | 3,387,227.00 | 0.00 |
| 10. Casualty and theft Losses | 0.00 | 0.00 | 0.00 |
| 11. Miscellaneous deductions subject to AGI limit | 4,010,323.00 | 4,010,323.00 | 0.00 |
| 12.    2.00% of Adjusted Gross Income | 395,453.00 | 1,551,204.00 | |
| 13. Excess Miscellaneous deductions | 3,614,870.00 | 2,459,119.00 | 1,155,751.00 |
| 14. Other Miscellaneous deductions | 0.00 | 0.00 | 0.00 |
| 15. Total itemized deductions (Sum of Lines 3, 4, 8, 9,10,13, and 14 less any applicable limitation) | 8,401,095.00 | 5,511,717.00 | 2,889,378.00 |

## ITEMIZED DEDUCTIONS WORKSHEET - PER EXAM

| | |
|---|---|
| A. Total of lines 3, 4, 8, 9, 10, 13, and 14 | 7,834,789.00 |
| B. Total of lines 3, 6, 10, (plus any gambling losses included on line 14) | 1,527,638.00 |
| C. Line A less Line B | 6,307,151.00 |
| D. Multiply the amount on line C by 80% | 5,045,721.00 |
| E. Adjusted Gross Income from Form 1040 | 77,560,220.00 |
| F. Itemized Deduction Limitation | 124,500.00 |
| G. Line E less Line F | 77,435,720.00 |
| H. Multiply the amount on Line G by 3% | 2,323,072.00 |
| I.    Enter the smaller of Line D or Line H | 2,323,072.00 |
| J. Total Itemized Deductions (entered on line 15 above) | 5,511,717.00 |

Name of Taxpayer:    P ACKERMAN & J LEEDOM-ACKERMAN                    01/18/2006
Identification Number: ████-1402                          Total            6.30.00

### 1998 - SCHEDULE D - CAPITAL GAINS AND LOSSES

| | |
|---|---:|
| 1. Short-term capital gain or loss | 7,715,052.00 |
| 2. Short-term capital loss carryover | 0.00 |
| 3. Net Short-term Gain or Loss (Add line 1 and 2) | 7,715,052.00 |
| 4. Long-term capital gain or loss | 50,069,505.00 |
| 5. Long-term capital gain or loss carryover | 0.00 |
| 6. Net long-term Gain or Loss (Add line 4 and 5) | 50,069,505.00 |
| 7. Sum of lines 3 and 6 - Net Capital Gain or Loss | 57,784,557.00 |
| 8. Capital loss limitation | 0.00 |
| 9. Capital Gain or Loss - As Corrected | 57,784,557.00 |
| 10. Capital Gain or Loss - Per Return | (3,000.00) |
| 11. Line 9 less line 10 - Adjustment to Income | 57,787,557.00 |

**CORRECTED CARRYOVER**

| | |
|---|---:|
| 12. Short-term Carryover to Subsequent Year | 0.00 |
| 13. Long-term Carryover to Subsequent Year | 0.00 |

**COMPUTATION OF ALTERNATE TAX**

| | |
|---|---:|
| 14. Taxable Income | 72,048,503.00 |
| 15. Smaller of line 6 or line 7 | 50,069,505.00 |
| 16. Form 4952, line 4e | 0.00 |
| 17. Subtract line 16 from line 15 | 50,069,505.00 |
| 18. Combine line 3 and Total 28% Rate Gain (not less than 0) | 0.00 |
| 19. Smaller of line 18 and Total 28% Rate Gain | 0.00 |
| 20. Unrecaptured Section 1250 Gain | 0.00 |
| 21. Add line 19 and 20 | 0.00 |
| 22. Subtract line 21 from line 17 (not less than 0) | 50,069,505.00 |
| 23. Subtract line 22 from line 14 (not less than 0) | 21,978,998.00 |
| 24. Smaller of line 14 or 42,350.00 | 42,350.00 |
| 25. Smaller of line 23 or line 24 | 42,350.00 |
| 26. Subtract line 17 from line 14 (not less than 0) | 21,978,998.00 |
| 27. Larger of line 25 or line 26 | 21,978,998.00 |
| 28. Tax on amount on line 27 | 8,677,287.00 |
| 29. Amount from line 24 | 42,350.00 |
| 30. Amount from line 23 | 21,978,998.00 |
| 31. Subtract line 30 from line 29 (not less than 0) | 0.00 |
| 32. Multiply line 31 by 10% | 0.00 |
| 33. Smaller of line 14 or line 22 | 50,069,505.00 |
| 34. Amount from line 31 | 0.00 |
| 35. Subtract line 34 from line 33 (not less than 0) | 50,069,505.00 |
| 36. Multiply line 35 by 20% | 10,013,901.00 |
| 37. Smaller of line 17 or line 20 | 0.00 |
| 38. Add lines 17 and 27 | 72,048,503.00 |
| 39. Amount from line 14 | 72,048,503.00 |
| 40. Subtract line 39 from line 38 | 0.00 |
| 41. Subtract line 40 from line 37 | 0.00 |
| 42. Multiply line 41 by 25% | 0.00 |
| 43. Amount from line 14 | 72,048,503.00 |
| 44. Add lines 27, 31, 35, and 41 | 72,048,503.00 |
| 45. Subtract line 44 from line 43 | 0.00 |
| 46. Multiply line 45 by 28% | 0.00 |
| 47. Add lines 28, 32, 36, 42, and 46 - Alternative Tax | 18,691,188.00 |

| Name of Taxpayer: | P ACKERMAN & J LEEDOM-ACKERMAN | | 01/18/2006 |
|---|---|---|---|
| Identification Number: | ████-1402 | Total | 6.30.00 |

### 1998 - FORM 6251 - ALTERNATIVE MINIMUM TAX COMPUTATION

| | |
|---|---|
| 1. Total Adjustments and Preferences | 2,819,924.00 |
| 2. Tax Table Income (from Form 1040, line 37) | 72,048,503.00 |
| 3. Net Operating Loss Deduction | 0.00 |
| 4. Itemized Deduction Limitation (from Schedule A Worksheet) | ($2,323,072.00) |
| 5. Combine lines 1 through 4 | 72,545,355.00 |
| 6. Alternative Tax Net Operating Loss Deduction | 0.00 |
| 7. Alternative Minimum Taxable Income | 72,545,355.00 |
| 8. Exemption Amount | 0.00 |
| 9. Subtract line 8 from line 7 (if 0 or less, enter 0) | 72,545,355.00 |
| 10. If line 9 is $175,000 or less ($87,500 or less if married filing separate) multiply line 9 by 26% | 16,303,639.00 |
| 11. Alternative Minimum Tax Foreign Tax Credit | 0.00 |
| 12. Tentative Minimum Tax (Subtract 11 form 10) | 16,303,639.00 |
| 13. Regular Tax Before Credits (less Foreign Tax Credit) | 18,627,394.00 |
| 14. Alternative Minimum Tax (before credit) | 0.00 |
| 15. Empowerment Zone Employment Credit | 0.00 |
| 16. Net Alternative Minimum Tax (line 14 less line 15) | 0.00 |

### EXEMPTION WORKSHEET (Line 8)

| | |
|---|---|
| A. Exemption amount based on filing status | 45,000.00 |
| B. Alternative Minimum Taxable Income (line 7) | 72,545,355.00 |
| C. Enter $112,500 ($150,000 if married filing jointly or qualifying widow(er), $75,000 if married filing separate) | 150,000.00 |
| D. Subtract line C from line B | 72,395,355.00 |
| E. Multiply line D by 25% | 18,098,839.00 |
| F. Subtract line E from line A (if zero or less, enter 0) | 0.00 |

| Name of Taxpayer: | P ACKERMAN & J LEEDOM-ACKERMAN | 01/18/2006 |
|---|---|---|
| Identification Number: | ●●●●1402    Total | 6.30.00 |

1998    - FORM 6251 - CONTINUATION, USING MAXIMUM CAPITAL GAINS RATES
COMPUTATION OF LINE 10 WHEN SCHEDULE D IS COMPLETED

| | |
|---|---|
| 1. Amount from Form 6251 Report, line 9 | 72,545,355.00 |
| 2. Amount from Schedule D Report, line 22 (refigured for AMT) | 50,069,505.00 |
| 3. Amount from Schedule D Report, line 20 (refigured for AMT) | 0.00 |
| 4. Add line 2 and 3 | 50,069,505.00 |
| 5. Amount from Schedule D Report, line 17 (refigured for AMT) | 50,069,505.00 |
| 6. Smaller of line 4 or line 5 | 50,069,505.00 |
| 7. Subtract line 6 from line 1 | 22,475,850.00 |
| 8. If line 7 is $175,000 or less ($87,500 if MFS) multiply line 7 by 26%. Otherwise, multiply line 7 by 28% and subtract $3,500 ($1,750 if MFS) from result | 6,289,738.00 |
| 9. Amount from Schedule D Report, line 31 | 0.00 |
| 10. Smallest of line 1, 2, or line 9 | 0.00 |
| 11. Multiply line 10 by 10% | 0.00 |
| 12. Smaller of line 1 or line 2 | 50,069,505.00 |
| 13. Amount from line 10 | 0.00 |
| 14. Subtract line 13 from line 12 (not less than 0) | 50,069,505.00 |
| 15. Multiply line 14 by 20% | 10,013,901.00 |
| 16. Amount from line 1 | 72,545,355.00 |
| 17. Add lines 7, 10, and 14 | 72,545,355.00 |
| 18. Subtract line 17 from line 16 | 0.00 |
| 19. Multiply line 18 by 25% | 0.00 |
| 20. Add lines 8, 11, 15, and 19 | 16,303,639.00 |
| 21. If line 1 is $175,000 or less ($87,500 if MFS) multiply line 1 by 26%. Otherwise, multiply line 1 by 28% and subtract $3,500 ($1,750 if MFS) from result | 20,309,199.00 |
| 22. Smaller of line 20 or 21, enter here and on line 10 of Form 6251 Report | 16,303,639.00 |

# EXHIBIT A<sup>*</sup>

## 3 of 3

*Personal Information, such as Social Security Numbers, has been redacted.

| Name of Taxpayer: | P ACKERMAN & J LEEDOM-ACKERMAN | 01/18/2006 |
|---|---|---|
| Identification Number: | ⬛⬛⬛-1402 | Total | 6.30.00 |

## SUMMARY OF THE ACCURACY-RELATED PENALTY - IRC 6662

### 1998 - 20% PENALTY ISSUES - Section 6662(a) and 6662(b)

It has been determined that the underpayment of tax shown on line 5 below is attributable to one or more of the following elements of the accuracy-related penalty: (1) negligence or disregard of rules or regulations, (2) substantial understatement of income tax, or (3) substantial valuation overstatement, therefore, an addition to tax is imposed as provided by Section 6662(a) of the Internal Revenue Code.

| | |
|---|---|
| 1. Total tax computed with non-penalty adjustments and adjustments subject to penalty under Section 6662(b) | 4,412,951.00 |
| 2. Total tax computed with non-penalty adjustments only | 4,412,951.00 |
| 3. Line 1 less line 2 - Underpayment to which Section 6662(a) applies | 0.00 |
| 4. Allocable Prepayment Credits (other than EIC and Special Fuels Credits included in lines 1 & 2) | 0.00 |
| 5. Line 3 less line 4 - Underpayment subject to penalty | 0.00 |
| 6. Applicable penalty rate | 20.00% |
| 7. Line 5 multiplied by line 6 | 0.00 |
| 8. Previously assessed 20% Accuracy Penalty | 0.00 |
| 9. Line 7 less line 8 - 20% Accuracy-related penalty | 0.00 |

### 1998 - 40% PENALTY ISSUES - Section 6662(h)

It has been determined that the underpayment of tax shown on line 14 below is attributable to a gross valuation misstatement, therefore, an addition to tax is imposed as provided by Section 6662(h) of the Internal Revenue Code.

| | |
|---|---|
| 10. Total tax computed with non-penalty adjustments, adjustments subject to penalty under IRC 6662(a) and adjustments subject to penalty under IRC 6662(h) | 18,627,394.00 |
| 11. Total tax from line 1 above | 4,412,951.00 |
| 12. Line 10 less line 11 - Underpayment to which Section 6662(h) applies | 14,214,443.00 |
| 13. Allocable Prepayment Credits (other than EIC and Special Fuels Credits included in lines 10 & 11) | 0.00 |
| 14. Line 10 less line 11 - Underpayment subject to penalty | 14,214,443.00 |
| 15. Applicable penalty rate | 40.00% |
| 16. Line 14 multiplied by line 15 | 5,685,777.20 |
| 17. Previously assessed 40% Accuracy Penalty | 0.00 |
| 18. Line 16 less line 17 - 40% Accuracy-related penalty | 5,685,777.20 |
| 19. Line 9 plus line 18 - Total ACCURACY-RELATED PENALTY | 5,685,777.20 |

| Name Of Taxpayer: | P ACKERMAN & J LEEDOM-ACKERMAN | | 01/18/2006 |
|---|---|---|---|
| Identification Number: | ██████-1402 | Total | 6.30.00 |

### 1998  -  Adjustments Subject to Accuracy-Related Penalty - IRC 6662

ADJUSTMENTS TO WHICH THE ACCURACY RELATED PENALTY APPLIES:

PENALTY RATES
20%  40%

| | 20% | 40% | Amount | |
|---|---|---|---|---|
| LONG TERM CAPITAL GAIN ROCKPORT | X | | 826.00 | IRC 6662(g) |
| SCH D CARRYOVER FROM 1997 | X | | 70,175,603.00 | IRC 6662(g) |
| LONG TERM CAPITAL GAIN - SANTA MONICA | X | | 81,588,766.00 | IRC 6662(g) |

| Name Of Taxpayer:  P ACKERMAN & J LEEDOM-ACKERMAN | | 01/18/2006 |
| Identification Number ■■■■-1402 | Total | 6.30.00 |

## 1998  TAX YEAR INTEREST COMPUTATION

Interest computed to                                              02/17/2006

Total Tax Deficiency                                    $14.214.443.00

Plus Penalties*
- Overvaluation                                   $.00
- Substantial Understatement                      $.00
- Failure to File                                 $.00
- Negligence                                      $.00
- Civil Fraud                                     $.00
- Accuracy Penalties                     $5,685,777.20

Total Penalties                                   $5,685,777.20
Tax Deficiency and Penalties Subject to Interest  $19,900,220.20

| Type | Effective Dates | Days | Rate | Interest |
|------|-----------------|------|------|----------|
| Compound | 04/15/1999--12/31/1999 | 260 | 8% | $1,166,843.40 |
| Compound | 01/01/2000--03/31/2000 | 91 | 8% | $423,187.41 |
| Compound | 04/01/2000--12/31/2000 | 275 | 9% | $1,503,305.59 |
| Compound | 01/01/2001--03/31/2001 | 90 | 9% | $515,907.65 |
| Compound | 04/01/2001--06/30/2001 | 91 | 8% | $473,556.09 |
| Compound | 07/01/2001--12/31/2001 | 184 | 7% | $861,330.15 |
| Compound | 01/01/2002--12/31/2002 | 365 | 6% | $1,536,158.75 |
| Compound | 01/01/2003--09/30/2003 | 273 | 5% | $1,005,168.05 |
| Compound | 10/01/2003--12/31/2003 | 92 | 4% | $277,488.94 |
| Compound | 01/01/2004--03/31/2004 | 91 | 4% | $276,477.46 |
| Compound | 04/01/2004--06/30/2004 | 91 | 5% | $349,481.05 |
| Compound | 07/01/2004--09/30/2004 | 92 | 4% | $285,856.16 |
| Compound | 10/01/2004--12/31/2004 | 92 | 5% | $361,380.63 |
| Compound | 01/01/2005--03/31/2005 | 90 | 5% | $358,933.13 |
| Compound | 04/01/2005--09/30/2005 | 183 | 6% | $894,581.17 |
| Compound | 10/01/2005--12/31/2005 | 92 | 7% | $537,340.11 |
| Compound | 01/01/2006--02/17/2006 | 48 | 7% | $284,137.31 |

|  |  |
|--|--|
| Total Interest | $11,111,133.05 |
| Total Underpayment | $14,214,443.00 |
| Total Penalties | $5,685,777.20 |
| Total Amount Due | $31,011,353.25 |

    Additional interest will be charged at the current rate compounded daily.  Interest is charged from the original
due date of the return to a date 30 days after an agreement to the additional tax is signed, or to the date of
payment, if earlier.  Negligence and fraud penalties, if applicable, will also continue to be charged.  Generally, if
notice and demand is made for payment of any amount, and that amount is paid within 21 days after the date of
the notice and demand, interest on the amount paid will not be charged after the date of the notice and demand.
Since additional tax is due, you may want to pay it now and limit the interest and penalty charges.

* Interest on penalties became effective 7/19/1984 (1/1/1989 for negligence and fraud) and is computed from the
due date of the return unless a valid extension was filed.

| Name Of Taxpayer: | P ACKERMAN & J LEEDOM-ACKERMAN | | 01/18/2006 |
|---|---|---|---|
| Identification Number: | ●●●●-1402 | Total | 6.30.00 |

## 1998  TAX YEAR INTEREST COMPUTATION

| | |
|---|---|
| Interest computed to | 02/17/2006 |
| Total Tax Deficiency | $14,214,443.00 |

Plus Penalties*
| | |
|---|---|
| - Overvaluation | $.00 |
| - Substantial Understatement | $.00 |
| - Failure to File | $.00 |
| - Negligence | $.00 |
| - Civil Fraud | $.00 |
| - Accuracy Penalties | $5,685,777.20 |

| | | |
|---|---|---|
| Total Penalties | | $5,685,777.20 |
| Tax Deficiency and Penalties Subject to Interest | | $19,900,220.20 |

| Type | Effective Dates | Days | Rate | Interest |
|---|---|---|---|---|
| Compound | 04/15/1999--12/31/1999 | 260 | 8% | $1,166,843.40 |
| Compound | 01/01/2000--03/31/2000 | 91 | 8% | $423,187.41 |
| Compound | 04/01/2000--12/31/2000 | 275 | 9% | $1,503,305.59 |
| Compound | 01/01/2001--03/31/2001 | 90 | 9% | $515,907.65 |
| Compound | 04/01/2001--06/30/2001 | 91 | 8% | $473,556.09 |
| Compound | 07/01/2001--12/31/2001 | 184 | 7% | $861,330.15 |
| Compound | 01/01/2002--12/31/2002 | 365 | 6% | $1,536,158.75 |
| Compound | 01/01/2003--09/30/2003 | 273 | 5% | $1,005,168.05 |
| Compound | 10/01/2003--12/31/2003 | 92 | 4% | $277,488.94 |
| Compound | 01/01/2004--03/31/2004 | 91 | 4% | $276,477.46 |
| Compound | 04/01/2004--06/30/2004 | 91 | 5% | $349,481.05 |
| Compound | 07/01/2004--09/30/2004 | 92 | 4% | $285,856.16 |
| Compound | 10/01/2004--12/31/2004 | 92 | 5% | $361,380.63 |
| Compound | 01/01/2005--03/31/2005 | 90 | 5% | $358,933.13 |
| Compound | 04/01/2005--09/30/2005 | 183 | 6% | $894,581.17 |
| Compound | 10/01/2005--12/31/2005 | 92 | 7% | $537,340.11 |
| Compound | 01/01/2006--02/17/2006 | 48 | 7% | $284,137.31 |

| | |
|---|---|
| Total Interest | $11,111,133.05 |
| Total Underpayment | $14,214,443.00 |
| Total Penalties | $5,685,777.20 |
| Total Amount Due | $31,011,353.25 |

Additional interest will be charged at the current rate compounded daily.  Interest is charged from the original due date of the return to a date 30 days after an agreement to the additional tax is signed, or to the date of payment, if earlier.  Negligence and fraud penalties, if applicable, will also continue to be charged.  Generally, if notice and demand is made for payment of any amount, and that amount is paid within 21 days after the date of the notice and demand, interest on the amount paid will not be charged after the date of the notice and demand. Since additional tax is due, you may want to pay it now and limit the interest and penalty charges.

* Interest on penalties became effective 7/19/1984 (1/1/1989 for negligence and fraud) and is computed from the due date of the return unless a valid extension was filed.

| Name Of Taxpayer: | P ACKERMAN & J LEEDOM-ACKERMAN | | 01/18/2006 |
|---|---|---|---|
| Identification Number: | ████-1402 | Total | 6.30.00 |

## 1998   TAX YEAR INTEREST COMPUTATION

Interest computed to        02/17/2006

Total Tax Deficiency        $14,214,443.00

Plus Penalties*
| | | |
|---|---|---|
| - Overvaluation | $.00 | |
| - Substantial Understatement | $.00 | |
| - Failure to File | $.00 | |
| - Negligence | $.00 | |
| - Civil Fraud | $.00 | |
| - Accuracy Penalties | $5,685,777.20 | |
| Total Penalties | | $5,685,777.20 |
| Tax Deficiency and Penalties Subject to Interest | | $19,900,220.20 |

| Type | Effective Dates | Days | Rate | Interest |
|---|---|---|---|---|
| Compound | 04/15/1999--12/31/1999 | 260 | 8% | $1,166,843.40 |
| Compound | 01/01/2000--03/31/2000 | 91 | 8% | $423,187.41 |
| Compound | 04/01/2000--12/31/2000 | 275 | 9% | $1,503,305.59 |
| Compound | 01/01/2001--03/31/2001 | 90 | 9% | $515,907.65 |
| Compound | 04/01/2001--06/30/2001 | 91 | 8% | $473,556.09 |
| Compound | 07/01/2001--12/31/2001 | 184 | 7% | $861,330.15 |
| Compound | 01/01/2002--12/31/2002 | 365 | 6% | $1,536,158.75 |
| Compound | 01/01/2003--09/30/2003 | 273 | 5% | $1,005,168.05 |
| Compound | 10/01/2003--12/31/2003 | 92 | 4% | $277,488.94 |
| Compound | 01/01/2004--03/31/2004 | 91 | 4% | $276,477.46 |
| Compound | 04/01/2004--06/30/2004 | 91 | 5% | $349,481.05 |
| Compound | 07/01/2004--09/30/2004 | 92 | 4% | $285,856.16 |
| Compound | 10/01/2004--12/31/2004 | 92 | 5% | $361,380.63 |
| Compound | 01/01/2005--03/31/2005 | 90 | 5% | $358,933.13 |
| Compound | 04/01/2005--09/30/2005 | 183 | 6% | $894,581.17 |
| Compound | 10/01/2005--12/31/2005 | 92 | 7% | $537,340.11 |
| Compound | 01/01/2006--02/17/2006 | 48 | 7% | $284,137.31 |

| | |
|---|---|
| Total Interest | $11,111,133.05 |
| Total Underpayment | $14,214,443.00 |
| Total Penalties | $5,685,777.20 |
| Total Amount Due | $31,011,353.25 |

Additional interest will be charged at the current rate compounded daily. Interest is charged from the original due date of the return to a date 30 days after an agreement to the additional tax is signed, or to the date of payment, if earlier. Negligence and fraud penalties, if applicable, will also continue to be charged. Generally, if notice and demand is made for payment of any amount, and that amount is paid within 21 days after the date of the notice and demand, interest on the amount paid will not be charged after the date of the notice and demand. Since additional tax is due, you may want to pay it now and limit the interest and penalty charges.

* Interest on penalties became effective 7/19/1984 (1/1/1989 for negligence and fraud) and is computed from the due date of the return unless a valid extension was filed.

| Form **4549A** | Department of the Treasury - Internal Revenue Service **Income Tax Examination Changes** | | Page 1 of 2 |
|---|---|---|---|

| Name and Address of Taxpayer | SS or EI Number | | Return Form No: |
|---|---|---|---|
| P ACKERMAN & J LEEDOM-ACKERMAN<br>3229 R ST NW<br>WASHINGTON  DC  20007-2941-294 | ██████-1402 | | 1040 |
| | Person with whom examination changes were discussed. | Name and Title: | |

| 1. **Adjustments to Income** | Period End 12.31.1997 | Period End | Period End |
|---|---|---|---|
| a. Capital Gain or Loss | 159,096,857.00 | | |
| b. Itemized Deductions | 4,068,722.00 | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| o. | | | |
| p. | | | |
| 2. **Total Adjustments** | 163,165,579.00 | | |
| 3. Taxable Income Per Return or as Previously Adjusted | 15,211,518.00 | | |
| 4. **Corrected Taxable Income** | 178,377,097.00 | | |
|     Tax Method | SCHEDULE D | | |
|     Filing Status | Joint | | |
| 5. **Tax** | 43,039,796.00 | | |
| 6. Additional Taxes / Alternative Minimum Tax | | | |
| 7. Corrected Tax Liability | 43,039,796.00 | | |
| 8. **Less** a. Foreign Tax Credit | 68,118.00 | | |
|   **Credits** b. | | | |
|   c. | | | |
|   d. | | | |
| 9. **Balance** (Line 7 less total of lines 8a through 8d) | 42,971,678.00 | | |
| 10. Plus a. | | | |
|   Other b. | | | |
|   Taxes c. | | | |
|   d. | | | |
| 11. **Total Corrected Tax Liability** (line 9 plus line 10a - 10d) | 42,971,678.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 5,929,954.00 | | |
| 13. Adjustments to: a. Special Fuels Credit | | | |
|     b. | | | |
|     c. | | | |
| 14. **Deficiency-Increase in Tax** or (Overassessment Decrease in Tax) (Line 11 less 12 adjusted by 13) | 37,041,724.00 | | |
| 15. Adjustments to Prepayment Credits | | | |
| 16. **Balance Due or (Overpayment)** (Line 14 adjusted by Line 15) ( Excluding interest and penalties) | 37,041,724.00 | | |

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States.  If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax.  The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.

RGS Version  6.30.00                                                                                  Form **CG-4549A**

| Form **4549A** | Department of the Treasury - Internal Revenue Service<br>**Income Tax Examination Changes** | Page  2  of  2 |
|---|---|---|

| Name and Address of Taxpayer | SS or EI Number | Return Form No: |
|---|---|---|
| P ACKERMAN & J LEEDOM-ACKERMAN | ███████-1402 | 1040 |

| 17.  Penalties | Period End 12/31/1997 | Period End | Period End |
|---|---|---|---|
| a. Accuracy-IRC 6662 | 14,816,689.60 | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| 18.  **Total Penalties** | 14,816,689.60 | | |
| Underpayment attributable to negligence: (1981-1987) A tax addition of 50 percent of the interest due on underpayment will accrue until paid or assessed | | | |
| Underpayment attributable to fraud: (1981-1987) A tax addition of 50 percent of the interest due on underpayment will accrue until paid or assessed | | | |
| Underpayment attributable Tax Motivated Transactions TMT interest will accrue and be assessed at 120% of underpayment rate in accordance with IRC 6621(c) | 0.00 | | |

| 19.  **Summary of Taxes, Penalties and Interest:** | | | |
|---|---|---|---|
| a.  Balance due or Overpayment Taxes – Line 16, Page 1 | 37,041,724.00 | | |
| b.  Penalties (Line 18, Page2)-computed to 01/18/2006 | 14,816,689.60 | | |
| c.  Interest (IRC§ 6601)-computed to 02/17/2006 | 35,469,115.51 | | |
| d.  TMT Interest – computed 02/17/2006 on TMT underpayment | 0.00 | | |
| e.  Amount due or refund (sum of lines a, b, c and d) | 87,327,529.11 | | |

**Other Information:**

| Examiner's Signature: | Employee ID: | Office: | Date: |
|---|---|---|---|
| Ms. Carver | ██████6984 | OSC 1-866-899-9083 EXT 8616 | 01/18/2006 |

| Form **886-A** (Rev. January 1994)886-A | EXPLANATION OF ITEMS | Schedule number or exhibit |
|---|---|---|

| Name of Taxpayer | Taxpayer Identification Number | Year/Period Ended |
|---|---|---|
| P ACKERMAN & J LEEDOM-ACKERMAN | ██████-1402 | 1997 |

### LONG TERM CAPITAL GAIN ROCKPORT

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 1997 | $24.00 | $1,507.00 | $1,483.00 |

This adjustment is being made pursuant to the petition filed in Circuit Court.  In order for the petition to be accepted by the Circuit Court, the filing partner/shareholder must deposit with the Internal Revenue Service the amount by which his/her individual income tax liability would increase if the partnership/S corporation items on his/her return were adjusted based on the Final Partnership/S Corporation Administrative Action (FPAA/FSAA) notice.  The Internal Revenue Service must also assess and collect the tax created by this action.

### LONG TERM CAPITAL GAIN @28% ROCKPORT

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 1997 | $38.00 | $649.00 | $611.00 |

This adjustment is being made pursuant to the petition filed in Circuit Court.  In order for the petition to be accepted by the Circuit Court, the filing partner/shareholder must deposit with the Internal Revenue Service the amount by which his/her individual income tax liability would increase if the partnership/S corporation items on his/her return were adjusted based on the Final Partnership/S Corporation Administrative Action (FPAA/FSAA) notice.  The Internal Revenue Service must also assess and collect the tax created by this action.

### SHORT TERM CAPITAL GAIN ROCKPORT

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 1997 | $61.00 | $178.00 | $117.00 |

This adjustment is being made pursuant to the petition filed in Circuit Court.  In order for the petition to be accepted by the Circuit Court, the filing partner/shareholder must deposit with the Internal Revenue Service the amount by which his/her individual income tax liability would increase if the partnership/S corporation items on his/her return were adjusted based on the Final Partnership/S Corporation Administrative Action (FPAA/FSAA) notice.  The Internal Revenue Service must also assess and collect the tax created by this action.

### LONG TERM CAPITAL LOSS-SANTA MONICA

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 1997 | ($147,445,881.00) | $2,551,153.00 | $149,997,034.00 |

This adjustment is being made pursuant to the petition filed in Circuit Court.  In order for the petition to be accepted by the Circuit Court, the filing partner/shareholder must deposit with the Internal Revenue Service the amount by which his/her individual income tax liability would increase if the partnership/S corporation items on his/her return were adjusted based on the Final Partnership/S Corporation Administrative Action (FPAA/FSAA) notice.  The Internal Revenue Service must also assess and collect the tax created by this action.

| Form **886-A**<br>(Rev. January<br>1994)886-A | **EXPLANATION OF ITEMS** | Schedule number or exhibit |
|---|---|---|
| Name of Taxpayer<br>P ACKERMAN & J LEEDOM-ACKERMAN | Taxpayer Identification Number<br>███-1402 | Year/Period Ended<br>1997 |

### LONG TERM CAPITAL LOSS-28 %-SANTA MONICA

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 1997 | ($66,269,932.00) | $1,157,209.00 | $67,427,141.00 |

This adjustment is being made pursuant to the petition filed in Circuit Court.  In order for the petition to be accepted by the Circuit Court, the filing partner/shareholder must deposit with the Internal Revenue Service the amount by which his/her individual income tax liability would increase if the partnership/S corporation items on his/her return were adjusted based on the Final Partnership/S Corporation Administrative Action (FPAA/FSAA) notice.  The Internal Revenue Service must also assess and collect the tax created by this action.

### SHORT TERM CAPITAL GAIN SANTA MONICA

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 1997 | ($11,545,023.00) | $301,051.00 | $11,846,074.00 |

This adjustment is being made pursuant to the petition filed in Circuit Court.  In order for the petition to be accepted by the Circuit Court, the filing partner/shareholder must deposit with the Internal Revenue Service the amount by which his/her individual income tax liability would increase if the partnership/S corporation items on his/her return were adjusted based on the Final Partnership/S Corporation Administrative Action (FPAA/FSAA) notice.  The Internal Revenue Service must also assess and collect the tax created by this action.

### Itemized Deductions

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 1997 | $5,843,681.00 | $1,774,959.00 | $4,068,722.00 |

Certain expenses deducted as miscellaneous itemized deductions are only deductible to the extent that they exceed a percentage of your adjusted gross income.  Since we have made other changes in this report which affect your adjusted gross income, we have also adjusted these expenses.

The amount of Schedule A deduction is limited if your income is more that the dollar limit for your filing status.  Your income is more than that limit, so we reduced the amount you can claim.  We have attached a Schedule A showing how we figured your new amounts.

| Name Of Taxpayer: | P ACKERMAN & J LEEDOM-ACKERMAN | | 01/18/2006 |
|---|---|---|---|
| Identification Number: | ████-1402 | Total | 6.30.00 |

## 1997  - SCHEDULE A - ITEMIZED DEDUCTIONS

| | PER RETURN | PER EXAM | ADJUSTMENT |
|---|---|---|---|
| 1. Medical, dental and insurance premiums | 0.00 | 0.00 | 0.00 |
| 2.    7.50% of Adjusted Gross Income | 1,579,140.00 | 13,511,404.00 | |
| 3. Net Medical and Dental Expense | 0.00 | 0.00 | 0.00 |
| 4. Taxes | 146,978.00 | 146,978.00 | 0.00 |
| 5. Home Interest Expense | 0.00 | 0.00 | 0.00 |
| 6. Investment Interest | 934,209.00 | 934,209.00 | 0.00 |
| 7. Other Interest Expense | 33,147.00 | 33,147.00 | 0.00 |
| 8. Total Interest Expense | 967,356.00 | 967,356.00 | 0.00 |
| 9. Contributions | 4,023,624.00 | 4,023,624.00 | 0.00 |
| 10. Casualty and theft Losses | 0.00 | 0.00 | 0.00 |
| 11. Miscellaneous deductions subject to AGI limit | 1,754,847.00 | 1,754,847.00 | 0.00 |
| 12.    2.00% of Adjusted Gross Income | 421,104.00 | 3,603,041.00 | |
| 13. Excess Miscellaneous deductions | 1,333,743.00 | 0.00 | 1,333,743.00 |
| 14. Other Miscellaneous deductions | 0.00 | 0.00 | 0.00 |
| 15. Total itemized deductions (Sum of Lines 3, 4, 8, 9,10,13, and 14 less any applicable limitation) | 5,843,681.00 | 1,774,959.00 | 4,068,722.00 |

## ITEMIZED DEDUCTIONS WORKSHEET - PER EXAM

| | |
|---|---|
| A. Total of lines 3, 4, 8, 9, 10, 13, and 14 | 5.137.958.00 |
| B. Total of lines 3, 6, 10, (plus any gambling losses included on line 14) | 934.209.00 |
| C. Line A less Line B | 4,203,749.00 |
| D. Multiply the amount on line C by 80% | 3,362,999.00 |
| E. Adjusted Gross Income from Form 1040 | 180,152,056.00 |
| F. Itemized Deduction Limitation | 121,200.00 |
| G. Line E less Line F | 180,030,856.00 |
| H. Multiply the amount on Line G by 3% | 5,400,926.00 |
| I.   Enter the smaller of Line D or Line H | 3,362,999.00 |
| J. Total Itemized Deductions (entered on line 15 above) | 1,774,959.00 |

| Name of Taxpayer: | P ACKERMAN & J LEEDOM-ACKERMAN | | 01/18/2006 |
|---|---|---|---|
| Identification Number: | ████-1402 | Total | 6.30.00 |

## 1997 - SCHEDULE D - CAPITAL GAINS AND LOSSES

| | |
|---|---|
| 1. Short-term capital gain or loss | 16,269,440.00 |
| 2. Short-term capital loss carryover | 0.00 |
| 3. Net Short-term Gain or Loss (Add line 1 and 2) | 16,269,440.00 |
| 4. Long-term capital gain or loss | 142,824,417.00 |
| 5. Long-term capital gain or loss carryover | 0.00 |
| 6. Net long-term Gain or Loss (Add line 4 and 5) | 142,824,417.00 |
| 7. Sum of lines 3 and 6 - Net Capital Gain or Loss | 159,093,857.00 |
| 8. Capital loss limitation | 0.00 |
| 9. Capital Gain or Loss - As Corrected | 159,093,857.00 |
| 10. Capital Gain or Loss - Per Return | (3,000.00) |
| 11. Line 9 less line 10 - Adjustment to Income | 159,096,857.00 |

### CORRECTED CARRYOVER
| | |
|---|---|
| 12. Short-term Carryover to Subsequent Year | 0.00 |
| 13. Long-term Carryover to Subsequent Year | 0.00 |

### COMPUTATION OF ALTERNATE TAX
| | |
|---|---|
| 14. Taxable Income | 178,377,097.00 |
| 15. Smaller of line 6 or line 7 | 142,824,417.00 |
| 16. Form 4952, line 4e | 0.00 |
| 17. Subtract line 16 from line 15 | 142,824,417.00 |
| 18. Combine line 3 and Total 28% Rate Gain (not less than 0) | 21,541,197.00 |
| 19. Smaller of line 18 and Total 28% Rate Gain | 5,271,757.00 |
| 20. Unrecaptured Section 1250 Gain | 0.00 |
| 21. Add line 19 and 20 | 5,271,757.00 |
| 22. Subtract line 21 from line 17 (not less than 0) | 137,552,660.00 |
| 23. Subtract line 22 from line 14 (not less than 0) | 40,824,437.00 |
| 24. Smaller of line 14 or 41,200.00 | 41,200.00 |
| 25. Smaller of line 23 or line 24 | 41,200.00 |
| 26. Subtract line 17 from line 14 (not less than 0) | 35,552,680.00 |
| 27. Larger of line 25 or line 26 | 35,552,680.00 |
| 28. Tax on amount on line 27 | 14,053,172.00 |
| 29. Amount from line 24 | 41,200.00 |
| 30. Amount from line 23 | 40,824,437.00 |
| 31. Subtract line 30 from line 29 (not less than 0) | 0.00 |
| 32. Multiply line 31 by 10% | 0.00 |
| 33. Smaller of line 14 or line 22 | 137,552,660.00 |
| 34. Amount from line 31 | 0.00 |
| 35. Subtract line 34 from line 33 (not less than 0) | 137,552,660.00 |
| 36. Multiply line 35 by 20% | 27,510,532.00 |
| 37. Smaller of line 17 or line 20 | 0.00 |
| 38. Add lines 17 and 27 | 178,377,097.00 |
| 39. Amount from line 14 | 178,377,097.00 |
| 40. Subtract line 39 from line 38 | 0.00 |
| 41. Subtract line 40 from line 37 | 0.00 |
| 42. Multiply line 41 by 25% | 0.00 |
| 43. Amount from line 14 | 178,377,097.00 |
| 44. Add lines 27, 31, 35, and 41 | 173,105,340.00 |
| 45. Subtract line 44 from line 43 | 5,271,757.00 |
| 46. Multiply line 45 by 28% | 1,476,092.00 |
| 47. Add lines 28, 32, 36, 42, and 46 - Alternative Tax | 43,039,796.00 |

| Name of Taxpayer: | P ACKERMAN & J LEEDOM-ACKERMAN | | 01/18/2006 |
|---|---|---|---|
| Identification Number: | ⬤-1402 | Total | 6.30.00 |

## SUMMARY OF THE ACCURACY-RELATED PENALTY - IRC 6662

### 1997 - 20% PENALTY ISSUES - Section 6662(a) and 6662(b)

It has been determined that the underpayment of tax shown on line 5 below is attributable to one or more of the following elements of the accuracy-related penalty: (1) negligence or disregard of rules or regulations, (2) substantial understatement of income tax, or (3) substantial valuation overstatement, therefore, an addition to tax is imposed as provided by Section 6662(a) of the Internal Revenue Code.

| | |
|---|---|
| 1. Total tax computed with non-penalty adjustments and adjustments subject to penalty under Section 6662(b) | 5,929,954.00 |
| 2. Total tax computed with non-penalty adjustments only | 5,929,954.00 |
| 3. Line 1 less line 2 - Underpayment to which Section 6662(a) applies | 0.00 |
| 4. Allocable Prepayment Credits (other than EIC and Special Fuels Credits included in lines 1 & 2) | 0.00 |
| 5. Line 3 less line 4 - Underpayment subject to penalty | 0.00 |
| 6. Applicable penalty rate | 20.00% |
| 7. Line 5 multiplied by line 6 | 0.00 |
| 8. Previously assessed 20% Accuracy Penalty | 0.00 |
| 9. Line 7 less line 8 - 20% Accuracy-related penalty | 0.00 |

### 1997 - 40% PENALTY ISSUES - Section 6662(h)

It has been determined that the underpayment of tax shown on line 14 below is attributable to a gross valuation misstatement, therefore, an addition to tax is imposed as provided by Section 6662(h) of the Internal Revenue Code.

| | |
|---|---|
| 10. Total tax computed with non-penalty adjustments, adjustments subject to penalty under IRC 6662(a) and adjustments subject to penalty under IRC 6662(h) | 42,971,678.00 |
| 11. Total tax from line 1 above | 5,929,954.00 |
| 12. Line 10 less line 11 - Underpayment to which Section 6662(h) applies | 37,041,724.00 |
| 13. Allocable Prepayment Credits (other than EIC and Special Fuels Credits included in lines 10 & 11) | 0.00 |
| 14. Line 10 less line 11 - Underpayment subject to penalty | 37,041,724.00 |
| 15. Applicable penalty rate | 40.00% |
| 16. Line 14 multiplied by line 15 | 14,816,689.60 |
| 17. Previously assessed 40% Accuracy Penalty | 0.00 |
| 18. Line 16 less line 17 - 40% Accuracy-related penalty | 14,816,689.60 |
| 19. Line 9 plus line 18 - Total ACCURACY-RELATED PENALTY | 14,816,689.60 |

| Name Of Taxpayer: | P ACKERMAN & J LEEDOM-ACKERMAN | 01/18/2006 |
|---|---|---|
| Identification Number: | ████-1402    Total | 6.30.00 |

### 1997  -  Adjustments Subject to Accuracy-Related Penalty - IRC 6662

ADJUSTMENTS TO WHICH THE ACCURACY RELATED PENALTY APPLIES :

| | PENALTY RATES 20%  40% | | |
|---|---|---|---|
| LONG TERM CAPITAL GAIN ROCKPORT | X | 1,483.00 | IRC 6662(g) |
| LONG TERM CAPITAL GAIN @28% ROCKPORT | X | 611.00 | IRC 6662(g) |
| SHORT TERM CAPITAL GAIN ROCKPORT | X | 117.00 | IRC 6662(g) |
| LONG TERM CAPITAL LOSS-SANTA MONICA | X | 149,997,034.00 | IRC 6662(g) |
| LONG TERM CAPITAL LOSS-28 %-SANTA MONICA | X | 67,427,141.00 | IRC 6662(g) |
| SHORT TERM CAPITAL GAIN SANTA MONICA | X | 11,846,074.00 | IRC 6662(g) |

| Name Of Taxpayer: | P ACKERMAN & J LEEDOM-ACKERMAN | | 01/18/2006 |
|---|---|---|---|
| Identification Number: | ██-1402 | Total | 6.30.00 |

### 1997  TAX YEAR INTEREST COMPUTATION

| Interest computed to | | 02/17/2006 |
|---|---|---|
| Total Tax Deficiency | | $37,041,724.00 |

Plus Penalties*

| | | |
|---|---|---|
| - Overvaluation | $.00 | |
| - Substantial Understatement | $.00 | |
| - Failure to File | $.00 | |
| - Negligence | $.00 | |
| - Civil Fraud | $.00 | |
| - Accuracy Penalties | $14,816,689.60 | |
| Total Penalties | | $14,816,689.60 |
| Tax Deficiency and Penalties Subject to Interest | | $51,858,413.60 |

| Type | Effective Dates | Days | Rate | Interest |
|---|---|---|---|---|
| Compound | 04/15/1998--12/31/1998 | 260 | 8% | $3,040,702.42 |
| Compound | 01/01/1999--03/31/1999 | 90 | 7% | $955,706.30 |
| Compound | 04/01/1999--12/31/1999 | 275 | 8% | $3,469,728.70 |
| Compound | 01/01/2000--03/31/2000 | 91 | 8% | $1,191,689.72 |
| Compound | 04/01/2000--12/31/2000 | 275 | 9% | $4,233,287.12 |
| Compound | 01/01/2001--03/31/2001 | 90 | 9% | $1,452,788.60 |
| Compound | 04/01/2001--06/30/2001 | 91 | 8% | $1,333,527.20 |
| Compound | 07/01/2001--12/31/2001 | 184 | 7% | $2,425,493.42 |
| Compound | 01/01/2002--12/31/2002 | 365 | 6% | $4,325,801.17 |
| Compound | 01/01/2003--09/30/2003 | 273 | 5% | $2,830,538.92 |
| Compound | 10/01/2003--12/31/2003 | 92 | 4% | $781,404.91 |
| Compound | 01/01/2004--03/31/2004 | 91 | 4% | $778,556.59 |
| Compound | 04/01/2004--06/30/2004 | 91 | 5% | $984,133.66 |
| Compound | 07/01/2004--09/30/2004 | 92 | 4% | $804,966.89 |
| Compound | 10/01/2004--12/31/2004 | 92 | 5% | $1,017,642.72 |
| Compound | 01/01/2005--03/31/2005 | 90 | 5% | $1,010,750.59 |
| Compound | 04/01/2005--09/30/2005 | 183 | 6% | $2,519,127.84 |
| Compound | 10/01/2005--12/31/2005 | 92 | 7% | $1,513,142.11 |
| Compound | 01/01/2006--02/17/2006 | 48 | 7% | $800,126.63 |

| | |
|---|---|
| Total Interest | $35,469,115.51 |
| Total Underpayment | $37,041,724.00 |
| Total Penalties | $14,816,689.60 |
| Total Amount Due | $87,327,529.11 |

Additional interest will be charged at the current rate compounded daily.  Interest is charged from the original due date of the return to a date 30 days after an agreement to the additional tax is signed, or to the date of payment, if earlier.  Negligence and fraud penalties, if applicable, will also continue to be charged.  Generally, if notice and demand is made for payment of any amount, and that amount is paid within 21 days after the date of the notice and demand, interest on the amount paid will not be charged after the date of the notice and demand.  Since additional tax is due, you may want to pay it now and limit the interest and penalty charges.

* Interest on penalties became effective 7/19/1984 (1/1/1989 for negligence and fraud) and is computed from the due date of the return unless a valid extension was filed.

# EXHIBIT B*

*Personal Information, such as Social Security Numbers, has been redacted.



**Grant Thornton**

Accountants and Business Advisors

February 21, 2006

Department of the Treasury
Internal Revenue Service
1973 North Rulon White Blvd.
Ogden, UT 84404-0049
Attention: Ms. Carver

Re: P. Ackerman and J Leedom-Ackerman
TPIN: ████-1402

Dear Ms. Carver:

The adjustments to the Taxpayer's income on your Form 4549A exceed the adjustments reflected in the holdings of the Tax Court as follows:

### 1997

|            | LT            | LT 28%        | ST            |
|------------|---------------|---------------|---------------|
| Ogden      | $149,997,034  | $67,427,141   | $11,846,074   |
| Tax Court  | $147,486,000  | $66,334,638   | $11,647,367   |

### 1998

|            | LT            | LT            |
|------------|---------------|---------------|
| Ogden      | $211,283      | $81,588,766   |
| Tax Court  | $211,283      | $80,190,418   |

Please adjust your calculations accordingly. There may well be other adjustments required, in part, to bring your calculations into conformity with the Decision and we reserve the right to further request revisions.

Please contact, Susan Beaty, at 410-244-3285 or me with any questions or concerns.

Thank you,

Grant Thornton LLP

Howard Levinton

HL/jek

Two Hopkins Plaza
Suite 700
Baltimore, MD 21201-2909
T  410.685.4000
F  410.837.0587
W  www.grantthornton.com

Grant Thornton LLP
US member of Grant Thornton International

# EXHIBIT C[*]

## 1 of 8

[*]Personal Information, such as Social Security Numbers, has been redacted.

# Grant Thornton 🌩

ountants and Business Advisors

March 28, 2006

Ms. Jackie Carver
Mail Stop 4430
Internal Revenue Service
1973 N. Rulon White Blvd
Ogden, UT  84201

Re:  Peter and Joanne Ackerman
     EIN ███-1402

Dear Ms. Carver

This refers to your letter and accompanying computations dated January 18, 2006 and our initial response dated February 21, 2006.

In addition to the disparity in the amount of the capital gain adjustments to the Santa Monica Pictures LLC ("SMP") tax return flowing through to the Taxpayer addressed in my February 21, 2006 letter, there are a number of affected items arising out of the case. We request that you address and adjust your calculations accordingly.  Most of these items were related to the development and financing of the film library (the business purpose for the organization of SMP), some were incurred in an attempted distribution of films and some items are, themselves, characterized by the Tax Court's view and ultimate characterization of the business and activities of SMP.  These will be addressed in the first section of this letter.  Further, as a consequence of our review of the Taxpayers' returns for the years 1997 through 2003 inclusive we have become aware of other matters, none of which have been examined by the IRS, which also affect your computations and the amount of tax claimed to be due.  These items will be addressed in the second section of this letter.

The Tax Court concluded that the contribution of the banks to  SMP, the exercise of the banks' put options, and SMP's sale of contributed receivables were transactions without economic substance or opportunity for profit. It held, among other things, that the Banks never intended to become partners and that the receivables and stock should have been considered to have been purchased directly by the partners of SMP from the Banks rather than having been contributed to SMP. The Tax Court further ignored the efforts of SMP and its affiliates both during the years at issue and thereafter which  supported SMP's stated business objectives.

Notwithstanding the views of the Tax Court relative to its business purposes and motivations for the transactions that occurred, there were a number of expenses and otherwise deductible items that SMP incurred during the years in question and thereafter in furtherance of its stated business objective that were not before the Tax Court as to which no tax benefits were ever claimed or derived by the Taxpayer.  It is patently unfair to disregard transactions

opkins Plaza
Suite 700
Baltimore, MD 21201-2909
T  410.685.4000
F  410.837.0587
W  www.grantthornton.com

Grant Thornton LLP
US member of Grant Thornton International

Grant Thornton ⛛

based upon a theory of a lack of economic substance and then deny Taxpayer the benefit of deductions for expenses made in furtherance of its profit objective—and Taxpayer submits that these items should be allowed as deductions no later than 1998, the last year before the Tax Court, or, alternatively, for the year in which they were incurred. The following items, A1 through A5, fall into this category of affected items. Items B1 through B6 set forth other items we request that Ogden personnel address. In each instance where applicable, appropriate backup is provided or is available on request.

A1. SMP expended in excess of $4.7 million in furtherance of its film acquisition activities and activities of its affiliates. A schedule originally prepared in 2001 indicating the library acquired, dates of acquisition and related expense is attached. The expenditures encompass not only the years before the Tax Court but two additional years. The films were paid for in a number of ways by different entities, but shared a common thread - all of the funds came from SMP and no tax benefits were derived by SMP or its affiliates for such expenditures. Libraries having an aggregate cost of $3,020,000 were paid for by Corona Film Finance, LLC ("Corona") out of capital contributed by SMP and charged directly to SMP's capital account. The films were transferred to Santa Monica Holding Corporation. Further, as indicated in the chart, SMP, provided the funds to Santa Monica Holdings Corporation to satisfy the requirements of the Troma acquisition agreement. We believe the deduction for these expenditures under section 165 is warranted to achieve at least a minimal consistency with the Tax Court's finding that there was no expectation of profit because of the Tax Court's finding of a lack of what it calls objective economic substance. Such a holding would render these investments worthless when made.

A2. In 1998 SMP purchased a 50% interest in Railcar Management Partners LLC from John Van Merkensteijn for $1.4 million dollars. The IRS's contention throughout the FPAA process was that this amount was paid, in fact, to allow Trometro Films LLC to finance the cash portion of the purchase price of the portions of the contributed debt acquired by Trometro from SMP, and the Tax Court did not foreclose the possibility. The investment in Railcar Management Partners LLC was worthless, and Taxpayer believes that the $1.4 million should be allowed as a Section 165 write-off.. Even if the IRS' view of the transaction as, essentially, an additional loan of $1.4 million to Trometro Films LLC is adopted, the debt should be considered bad as of the end of 1998 because, at that time, Trometro Films LLC had no assets other than the purchased debt which the Tax Court held was worthless. See Fn 164 attached and the balance sheet of Trometro Films LLC as of December 31, 1998.

A3. In addition to the $1.4 million, and consistent with the Tax Court's view that there was no opportunity for profit from the transaction, the outstanding balances of the notes given in payment for the receivables by Trometro LLC and by Imperial Credit Industries, Inc. ("ICII") should be allowed as write-offs in 1998 either under Section 165 or Section 166. By its holdings that the sale of receivables did not result in a loss, and by making no findings regarding gain, the Tax Court held, in effect, that the basis of the receivables was equal for what was paid for them. Allowing a deduction under section 166 for the unpaid balances of these notes as of the end of the tax year in which these transactions were completed is the only way to harmonize their existence with the holding of the Tax Court. The balances of these notes as of the end of 1998 were ICII--$1,220,050, Trometro 1997 note ---- $2,284,000, and Trometro 1998 note ---- $1,267,834. Additionally, as illustrated by the Trometro Films LLC balance sheet, there were no assets other than the purchased notes available to pay claims; notes which the Tax Court held had no value.

A4. In 1998, $2,005,792 provided by SMP through its investment in Corona and Corona's subsequent investment in IFG, LLC, was paid to Mark Seiler and David Ishag in connection with their activities on behalf of

Grant Thornton 🜚

SMP, in particularly as regards the business plan and library acquisition activities.   No deduction was claimed on the SMP or Corona return or any other tax return for these payments.

The funds were to have been paid in 1998 by means of a distribution from IFG Film Finance Fund LLC, an LLC established by Corona with funds contributed by SMP.  Interest earned on the funds in IFG was specially allocated to Seiler and Ishag and the actual distribution occurred in 2001.  Forms K-1 showing Corona's capital account in IFG and the distributions to Messrs Ishag and Seiler are attached.

A5.  Among the conclusions reached by the Tax Court was that the step transaction doctrine recast the transaction into a purchase of the Santa Monica Holdings Corporation debt and stock for $10 million.  Such amount should be allowed as a capital loss to the extent not utilized in  A3 above. See fn 180 from the decision.

There are also other adjustments that should be made to the Taxpayer's returns that are necessary to arrive at the correct amount of tax for each of the years covered by your TEFRA computations.  It is especially important that these matters be considered by IRS personnel in  Ogden because your calculations provide the basis for collection action, and consideration by your office will be one of Taxpayer's only opportunities to resolve these matters before the ultimate taxpayers, the Ackermans, must satisfy their correct liability to the IRS.  Given the magnitude of the adjustments we ask that you consider the following adjustments to your Form 4549A. As with the adjustments above, we stand ready to supply whatever additional documentation you believe necessary to sustain the requested changes.

B1.  Somerville  Investments LLC was owned during 1997 by Somerville S Trust, a grantor trust wholly owned by Taxpayer.  Somerville S Trust transferred all of the interests in Somerville Investments LLC to Somerville LLC., a single member LLC which, itself, was subsequently transferred to SMP by Somerville S Trust.  All of the Somerville entities' income and loss ultimately flows into the Taxpayer's return through SMP.

Somerville Investments LLC invested in S & P Index Futures Contracts in 1997 and 1998.  Because S & P Index Futures Contracts qualify as "non equity options" within the meaning of section 1256(b)(3) of the Code, such contracts are subject to section 1256(a) under which they should be marked to market at year end and 40% of the gain or loss is to be treated as short term gain or loss and 60% is to be treated as long term gain or loss.  As a consequence of not applying those rules and erroneously reporting all of the net gain as short term, Taxpayers overstated their short term capital gain.  Attached are original and revised K-1s from Somerville Investments LLC which correct the presentation of gains from Form 6781.

B2.  Taxpayer Peter Ackerman had advanced $7,850,000 to Economy Color Card Inc., a long lived family business in which he had no ownership interest.  The business failed in 1997, was inactive in 1998 and filed a final return in 1999.  Copies of the 1997 return, showing no activity and no assets as of November 30, 1998 are enclosed together with proof of Taxpayers advances. We believe the loan should be written off as worthless and allowed as a deduction in 1997.

B3.  Economy Color Card contributed its remaining assets and substantial cash (which had been borrowed from the Taxpayer) to International Service Investors, LLC, ("ISI") an entity owned 98% by the Taxpayer, 1% by Economy Color Card and 1% by an unrelated entity.  ISI then contributed these assets for a 75 % interest in International Service Group Holdings, LLC ("Holdings").  Holdings and ISI then established International Service Group LLC ("ISG"), an operating company that manufactured and sold color cards (including the popular Pokemon cards).  In addition to substantial capital contributions to ISI, Mr. Ackerman advanced $16,860,000 to ISG through Holdings.  Evidence of Taxpayers advances to Holdings and capital contributions to ISI is attached

3

# Grant Thornton ⬭

During 1998, 1999 and 2000, Mr. Ackerman actively and materially participated in the business of ISG acting almost in concert with his brother Donald Ackerman as CEO. His distributive share of ISI losses for that period, which all related to the activities of ISI, were 1998, $6,969,495, 1999, $6,182,079 2000 $1,768,892, and 2001 $100,689. Although his residence was in Washington, D.C., he traveled on an almost weekly basis to New Jersey and spent anywhere between 1-3 hours per day on the telephone with Don on operational matters affecting this entity. Evidence of his material participation, including travel logs, will be provided. We submit that losses from ISI reflected on his tax return as passive should be reclassified to active and deducted in the year incurred. Further, Taxpayers capital account on its own books was understated by $1,200,000 as a result of the 12/10/97 contribution made directly by the Somerville S Trust. As a consequence, Somerville's capital account on its own books was $1,200,000 less than its actual capital account and its loss on the cessation of ISI's activities was understated by $1,200,000. This loss of $501,169, while reflected on the Taxpayer's 2003 return, should actually have been claimed in 2002, when all of ISG's activities ceased. Therefore the allowable loss in 2002 from the disposition should have been $1,701,169. Portions of the 2002 ISI and ISG returns are attached.

Further, no part of Mr. Ackerman's advances of $16,860,000 to ISG was ever repaid, thus resulting in a bad debt. We believe it became clear that the debt was uncollectible as early as 1999. No bad debt was ever claimed by Mr. Ackerman, an oversight which is understandable in view of the substantial capital losses incurred in SMP which were the subject of this case. A copy of each of the 1999 and 2000 Holdings returns are attached.

B4. In 2001 Somerville LLC, a single member LLC owned by SMP, wrote off a $15 million advance it had previously made to Resort Theatres of America. Such amount was erroneously deducted on page 1 of SMP's tax return and subjected to the passive loss rules. The bad debt should have been treated as a non-business bad debt and separately stated to be passed through and deducted by the Taxpayer on Schedule D.

B5. In 1998 there was an input error in the calculation of Taxpayer's gain or loss subject to the mark-to-market rules of section 475. A mark-to-market loss of $-343,450 was inadvertently recorded as unrecaptured section 1250 gains on SMP's tax return. This resulted in an overstatement of taxpayer's income of $343,045 from SMP which should be corrected. See attached K-1s from SMP to Somerville S Trust showing income as originally filed and as corrected for this oversight.

B6. A non-business bad debt of $19,988,200 with respect to Taxpayer's allocated portion of amounts advanced to Davidson Cotton initially deducted in 2004 was determined to have been bad in 2003. Amended returns have been prepared for the Davidson Cotton holding entities reflecting this change and a Request for Administrative Adjustment will be prepared for SMP. Copies will be provided to you.

A spreadsheet showing the effect of all of these adjustments to income and the years to which we believe they are applicable is attached as a schedule to this letter. We stand ready to supply additional information with respect to any of the requested adjustments and are hopeful that these items can be resolved with you.

Our updated Power of Attorney is also enclosed, authorizing the undersigned and others to represent the Taxpayer in these matters.

Yours truly,
**Grant Thornton LLP**


Howard Levinton

HL/jek
Enclosure

4

## Levinton, Howard

| From: | Brigitte Durand [bdurand@crowncapitalgroup.com] |
|---|---|
| Sent: | Tuesday, October 30, 2001 2:02 PM |
| To: | 'hlevinton@gt.com' |
| Subject: | RE: Troma Film Libraries |
| | |
| Attachments: | Film~Libraries~with~Cost~Detail.xls |



Film~Libraries~with
~Cost~Detai...

```
-----Original Message-----
From: hlevinton@gt.com [mailto:hlevinton@gt.com]
Sent: Tuesday, October 30, 2001 1:30 PM
To: Brigitte Durand
Subject: RE: Troma Film Libraries


B

Missing attachment--pls re-send.  Thnx.

Howard Levinton
Grant Thornton LLP--Baltimore
Tel.  410-244-3201
Fax  410-837-0587
mail  hlevinton@gt.com


-----Original Message-----
From: Brigitte Durand [mailto:bdurand@crowncapitalgroup.com]
Sent: Tuesday, October 30, 2001 1:20 PM
To: 'Howard Levinton'
Subject: Troma Film Libraries


Howard, per your request, attached is spreadsheet that shows film libraries, costs &
expenses paid, dates and contents.  I hope this helps. I'm getting the W-2's for you &
looking into the assignment by Rockport.

Brigitte Durand
Lerner & Miller, LLP
500 Park Avenue, Suite 510
New York, NY 10022
Telephone: (212) 339-0053
Facsimile:  (212) 339-0054
```

```
        This e-mail is intended solely for the person or entity to which it is addressed and
may contain confidential and/or privileged information.
Any review, dissemination, copying, printing or other use of this e-mail by persons or
entities other than the addressee is prohibited.  If you have received this e-mail in
error, please contact the sender immediately and delete the material from any computer.
```

```
DOCTYPE HTML PUBLIC "-//W3C//DTD HTML 3.2//EN"> <HTML> <HEAD> <META HTTP-EQUIV="Content-
Type" CONTENT="text/html; charset=iso-8859-1"> <META NAME="Generator" CONTENT="MS Exchange
Server version 5.5.2653.12">
<TITLE>RE: Troma Film Libraries</TITLE>
```

```
</HEAD>
<BODY>

<P><FONT SIZE=2>B</FONT>
</P>

<P><FONT SIZE=2>Missing attachment--pls re-send.  Thnx.</FONT> </P>

<P><FONT SIZE=2>Howard Levinton</FONT>
<BR><FONT SIZE=2>Grant Thornton LLP--Baltimore</FONT> <BR><FONT SIZE=2>Tel. 
410-244-3201</FONT> <BR><FONT SIZE=2>Fax  410-837-0587</FONT> <BR><FONT SIZE=2>E-
mail  hlevinton@gt.com</FONT> </P> <BR>

<P><FONT SIZE=2>-----Original Message-----</FONT> <BR><FONT SIZE=2>From: Brigitte Durand
[<A HREF="mailto:bdurand@crowncapitalgroup.com">mailto:bdurand@crowncapitalg
roup.com</A>]</FONT>
<BR><FONT SIZE=2>Sent: Tuesday, October 30, 2001 1:20 PM</FONT> <BR><FONT SIZE=2>To:
'Howard Levinton'</FONT> <BR><FONT SIZE=2>Subject: Troma Film Libraries</FONT> </P> <BR>

<P><FONT SIZE=2>Howard, per your request, attached is spreadsheet that shows film</FONT>
<BR><FONT SIZE=2>libraries, costs &amp; expenses paid, dates and contents.  I hope
this</FONT> <BR><FONT SIZE=2>helps. I'm getting the W-2's for you &amp; looking into the
assignment by</FONT> <BR><FONT SIZE=2>Rockport. </FONT> </P>

<P><FONT SIZE=2>Brigitte Durand</FONT>
<BR><FONT SIZE=2>Lerner &amp; Miller, LLP</FONT> <BR><FONT SIZE=2>500 Park Avenue, Suite
510</FONT> <BR><FONT SIZE=2>New York, NY 10022</FONT> <BR><FONT SIZE=2>Telephone: (212)
339-0053</FONT> <BR><FONT SIZE=2>Facsimile:  (212) 339-0054</FONT> </P> <BR> <BR>

<P>      <B> This e-mail is intended solely for the
person or entity to which it is addressed and may contain confidential and/or privileged
information.  Any review, dissemination, copying, printing or other use of this e-
mail by persons or entities other than the addressee is prohibited.  If you have
ceived this e-mail in error, please contact the sender immediately and delete the
aterial from any computer.</B> </P>

</BODY>
</HTML>
```

As of: 1/3/2006

# Film Library Investments
## Totals

| Library | Date-Purchase Price Paid | Purchase Price | Expenses | Total | |
|---|---|---|---|---|---|
| Vista Street | | $470,000.00 | $60,000.00 | $530,000.00 | |
| Wisdom | 12/1/1997 | $120,000.00 | $90,000.00 | $210,000.00 | |
| City Lights | 9/26/1997 | $101,333.34 | $150,000.00 | $251,333.34 | |
| Five Stones | 10/29/1998 | $75,000.00 | $15,000.00 | $90,000.00 | |
| Santa Monica / US Video | | | $50,000.00 | $50,000.00 | |
| | | | $53,025.00 | $53,025.00 | |
| Moving Pictures | 10/29/1998 | $320,000.00 | $170,000.00 | $490,000.00 | |
| | | | | | |
| Tromaville.com | 4/27/1999 | $300,000.00 | | $300,000.00 | |
| | 6/25/1999 | $200,000.00 | | $200,000.00 | |
| | 8/17/1999 | $130,000.00 | | $130,000.00 | |
| | 9/8/2000 | $50,000.00 | | $50,000.00 | |
| | 11/6/2000 | $50,000.00 | | $50,000.00 | |
| | 1/17/2001 | $50,000.00 | | $50,000.00 | Loan from PAL |
| | 5/16/2001 | $10,000.00 | | $10,000.00 | Loan from PAL |
| | | | | | |
| SMH-Troma Entertainment (Tromaville Stock) | 9/3/1999 | $485,000.00 | | $485,000.00 | |
| | 9/3/1999 | $185,000.00 | | $185,000.00 | |
| | 9/10/1999 | $185,000.00 | | $185,000.00 | |
| | 9/27/1999 | $350,000.00 | | $350,000.00 | |
| | 11/15/2009 | $2,941.20 | | $2,941.20 | SMPCK#1017 |
| | 9/1/2000 | | $50,000.00 | $50,000.00 | |
| General: | 3/1/2000 | $1,000,000.00 | | $1,000,000.00 | Perry clarify |
| | | | | | |
| Total | | $4,134,274.54 | $588,025.00 | $4,722,299.54 | |

As of: 1/3/2006

## Film Library Investments
### Totals

| Library | Date-Purchase Price Paid | Purchase Price | Expenses | Total | |
|---|---|---|---|---|---|
| Vista Street | | $470,000.00 | $60,000.00 | $530,000.00 | |
| Wisdom | 12/1/1997 | $120,000.00 | $90,000.00 | $210,000.00 | |
| City Lights | 9/26/1997 | $101,333.34 | $150,000.00 | $251,333.34 | |
| Five Stones | 10/29/1998 | $75,000.00 | $15,000.00 | $90,000.00 | |
| Santa Monica / US Video | | | $50,000.00 | $50,000.00 | |
| | | | $53,025.00 | $53,025.00 | |
| Moving Pictures | 10/29/1998 | $320,000.00 | $170,000.00 | $490,000.00 | |
| Tromaville.com | 4/27/1999 | $300,000.00 | | $300,000.00 | |
| | 6/25/1999 | $200,000.00 | | $200,000.00 | |
| | 8/17/1999 | $130,000.00 | | $130,000.00 | |
| | 9/8/2000 | $50,000.00 | | $50,000.00 | |
| | 11/6/2000 | $50,000.00 | | $50,000.00 | |
| | 1/17/2001 | $50,000.00 | | $50,000.00 | Loan from PAL |
| | 5/16/2001 | $10,000.00 | | $10,000.00 | Loan from PAL |
| SMH-Troma Entertainment (Tromaville Stock) | 9/3/1999 | $485,000.00 | | $485,000.00 | |
| | 9/3/1999 | $185,000.00 | | $185,000.00 | |
| | 9/10/1999 | $185,000.00 | | $185,000.00 | |
| | 9/27/1999 | $350,000.00 | | $350,000.00 | |
| | 11/15/2009 | $2,941.20 | | $2,941.20 | SMPCk#1017 |
| | 9/1/2000 | $50,000.00 | | $50,000.00 | |
| General: | 3/1/2000 | $1,000,000.00 | | $1,000,000.00 | Perry clarify |
| **Total** | | $4,134,274.54 | $588,025.00 | $4,722,299.54 | |

Troma/Film~Libraries~with~Cost~Detail.xls\Compilation - Totals

1

## Film Library Investments
## Wisdom Entertainment

| Library Name / Titles | Purchase Agreement | Purchase Price | Accounting History-Purchase | Expenses | Accounting History- Expenses |
|---|---|---|---|---|---|
| **Wisdom** | Sales Agreement dated 11/13/97 between Wisdom Entertainment, Ltd. & Crown Capital Group | $120,000.00 | Wire Transfer from CCG to Wisdom Entertainment dated 12/1/97 for $120,000.00 | $90,000.00 | |
| Dragon Fury | | | | | |
| Dragon Fury II | | | | | |
| Twisted Justice | | | | | |
| Eye of the Stranger | | | | | |
| Fugative X | | | | | |
| Jurassic Woman | | | | | |
| Kick of Death | | | | | |
| Prime Target | | | | | |
| | | | | | |
| **Total** | | $120,000.00 | | $90,000.00 | |

**Total Purchase Price & Expenses Paid:**          $210,000.00

## Film Library Investments
## City Lights ("MGI Distribution")

| Library Name / Titles | Purchase Info. | Purchase Price | Accounting History - Purchase | Expenses | Accounting History - Expenses |
|---|---|---|---|---|---|
| City Lights | Sales Agreement dated 9/29/97 between MGI Distribution and Production and Crown Capital Group | $101,333.34 | $113,134.95 (8) Checks #1122-1129 dated 9/26/97 as follows: | $150,000.00 | |
| Contra Conspiracy | | | $36,666.65 | | |
| Dance or Die | | | $29,333.32 | | |
| Death by Dialogue | | | $14,666.66 | | |
| Emperor of the Bronx | | | $7,333.33 | | |
| Mommy's Epitaph | | | $7,333.33 | | |
| Fresh Kill | | | $7,333.33 | | |
| The Glass Jungle | | | $7,333.33 | | |
| Heat Street | | | $3,135.00 | | |
| Hollow Gate | | | | | |
| Killing Game, The | | | | | |
| L.A. Crackdown | | | | | |
| L.A. Crackdown, II | | | | | |
| Mayhem | | | | | |
| Newlydeads, The | | | | | |
| Payback | | | | | |
| **Total** | | | $113,134.95 | $150,000.00 | |

**Total Purchase Price & Expenses Paid:**     **$263,134.95**

Overpayment     $11,801.61

As of: 1/3/2006

## Film Library Investments
## Five Stones Film Library

| Library Name / Titles | Purchase Info. | Purchase Price | Accounting History-Purchase | Expenses | Accounting History-Expenses |
|---|---|---|---|---|---|
| **Five Stones** | Sale and Purchase Agreement between Five Stones, Inc. and Santa Monica Holdings Corporation dated 10/22/98 | $75,000.00 | Wire Transfer $20,000.00 from SMP-Citibank to SMP-Chase dated 10/29/98 | $15,000.00 | Creation of Trailers & Promotional Materials 5 @ $3,000.00 each |
| Kickfighter (a.k.a. Fighter) | | | Wire Transfer $375,000.00 from SMP-Citibank to SMP-Chase dated 10/29/98 | | Wire Transfer $90,000.00 from SMP-Citibank to Troma Entertainment dated 10/10/98 |
| Mission Terminate (a.k.a. Revenge of the Kickfighter) | | | Check# 1009 of SMP-Chase to Five Stones, Inc. dated 10/29/98 for $75,000.00 | | Check# 1020 of SMP-Chase to Troma Entertainment, Inc. dated 2/2/99 for $95,000.00 |
| Not Another Mistake | | | | | |
| Ragin' Cajun (a.k.a. Loner) | | | | | |
| Skeleton Coast | | | (Balance applied to Moving Pictures) | | (Balance applied to Moving Pictures) |
| | | $75,000.00 | | $15,000.00 | |

**Total Purchase Price & Expenses Paid:**        $90,000.00

4

# Film Library Investments
## Moving Picture Factory

| Library Name / Titles | Purchase Info. | Purchase Price | Accounting History-Purchase | Expenses | Accounting History-Expenses |
|---|---|---|---|---|---|
| **Moving Picture Factory** | Sale Agreement dated 10/1/988 between The Moving Picture Factory, Inc. and Santa Monica Holdings Corporation | $320,000.00 | Wire Transfer $20,000.00 from SMP-Citibank to SMP-Chase dated 10/29/98 | $170,000.00 | Creation of Trailers & Promotional Materials 34 @ $5,000.00 each |
| Bad Charleston Charlie | | | Wire Transfer $375,000.00 from SMP-Citibank to SMP-Chase dated 10/29/98 | | Wire Transfer $90,000.00 from SMP-Citibank to Troma Entertainment dated 10/10/98 |
| Bet To Kill | | | | | |
| Media Madman | | | Check# 1010 of SMP-Chase to Moving Picture Factory 10/29/98 for $320,000.00 | | |
| Merchants of Death (a.k.a. B.O.R.N.) | | | | | |
| Reel Horror | | | (Balance applied to Five Stones) | | Check# 1020 of SMP-Chase to Troma Entertainment, Inc. dated 2/2/99 for |
| Street Beat | | | | | |
| Time Wars | | | | | |
| Beverly Hills Broad (a.k.a. Great Parker Madison Show) | | | | | |
| Butchers (a.k.a. Maxi) | | | | | |
| Crazed (a.k.a. Nichole) | | | | | |
| Pigs (a.k.a. Daddy's Girl) | | | | | |
| Savage Abduction | | | | | |
| Seduction of a Nerd (a.k.a. Mother, a.k.a. Toygrabbers) | | | | | |
| Cuba Crossing | | | | | |
| For Love or (of) Mother | | | | | |
| Garden of the Dead | | | | | |
| Grey Matter | | | | | |
| I Stand Condemned | | | | | |
| The Innocents from Hell | | | | | |
| Jet Sex | | | | | |
| Johnny in the Valley of Giants | | | | | |
| Kino, Padre on Horseback (a.k.a. Mission to Glory) | | | | | |
| Knee Dancing | | | | | |
| Night (Knight) of 1000 Cats | | | | | |
| The Nightmare Never Ends | | | | | |
| Redneck County (Crossing) | | | | | |

As of: 1/3/2006

## Film Library Investments
## Moving Picture Factory

As of: 1/3/2006

| Library Name / Titles | Purchase Info. | Purchase Price | Accounting History-Purchase | Expenses | Accounting History-Expenses |
|---|---|---|---|---|---|
| Rip Off | | | | | |
| Tis a Pity She's a Whore | | | | | |
| Up the Chastity Belt | | | | | |
| Utopia | | | | | |
| Wild World of Jane Mansfield | | | | | |
| Christmas Evil | | | | | |
| Rock and Roll Forever | | | | | |
| **Total** | | $320,000.00 | | $170,000.00 | |

**Total Purchase Price & Expenses Paid:**    $490,000.00

Troma/Film~Libraries~with~Cost~Detail.xls/Moving Pix

Page 6

# Film Library Investments
## Santa Monica Pictures US Only Video Library

| Library Name / Titles | Purchase Info. | Purchase Price | Accounting History-Purchase | Expenses | Accounting History-Expenses |
|---|---|---|---|---|---|
| Santa Monica Video / Crown US Video | | | | $103,025.00 | Wire Transfer from SMP-Citibank to SMP-Chase dated 11/6/98 for $50,000.00 |
| Banana Monster (a.k.a. Schlock) | | | | | Check #1013 of SMP-Chase to Troma Entertainment, Inc. for $50,000.00 |
| Fist of Fear | | | | | |
| Astro Zombies | | | | | |
| Battle of the Last Panzer | | | | | |
| Escape from Hell | | | | | Wire Transfer from SMP-Chase to Troma Entertainment, Inc. dated 3/23/99 for $53,025.00 |
| Total | | | | $103,025.00 | |

**Total Purchase Price & Expenses Paid:**            $103,025.00

7

As of : 1/3/2006

# EXHIBIT C*

## 2 of 8

*Personal Information, such as Social Security Numbers, has been redacted.

## Payments to Troma Entertainment & Tromaville.com

| Date | Purchase Amount | Payment Detail |
|---|---|---|
| 4/27/1999 | $300,000.00 | Wire SMP Citibank to Troma Entertainment |
| 6/25/1999 | $200,000.00 | Ch#1018 to Troma Entertainment (Troma Inv. 6/99) |
| 8/17/1999 | $130,000.00 | Ch#1020 to Troma Entertainment (Troma Inv. 8/99) |
| 9/8/2000 | $50,000.00 | Wire Corona to Tromaville, Inc. (MM Acct) |
| 11/6/2000 | $50,000.00 | Wire Corona to Tromaville, Inc. (MM Acct) |
| 1/17/2001 | 50,000 | Wire CWS to Tromaville (MM Acct) (Guar. By PAL) |
| 5/16/2001 | 50,000.00 | Wire PAL to Tromaville.com (MM Acct) (10K Peridon & 40K from PAL) |
| Total | $830,000.00 | |

# Film Library Investments
## Vista Street Library

| Library Name / Titles | Purchase Info. | Purchase Price | Accounting History - Purchase | Expenses | Accounting History - Expenses |
|---|---|---|---|---|---|
| Vista Street | Sales Agreement dated 3/24/99 between Marketing Medica Corporation d/b/a Vista Street Entertainment and Santa Monica Holdings Corporation | $470,000.00 | Wire Transfer from Corona Film Finance Fund, Vista Acct to Vista Street Entertainment dated 4/16/99 for $470,000.00 | $60,000.00 | Ck#1015 of Santa Monica Holdings Corporation to Troma Entertainment for $60,000.00 ($60K transferred from SMP-Chase) |
| Bloodspell | | | | | |
| Body Parts | | | | | |
| Cause of Death | | | | | |
| Crystal Force | | | | | |
| Cybernator | | | | | |
| Dr. Hackenstein | | | | | |
| Eyes of the Serpent | | | | | |
| Fraternity Demon | | | | | |
| Getting Lucky | | | | | |
| Mirror of Death | | | | | |
| No Way Back | | | | | |
| Princess Warrior | | | | | |
| Tale of 2 Sisters | | | | | |
| Time Barbarians | | | | | |
| Underground | | | | | |
| Witchcraft | | | | | |
| Witchcraft II-The Temptress | | | | | |
| Witchcraft III-The Kiss of Death | | | | | |
| Witchcraft IV-The Virgin Heart | | | | | |
| Witchcraft V-Dance with the Devil | | | | | |
| Witchcraft VI-The Devil's Mistress | | | | | |
| Witchcraft VII-A Taste for Blood | | | | | |
| Witchcraft VIII-Salem's Ghost | | | | | |
| Witchcraft IX-The Bitter Flesh | | | | | |
| **Total** | | **$470,000.00** | | **$60,000.00** | |

9

As of: 1/3/2006

## Santa Monica Holdings - Troma Stock Purchase

| Transaction | Documents | Date | Paid | Misc. Info. / Disposition |
|---|---|---|---|---|
| SMH/Troma Stock Purchase | Asset Purchase Agmt. Dated 9/2/99 bet. Troma Entertainment & SMH | 9/3/1999 | $185,000.00 | Wire from SM Holdings to Troma Entertainment 9/3/99 (previously booked as film maintenance expense) |
| | | 9/3/1999 | $485,000.00 | Wire from SM Holdings to Troma Entertainment (previously booked as purchase of Silver Screen Film Library--never purchased) |
| | 1,070.6 shares of Troma Common Stock transferred from Troma to SMH | 9/10/1999 | $1,200,000.00 | Wire from Corona to Troma Entertainment 9/10/99 for Troma-Santa Monica Holdings Partnership Interest |
| | 400 shares of Troma Preferred Stock from Troma to SMH | 9/27/1999 | $350,000.00 | Wire from Corona to Troma Entertainment 9/27/99 for Troma-Santa Monica Holdings Partnership Interest |
| | Additional Stock Purchase (per Perry) | $36,770.00 | $50,000.00 | Wire from Corona to Troma Entertainment 9/8/00 for Investment in Tromaville, Inc. |
| TOTAL CONSIDERATION | | | $2,270,000.00 | |

*Corona provided cost component of SMH C assets required by the C reorg* [handwritten note]

of 85 film titles, for which the Ackerman group paid a total of $1.1 million.

discussions involved: (1) A possible distribution deal between SMHC and Orion in 1997; (2) a possible sale by the Jones Entertainment Group in 1997 of the rights to 5 film titles; (3) negotiations in 1997 with CitiCorp Ventures, which was interested in acquiring a film library for use in its chain of theaters; (4) a possible distribution relationship with UnaPix Entertainment in 1997; (5) negotiations with Comcast Corp., regarding the distribution of SMHC's films in connection with its cable business; (6) a possible acquisition of the Crossroads film library in 1997; (7) negotiations with Atlas Entertainment in 1997 and 1998 regarding the development of a production capacity inside of SMHC; (8) a business proposal to establish an African-American film distribution company with C. O'Neill Brown in 1998; (9) a possible transaction with Reisher Entertainment in 1998; (10) a possible acquisition of the feature film library of the Modern Times Group in 1998; (11) negotiations with Frank Klein, who was president of PEC Israeli Economic Corp. in 1998; (12) negotiations regarding the sale of Polygram Filmed Entertainment in 1998; (13) a possible merger of SMHC with, or acquisition by, Artisan Entertainment in 1998; (14) a possible business venture with Regent Entertainment, Inc. in 1998; (15) negotiations for the purchase of film titles from Silver Screen International and Aries Entertainment, Inc., in 1999; and (16) a possible film deal involving Broadcast.com. in 1999. Petitioner also points to discussions with Alan Cole Ford, formerly of MGM, regarding his acquisition of Paul Kagan Associates.

164

In connection with his purchase of the receivables from SMP in 1997 and 1998, Mr. van Merkensteijn paid a total amount of approximately $1 million to SMP, either as cash downpayments or as principal and interest payments on his notes to SMP. In connection with his purchase of the $79 million receivable, Mr. van Merkensteijn paid approximately $400,000 ($120,000 as a cash down payment and $287,791 as principal and interest on his note). Besides the sales of the receivables, the Ackerman group had other dealings with TroMetro and Mr. van Merkensteijn. For example, on Dec. 7, 1998, SMP purportedly purchased a 50-percent interest in Railcar Management Partners, LLC, which Mr. van Merkensteijn owned, for $1.4 million (approximately the same amount that Mr. van Merkensteijn paid altogether for his purchases of the receivables). Given Mr. van Merkensteijn's close relationship with Mr. Lerner, evidenced in part by his sharing office space with Crown Capital, we cannot foreclose the possibility that SMP funneled back Mr. van Merkensteijn's purchase payments or "financed" TroMetro's purchases of the receivables in 1997 and 1998.

165

Mr. Lerner testified that SMP would receive "A very large payment" for the tax losses, roughly "$15 million."

166

In response to such a contention, the Court of Appeals for the Second Circuit has stated:

Having satisfied the formal requirements of what it sees as the applicable rules, SuCrest urges us to understand its elaborate machinations as a legitimate ploy to hold down taxes and directs us to the maxim that a person is entitled to arrange his taxes so as to pay only that which is due. But, of course, the taxpayer is not permitted to avoid taxes which are due and the invocation of the phrase tells us nothing about what must ultimately be rendered unto the I.R.S. any more than Socrates solved the thorny problems of justice by defining it to require that we give every person his due. [United States v. Ingredient Tech. Corp., 698 F.2d 88, 94 [51 AFTR 2d 83-555] (2d Cir. 1983).]

OMB No. 1545-0099

Form **1065**
Department of the Treasury
Internal Revenue Service

# U.S. Partnership Return of Income

For calendar year 1998, or tax year beginning _____, 1998, and ending _____, _____

**1998**

| | | |
|---|---|---|
| **A** Principal business activity<br>**FINANCE** | Use the IRS label. Other-wise, please print or type. | Name of partnership<br>TROMETRO FILMS, LLC<br>C/O JOHN H. VAN MERKENSTEIJN, III |
| **B** Principal product or service<br>**FILM PRODUCTION** | | Number, street, and room or suite no. (If a P.O. box, see page 10 of the instructions.)<br>777 WEST END AVENUE, SUITE 8E |
| **C** NEW business code no. (see pages 25-27 of instructions)<br>**711300** | | City or town, state, and ZIP code<br>NEW YORK, NY 10025 |

**D** Employer identification number
☐☐☐☐9521

**E** Date business started
12/15/1997

**F** Total assets
$ 4,232,728.

**G** Check applicable boxes: **(1)** ☐ Initial return   **(2)** ☐ Final return   **(3)** ☒ Change in address   **(4)** ☐ Amended return

**H** Check accounting method: **(1)** ☒ Cash   **(2)** ☐ Accrual   **(3)** ☐ Other (specify) ▶ _____

**I** Number of Schedules K-1. Attach one for each person who was a partner at any time during the tax year   ▶   2

**Caution:** Include **only** trade or business income and expenses on lines 1a through 22 below. See the instructions for more information.

| | Income | | | |
|---|---|---|---|---|
| **1 a** | Gross receipts or sales | 1a | | |
| **b** | Less returns and allowances | 1b | | 1c |
| **2** | Cost of goods sold (Schedule A, line 8) | | | 2 |
| **3** | Gross profit. Subtract line 2 from line 1c | | | 3 |
| **4** | Ordinary income (loss) from other partnerships, estates, and trusts (attach schedule) | | | 4 |
| **5** | Net farm profit (loss) (attach Schedule F (Form 1040)) | | | 5 |
| **6** | Net gain (loss) from Form 4797, Part II, line 18 | | | 6 |
| **7** | Other income (loss) (attach schedule) | | | 7 |
| **8** | **Total income (loss).** Combine lines 3 through 7 | | | 8 |

| | Deductions (see instructions for limitations) | | |
|---|---|---|---|
| **9** | Salaries and wages (other than to partners) (less employment credits) | | 9 |
| **10** | Guaranteed payments to partners | | 10 |
| **11** | Repairs and maintenance | | 11 |
| **12** | Bad debts | | 12 |
| **13** | Rent | | 13 |
| **14** | Taxes and licenses          SEE STATEMENT 1 | | 14   272. |
| **15** | Interest | | 15   242,480. |
| **16 a** | Depreciation (if required, attach Form 4562) | 16a | |
| **b** | Less depreciation reported on Schedule A and elsewhere on return | 16b | 16c |
| **17** | Depletion **(Do not deduct oil and gas depletion.)** | | 17 |
| **18** | Retirement plans, etc. | | 18 |
| **19** | Employee benefit programs | | 19 |
| **20** | Other deductions (attach schedule)          SEE STATEMENT 2 | | 20   3,555. |
| **21** | **Total deductions.** Add the amounts shown in the far right column for lines 9 through 20 | | 21   246,307. |
| **22** | **Ordinary income (loss)** from trade or business activities. Subtract line 21 from line 8 | | 22   <246,307.> |

**Please Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than general partner or limited liability company member) is based on all information of which preparer has any knowledge.

Signature of general partner or limited liability company member          Date

| Paid Preparer's Use Only | Preparer's signature ▶ | Date 09/23/99 | Check if self-employed ▶ ☐ | Preparer's social security no. |
|---|---|---|---|---|
| | Firm's name (or yours if self-employed) and address ▶ | GRANT THORNTON LLP<br>2 HOPKINS PLAZA, SUITE 700<br>BALTIMORE, MARYLAND | | EIN ☐☐☐5558<br>ZIP code ▶21201-2909 |

JWA   **For Paperwork Reduction Act Notice, see separate instructions.**

811001
11-17-98

Form **1065** (1998)

Form 1065 (1998)  TROMETRO FILMS, LLC C/O JOHN H. VAN MERK  79521  Page **2**

## Schedule A | Cost of Goods Sold

| | | | |
|---|---|---|---|
| 1 | Inventory at beginning of year | 1 | |
| 2 | Purchases less cost of items withdrawn for personal use | 2 | |
| 3 | Cost of labor | 3 | |
| 4 | Additional section 263A costs *(attach schedule)* | 4 | |
| 5 | Other costs *(attach schedule)* | 5 | |
| 6 | **Total**. Add lines 1 through 5 | 6 | |
| 7 | Inventory at end of year | 7 | |
| 8 | **Cost of goods sold**. Subtract line 7 from line 6. Enter here and on page 1, line 2 | 8 | |

**9 a** Check all methods used for valuing closing inventory:

    (i) ☐ Cost as described in Regulations section 1.471-3

    (ii) ☐ Lower of cost or market as described in Regulations section 1.471-4

    (iii) ☐ Other (specify method used and attach explanation) ▶

**b** Check this box if there was a writedown of "subnormal" goods as described in Regulations section 1.471-2(c) ............ ▶ ☐

**c** Check this box if the LIFO inventory method was adopted this tax year for any goods *(if checked, attach Form 970)* ....... ▶ ☐

**d** Do the rules of section 263A (for property produced or acquired for resale) apply to the partnership? ........ ☐ Yes ☐ No

**e** Was there any change in determining quantities, cost, or valuations between opening and closing inventory? ........ ☐ Yes ☐ No

    If "Yes," attach explanation.

## Schedule B | Other Information

| | | Yes | No |
|---|---|---|---|
| 1 | What type of entity is filing this return? Check the applicable box: | | |
| | **a** ☐ General partnership   **b** ☐ Limited partnership   **c** ☒ Limited liability company | | |
| | **d** ☐ Limited liability partnership   **e** ☐ Other ▶ | | |
| 2 | Are any partners in this partnership also partnerships? | | X |
| 3 | Is this partnership a partner in another partnership? | | X |
| 4 | Is this partnership subject to the consolidated audit procedures of sections 6221 through 6233? If "Yes," see | | |
| | **Designation of Tax Matters Partner** below | | X |
| 5 | Does this partnership meet **ALL THREE** of the following requirements? | | |
| | **a** The partnership's total receipts for the tax year were less than $250,000; | | |
| | **b** The partnership's total assets at the end of the tax year were less than $600,000; **AND** | | |
| | **c** Schedules K-1 are filed with the return and furnished to the partners on or before the due date (including extensions) for the partnership | | |
| | return. | | |
| | If "Yes," the partnership is not required to complete Schedules L, M-1, and M-2; Item F on page 1 of Form 1065; | | |
| | or Item J on Schedule K-1 | | X |
| 6 | Does this partnership have any foreign partners? | | X |
| 7 | Is this partnership a publicly traded partnership as defined in section 469(k)(2)? | | X |
| 8 | Has this partnership filed, or is it required to file, **Form 8264**, Application for Registration of a Tax Shelter? | | X |
| 9 | At any time during the calendar year 1998, did the partnership have an interest in or a signature or other authority over a financial account in | | |
| | a foreign country (such as a bank account, securities account, or other financial account)? | | |
| | (See the instructions for exceptions and filing requirements for Form TD F 90-22.1.) | | |
| | If "Yes," enter the name of the foreign country. ▶ | | X |
| 10 | During the tax year, did the partnership receive a distribution from, or was it the grantor of, or transferor to, a foreign trust? | | |
| | If "Yes," the partnership may have to file Form 3520 or 926. See page 15 of the instructions | | X |
| 11 | Was there a distribution of property or a transfer (e.g., by sale or death) of a partnership interest during the tax year? | | |
| | If "Yes," you may elect to adjust the basis of the partnership's assets under section 754 by attaching the statement described | | |
| | under **Elections Made By the Partnership** in the instructions | | X |

## Designation of Tax Matters Partner

Enter below the general partner designated as the tax matters partner (TMP) for the tax year of this return:

| | | |
|---|---|---|
| Name of designated TMP ▶ | JOHN H. VAN MERKENSTEIJN, III | Identifying number of TMP ▶ ███ –7430 |
| Address of designated TMP ▶ | 777 WEST END AVENUE, SUITE 8E<br>NEW YORK, NY 10024 | |

811011
11-17-98

Form 1065 (1998)    TROMETRO FILMS, LLC C/O JOHN H. VAN MERR    79521    Page 3

| Schedule K | Partners' Shares of Income, Credits, Deductions, etc. | | | |
|---|---|---|---|---|
| | **(a) Distributive share items** | | | **(b) Total amount** |

| | | | | | |
|---|---|---|---|---|---|
| **Income (Loss)** | 1 | Ordinary income (loss) from trade or business activities (page 1, line 22) | | 1 | <246,307.> |
| | 2 | Net income (loss) from rental real estate activities (attach Form 8825) | | 2 | |
| | 3a | Gross income from other rental activities | 3a | | |
| | b | Expenses from other rental activities (attach schedule) | 3b | | |
| | c | Net income (loss) from other rental activities. Subtract line 3b from line 3a | | 3c | |
| | 4 | Portfolio income (loss): | | | |
| | a | Interest income | | 4a | |
| | b | Ordinary dividends | | 4b | |
| | c | Royalty income | | 4c | |
| | d | Net short-term capital gain (loss) (attach Schedule D (Form 1065)) | | 4d | |
| | e | Net long-term capital gain (loss) (attach Schedule D (Form 1065)): | | | |
| | | (1) 28% rate gain (loss) ▶ ___ (2) Total for year ▶ | | 4e(2) | |
| | f | Other portfolio income (loss) (attach schedule) | | 4f | |
| | 5 | Guaranteed payments to partners | | 5 | |
| | 6 | Net section 1231 gain (loss) (other than due to casualty or theft) (attach Form 4797) | | 6 | |
| | 7 | Other income (loss) (attach schedule) | | 7 | |
| **Deductions** | 8 | Charitable contributions (attach schedule) | | 8 | |
| | 9 | Section 179 expense deduction (attach Form 4562) | | 9 | |
| | 10 | Deductions related to portfolio income (itemize) | | 10 | |
| | 11 | Other deductions (attach schedule) | | 11 | |
| **Credits** | 12a | Low-income housing credit: | | | |
| | | (1) From partnerships to which section 42(j)(5) applies for property placed in service before 1990 | | 12a(1) | |
| | | (2) Other than on line 12a(1) for property placed in service before 1990 | | 12a(2) | |
| | | (3) From partnerships to which section 42(j)(5) applies for property placed in service after 1989 | | 12a(3) | |
| | | (4) Other than on line 12a(3) for property placed in service after 1989 | | 12a(4) | |
| | b | Qualified rehabilitation expenditures related to rental real estate activities (attach Form 3468) | | 12b | |
| | c | Credits (other than credits shown on lines 12a and 12b) related to rental real estate activities | | 12c | |
| | d | Credits related to other rental activities | | 12d | |
| | 13 | Other credits | | 13 | |
| **Invest-ment Interest** | 14a | Interest expense on investment debts | | 14a | |
| | b (1) | Investment income included on lines 4a, 4b, 4c, and 4f above | | 14b(1) | |
| | (2) | Investment expenses included on line 10 above | | 14b(2) | |
| **Self-Employ-ment** | 15a | Net earnings (loss) from self-employment | | 15a | 0. |
| | b | Gross farming or fishing income | | 15b | |
| | c | Gross nonfarm income | | 15c | |
| **Adjustments and Tax Preference Items** | 16a | Depreciation adjustment on property placed in service after 1986 | | 16a | |
| | b | Adjusted gain or loss | | 16b | |
| | c | Depletion (other than oil and gas) | | 16c | |
| | d (1) | Gross income from oil, gas, and geothermal properties | | 16d(1) | |
| | (2) | Deductions allocable to oil, gas, and geothermal properties | | 16d(2) | |
| | e | Other adjustments and tax preference items (attach schedule) | | 16e | |
| **Foreign Taxes** | 17a | Type of income ▶ | | | |
| | b | Name of foreign country or U.S. possession ▶ | | | |
| | c | Total gross income from sources outside the United States (attach schedule) | | 17c | |
| | d | Total applicable deductions and losses (attach schedule) | | 17d | |
| | e | Total foreign taxes (check one): ▶ ☐ Paid ☐ Accrued | | 17e | |
| | f | Reduction in taxes available for credit (attach schedule) | | 17f | |
| | g | Other foreign tax information (attach schedule) | | 17g | |
| **Other** | 18 | Section 59(e)(2) expenditures: a Type ▶ ___ b Amount ▶ | | 18b | |
| | 19 | Tax-exempt interest income | | 19 | |
| | 20 | Other tax-exempt income | | 20 | |
| | 21 | Nondeductible expenses | | 21 | |
| | 22 | Distributions of money (cash and marketable securities) | | 22 | 5,163. |
| | 23 | Distributions of property other than money | | 23 | |
| | 24 | Other items and amounts required to be reported separately to partners (attach schedule) | | | |

811021
12-01-98

09031202    098652    79521    092    TROMETRO FILMS, LLC C/O JOHN H    97951

Form 1065 (1998)    TROMETRO FILMS, LLC C/O JOHN H. VAN MERR    9521    Page 4

## Analysis of Net Income (Loss)

**1** Net income (loss). Combine Schedule K, lines 1 through 7 in column (b). From the result, subtract the sum of Schedule K, lines 8 through 11, 14a, 17e, and 18b ........ **1** **<246,307.>**

**2** Analysis by partner type:

| | (i) Corporate | (ii) Individual (active) | (iii) Individual (passive) | (iv) Partnership | (v) Exempt organization | (vi) Nominee/Other |
|---|---|---|---|---|---|---|
| **a** General partners | | | | | | |
| **b** Limited partners | <2,463.> | | <243,844.> | | | |

## Schedule L    Balance Sheets per Books (Not required if Question 5 on Schedule B is answered "Yes.")

| | | Beginning of tax year | | End of tax year | |
|---|---|---|---|---|---|
| **Assets** | (a) | (b) | (c) | (d) |
| **1** Cash | | | 10,000. | | 9,728. |
| **2a** Trade notes and accounts receivable | | | | | |
| **b** Less allowance for bad debts | | | | | |
| **3** Inventories | | | | | |
| **4** U.S. government obligations | | | | | |
| **5** Tax-exempt securities | | | | | |
| **6** Other current assets (attach schedule) | | | | | |
| **7** Mortgage and real estate loans | | | | | |
| **8** Other investments (attach schedule) | STATEMENT 3 | | 3,658,000. | | 4,223,000. |
| **9a** Buildings and other depreciable assets | | | | | |
| **b** Less accumulated depreciation | | | | | |
| **10a** Depletable assets | | | | | |
| **b** Less accumulated depletion | | | | | |
| **11** Land (net of any amortization) | | | | | |
| **12a** Intangible assets (amortizable only) | | | | | |
| **b** Less accumulated amortization | | | | | |
| **13** Other assets (attach schedule) | | | | | |
| **14** Total assets | | | 3,668,000. | | 4,232,728. |
| **Liabilities and Capital** | | | | | |
| **15** Accounts payable | | | | | 3,555. |
| **16** Mortgages, notes, bonds payable in less than 1 year | | | | | |
| **17** Other current liabilities (attach schedule) | | | | | |
| **18** All nonrecourse loans | | | | | |
| **19** Mortgages, notes, bonds payable in 1 year or more | | | | | |
| **20** Other liabilities (attach schedule) | STATEMENT 4 | | 3,308,000. | | 3,120,643. |
| **21** Partners' capital accounts | | | 360,000. | | 1,108,530. |
| **22** Total liabilities and capital | | | 3,668,000. | | 4,232,728. |

## Schedule M-1    Reconciliation of Income (Loss) per Books With Income (Loss) per Return
(Not required if Question 5 on Schedule B is answered "Yes." See page 23 of the instructions.)

| | | | | |
|---|---|---|---|---|
| **1** Net income (loss) per books | <246,307.> | **6** Income recorded on books this year not included on Schedule K, lines 1 through 7 (itemize): | |
| **2** Income included on Schedule K, lines 1 through 4, 6, and 7, not recorded on books this year (itemize): | | **a** Tax-exempt interest $ | |
| **3** Guaranteed payments (other than health insurance) | | **7** Deductions included on Schedule K, lines 1 through 11, 14a, 17e, and 18b, not charged against book income this year (itemize): | |
| **4** Expenses recorded on books this year not included on Schedule K, lines 1 through 11, 14a, 17e, and 18b (itemize): | | **a** Depreciation $ | |
| **a** Depreciation $ | | | |
| **b** Travel and entertainment $ | | **8** Add lines 6 and 7 | |
| | | **9** Income (loss) (Analysis of Net Income (Loss), line 1). Subtract line 8 from line 5 | <246,307.> |
| **5** Add lines 1 through 4 | <246,307.> | | |

## Schedule M-2    Analysis of Partners' Capital Accounts (Not required if Question 5 on Schedule B is answered "Yes.")

| | | | | |
|---|---|---|---|---|
| **1** Balance at beginning of year | 360,000. | **6** Distributions: **a** Cash | 5,163. |
| **2** Capital contributed during year | 1,000,000. | **b** Property | |
| **3** Net income (loss) per books | <246,307.> | **7** Other decreases (itemize): | |
| **4** Other increases (itemize): | | | |
| | | **8** Add lines 6 and 7 | 5,163. |
| **5** Add lines 1 through 4 | 1,113,693. | **9** Balance at end of year. Subtract line 8 from line 5 | 1,108,530. |

811041
11-17-98

09031202    098652    9521    092    TROMETRO FILMS, LLC C/O JOHN H    7951

TROMETRO FILMS, LLC C/O JOHN H. VAN MERK                                9521

---

| FORM 1065 | TAX EXPENSE | STATEMENT | 1 |
|---|---|---|---|

| DESCRIPTION | AMOUNT |
|---|---|
| LICENSES AND FEES | 272. |
| TOTAL TO FORM 1065, LINE 14 | 272. |

---

| FORM 1065 | OTHER DEDUCTIONS | STATEMENT | 2 |
|---|---|---|---|

| DESCRIPTION | AMOUNT |
|---|---|
| OTHER EXPENSES | 3,555. |
| TOTAL TO FORM 1065, LINE 20 | 3,555. |

---

| SCHEDULE L | OTHER INVESTMENTS | STATEMENT | 3 |
|---|---|---|---|

| DESCRIPTION | BEGINNING OF TAX YEAR | END OF TAX YEAR |
|---|---|---|
| NOTE RECEIVABLE - SANTA MONICA HOLDINGS (CORONA) | 1,144,000. | 1,144,000. |
| NOTE RECEIVABLE - SANTA MONICA HOLDINGS (SMP) | 2,514,000. | 2,929,000. |
| INVESTMENT IN ACTION ENTERTAINMENT COMPANY | 0. | 150,000. |
| TOTAL TO SCHEDULE L, LINE 8 | 3,658,000. | 4,223,000. |

---

| SCHEDULE L | OTHER LIABILITIES | STATEMENT | 4 |
|---|---|---|---|

| DESCRIPTION | BEGINNING OF TAX YEAR | END OF TAX YEAR |
|---|---|---|
| NOTE PAYABLE - CORONA FILM FINANCE FUND | 1,024,000. | 818,809. |
| NOTE PAYABLE - SANTA MONICA PICTURES LLC | 2,284,000. | 2,151,834. |
| NOTE PAYABLE - IFG FILM FINANCE | | 150,000. |
| TOTAL TO SCHEDULE L, LINE 20 | 3,308,000. | 3,120,643. |

---

## CORONA FILM FINANCE FUND, LLC

ency Only (GLPPJ02)

| rd. | Yr. | Source Code | Reference | Description | Debits | Credits |
|---|---|---|---|---|---|---|
| | | | | | | 21,961.21 |
| | | | | | | 52,700.13 |
| | | | | | | 42,558.35 |
| 5 | 1999 | GL-CL | CLOSING ENTRY | CLOSING ENTRY | | 6,724.22 |
| 5 | 1999 | GL-CL | CLOSING ENTRY | CLOSING ENTRY | | 78,768,955.00 |
| 5 | 1999 | GL-CL | CLOSING ENTRY | CLOSING ENTRY | 800.00 | |
| 15 | 1999 | GL-CL | CLOSING ENTRY | CLOSING ENTRY | | 49,656.45 |
| 15 | 1997 | GL-CL | CLOSING ENTRY | CLOSING ENTRY | | |
| 15 | 1999 | GL-CL | CLOSING ENTRY | CLOSING ENTRY | 25,395.83 | |
| 15 | 1999 | GL-CL | CLOSING ENTRY | CLOSING ENTRY | 100.00 | |
| 15 | 1999 | GL-CL | CLOSING ENTRY | CLOSING ENTRY | | 54,877.96 |
| 15 | 1999 | GL-CL | CLOSING ENTRY | CLOSING ENTRY | 1,175.00 | |
| 15 | 1999 | GL-CL | CLOSING ENTRY | CLOSING ENTRY | | 55,899.15 |
| 15 | 1999 | GL-CL | CLOSING ENTRY | CLOSING ENTRY | 25.00 | |
| 15 | 1999 | GL-CL | CLOSING ENTRY | CLOSING ENTRY | 616.55 | |
| 15 | 1999 | GL-CL | CLOSING ENTRY | CLOSING ENTRY | | 60,065.45 |
| 15 | 1999 | GL-CL | CLOSING ENTRY | CLOSING ENTRY | | 49,104.60 |
| 15 | 1999 | GL-CL | CLOSING ENTRY | CLOSING ENTRY | | 12,179.07 |
| 9 15 | 1999 | GL-CL | CLOSING ENTRY | CLOSING ENTRY | | |
| 9 15 | 1999 | GL-CL | CLOSING ENTRY | CLOSING ENTRY | 1,250.00 | |
| 9 15 | 1999 | GL-CL | CLOSING ENTRY | CLOSING ENTRY | | 33,744.61 |
| 99 15 | 1999 | GL-CL | CLOSING ENTRY | CLOSING ENTRY | | 23,916.84 |
| 99 15 | 1999 | GL-CL | CLOSING ENTRY | CLOSING ENTRY | | 39,122.33 |
| 99 15 | 1999 | GL-CL | CLOSING ENTRY | CLOSING ENTRY | | 18,271.01 |
| 99 15 | 1999 | GL-CL | CLOSING ENTRY | CLOSING ENTRY | 351.00 | |
| 99 15 | 1999 | GL-CL | CLOSING ENTRY | CLOSING ENTRY | | 37,234.33 |
| 99 15 | 1999 | GL-CL | CLOSING ENTRY | CLOSING ENTRY | | 18,203.16 |
| 99 15 | 1999 | GL-CL | CLOSING ENTRY | CLOSING ENTRY | 125.00 | |
| 99 | | GL-CL | CLOSING ENTRY | CLOSING ENTRY | | 56,047.01 |
| 999 15 | | GL-CL | CLOSING ENTRY | CLOSING ENTRY | | |
| 999 15 | | GL-CL | CLOSING ENTRY | CLOSING ENTRY | | |
| | | | | **Account Total:** | **52,054.58** | **80,020,414.12** |

### Santa Monica Pictures LLC

| | | | | | Debits | Credits |
|---|---|---|---|---|---|---|
| | | | | Santa Monica Pictures, LLC | 585,000.00 | 7,000,000.00 |
| 1998 12 | 1998 | GL-CT | Wire Tfr | Santa Monica Pictures, LLC | | |
| 1998 12 | 1998 | GL-CT | Wire Tfr | Y/E Alloc-Loss on Sale of Nts | 4,097,577.00 | |
| 1997 12 | 1997 | GL-JE | | Vista Street Entertainment Inc | 470,000.00 | |
| 1999 04 | 1999 | GL-CT | Wire tfr | Troma Entertainment Inc | 350,000.00 | |
| 1999 09 | 1999 | GL-CD | Wire tfr | Troma Entertainment Inc | 1,200,000.00 | |
| 1999 09 | 1999 | GL-CD | Wire tfr | Tromaville Inc/SMHldgs Inc | 1,000,000.00 | |
| 1999 11 | 1999 | GL-CD | Wire tfr | | | |
| | | | | **Account Total:** | **7,702,577.00** | **7,000,000.00** |

**SCHEDULE K-1**
**(Form 1065)**
Department of the Treasury
Internal Revenue Service

**Partner's Share of Income, Credits, Deductions, etc.**

For calendar year 2001 or tax year
beginning _____ , and ending _____

OMB No. 1545-0099

**2001**

Partner's identifying number ▶ ████████78085

Partnership's identifying number ▶ ████████79762

| Partner's name, address, and ZIP code | Partnership's name, address, and ZIP code |
|---|---|
| CORONA FILM FINANCE FUND, LLC<br>C/O DONALD G. LEVE<br>11500 WEST OLYMPIC BOULEVARD<br>LOS ANGELES, CA 90064 | IFG FILM FINANCE FUND, LLC<br>C/O ROCKPORT CAPITAL, INC.<br>1919 PENNSYLVANIA AVENUE N.W., SUITE 725<br>WASHINGTON, DC 20001 |

**A** This partner is a ☐ general partner ☐ limited partner
☒ limited liability company member

**B** What type of entity is this partner? ▶ LIM. LIAB. CO.

**C** Is this partner a ☒ domestic or a ☐ foreign partner?

**D** Enter partner's percentage of:

| | (i) Before change or termination | (ii) End of year |
|---|---|---|
| Profit sharing | _____ % | 49.8181818 % |
| Loss sharing | _____ % | 49.8181818 % |
| Ownership of capital | 91.0493882 % | 0.0000000 % |

**E** IRS Center where partnership filed return: CINCINNATI, OH

**F** Partner's share of liabilities:

| | |
|---|---|
| Nonrecourse | $ _____ |
| Qualified nonrecourse financing | $ _____ |
| Other | $ 0. |

**G** Tax shelter registration number ▶ _____

**H** Check here if this partnership is a publicly traded partnership as defined in section 469(k)(2) ☐

**I** Check applicable boxes: (1) ☐ Final K-1 (2) ☐ Amended K-1

**J** Analysis of partner's capital account:

| (a) Capital account at beginning of year | (b) Capital contributed during year | (c) Partner's share of lines 3, 4, and 7, Form 1065, Schedule M-2 | (d) Withdrawals and distributions | (e) Capital account at end of year (combine columns (a) through (d)) |
|---|---|---|---|---|
| 2,193,652. | | <1,576.> ( | | 2,192,076. |

| | | (a) Distributive share item | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|---|
| **Income (Loss)** | 1 | Ordinary income (loss) from trade or business activities | <1,845.> | See page 6 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | 2 | Net income (loss) from rental real estate activities | | |
| | 3 | Net income (loss) from other rental activities | | |
| | 4 | Portfolio income (loss): **a** Interest | | Sch. B, Part I, line 1 |
| | **b** | Ordinary dividends | 269. | Sch. B, Part II, line 5 |
| | **c** | Royalties | | Sch. E, Part I, line 4 |
| | **d** | Net short-term capital gain (loss) | | Sch. D, line 5, col. (f) |
| | **e** | (1) Net long-term capital gain (loss) | | Sch. D, line 12, col. (f) |
| | | (2) 28% rate gain (loss) | | Sch. D, line 12, col. (g) |
| | | (3) Qualified 5-year gain | | Line 4 of worksheet for Sch. D, line 29 |
| | **f** | Other portfolio income (loss) (attach schedule) | | Enter on applicable line of your return |
| | 5 | Guaranteed payments to partner | | See page 6 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | 6 | Net sec. 1231 gain (loss) (other than casualty or theft) | | |
| | 7 | Other income (loss) (attach schedule) | | Enter on applicable line of your return |
| **Deductions** | 8 | Charitable contributions (attach schedule) | | Sch. A, line 15 or 16 |
| | 9 | Section 179 expense deduction | | See pages 7 and 8 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | 10 | Deductions related to portfolio income (attach schedule) | | |
| | 11 | Other deductions (attach schedule) | | |
| **Credits, Investment Interest & S.E.** | 13 | Other credits | | (Enter on applicable lines of your return) |
| | 14 **a** | Interest expense on investment debts | | Form 4952, line 1 |
| | **b**(1) | Investment income included on lines 4a, 4b, 4c, and 4f above | 269. | See page 9 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | (2) | Investment expenses included on line 10 above | | |
| | 15 **a** | Net earnings (loss) from self-employment | 0. | Sch. SE, Section A or B |
| | **b** | Gross farming or fishing income | | See page 9 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | **c** | Gross nonfarm income | | |
| **Adjustments and Tax Preference** | 16 **a** | Depreciation adjustment on property placed in service after 1986 | | See Partner's Instructions for Schedule K-1 (Form 1065) and Instructions for Form 6251 |
| | **b** | Adjusted gain or loss | | |
| | **c** | Other adjustments and tax preference items (attach schedule) | | |
| **Other** | 19 | Tax-exempt interest income | | Form 1040, line 8b |
| | 20 | Other tax-exempt income | | See pages 9 and 10 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | 21 | Nondeductible expenses | | |
| | 22 | Distributions of money (cash and marketable securities) | | |
| | 23 | Distributions of property other than money | | |

JWA   **For Paperwork Reduction Act Notice, see Form 1065 Instructions.**   No Information Required for Page 2   Schedule K-1 (Form 1065) 2001

111161
01-22-02

SCHEDULE K-1                    COLUMN C RECONCILIATION

| DESCRIPTION | AMOUNT |
|---|---|
| ORDINARY INCOME (LOSS) | <1,845.> |
| DIVIDEND INCOME | 269. |
| TOTAL TO SCHEDULE K-1, ITEM J, COLUMN C | <1,576.> |

**SCHEDULE K-1** **Partner's Share of Income, Credits, Deductions, etc.**
**(Form 1065)**
Department of the Treasury
Internal Revenue Service

For calendar year 2001 or tax year

beginning _____ , and ending _____

OMB No. 1545-0099

**2001**

Partner's identifying number ▶ _____ –9618
Partnership's identifying number ▶ _____ 79762

Partner's name, address, and ZIP code

DAVID ISHAG
C/O CROWN CAPITAL GROUP
660 MADISON AVENUE, 15TH FLOOR
NEW YORK, NY 10021

Partnership's name, address, and ZIP code

IFG FILM FINANCE FUND, LLC
C/O ROCKPORT CAPITAL, INC.
1919 PENNSYLVANIA AVENUE N.W., SUITE 725
WASHINGTON, DC 20001

**A** This partner is a ☐ general partner ☐ limited partner
☒ limited liability company member

**B** What type of entity is this partner? ▶ INDIVIDUAL

**C** Is this partner a ☒ domestic or a ☐ foreign partner?

**D** Enter partner's percentage of:
| | (i) Before change or termination | (ii) End of year |
|---|---|---|
| Profit sharing | 0.0909091 % | % |
| Loss sharing | 0.0909091 % | % |
| Ownership of capital | 4.4408353 % | 0.0000000 % |

**E** IRS Center where partnership filed return: CINCINNATI, OH

**F** Partner's share of liabilities:
Nonrecourse ........................... $ _____
Qualified nonrecourse financing .... $ _____
Other ................................... $ 0.

**G** Tax shelter registration number ▶ _____

**H** Check here if this partnership is a publicly traded partnership
as defined in section 469(k)(2) ............... ☐

**I** Check applicable boxes: **(1)** ☐ Final K-1 **(2)** ☐ Amended K-1

**J** Analysis of partner's capital account:

| (a) Capital account at beginning of year | (b) Capital contributed during year | (c) Partner's share of lines 3, 4, and 7, Form 1065, Schedule M-2 | (d) Withdrawals and distributions | (e) Capital account at end of year (combine columns (a) through (d)) |
|---|---|---|---|---|
| 106,993. | | <3.> | 1,107,647.） | <1,000,657.> |

| | | (a) Distributive share item | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|---|
| Income (Loss) | 1 | Ordinary income (loss) from trade or business activities | <4.> | See page 6 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | 2 | Net income (loss) from rental real estate activities | | |
| | 3 | Net income (loss) from other rental activities | | |
| | 4 | Portfolio income (loss): **a** Interest | | Sch. B, Part I, line 1 |
| | **b** | Ordinary dividends | 1. | Sch. B, Part II, line 5 |
| | **c** | Royalties | | Sch. E, Part I, line 4 |
| | **d** | Net short-term capital gain (loss) | | Sch. D, line 5, col. (f) |
| | **e** | **(1)** Net long-term capital gain (loss) | | Sch. D, line 12, col. (f) |
| | | **(2)** 28% rate gain (loss) | | Sch. D, line 12, col. (g) |
| | | **(3)** Qualified 5-year gain | | Line 4 of worksheet for Sch. D, line 29 |
| | **f** | Other portfolio income (loss) (attach schedule) | | Enter on applicable lines of your return |
| | 5 | Guaranteed payments to partner | | See page 6 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | 6 | Net sec. 1231 gain (loss) (other than casualty or theft) | | |
| | 7 | Other income (loss) (attach schedule) | | Enter on applicable line of your return |
| Deduc-tions | 8 | Charitable contributions (attach schedule) | | Sch. A, line 15 or 16 |
| | 9 | Section 179 expense deduction | | See pages 7 and 8 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | 10 | Deductions related to portfolio income (attach schedule) | | |
| | 11 | Other deductions (attach schedule) | | |
| Credits, Investment Interest & S.E. | 13 | Other credits | | (Enter on applicable lines of your return) |
| | 14 **a** | Interest expense on investment debts | | Form 4952, line 1 |
| | **b**(1) | Investment income included on lines 4a, 4b, 4c, and 4f above | 1. | See page 9 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | (2) | Investment expenses included on line 10 above | | |
| | 15 **a** | Net earnings (loss) from self-employment | 0. | Sch. SE, Section A or B |
| | **b** | Gross farming or fishing income | | See page 9 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | **c** | Gross nonfarm income | | |
| Adjustments and Tax Preference | 16 **a** | Depreciation adjustment on property placed in service after 1986 | | See Partner's Instructions for Schedule K-1 (Form 1065) and Instructions for Form 6251 |
| | **b** | Adjusted gain or loss | | |
| | **c** | Other adjustments and tax preference items (attach schedule) | | |
| Other | 19 | Tax-exempt interest income | | Form 1040, line 8b |
| | 20 | Other tax-exempt income | | See pages 9 and 10 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | 21 | Nondeductible expenses | | |
| | 22 | Distributions of money (cash and marketable securities) | 1,107,647. | |
| | 23 | Distributions of property other than money | | |

JWA For Paperwork Reduction Act Notice, see Form 1065 Instructions.

No Information Required for Page 2 Schedule K-1 (Form 1065) 2001

**3**

111161
01-22-02

15310930 098652 _____ 9762 2001.09000 IFG FILM FINANCE FUND, LLC _____ 7971

SCHEDULE K-1                    COLUMN C RECONCILIATION

| DESCRIPTION | AMOUNT |
|---|---|
| ORDINARY INCOME (LOSS) | <4.> |
| DIVIDEND INCOME | 1. |
| TOTAL TO SCHEDULE K-1, ITEM J, COLUMN C | <3.> |

**SCHEDULE K-1** **Partner's Share of Income, Credits, Deductions, etc.**  OMB No. 1545-0099
**(Form 1065)**
Department of the Treasury
Internal Revenue Service

For calendar year 2001 or tax year
beginning _____, and ending _____

**2001**

Partner's identifying number ▶ _____–8231  Partnership's identifying number ▶ _____79762

Partner's name, address, and ZIP code

MARK SEILER
C/O CROWN CAPITAL GROUP
660 MADISON AVENUE, 15TH FLOOR
NEW YORK, NY 10021

Partnership's name, address, and ZIP code

IFG FILM FINANCE FUND, LLC
C/O ROCKPORT CAPITAL, INC.
1919 PENNSYLVANIA AVENUE N.W., SUITE 725
WASHINGTON, DC 20001

**A** This partner is a ☐ general partner ☐ limited partner
☒ limited liability company member

**B** What type of entity is this partner? ▶ INDIVIDUAL

**C** Is this partner a ☒ domestic or a ☐ foreign partner?

**D** Enter partner's

| | (i) Before change or termination | (ii) End of year |
|---|---|---|
| percentage of: | | |
| Profit sharing ....... % | 0.0909091% | |
| Loss sharing ....... % | 0.0909091% | |
| Ownership of capital 4.4409183% | 0.0000000% | |

**E** IRS Center where partnership filed return: CINCINNATI, OH

**F** Partner's share of liabilities:
Nonrecourse ............... $ _____
Qualified nonrecourse financing ... $ _____
Other .................... $ 0.

**G** Tax shelter registration number ▶ _____

**H** Check here if this partnership is a publicly traded partnership
as defined in section 469(k)(2) ..... ☐

**I** Check applicable boxes: (1) ☐ Final K-1 (2) ☐ Amended K-1

**J** Analysis of partner's capital account:

| (a) Capital account at beginning of year | (b) Capital contributed during year | (c) Partner's share of lines 3, 4, and 7, Form 1065, Schedule M-2 | (d) Withdrawals and distributions | (e) Capital account at end of year (combine columns (a) through (d)) |
|---|---|---|---|---|
| 106,995. | | <3.> | 1,107,647. ) | <1,000,655.> |

| | | (a) Distributive share item | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|---|
| Income (Loss) | 1 | Ordinary income (loss) from trade or business activities ... | <3.> | See page 6 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | 2 | Net income (loss) from rental real estate activities ... | | |
| | 3 | Net income (loss) from other rental activities ... | | |
| | 4 | Portfolio income (loss): a Interest ... | | Sch. B, Part I, line 1 |
| | b | Ordinary dividends ... | | Sch. B, Part II, line 5 |
| | c | Royalties ... | | Sch. E, Part I, line 4 |
| | d | Net short-term capital gain (loss) ... | | Sch. D, line 5, col. (f) |
| | e | (1) Net long-term capital gain (loss) ... | | Sch. D, line 12, col. (f) |
| | | (2) 28% rate gain (loss) ... | | Sch. D, line 12, col. (g) |
| | | (3) Qualified 5-year gain ... | | Line 4 of worksheet for Sch. D, line 29 |
| | f | Other portfolio income (loss) (attach schedule) ... | | Enter on applicable lines of your return |
| | 5 | Guaranteed payments to partner ... | | See page 6 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | 6 | Net sec. 1231 gain (loss) (other than casualty or theft) ... | | |
| | 7 | Other income (loss) (attach schedule) ... | | Enter on applicable line of your return |
| Deductions | 8 | Charitable contributions (attach schedule) ... | | Sch. A, line 15 or 16 |
| | 9 | Section 179 expense deduction ... | | See pages 7 and 8 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | 10 | Deductions related to portfolio income (attach schedule) ... | | |
| | 11 | Other deductions (attach schedule) ... | | |
| Credits, Investment Interest & S.E. | 13 | Other credits ... | | (Enter on applicable lines of your return) |
| | 14 a | Interest expense on investment debts ... | | Form 4952, line 1 |
| | b (1) | Investment income included on lines 4a, 4b, 4c, and 4f above ... | | See page 9 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | (2) | Investment expenses included on line 10 above ... | | |
| | 15 a | Net earnings (loss) from self-employment ... | 0. | Sch. SE, Section A or B |
| | b | Gross farming or fishing income ... | | See page 9 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | c | Gross nonfarm income ... | | |
| Adjustments and Tax Preference | 16 a | Depreciation adjustment on property placed in service after 1986 ... | | See Partner's Instructions for Schedule K-1 (Form 1065) and Instructions for Form 6251 |
| | b | Adjusted gain or loss ... | | |
| | e | Other adjustments and tax preference items (attach schedule) ... | | |
| Other | 19 | Tax-exempt interest income ... | | Form 1040, line 8b |
| | 20 | Other tax-exempt income ... | | See pages 9 and 10 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | 21 | Nondeductible expenses ... | | |
| | 22 | Distributions of money (cash and marketable securities) ... | 1,107,647. | |
| | 23 | Distributions of property other than money ... | | |

JWA  For Paperwork Reduction Act Notice, see Form 1065 instructions.  No Information Required for Page 2 Schedule K-1 (Form 1065) 2001

SCHEDULE K-1                     COLUMN C RECONCILIATION

| DESCRIPTION | AMOUNT |
|---|---|
| ORDINARY INCOME (LOSS) | <3.> |
| TOTAL TO SCHEDULE K-1, ITEM J, COLUMN C | <3.> |

A5

# EXHIBIT C*

## 3 of 8

*Personal Information, such as Social Security Numbers, has been redacted.

¹4

In the Forms 5472, "Information Return of a 25% Foreign-Owned U.S. Corporation or a Foreign Corporation Engaged in a U.S. Trade or Business", included in its consolidated income tax returns for the periods ended Dec. 31, 1991, Dec. 31, 1992, Dec. 31, 1993, Dec. 31, 1994, Dec. 31, 1995, and Oct. 8, 1996, MGM Holdings (and its subsidiaries) reported that no interest was paid on amounts owed by MGM Holdings and its subsidiaries to Credit Lyonnais and CLBN. In the Form 5472 for its consolidated income tax return for the period ended Dec. 31, 1996, MGM Group Holdings (and its subsidiaries) reported that no interest was paid on the $1,051,031,234 reported as owed by MGM Group Holdings and its subsidiaries to Credit Lyonnais and Generale Bank.

175

There is no indication that Credit Lyonnais or CLIS charged any interest, or that MGM Group Holdings (or SMHC) paid any interest, on the $79 million receivable.

176

The working capital agreement, MGM Group Holdings' guaranty, and the debt release and assumption agreement each recite that the terms of the agreement shall be construed in accordance with and governed by the laws of the State of New York.

177

The debt release and assumption agreement provides:

> The Parent [MGM Group Holdings] hereby assumes principal of the Loans under the Credit Agreement in the amount of $79,912,955.34 effective as of the date hereof, immediately prior to the sale of Stock pursuant to the Stock Purchase Agreement and for all purposes of the Credit Agreement shall be treated as a Borrower, as such term is defined under the Credit Agreement and all references to Borrower shall be deemed to refer to and include MGM Parent.

178

Pursuant to its guaranty under the working capital agreement, MGM Group Holdings was entitled to "all rights of subrogation otherwise provided by law in respect of any payment it may make or be obligated to make under this Guaranty". Exhibit 72-J, J000071.

179

Respondent's argument was raised as new matter in the amendment to answer. Consequently, respondent bears the burden of proof as to this issue. Rule 142(a).



180

We also conclude that the step transaction doctrine applies to recast the banks' contributions of the SMHC receivables and stock as direct sales of those properties from the banks to Somerville S Trust, followed by Somerville S Trust's contributions of the SMHC receivables and stock to SMP in exchange for preferred interests in SMP. Presumably, Somerville S Trust would be entitled to a cost basis totaling $10 million in the SMHC receivables and stock, which would carry over to SMP under sec. 723. The parties have not addressed the manner in which the $10 million basis amount would be divided among

the receivables and stock; because we decide on alternative grounds that SMP received a zero basis in the SMHC receivables, we need not decide this issue.

181

Corona claimed a $78,768,955 capital loss on this transaction. We do not have jurisdiction over the $74,671,378 portion of the loss that Corona claimed on its 1997 return. See supra note 7. As a practical matter, the effect of our holding is to disallow the $4,097,577 portion of the claimed loss that flowed through to SMP.

182

Under sec. 465, respondent argues that to the extent the losses SMP reported on its sales of the $150 million and $81 million receivables are allowed, those losses arose from a film activity that was a separate activity from its other investment activities for purposes of applying the at-risk limitation rules. Respondent argues that to the extent the loss Corona reported on its sale of the $79 million receivable is allowed, that loss arose from a film activity that was a separate activity from its portfolio investment activities for purposes of applying the at-risk limitation rules.

Additionally, under sec. 469, respondent argues that to the extent the losses SMP reported on its sales of the $150 million and $81 million receivables and the portions of its Corona membership interests, and any flow-through losses from Corona, are allowed, those losses arose from a film trade or business that cannot be combined with other trade or business activities in SMP. Respondent argues that to the extent the loss Corona reported on its sale of the $79 million receivable is allowed, that loss arose from a film trade or business that cannot be combined with other trade or business activities in SMP.

183

See supra note 6.

184

SMP's adjusted basis in its SMHC stock is reported on statements accompanying Schedules L, Balance Sheets per Books, of its partnership returns.

185

A final regulation under sec. 6226 was promulgated effective for partnership taxable years beginning on or after Oct. 4, 2001. Sec. 301.6226(f)-1(c), Proced. & Admin. Regs.

186

Unlike River City Ranches #1 Ltd. v. Commissioner, 401 F.3d 1136 [95 AFTR 2d 2005-1525] (9th Cir. 2005), affg. in part, revg. in part, and remanding T.C. Memo. 2003-150 [TC Memo 2003-150], this is not a case where our findings with respect to this matter are alleged to have any bearing on penalty-interest under sec. 6621 or on any other penalties. For instance, respondent has not alleged that an adjustment to SMP's reported basis in SMHC stock would give rise to any underpayment for purposes of sec. 6662 accuracy-related penalties.

187

In the Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 1238(a), 111 Stat. 1026, Congress amended sec. 6221 to include, as an item to be determined at the partnership level, the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item, effective for partnership taxable years ending after Aug. 5, 1997. Consequently, we have jurisdiction in

| SCHEDULE K-1 (Form 1065) | Partner's Share of Income, Credits, Deductions, etc. | OMB No. 1545-0099 |
|---|---|---|
| Department of the Treasury Internal Revenue Service | For calendar year 1997 or fiscal year beginning _____ , 1997, and ending _____ , 19 ___ | **1997** |

| Partner's identifying number ▶ ██████23289 | Partnership's identifying number ▶ ██████23289 |
|---|---|
| Partner's name, address, and ZIP code | Partnership's name, address, and ZIP code |
| OMERVILLE S TRUST<br>C/O PERRY A. LERNER<br>660 MADISON AVENUE, 15TH FLOOR<br>NEW YORK, NY 10021 | SOMERVILLE INVESTMENTS LLC<br>C/O CROWN CAPITAL GROUP, INC.<br>660 MADISON AVENUE, 15TH FLOOR<br>NEW YORK, NY 10021 |

**A** This partner is a ☐ general partner ☐ limited partner
[X] limited liability company member

**B** What type of entity is this partner? ▶ **TRUST**

**C** Is this partner a [X] domestic or a ☐ foreign partner?

**D** Enter partner's percentage of:

| | (i) Before change or termination | (ii) End of year |
|---|---|---|
| Profit sharing | 98.0007000% | 0.0000000% |
| Loss sharing | 98.0007000% | 0.0000000% |
| Ownership of capital | 98.0007000% | 0.0000000% |

**E** IRS Center where partnership filed return: HOLTSVILLE, NY

**F** Partner's share of liabilities:
Nonrecourse $ _____
Qualified nonrecourse financing $ _____
Other $ 0.

**G** Tax shelter registration number ▶ _____

**H** Check here if this partnership is a publicly traded partnership as defined in section 469(k)(2) .......... ☐

**I** Check applicable boxes: (1) [X] Final K-1 (2) ☐ Amended K-1

**J** Analysis of partner's capital account:

| (a) Capital account at beginning of year | (b) Capital contributed during year | (c) Partner's share of lines 3, 4, and 7, Form 1065, Schedule M-2 | (d) Withdrawals and distributions | (e) Capital account at end of year (combine columns (a) through (d)) |
|---|---|---|---|---|
| 46,787,081. | 27,037,394. | 14,056,340. | ( 87,880,815. ) | 0. |

| | (a) Distributive share item | | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|---|
| **Income (Loss)** | **1** Ordinary income (loss) from trade or business activities | 1 | 0. | See page 6 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | **2** Net income (loss) from rental real estate activities | 2 | | |
| | **3** Net income (loss) from other rental activities | 3 | | |
| | **4** Portfolio income (loss): | | | |
| | **a** Interest | 4a | 4,972,163. | Sch. B, Part I, line 1 |
| | **b** Dividends | 4b | 479,792. | Sch. B, Part II, line 5 |
| | **c** Royalties | 4c | | Sch. E, Part I, line 4 |
| | **d** Net short-term capital gain (loss) | 4d | 8,836,020. | Sch. D, line 5, col. (f) |
| | **e** Net long-term capital gain (loss): | | | |
| | (1) 28% rate gain (loss) | 4e(1) | 277,912. | Sch. D, line 12, col. (g) |
| | (2) Total for year | 4e(2) | 1,553,969. | Sch. D, line 12, col. (f) |
| | **f** Other portfolio income (loss) (attach schedule) | 4f | | Enter on applicable line of your return. |
| | **5** Guaranteed payments to partner | 5 | | See page 6 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | **6** Net section 1231 gain (loss) (other due to casualty or theft): | | | |
| | **a** 28% rate gain (loss) | 6a | | |
| | **b** Total for year | 6b | | |
| | **7** Other income (loss) (attach schedule) | 7 | | Enter on applicable line of your return. |
| **Deductions** | **8** Charitable contributions (attach schedule) | 8 | | Sch. A, line 15 or 16 |
| | **9** Section 179 expense deduction | 9 | | See page 7 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | **10** Deductions related to portfolio income (attach schedule) | 10 | 541. | |
| | **11** Other deductions (attach schedule) | 11 | | |
| **Credits** | **12 a** Low-income housing credit: | | | |
| | (1) From section 42(j)(5) partnerships for property placed in service before 1990 | a(1) | | |
| | (2) Other than on line 12a(1) for property placed in service before 1990 | a(2) | | |
| | (3) From section 42(j)(5) partnerships for property placed in service after 1989 | a(3) | | Form 8586, line 5 |
| | (4) Other than on line 12a(3) for property placed in service after 1989 | a(4) | | |
| | **b** Qualified rehabilitation expenditures related to rental real estate activities | 12b | | See page 8 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | **c** Credits (other than credits shown on lines 12a and 12b) related to rental real estate activities | 12c | | |
| | **d** Credits related to other rental activities | 12d | | |
| | **13** Other credits | 13 | | |

JWA **For Paperwork Reduction Act Notice, see Instructions for Form 1065.**

Schedule K-1 (Form 1065) 1997

'11151
12-15-97

1

Schedule K-1 (Form 1065) 1997                                                                                    Page **2**

| | | (a) Distributive share item | | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|---|---|
| **Investment Interest** | 14 a | Interest expense on investment debts | 14a | 34,357. | Form 4952, line 1 |
| | b | (1) Investment income included on lines 4a, 4b, 4c, and 4f | b(1) | 5,451,955. | See page 8 of Partner's Instructions for Schedule K-1) Form 1065). |
| | | (2) Investment expenses included on line 10 | b(2) | 541. | |
| **Self-employment** | 15 a | Net earnings (loss) from self-employment | 15a | | Sch. SE, Section A or B |
| | b | Gross farming or fishing income | 15b | | See page 9 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | c | Gross nonfarm income | 15c | | |
| **Adjustments and Tax Preference Items** | 16 a | Depreciation adjustment on property placed in service after 1986 | 16a | | See page 9 of Partner's Instructions for Schedule K-1 (Form 1065) and Instructions for Form 6251. |
| | b | Adjusted gain or loss | 16b | | |
| | c | Depletion (other than oil and gas) | 16c | | |
| | d | (1) Gross income from oil, gas, and geothermal properties | (d)1 | | |
| | | (2) Deductions allocable to oil, gas, and geothermal properties | (d)2 | | |
| | e | Other adjustments and tax preference items (attach schedule) | 16e | | |
| **Foreign Taxes** | 17 a | Type of income ▶ **SEE STATEMENT** | | | Form 1116, check boxes |
| | b | Name of foreign ccountry or possession ▶ | | | |
| | c | Total gross income from sources outside the United States (attach schedule) | 17c | 21,611. | Form 1116, Part I |
| | d | Total applicable deductions and losses (attach schedule) | 17d | | |
| | e | Total foreign taxes (check one): ▶ [X] Paid [ ] Accrued | 17e | 3,487. | Form 1116, Part II |
| | f | Reduction in taxes available for credit (attach schedule) | 17f | | Form 1116, Part III |
| | g | Other foreign tax information (attach schedule) | 17g | | See  Instructions for Form 1116. |
| **Other** | 18 | Section 59(e)(2) expenditures: a Type ▶ | | | See page 9 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | b | Amount | 18b | | |
| | 19 | Tax-exempt interest income | 19 | | Form 1040, line 8b |
| | 20 | Other tax-exempt income | 20 | | |
| | 21 | Nondeductible expenses | 21 | | See page 9 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | 22 | Distributions of money (cash and marketable securities) | 22 | 12,115,962. | |
| | 23 | Distributions of property other than money | 23 | 75,764,853. | |
| | 24 | Recapture of low-income housing credit | | | |
| | a | From section 42(j)(5) partnerships | 24a | | Form 8611, line 8 |
| | b | Other than on line 24a | 24b | | |

| | |
|---|---|
| **Supplemental Information** | 25  Supplemental information required to be reported separately to each partner (attach additional schedules if more space is needed): |

INTEREST FROM U.S. OBLIGATIONS                    SEE STATE TAX INSTRUCT.

INCLUDED IN LINE 4A                    1,208,002. FOR POSSIBLE EXCLUSION

711152
11-25-97

07071013   098652 ████3289   092  SOMERVILLE INVESTMENTS LLC C/O  ████2321

1

SOMERVILLE INVESTMENTS LLC C/O CROWN CAP                          23289

---

SCHEDULE K-1              FOREIGN TAX INFORMATION

| TYPE OF INCOME | FOREIGN COUNTRY OR US POSSESSION | GROSS INCOME | DEDUCT AND LOSSES | PAID OR ACC. | TOTAL FOREIGN TAXES | REDUCTION IN TAXES AVAIL FOR CRED | OTHER FOREIGN TAX INFO |
|---|---|---|---|---|---|---|---|
| DIVIDENDS | CANADA | 18,810. | | PAID | 2,822. | | |
| DIVIDENDS | ISRAEL | 2,801. | | PAID | 665. | | |
| TOTALS TO SCH. K-1, LINE 17 | | 21,611. | | | 3,487. | | |

---

SCHEDULE K-1              COLUMN C RECONCILIATION

| DESCRIPTION | AMOUNT |
|---|---|
| INTEREST INCOME | 4,972,163. |
| DIVIDEND INCOME | 479,792. |
| SHORT-TERM CAPITAL GAIN (LOSS) | 8,836,020. |
| LONG-TERM CAPITAL GAIN (LOSS) | 1,553,969. |
| PORTFOLIO DEDUCTIONS | <541.> |
| INTEREST EXPENSE ON INVESTMENT DEBTS | <34,357.> |
| FOREIGN TAXES | <3,487.> |
| UNREALIZED GAIN ON TREASURY OBLIGATIONS | 537,569. |
| UNREALIZED GAIN ON COMMODITY FUTURES | 587,448. |
| UNREALIZED LOSS ON SHORT POSITIONS | <2,872,236.> |
| TOTAL TO SCHEDULE K-1, ITEM J, COLUMN C | 14,056,340. |

07071013   098652        3289    092  SOMERVILLE INVESTMENTS LLC C/O        2321

*Corrected $1256 gains*

| SCHEDULE K-1 (Form 1065) | Partner's Share of Income, Credits, Deductions, etc. | OMB No. 1545-0099 |
|---|---|---|
| Department of the Treasury Internal Revenue Service | For calendar year 1997 or fiscal year beginning , 1997, and ending , 19 . | **1997** |

| Partner's identifying number ▶ ████ 23289 | Partnership's identifying number ▶ ████ 3289 |
|---|---|
| Partner's name, address, and ZIP code | Partnership's name, address, and ZIP code |
| SOMERVILLE S TRUST<br>C/O PERRY A. LERNER<br>660 MADISON AVENUE, 15TH FLOOR<br>NEW YORK, NY 10021 | SOMERVILLE INVESTMENTS LLC<br>C/O CROWN CAPITAL GROUP, INC.<br>660 MADISON AVENUE, 15TH FLOOR<br>NEW YORK, NY 10021 |

**A** This partner is a ☐ general partner ☐ limited partner ☒ limited liability company member

**B** What type of entity is this partner? ▶ TRUST

**C** Is this partner a ☒ domestic or a ☐ foreign partner?

**D** Enter partner's percentage of:

| | (i) Before change or termination | (ii) End of year |
|---|---|---|
| Profit sharing | 98.0007000% | 0.0000000% |
| Loss sharing | 98.0007000% | 0.0000000% |
| Ownership of capital | 98.0007000% | 0.0000000% |

**E** IRS Center where partnership filed return: HOLTSVILLE, NY

**F** Partner's share of liabilities:
- Nonrecourse $ _____
- Qualified nonrecourse financing $ _____
- Other $ 0.

**G** Tax shelter registration number ▶ _____

**H** Check here if this partnership is a publicly traded partnership as defined in section 469(k)(2) ☐

**I** Check applicable boxes: (1) ☒ Final K-1   (2) ☐ Amended K-1

**J** Analysis of partner's capital account:

| (a) Capital account at beginning of year | (b) Capital contributed during year | (c) Partner's share of lines 3, 4, and 7, Form 1065, Schedule M-2 | (d) Withdrawals and distributions | (e) Capital account at end of year (combine columns (a) through (d)) |
|---|---|---|---|---|
| 46,787,081. | 27,037,394. | 14,056,340. | ( 87,880,815. ) | 0. |

| | | (a) Distributive share item | | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|---|---|
| **Income (Loss)** | 1 | Ordinary income (loss) from trade or business activities | 1 | 0. | |
| | 2 | Net income (loss) from rental real estate activities | 2 | | See page 6 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | 3 | Net income (loss) from other rental activities | 3 | | |
| | 4 | Portfolio income (loss): | | | |
| | a | Interest | 4a | 4,972,163. | Sch. B, Part I, line 1 |
| | b | Dividends | 4b | 479,792. | Sch. B, Part II, line 5 |
| | c | Royalties | 4c | | Sch. E, Part I, line 4 |
| | d | Net short-term capital gain (loss) | 4d | <4,102,100.> | Sch. D, line 5, col. (f) |
| | e | Net long-term capital gain (loss): | | | |
| | | (1) 28% rate gain (loss) | 4e(1) | 277,912. | Sch. D, line 12, col. (g) |
| | | (2) Total for year | 4e(2) | 1,553,969. | Sch. D, line 12, col. (f) |
| | f | Other portfolio income (loss) (attach schedule) | 4f | | Enter on applicable line of your return. |
| | 5 | Guaranteed payments to partner | 5 | | |
| | 6 | Net section 1231 gain (loss) (other than due to casualty or theft): | | | See page 6 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | a | 28% rate gain (loss) | 6a | | |
| | b | Total for year | 6b | | |
| | 7 | Other income (loss) (attach schedule) **SEE STATEMENT** | 7 | 13,525,568. | Enter on applicable line of your return. |
| **Deductions** | 8 | Charitable contributions (attach schedule) | 8 | | Sch. A, line 15 or 16 |
| | 9 | Section 179 expense deduction | 9 | | See page 7 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | 10 | Deductions related to portfolio income (attach schedule) | 10 | 541. | |
| | 11 | Other deductions (attach schedule) | 11 | | |
| **Credits** | 12 a | Low-income housing credit: | | | |
| | | (1) From section 42(j)(5) partnerships for property placed in service before 1990 | a(1) | | |
| | | (2) Other than on line 12a(1) for property placed in service before 1990 | a(2) | | Form 8586, line 5 |
| | | (3) From section 42(j)(5) partnerships for property placed in service after 1989 | a(3) | | |
| | | (4) Other than on line 12a(3) for property placed in service after 1989 | a(4) | | |
| | b | Qualified rehabilitation expenditures related to rental real estate activities | 12b | | |
| | c | Credits (other than credits shown on lines 12a and 12b) related to rental real estate activities | 12c | | See page 8 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | d | Credits related to other rental activities | 12d | | |
| | 13 | Other credits | 13 | | |

JWA   For Paperwork Reduction Act Notice, see Instructions for Form 1065.

Schedule K-1 (Form 1065) 1997

711151 12-15-97

09261220   098652   ████ 3289   092   SOMERVILLE INVESTMENTS LLC C/O ████ 32323

1

Schedule K-1 (Form 1065) 1997

| | (a) Distributive share item | | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|---|
| **Investment Interest** | **14 a** Interest expense on investment debts | **14a** | 34,357. | Form 4952, line 1 |
| | **b** (1) Investment income included on lines 4a, 4b, 4c, and 4f | **b(1)** | 5,451,955. | See page 8 of Partner's Instructions for Schedule K-1) Form 1065). |
| | (2) Investment expenses included on line 10 | **b(2)** | 541. | |
| **Self-employment** | **15 a** Net earnings (loss) from self-employment | **15a** | | Sch. SE, Section A or B |
| | **b** Gross farming or fishing income | **15b** | | See page 9 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | **c** Gross nonfarm income | **15c** | | |
| **Adjustments and Tax Preference Items** | **16 a** Depreciation adjustment on property placed in service after 1986 | **16a** | | See page 9 of Partner's Instructions for Schedule K-1 (Form 1065) and Instructions for Form 6251. |
| | **b** Adjusted gain or loss | **16b** | | |
| | **c** Depletion (other than oil and gas) | **16c** | | |
| | **d** (1) Gross income from oil, gas, and geothermal properties | **(d)1** | | |
| | (2) Deductions allocable to oil, gas, and geothermal properties | **(d)2** | | |
| | **e** Other adjustments and tax preference items (attach schedule) | **16e** | | |
| **Foreign Taxes** | **17 a** Type of income ▶ SEE STATEMENT | | | Form 1116, check boxes |
| | **b** Name of foreign country or possession ▶ | | | |
| | **c** Total gross income from sources outside the United States (attach schedule) | **17c** | 21,611. | Form 1116, Part I |
| | **d** Total applicable deductions and losses (attach schedule) | **17d** | | |
| | **e** Total foreign taxes (check one): ▶ X Paid ☐ Accrued | **17e** | 3,487. | Form 1116, Part II |
| | **f** Reduction in taxes available for credit (attach schedule) | **17f** | | Form 1116, Part III |
| | **g** Other foreign tax information (attach schedule) | **17g** | | See Instructions for Form 1116. |
| **Other** | **18** Section 59(e)(2) expenditures: **a** Type ▶ | | | See page 9 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | **b** Amount | **18b** | | |
| | **19** Tax-exempt interest income | **19** | | Form 1040, line 8b |
| | **20** Other tax-exempt income | **20** | | |
| | **21** Nondeductible expenses | **21** | | See page 9 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | **22** Distributions of money (cash and marketable securities) | **22** | 12,115,962. | |
| | **23** Distributions of property other than money | **23** | 75,764,853. | |
| | **24** Recapture of low-income housing credit | | | |
| | **a** From section 42(j)(5) partnerships | **24a** | | Form 8611, line 8 |
| | **b** Other than on line 24a | **24b** | | |

**25** Supplemental information required to be reported separately to each partner (attach additional schedules if more space is needed):

NET INCOME (LOSS) FROM FORM

6781, LINE 5 (28% PORTION)        1,462,761. FORM 6781, LINE 1, COL. C

INTEREST FROM U.S. OBLIGATIONS          SEE STATE TAX INSTRUCT.

INCLUDED IN LINE 4A          1,208,002. FOR POSSIBLE EXCLUSION

711152
11-25-97

1

09261220  098652  ⬤23289    092  SOMERVILLE INVESTMENTS LLC C/O  ⬤2323

SOMERVILLE INVESTMENTS LLC C/O CROWN CAP                                   3289

---

SCHEDULE K-1                    OTHER INCOME (LOSS)

| DESCRIPTION | AMOUNT | PARTNER INSTRUCTIONS |
|---|---|---|
| NET INCOME (LOSS) FROM FORM 6781, LINE 4 (ENTIRE YEAR AMOUNT) | 13,525,568. | FORM 6781, LINE 1, COLUMN B |
| TOTAL TO SCHEDULE K-1, LINE 7 | 13,525,568. | |

---

SCHEDULE K-1                    FOREIGN TAX INFORMATION

| TYPE OF INCOME | FOREIGN COUNTRY OR US POSSESSION | GROSS INCOME | DEDUCT AND LOSSES | PAID OR ACC. | TOTAL FOREIGN TAXES | REDUCTION IN TAXES AVAIL FOR CRED | OTHER FOREIGN TAX INFO |
|---|---|---|---|---|---|---|---|
| DIVIDENDS | CANADA | 18,810. | | PAID | 2,822. | | |
| DIVIDENDS | ISRAEL | 2,801. | | PAID | 665. | | |
| TOTALS TO SCH. K-1, LINE 17 | | 21,611. | | | 3,487. | | |

---

SCHEDULE K-1                    COLUMN C RECONCILIATION

| DESCRIPTION | AMOUNT |
|---|---|
| INTEREST INCOME | 4,972,163. |
| DIVIDEND INCOME | 479,792. |
| SHORT-TERM CAPITAL GAIN (LOSS) | <4,102,100.> |
| LONG-TERM CAPITAL GAIN (LOSS) | 1,553,969. |
| OTHER INCOME (LOSS) | 13,525,568. |
| PORTFOLIO DEDUCTIONS | <541.> |
| INTEREST EXPENSE ON INVESTMENT DEBTS | <34,357.> |
| FOREIGN TAXES | <3,487.> |
| UNREALIZED GAIN ON TREASURY OBLIGATIONS | 537,569. |
| UNREALIZED LOSS ON SHORT POSITIONS | <2,872,236.> |
| TOTAL TO SCHEDULE K-1, ITEM J, COLUMN C | 14,056,340. |

| SCHEDULE K-1 (Form 1065) | Partner's Share of Income, Credits, Deductions, etc. | OMB No. 1545-0099 |
|---|---|---|
| Department of the Treasury Internal Revenue Service | For calendar year 1998 or tax year beginning , 1998, and ending | **1998** |

| Partner's identifying number ▶ ___79763 | Partnership's identifying number ▶ ___3289 |
|---|---|
| Partner's name, address, and ZIP code | Partnership's name, address, and ZIP code |
| OMERVILLE LLC C/O PERRY A. LERNER 660 MADISON AVENUE, 15TH FLOOR NEW YORK, NY 10021 | SOMERVILLE INVESTMENTS LLC C/O ROCKPORT CAPITAL, INC. 700 ELEVENTH STREET, N.W., SUITE 640 WASHINGTON, DC 20001 |

**A** This partner is a ☐ general partner ☐ limited partner
☒ limited liability company member

**B** What type of entity is this partner? ▶ LIM. LIAB. CO.

**C** Is this partner a ☒ domestic or a ☐ foreign partner?

**D** Enter partner's
(i) Before change or termination / (ii) End of year
percentage of:
Profit sharing    98.8914671%    98.5768831%
Loss sharing     98.8914671%    98.5768831%
Ownership of capital 98.8914671%    98.5768831%

**E** IRS Center where partnership filed return: PHILADELPHIA, PA

**F** Partner's share of liabilities:
Nonrecourse ..................................... $ 0.
Qualified nonrecourse financing .......... $
Other ............................................... $ 196,807,799.

**G** Tax shelter registration number ▶

**H** Check here if this partnership is a publicly traded partnership as defined in section 469(k)(2) ..................... ☐

**I** Check applicable boxes: (1) ☐ Final K-1  (2) ☐ Amended K-1

**J** Analysis of partner's capital account:

| (a) Capital account at beginning of year | (b) Capital contributed during year | (c) Partner's share of lines 3, 4, and 7, Form 1065, Schedule M-2 | (d) Withdrawals and distributions | (e) Capital account at end of year (combine columns (a) through (d)) |
|---|---|---|---|---|
| 76,012,095. | 1,400,000. | 26,072,429. | ( 10,395,000. ) | 93,089,524. |

| | | (a) Distributive share item | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|---|
| **Income (Loss)** | 1 | Ordinary income (loss) from trade or business activities | 0. | See page 6 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | 2 | Net income (loss) from rental real estate activities | | |
| | 3 | Net income (loss) from other rental activities | | |
| | 4 | Portfolio income (loss): **a** Interest | 8,914,612. | Sch. B, Part I, line 1 |
| | **b** | Ordinary dividends | 44,247. | Sch. B, Part II, line 5 |
| | **c** | Royalties | | Sch. E, Part I, line 4 |
| | **d** | Net short-term capital gain (loss) | 9,000,095. | Sch. D, line 5, col. (f) |
| | **e** | Net long-term capital gain (loss): **(1)** 28% rate gain (loss) | | Sch. D, line 12, col. (g) |
| | | **(2)** Total for year | <628,546.> | Sch. D, line 12, col. (f) |
| | **f** | Other portfolio income (loss) (attach schedule) | | Enter on applicable line of your return |
| | 5 | Guaranteed payments to partner | | See page 8 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | 6 | Net sec. 1231 gain (loss) (other than casualty or theft) | | |
| | 7 | Other income (loss) (attach schedule) SEE STATEMENT | 16,585,462. | Enter on applicable line of your return |
| **Deductions** | 8 | Charitable contributions (attach schedule) | | Sch. A, line 15 or 16 |
| | 9 | Section 179 expense deduction | | See pages 7 and 8 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | 10 | Deductions related to portfolio income (attach schedule) STMT | 6,735. | |
| | 11 | Other deductions (attach schedule) | | |
| **Credits, Investment Interest & S.E.** | 13 | Other credits | | (Enter on applicable lines of your return) |
| | 14 **a** | Interest expense on investment debts | 28,824. | Form 4952, line 1 |
| | **b** (1) | Investment income included on lines 4a, 4b, 4c, and 4f above | 8,958,859. | See page 9 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | (2) | Investment expenses included on line 10 above | 6,735. | |
| | 15 **a** | Net earnings (loss) from self-employment | 0. | Sch. SE, Section A or B |
| | **b** | Gross farming or fishing income | | See page 9 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | **c** | Gross nonfarm income | | |
| **Adjustments and Tax Preference** | 16 **a** | Depreciation adjustment on property placed in service after 1986 | | See Partner's Instructions for Schedule K-1 (Form 1065) and Instructions for Form 6251 |
| | **b** | Adjusted gain or loss | | |
| | **c** | Other adjustments and tax preference items (attach schedule) | | |
| **Other** | 19 | Tax-exempt interest income | | Form 1040, line 8b |
| | 20 | Other tax-exempt income | | |
| | 21 | Nondeductible expenses | | See pages 9 and 10 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | 22 | Distributions of money (cash and marketable securities) | 10,395,000. | |
| | 23 | Distributions of property other than money | | |

JWA   For Paperwork Reduction Act Notice, see Form 1065 Instructions.   No Information Required for Page 2  Schedule K-1 (Form 1065) 1998

INTEREST ON U.S. OBLIGATIONS INCLUDED IN LINE 4A   3,270,310.

15030324  098652  ___3289    092  SOMERVILLE INVESTMENTS LLC C/O ___2322

SOMERVILLE INVESTMENTS LLC C/O ROCKPORT ████3289

SCHEDULE K-1          DEDUCTIONS RELATED TO PORTFOLIO INCOME

| DESCRIPTION | AMOUNT | PARTNER INSTRUCTIONS |
|---|---|---|
| BROKERAGE FEES | 6,735. | |
| TOTAL TO SCHEDULE K-1, LINE 10 | 6,735. | |

SCHEDULE K-1          OTHER INCOME (LOSS)

| DESCRIPTION | AMOUNT | PARTNER INSTRUCTIONS |
|---|---|---|
| NET INCOME (LOSS) FROM FORM 6781, LINE 5 | 16,585,462. | FORM 6781, LINE 1 |
| TOTAL TO SCHEDULE K-1, LINE 7 | 16,585,462. | |

SCHEDULE K-1          COLUMN C RECONCILIATION

| DESCRIPTION | AMOUNT |
|---|---|
| INTEREST INCOME | 8,914,612. |
| DIVIDEND INCOME | 44,247. |
| SHORT-TERM CAPITAL GAIN (LOSS) | 9,000,095. |
| LONG-TERM CAPITAL GAIN (LOSS) | <628,546.> |
| OTHER INCOME (LOSS) | 16,585,462. |
| PORTFOLIO DEDUCTIONS | <6,735.> |
| INTEREST EXPENSE ON INVESTMENT DEBTS | <28,824.> |
| REALIZED GAIN ON TREASURY OBLIGATIONS | <23,283.> |
| UNREALIZED GAIN ON COMMON STOCKS | 5,378,930. |
| UNREALIZED LOSS ON SHORT POSITIONS | <13,163,529.> |
| TOTAL TO SCHEDULE K-1, ITEM J, COLUMN C | 26,072,429. |

Partner Number 2

15030324  098652  ████3289    092  SOMERVILLE INVESTMENTS LLC C/O ████2322

| SCHEDULE K-1<br>(Form 1065)<br>Department of the Treasury<br>Internal Revenue Service | Partner's Share of Income, Credits, Deductions, etc.<br>For calendar year 1998 or tax year<br>beginning _____ , 1998, and ending _____ | OMB No. 1545-0099<br>**1998** |
|---|---|---|

Partner's identifying number ▶ ▩▩9763    Partnership's identifying number ▶ ▩23289

| Partner's name, address, and ZIP code | Partnership's name, address, and ZIP code |
|---|---|
| SOMERVILLE LLC<br>C/O PERRY A. LERNER<br>660 MADISON AVENUE, 15TH FLOOR<br>NEW YORK, NY 10021 | SOMERVILLE INVESTMENTS LLC<br>C/O ROCKPORT CAPITAL, INC.<br>700 ELEVENTH STREET, N.W., SUITE 640<br>WASHINGTON, DC 20001 |

**A** This partner is a ☐ general partner ☐ limited partner
     ☒ limited liability company member

**B** What type of entity is this partner? ▶ LIM. LIAB. CO.

**C** Is this partner a ☒ domestic or a ☐ foreign partner?

**D** Enter partner's percentage of:

| | (i) Before change or termination | (ii) End of year |
|---|---|---|
| Profit sharing | 98.8914671 % | 98.5768831 % |
| Loss sharing | 98.8914671 % | 98.5768831 % |
| Ownership of capital | 98.8914671 % | 98.5768831 % |

**E** IRS Center where partnership filed return: PHILADELPHIA, PA

**F** Partner's share of liabilities:
| Nonrecourse | $ 0. |
|---|---|
| Qualified nonrecourse financing | $ |
| Other | $ 196,807,799. |

**G** Tax shelter registration number ▶

**H** Check here if this partnership is a publicly traded partnership as defined in section 469(k)(2) ☐

**I** Check applicable boxes: (1) ☐ Final K-1    (2) ☐ Amended K-1

**J** Analysis of partner's capital account:

| (a) Capital account at beginning of year | (b) Capital contributed during year | (c) Partner's share of lines 3, 4, and 7, Form 1065, Schedule M-2 | (d) Withdrawals and distributions | (e) Capital account at end of year (combine columns (a) through (d)) |
|---|---|---|---|---|
| 76,012,095. | 1,400,000. | 26,072,429. | ( 10,395,000. ) | 93,089,524. |

| | (a) Distributive share item | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|
| **Income (Loss)** | **1** Ordinary income (loss) from trade or business activities | 0. | See page 6 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | **2** Net income (loss) from rental real estate activities | | |
| | **3** Net income (loss) from other rental activities | | |
| | **4** Portfolio income (loss): **a** Interest | 8,914,612. | Sch. B, Part I, line 1 |
| | **b** Ordinary dividends | 44,247. | Sch. B, Part II, line 5 |
| | **c** Royalties | | Sch. E, Part I, line 4 |
| | **d** Net short-term capital gain (loss) | 20,972,706. | Sch. D, line 5, col. (f) |
| | **e** Net long-term capital gain (loss): **(1)** 28% rate gain (loss) | | Sch. D, line 12, col. (g) |
| | **(2)** Total for year | <628,546.> | Sch. D, line 12, col. (f) |
| | **f** Other portfolio income (loss) (attach schedule) | | Enter on applicable line of your return |
| | **5** Guaranteed payments to partner | | See page 6 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | **6** Net sec. 1231 gain (loss) (other than casualty or theft) | | |
| | **7** Other income (loss) (attach schedule) | | Enter on applicable line of your return |
| **Deductions** | **8** Charitable contributions (attach schedule) | | Sch. A, line 15 or 16 |
| | **9** Section 179 expense deduction | | |
| | **10** Deductions related to portfolio income (attach schedule)   STMT | 6,735. | See pages 7 and 8 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | **11** Other deductions (attach schedule) | | |
| **Credits, Investment Interest & S.E.** | **13** Other credits | | (Enter on applicable lines of your return) |
| | **14 a** Interest expense on investment debts | 28,824. | Form 4952, line 1 |
| | **b (1)** Investment income included on lines 4a, 4b, 4c, and 4f above | 8,958,859. | See page 9 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | **(2)** Investment expenses included on line 10 above | 6,735. | |
| | **15 a** Net earnings (loss) from self-employment | 0. | Sch. SE, Section A or B |
| | **b** Gross farming or fishing income | | See page 9 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | **c** Gross nonfarm income | | |
| **Adjustments and Tax Preference** | **16 a** Depreciation adjustment on property placed in service after 1986 | | See Partner's Instructions for Schedule K-1 (Form 1065) and Instructions for Form 6251 |
| | **b** Adjusted gain or loss | | |
| | **e** Other adjustments and tax preference items (attach schedule) | | |
| **Other** | **19** Tax-exempt interest income | | Form 1040, line 8b |
| | **20** Other tax-exempt income | | See pages 9 and 10 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | **21** Nondeductible expenses | | |
| | **22** Distributions of money (cash and marketable securities) | 10,395,000. | |
| | **23** Distributions of property other than money | | |

JWA    For Paperwork Reduction Act Notice, see Form 1065 Instructions.    No Information Required for Page 2   Schedule K-1 (Form 1065) 1998

INTEREST ON U.S. OBLIGATIONS INCLUDED IN LINE 4A    3,270,310.

811161
11-18-98

10400327   098652   ▩23289     092   SOMERVILLE INVESTMENTS LLC C/O   ▩82321

2

SOMERVILLE INVESTMENTS LLC C/O ROCKPORT                          3289

SCHEDULE K-1          DEDUCTIONS RELATED TO PORTFOLIO INCOME

| DESCRIPTION | AMOUNT | PARTNER INSTRUCTIONS |
|---|---|---|
| BROKERAGE FEES | 6,735. | |
| TOTAL TO SCHEDULE K-1, LINE 10 | 6,735. | |

SCHEDULE K-1          COLUMN C RECONCILIATION

| DESCRIPTION | AMOUNT |
|---|---|
| INTEREST INCOME | 8,914,612. |
| DIVIDEND INCOME | 44,247. |
| SHORT-TERM CAPITAL GAIN (LOSS) | 20,972,706. |
| LONG-TERM CAPITAL GAIN (LOSS) | <628,546.> |
| PORTFOLIO DEDUCTIONS | <6,735.> |
| INTEREST EXPENSE ON INVESTMENT DEBTS | <28,824.> |
| REALIZED GAIN ON TREASURY OBLIGATIONS | <23,283.> |
| UNREALIZED GAIN ON COMMODITY FUTURES | 4,612,851. |
| UNREALIZED GAIN ON COMMON STOCKS | 5,378,930. |
| UNREALIZED LOSS ON SHORT POSITIONS | <13,163,529.> |
| TOTAL TO SCHEDULE K-1, ITEM J, COLUMN C | 26,072,429. |

Partner Number 2

## LOAN TO ECONOMY COLOR CARD

| DATE | DESCRIPTION OF TRANSACTION | PRINCIPAL AMOUNT | RATE | DUE DATE | PRINCIPAL REPAYMENT | INTEREST PAID |
|---|---|---|---|---|---|---|
| 05/07/97 | Wire from Somerville S Trust | 1,000,000 | | | | |
| 06/03/97 | Wire from Somerville S Trust | 1,000,000 | | | | |
| 07/02/97 | Wire from Somerville S Trust | 1,000,000 | | | | |
| 07/30/97 | Wire from Somerville S Trust | 2,400,000 | | | | |
| 08/29/97 | Wire from Somerville S Trust | 500,000 | | | | |
| 09/26/97 | Wire from Somerville S Trust | 500,000 | | | | |
| 10/28/97 | Wire from Somerville S Trust | 600,000 | | | | |
| 11/06/97 | Wire from Somerville S Trust | 100,000 | | | | |
| 11/21/97 | Wire from Somerville S Trust | 750,000 | | | | |
| | | | | | | |
| | **TOTAL PRINCIPAL RECEIVABLE** | **7,850,000** | | | | |
| Dec-97 | Position assigned to Somerville, LLC | | | | | |
| 12/31/00 | Bad Debt Loss | (7,850,000) | | | | |

ECONOMY COLOR CARD

ECCLoan3/16/2006

Form **1120**

Department of the Treasury
Internal Revenue Service

# U.S. Corporation Income Tax Return

For calendar year 1997 or tax year beginning ..... 12/01/97 , ending ... 11/30/98

▶ Instructions are separate. See page 1 for Paperwork Reduction Act Notice.

OMB No. 1545-0123

**1997**

| A Check if a: | | Use IRS label. Otherwise, print or type. | Name   Number, street, & room or suite no.   City or town, state, and ZIP code | B Employer Identification number |
|---|---|---|---|---|
| 1 Consolidated return (attach Form 851) | | | ECONOMY COLOR CARD INC. | ██ 87349 |
| 2 Personal holding co. (attach Sch. PH) | | | 1000 SOUTH ELMORA AVENUE | C Date Incorporated |
| 3 Personal service corp. (as defined in Temporary Regs. sec. 1.441-4T—see instructions) | | | ELIZABETH   NJ   07202 | 9/11/64 |
| E Check applicable boxes: (1) ☐ Initial return (2) ☐ Final return (3) ☐ Change of address | | | | D Total assets (see page 5 of instructions) $  21,785,891 |

| | | | | |
|---|---|---|---|---|
| **Income** | 1a | Gross receipts/sales | 866,570 | b Less returns & allowances | | c Bal ▶ | 1c | 866,570 |
| | 2 | Cost of goods sold (Schedule A, line 8) | | 2 | 847,966 |
| | 3 | Gross profit. Subtract line 2 from line 1c | | 3 | 18,604 |
| | 4 | Dividends (Schedule C, line 19) | | 4 | |
| | 5 | Interest | | 5 | |
| | 6 | Gross rents | | 6 | |
| | 7 | Gross royalties | | 7 | |
| | 8 | Capital gain net income (attach Sch. D (Form 1120)) | | 8 | |
| | 9 | Net gain or (loss) from Form 4797, Part II, line 18 (attach Form 4797) | | 9 | |
| | 10 | Other income (see page 6 of instructions—attach schedule) | | 10 | |
| | 11 | **Total income.** Add lines 3 through 10 | ▶ | 11 | 18,604 |

| | | | | |
|---|---|---|---|---|
| **Deductions** (See instructions for limitations on deductions.) | 12 | Compensation of officers (Schedule E, line 4) | | 12 | |
| | 13 | Salaries and wages (less employment credits) | | 13 | 41,826 |
| | 14 | Repairs and maintenance | | 14 | 1,225 |
| | 15 | Bad debts | | 15 | |
| | 16 | Rents | | 16 | 164,438 |
| | 17 | Taxes and licenses | | 17 | 71,551 |
| | 18 | Interest | | 18 | 12,484 |
| | 19 | Charitable contributions (see page 8 of instructions for 10% limitation) | See Sch | 19 | 0 |
| | 20 | Depreciation (attach Form 4562) | 20 | | |
| | 21 | Less depreciation claimed on Schedule A and elsewhere on return | 21a | 21b | |
| | 22 | Depletion | | 22 | |
| | 23 | Advertising | | 23 | 543 |
| | 24 | Pension, profit-sharing, etc., plans | | 24 | |
| | 25 | Employee benefit programs | | 25 | 32,926 |
| | 26 | Other deductions (attach schedule) | See Sch | 26 | 213,571 |
| | 27 | **Total deductions.** Add lines 12 through 26 | ▶ | 27 | 538,564 |
| | 28 | Taxable income before net operating loss deduction & special deductions. Subtract line 27 from line 11 | | 28 | −519,960 |
| | 29 | Less: a Net operating loss deduction (see page 9 of instructions) | 29a | 7,818,316 | | |
| | | b Special deductions (Schedule C, line 20) | 29b | | 29c | 7,818,316 |

| | | | | |
|---|---|---|---|---|
| **Tax and Payments** | 30 | Taxable income. Subtract line 29c from line 28 | | 30 | −8,338,276 |
| | 31 | Total tax (Schedule J, line 10) | | 31 | 0 |
| | 32 | Payments: a 1996 overpayment credited to 1997 | 32a | 13,000 | | |
| | | b 1997 estimated tax payments | 32b | | | |
| | | c Less 1997 refund applied for on Form 4466 | 32c | | d Bal ▶ | 32d | 13,000 |
| | | e Tax deposited with Form 7004 | | 32e | |
| | | f Credit for tax paid on undistributed capital gains (attach Form 2439) | | 32f | |
| | | g Credit for Federal tax on fuels (attach Form 4136). See instructions | 32g | | 32h | 13,000 |
| | 33 | Estimated tax penalty (see page 10 of instructions). Check if Form 2220 is attached ▶ ☐ | | 33 | |
| | 34 | Tax due. If line 32h is smaller than the total of lines 31 and 33, enter amount owed | | 34 | |
| | 35 | Overpayment. If line 32h is larger than the total of lines 31 and 33, enter amount overpaid | | 35 | 13,000 |
| | 36 | Enter amt. of line 35 you want: Credited to 1998 est. tax ▶ 13,000 Refunded ▶ | | 36 | |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

| ▶ | | | |
|---|---|---|---|
| Signature of officer | Date | Title | |

**Paid Preparer's Use Only**

| Preparer's signature ▶ | | Date | | Check if self-employed ☐ | Preparer's social security number ██-5714 |
|---|---|---|---|---|---|
| Firm's name (or yours if self-employed) and address | Levine, Jacobs & Company, L.L.C. 333 Eisenhower Parkway Livingston, NJ | | | FIN ▶ ██ 7596 | |
| | | | | ZIP code ▶ 07039 | |

DAA

Form 1120 (1997)  ECONOMY COLOR CARD INC.  ▬▬▬87349  Page **2**

## Schedule A    Cost of Goods Sold (See page 10 of instructions.)

| | | | |
|---|---|---|---:|
| 1 | Inventory at beginning of year ............................................................... | **1** | 2,307,030 |
| 2 | Purchases ......................................................................................... | **2** | 1,350,437 |
| 3 | Cost of labor .................................................................................... | **3** | |
| 4 | Additional section 263A costs (attach schedule) ...................................... | **4** | |
| 5 | Other costs (attach schedule) ........................................ See Sch | **5** | -2,809,501 |
| 6 | Total. Add lines 1 through 5 ............................................................... | **6** | 847,966 |
| 7 | Inventory at end of year .................................................................... | **7** | |
| 8 | Cost of goods sold. Subtract line 7 from line 6. Enter here and on page 1, line 2 ......... | **8** | 847,966 |

9a  Check all methods used for valuing closing inventory:

   (i)  ☐  Cost as described in Regulations section 1.471-3

   (ii)  ☐  Lower of cost or market as described in Regulations section 1.471-4

   (iii)  ☐  Other (Specify method used and attach explanation.) ▶

  b Check if there was a writedown of subnormal goods as described in Regulations section 1.471-2(c) ......................... ▶ ☐

  c Check if the LIFO inventory method was adopted this tax year for any goods (If checked, attach Form 970) ........................ ▶ ☐

  d If the LIFO inventory method was used for this tax year, enter percentage (or amounts) of closing inventory computed under LIFO | **9d** |

  e If property is produced or acquired for resale, do the rules of section 263A apply to the corporation? .................. ☐ Yes ☒ No

  f Was there any change in determining quantities, cost, or valuations between opening and closing inventory? If "Yes," attach explanation ............................................................................. ☐ Yes ☒ No

## Schedule C    Dividends and Special Deductions (See page 11 of instructions.)

| | | (a) Dividends received | (b) % | (c) Special deductions (a) x (b) |
|---|---|---|---|---|
| 1 | Dividends from less-than-20%-owned domestic corporations that are subject to the 70% deduction (other than debt-financed stock) ................... | | 70 | |
| 2 | Dividends from 20%-or-more-owned domestic corporations that are subject to the 80% deduction (other than debt-financed stock) ................... | | 80 | |
| 3 | Dividends on debt-financed stock of domestic & foreign corporations (section 246A) ... | | see instr. | |
| 4 | Dividends on certain preferred stock of less-than-20%-owned public utilities ...... | | 42 | |
| 5 | Dividends on certain preferred stock of 20%-or-more-owned public utilities ...... | | 48 | |
| 6 | Dividends from less-than-20%-owned foreign corporations and certain FSCs that are subject to the 70% deduction ............... | | 70 | |
| 7 | Dividends from 20%-or-more-owned foreign corporations and certain FSCs that are subject to the 80% deduction ............... | | 80 | |
| 8 | Dividends from wholly owned foreign subsidiaries subject to the 100% deduction (section 245(b)) ... | | 100 | |
| 9 | Total. Add lines 1 through 8. See page 12 of instructions for limitation ...... | | | |
| 10 | Dividends from domestic corporations received by a small business investment company operating under the Small Business Investment Act of 1958 ...... | | 100 | |
| 11 | Dividends from certain FSCs that are subject to the 100% deduction (section 245(c)(1)) ...... | | 100 | |
| 12 | Dividends from affiliated group members subject to the 100% deduction (section 243(a)(3)) ... | | 100 | |
| 13 | Other dividends from foreign corporations not included on lines 3, 6, 7, 8, or 11 ...... | | | |
| 14 | Income from controlled foreign corporations under subpart F (att. Form(s) 5471) ...... | | | |
| 15 | Foreign dividend gross-up (section 78) ............... | | | |
| 16 | IC-DISC and former DISC dividends not included in lines 1, 2, or 3 (section 246(d)) ...... | | | |
| 17 | Other dividends ............... | | | |
| 18 | Deduction for dividends paid on certain preferred stock of public utilities ...... | | | |
| 19 | Total dividends. Add lines 1 through 17. Enter here and on line 4, page 1 ........ ▶ | | | |
| 20 | Total special deductions. Add lines 9, 10, 11, 12, and 18. Enter here and on line 29b, page 1 ...... ▶ | | | |

## Schedule E    Compensation of Officers (See instructions for line 12.)

Complete Schedule E only if total receipts (line 1a plus lines 4 through 10 on page 1, Form 1120) are $500,000 or more.

| | (a) Name of officer | (b) Social security number | (c) Percent of time devoted to business | Percent of corporation stock owned | | (f) Amount of compensation |
|---|---|---|---|---|---|---|
| | | | | (d) Common | (e) Preferred | |
| 1 | | | % | % | % | |
| | | | % | % | % | |
| | | | % | % | % | |
| | | | % | % | % | |
| | | | % | % | % | |
| 2 | Total compensation of officers ............................................................................................... | | | | | |
| 3 | Compensation of officers claimed on Schedule A and elsewhere on return ......................................... | | | | | |
| 4 | Subtract line 3 from line 2. Enter the result here and on line 12, page 1 ......................................... | | | | | |

DAA

# EXHIBIT C*

## 4 of 8

*Personal Information, such as Social Security Numbers, has been redacted.

Form 1120 (1997)   ECONOMY COLOR CARD INC.                    ▆▆▆▆ 37349                    Page 3

## Schedule J   Tax Computation (See page 12 of instructions.)

| | | | |
|---|---|---|---|
| 1 | Check if the corporation is a member of a controlled group (see sections 1561 and 1563) ........................ ▶ ☐ | | |
| | **Important:** Members of a controlled group, see instructions on page 12. | | |
| 2a | If the box on line 1 is checked, enter the corporation's share of the $50,000, $25,000, and $9,925,000 taxable income brackets (in that order): | | |
| | (1) $     (2) $     (3) $ | | |
| b | Enter the corporation's share of: | | |
| | (1) Additional 5% tax (not more than $11,750)   $ | | |
| | (2) Additional 3% tax (not more than $100,000)   $ | | |
| 3 | Income tax. Check this box if the corporation is a qualified personal service corporation as defined in section 448(d)(2) (see instructions on page 13) ........................ ▶ ☐ | 3 | 0 |
| 4a | Foreign tax credit (attach Form 1118) | 4a | |
| b | Possessions tax credit (attach Form 5735) ............... | 4b | |
| c | Check: ☐ Nonconventional source fuel credit   ☐ QEV credit (att. Form 8834) | 4c | |
| d | General business credit. Enter here & check which forms are att.:   ☒ 3800   ☐ 3468 ☐ 5884 ☐ 6478 ☐ 6765 ☐ 8586 ☐ 8830 ☐ 8826   ☐ 8835 ☐ 8844 ☐ 8845 ☐ 8846 ☐ 8820 ☐ 8847 ☐ 8861 | 4d | 0 |
| e | Credit for prior year minimum tax (attach Form 8827) | 4e | |
| 5 | Total credits. Add lines 4a through 4e | 5 | |
| 6 | Subtract line 5 from line 3 | 6 | |
| 7 | Personal holding company tax (attach Schedule PH (Form 1120)) ............... | 7 | |
| 8 | Recapture taxes. Check if from: ☐ Form 4255   ☐ Form 8611 | 8 | |
| 9 | Alternative min. tax (att. Form 4626) | 9 | |
| 10 | Total tax. Add lines 6 through 9. Enter here and on line 31, page 1 ............... | 10 | 0 |

## Schedule K   Other Information (See page 14 of instructions.)

| | | Yes | No |
|---|---|---|---|
| 1 | Check method of accounting:   a ☐ Cash   b ☒ Accrual   c ☐ Other (specify) ▶ | | |
| 2 | See page 16 of the instructions and state the principal: | | |
| a | Business activity code no. ▶ 3998 | | |
| b | Business activity ▶ WHOLESALE | | |
| c | Product or service ▶ SAMPLE BOOKS | | |
| 3 | At the end of the tax year, did the corporation own, directly or indirectly, 50% or more of the voting stock of a domestic corporation? (For rules of attribution, see section 267(c).) ............... | | X |
| | If "Yes," attach a schedule showing: (a) name and identifying number, (b) percentage owned, and (c) taxable income or (loss) before NOL and special deductions of such corporation for the tax year ending with or within your tax year. | | |
| 4 | Is the corporation a subsidiary in an affiliated group or a parent-subsidiary controlled group? | | X |
| | If "Yes," enter employer identification number and name of the parent corporation ▶ | | |
| 5 | At the end of the tax year, did any individual, partnership, corporation, estate or trust own, directly or indirectly, 50% or more of the corporation's voting stock? (For rules of attribution, see section 267(c).) ............... | X | |
| | If "Yes," attach a schedule showing name and identifying number. (Do not include any information already entered in 4 above.) Enter percentage owned ▶ 100.0000 | | |
| 6 | During this tax year, did the corporation pay dividends (other than stock dividends and distributions in exchange for stock) in excess of the corporation's current and accumulated earnings and profits? (See secs. 301 and 316.) ............... | | X |
| | If "Yes," file Form 5452. If this is a consolidated return, answer here for the parent corporation and on Form 851, Affiliations Schedule, for each subsidiary. | | |

| | | Yes | No |
|---|---|---|---|
| 7 | Was the corporation a U.S. shareholder of any controlled foreign corporation? (See sections 951 and 957.) ............... | | X |
| | If "Yes," attach Form 5471 for each such corporation. Enter number of Forms 5471 attached ▶ | | |
| 8 | At any time during the 1997 calendar yr., did the corporation have an interest in or a signature or other authority over a financial account (such as a bank acct., securities acct., or other financial account) in a foreign country? | | X |
| | If "Yes," the corporation may have to file Form TD F 90-22.1. If "Yes," enter name of foreign country ▶ | | |
| 9 | During the tax year, did the corporation receive a distribution from, or was it the grantor of, or transferor to, a foreign trust? If "Yes," see page 15 of the instructions for other forms the corporation may have to file | | X |
| 10 | At any time during the tax year, did one foreign person own, directly or indirectly, at least 25% of: (a) the total voting power of all classes of stock of the corporation entitled to vote, or (b) the total value of all classes of stock of the corporation? If "Yes," | | X |
| a | Enter percentage owned ▶ | | |
| b | Enter owner's country ▶ | | |
| c | The corporation may have to file Form 5472. Enter number of Forms 5472 attached ▶ | | |
| 11 | Check this box if the corporation issued publicly offered debt instruments with original issue discount ............... ▶ ☐ | | |
| | If so, the corporation may have to file Form 8281. | | |
| 12 | Enter the amount of tax-exempt interest received or accrued during the tax year ▶ $ 0. | | |
| 13 | If there were 35 or fewer shareholders at the end of the tax year, enter the number ▶ 1 | | |
| 14 | If the corp. has an NOL for the tax year and is electing to forego the carryback period, check here ............... ▶ ☒ | | |
| 15 | Enter the available NOL carryover from prior tax years (Do not reduce it by any deduction on line 29a.) ▶ $ 7,818,316 | | |

DAA

Form 1120 (1997)  ECONOMY COLOR CARD INC.                    7349                    Page **4**

## Schedule L — Balance Sheets per Books

| | Assets | Beginning of tax year (a) | (b) | End of tax year (c) | (d) |
|---|---|---|---|---|---|
| 1 | Cash | | 571,510 | | |
| 2a | Trade notes and accounts receivable | 2,734,604 | | | |
| b | Less allowance for bad debts | | 2,734,604 | | |
| 3 | Inventories | | 2,307,030 | | |
| 4 | U.S. government obligations | | | | |
| 5 | Tax-exempt securities (see instructions) | | | | |
| 6 | Other current assets    See Sch | | 726,411 | | |
| 7 | Loans to stockholders | | | | |
| 8 | Mortgage and real estate loans | | | | |
| 9 | Other investments | | | | |
| 10a | Buildings and other depreciable assets | 10,399,658 | | | |
| b | Less accumulated depreciation | 7,599,037 | 2,800,621 | | |
| 11a | Depletable assets | | | | |
| b | Less accumulated depletion | | | | |
| 12 | Land (net of any amortization) | | | | |
| 13a | Intangible assets (amortizable only) | 28,249 | | | |
| b | Less accumulated amortization | 28,249 | 0 | | |
| 14 | Other assets (attach sch.)   See Sch | | 12,645,715 | | |
| 15 | Total assets | | 21,785,891 | | 0 |
| | **Liabilities and Stockholders' Equity** | | | | |
| 16 | Accounts payable | | 1,115,712 | | |
| 17 | Mortgages, notes, bonds payable in less than 1 year | | | | |
| 18 | Other current liabilities   See Sch | | 306,821 | | |
| 19 | Loans from stockholders | | | | |
| 20 | Mortgages, notes, bonds payable in 1 year or more | | 1,038,777 | | |
| 21 | Other liabilities   See Sch | | 7,750,000 | | 9,017,000 |
| 22 | Capital stock: a  Preferred stock | | | | |
| | b  Common stock | 16,500 | 16,500 | 16,500 | 16,500 |
| 23 | Additional paid-in capital | | 16,323,043 | | 75,907 |
| 24 | Retained earnings-Appropriated | | | | |
| 25 | Retained earnings-Unappropriated | | -4,764,962 | | -9,109,407 |
| 26 | Adjustments to S/H equity | | | | |
| 27 | Less cost of treasury stock | | | | |
| 28 | Total liabilities and stockholders' equity | | 21,785,891 | | 0 |

**Note:** You are not required to complete Schedules M-1 and M-2 below if the total assets on line 15, column (d) of Schedule L are less than $25,000.

## Schedule M-1 — Reconciliation of Income (Loss) per Books With Income per Return (See page 15 of instructions.)

| | | | | | |
|---|---|---|---|---|---|
| 1 | Net income (loss) per books | -4,520,026 | 7 | Income recorded on books this year not included on this return (itemize): Tax-exempt interest $ ............ | |
| 2 | Federal income tax | | | | |
| 3 | Excess of capital losses over capital gains | 108,108 | | | |
| 4 | Income subject to tax not recorded on books this year (itemize): | | | ........................ | |
| 5 | Expenses recorded on books this year not deducted on this return (itemize): | | 8 | Deductions on this return not charged against book income this year (itemize): | |
| a | Depreciation .. $ ............ | | a | Depreciation $ ............ | |
| b | Contributions carryover | | b | Contributions carryover  $ ............ | |
| c | Travel and entertainment  $ ............ | | | ........................ | |
| | See Sch   3,891,958 | 3,891,958 | 9 | Add lines 7 and 8 | |
| 6 | Add lines 1 through 5 | -519,960 | 10 | Income (line 28, page 1)-line 6 less line 9 | -519,960 |

## Schedule M-2 — Analysis of Unappropriated Retained Earnings per Books (Line 25, Schedule L)

| | | | | | |
|---|---|---|---|---|---|
| 1 | Balance at beginning of year | -4,764,962 | 5 | Distributions:  a  Cash | |
| 2 | Net income (loss) per books | -4,520,026 | | b  Stock | |
| 3 | Other increases (itemize): | | | c  Property | |
| | | | 6 | Other decreases (itemize): | |
| | See Sch | 175,581 | 7 | Add lines 5 and 6 | |
| 4 | Add lines 1, 2, and 3 | -9,109,407 | 8 | Balance at end of year (line 4 less line 7) | -9,109,407 |

DAA

7349                    **Federal Subschedules**

### Form 1120, Page 4, Schedule L, Line 6 - Other Current Assets

| Description | Beginning of Year | End of Year |
|---|---|---|
| MARKETABLE SECURITIES | $ 156,903 | $ |
| PPD EXPS & OTHER CURRENT ASSE | 83,675 | |
| NOTES RECEIVABLE | 485,833 | |
| Total | $ 726,411 | $ 0 |

### Form 1120, Page 4, Schedule L, Line 14 - Other Assets

| Description | Beginning of Year | End of Year |
|---|---|---|
| DEPOSITS & OTHER | $ 123,749 | $ |
| DUE FROM AFFILIATES | 5,620,852 | |
| DEFERRED TAX ASSETS | 3,322,803 | |
| DEFERRED PLANT COSTS | 3,578,311 | |
| Total | $ 12,645,715 | $ 0 |

### Form 1120, Page 4, Schedule L, Line 18 - Other Current Liabilities

| Description | Beginning of Year | End of Year |
|---|---|---|
| ACCRUED EXPENSES & OTHER CL | $ 204,878 | $ |
| PAYROLL TAXES PAYABLE | 101,943 | |
| Total | $ 306,821 | $ 0 |

### Form 1120, Page 4, Schedule L, Line 21 - Other Liabilities

| Description | Beginning of Year | End of Year |
|---|---|---|
| LOAN PRIVATE INVESTORS | $ 7,750,000 | $ 8,450,000 |
| ACCRUED INTEREST ON LOAN | | 567,000 |
| Total | $ 7,750,000 | $ 9,017,000 |

### Form 1120, Page 4, Schedule M-1, Line 5 - Expenses on Books Not on Return

| Description | Amount |
|---|---|
| DEFERRED TAX ASSET WRITE OFF | $ 3,322,803 |
| INTEREST EXPENSE | 567,000 |
| Officer Life Ins Premiums | 2,155 |
| Total | $ 3,891,958 |

174

In the Forms 5472, "Information Return of a 25% Foreign-Owned U.S. Corporation or a Foreign Corporation Engaged in a U.S. Trade or Business", included in its consolidated income tax returns for the periods ended Dec. 31, 1991, Dec. 31, 1992, Dec. 31, 1993, Dec. 31, 1994, Dec. 31, 1995, and Oct. 8, 1996, MGM Holdings (and its subsidiaries) reported that no interest was paid on amounts owed by MGM Holdings and its subsidiaries to Credit Lyonnais and CLBN. In the Form 5472 for its consolidated income tax return for the period ended Dec. 31, 1996, MGM Group Holdings (and its subsidiaries) reported that no interest was paid on the $1,051,031,234 reported as owed by MGM Group Holdings and its subsidiaries to Credit Lyonnais and Generale Bank.

175

There is no indication that Credit Lyonnais or CLIS charged any interest, or that MGM Group Holdings (or SMHC) paid any interest, on the $79 million receivable.

176

The working capital agreement, MGM Group Holdings' guaranty, and the debt release and assumption agreement each recite that the terms of the agreement shall be construed in accordance with and governed by the laws of the State of New York.

177

The debt release and assumption agreement provides:

The Parent [MGM Group Holdings] hereby assumes principal of the Loans under the Credit Agreement in the amount of $79,912,955.34 effective as of the date hereof, immediately prior to the sale of Stock pursuant to the Stock Purchase Agreement and for all purposes of the Credit Agreement shall be treated as a Borrower, as such term is defined under the Credit Agreement and all references to Borrower shall be deemed to refer to and include MGM Parent.

178

Pursuant to its guaranty under the working capital agreement, MGM Group Holdings was entitled to "all rights of subrogation otherwise provided by law in respect of any payment it may make or be obligated to make under this Guaranty". Exhibit 72-J, J000071.

179

Respondent's argument was raised as new matter in the amendment to answer. Consequently, respondent bears the burden of proof as to this issue. Rule 142(a).

180

We also conclude that the step transaction doctrine applies to recast the banks' contributions of the SMHC receivables and stock as direct sales of those properties from the banks to Somerville S Trust, followed by Somerville S Trust's contributions of the SMHC receivables and stock to SMP in exchange for preferred interests in SMP. Presumably, Somerville S Trust would be entitled to a cost basis totaling $10 million in the SMHC receivables and stock, which would carry over to SMP under sec. 723. The parties have not addressed the manner in which the $10 million basis amount would be divided among

the receivables and stock; because we decide on alternative grounds that SMP received a zero basis in the SMHC receivables, we need not decide this issue.

181

Corona claimed a $78,768,955 capital loss on this transaction. We do not have jurisdiction over the $74,671,378 portion of the loss that Corona claimed on its 1997 return. See supra note 7. As a practical matter, the effect of our holding is to disallow the $4,097,577 portion of the claimed loss that flowed through to SMP.

182

Under sec. 465, respondent argues that to the extent the losses SMP reported on its sales of the $150 million and $81 million receivables are allowed, those losses arose from a film activity that was a separate activity from its other investment activities for purposes of applying the at-risk limitation rules. Respondent argues that to the extent the loss Corona reported on its sale of the $79 million receivable is allowed, that loss arose from a film activity that was a separate activity from its portfolio investment activities for purposes of applying the at-risk limitation rules.

Additionally, under sec. 469, respondent argues that to the extent the losses SMP reported on its sales of the $150 million and $81 million receivables and the portions of its Corona membership interests, and any flow-through losses from Corona, are allowed, those losses arose from a film trade or business that cannot be combined with other trade or business activities in SMP. Respondent argues that to the extent the loss Corona reported on its sale of the $79 million receivable is allowed, that loss arose from a film trade or business that cannot be combined with other trade or business activities in SMP.

183

See supra note 6.

184

SMP's adjusted basis in its SMHC stock is reported on statements accompanying Schedules L, Balance Sheets per Books, of its partnership returns.

185

A final regulation under sec. 6226 was promulgated effective for partnership taxable years beginning on or after Oct. 4, 2001. Sec. 301.6226(f)-1(c), Proced. & Admin. Regs.

186

Unlike River City Ranches #1 Ltd. v. Commissioner, 401 F.3d 1136 [95 AFTR 2d 2005-1525] (9th Cir. 2005), affg. in part, revg. in part, and remanding T.C. Memo. 2003-150 [TC Memo 2003-150], this is not a case where our findings with respect to this matter are alleged to have any bearing on penalty-interest under sec. 6621 or on any other penalties. For instance, respondent has not alleged that an adjustment to SMP's reported basis in SMHC stock would give rise to any underpayment for purposes of sec. 6662 accuracy-related penalties.

187

In the Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 1238(a), 111 Stat. 1026, Congress amended sec. 6221 to include, as an item to be determined at the partnership level, the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item, effective for partnership taxable years ending after Aug. 5, 1997. Consequently, we have jurisdiction in

On December 10, 1999, SMHC was dissolved. SMP thereafter became the owner of 1,070.6 shares of Troma common stock and 400 shares of Troma Series B convertible preferred stock. [65]

## 3. Tax Return Treatment of the Transaction

On its amended 1999 corporate income tax return, SMHC reported that on December 10, 1999, a "C" reorganization took place between SMHC and Troma whereby Troma acquired all of SMHC's assets solely in exchange for Troma voting stock (the C reorganization). [66] SMHC also reported that "Immediately prior to the `C' reorganization *** [SMP], the sole shareholder made a capital contribution consisting of obligations of the company having a face value and adjusted basis of $738,307,459." SMHC reported that "Subsequent to the asset transfer, *** [SMHC] liquidated and distributed the Troma Entertainment, Inc. stock (which it received in exchange for its assets) to its sole shareholder *** [SMP]."

On its amended 1999 partnership return, SMP reported its total basis in the Troma stock as $1,409,759,123.

## 4. Termination of the Distribution Agreements

On June 21, 2001, in connection with the SMHC and Troma merger, TroMetro sent to Mr. Herz of Troma and Mr. Lerner of SMP a letter confirming for SMP's and Troma's records: (1) The consideration that was due and payable by TroMetro to SMHC pursuant to the TroMetro distribution agreement for the period December 23, 1997, to September 2, 1999, was waived; and (2) the consideration receivable by TroMetro from Troma pursuant to the Troma distribution agreement for the period December 23, 1997, to September 2, 1999, was waived. In this letter, TroMetro asked SMP and Troma to confirm for TroMetro's records that: (1) The agreement to the termination of the TroMetro and [pg. 755] Troma distribution agreements; and (2) the agreement to waive any consideration due under those distribution agreements. [67]

At some point thereafter, the TroMetro distribution agreement and the Troma distribution agreement were terminated. Both TroMetro and SMHC waived any rights under those agreements to all royalties that had accrued between December 23, 1997, and September 2, 1999.

## E. Letter Agreement With TroMetro

On March 29, 2001, Mr. van Merkensteijn, on behalf of TroMetro, and Mr. Lerner, on behalf of SMP, entered into a letter agreement. Pursuant to this letter agreement, TroMetro deferred its right to exercise the TroMetro stock option for no more than 6 months.

## F. Troma Finance, LLC

As of December 12, 2001, Troma Finance, LLC (Troma Finance), SMP, and TroMetro entered into an "Operating Agreement of Troma Finance LLC". Pursuant to this agreement, Troma Finance was formed and TroMetro was designated as its manager. [68]

As of December 12, 2001, Troma Finance and TroMetro executed a document entitled "Capital Contribution and Assignment and Assumption Agreement" between Troma Finance, SMP, and TroMetro. [69] Pursuant to this agreement, SMP agreed to contribute to Troma Finance: (i) $3.4 million in cash, (ii) the $2,284,000 TroMetro note, (iii) the $1.25 million TroMetro note, (iv) 1,070.6 shares of Troma common stock, and (v) 400 shares of Troma Series B convertible preferred stock. [70] TroMetro agreed to contribute to Troma Finance: (i) The TroMetro stock option, and (ii) its 75-percent interest in the Action Entertainment Co. (a New York general partnership). Troma Finance assumed TroMetro's obligations under: (i) A $150,000 note issued by TroMetro to IFG Film Fund, LLC, (ii) the $1,024,000

TroMetro note, (iii) the $2,284,000 TroMetro note, and (iv) the $1.25 million TroMetro note.

# XIII. *Business Characteristics of SMP, Corona, and SMHC*

## A. *SMP*

SMP has never had any employees. Until December 1997, SMP had no bank account. During the taxable years ended December 31, 1997 and 1998, SMP had no separate office of its own; it used the same business address as Crown Capital.

SMP neither received nor reported any income from film financing, film library licensing, or video rights licensing during its taxable years ended 1997 and 1998.

## B. *Corona*

Corona has never had any employees. During the taxable years ended December 31, 1997 and 1998, Corona had no separate office of its own; it used the same business address as Crown Capital.

Corona received no income from film financing, film library licensing, or video rights licensing during its taxable years ended December 31, 1997 and 1998.

## C. *SMHC*

SMHC had no employees from December 11, 1996, until it was dissolved in 1999. All its work was done by Crown Capital. SMHC had no bank account from December 11, 1996 until December 1998. During the taxable years ended December 31, 1997 and 1998, SMHC did not have a separate office of its own; it used the same business address as Crown Capital.

# XIV. *Partnership Tax Returns*

## A. *SMP*

Following an extension to October 15, 1998, SMP filed its 1997 partnership tax return, which it dated October 14, 1998. Following an extension to October 15, 1999, SMP filed its 1998 partnership tax return, which it dated October 14, 1999. [pg. 756] SMP thereafter filed an amended 1998 partnership tax return, which it dated October 22, 1999. During the taxable years at issue, SMP reported Mr. Lerner, Rockport Capital, Somerville S Trust, Generale Bank, and CLIS as having varying interests in SMP's profits, losses, and ownership of capital.

On its 1997 tax return, SMP reported that the adjusted basis of the $974 million in receivables from Generale Bank was $974,296,601; that the adjusted basis of the $79 million receivable was $79,912,955; and that the adjusted basis of the SMHC stock was $665 million. On its 1998 return, SMP reported that the adjusted basis of one portion of the $974 million in receivables was $81,590,418; that the adjusted basis of the remaining portion was $512,793,227; and that the adjusted basis of the SMHC stock was $665 million.

On Schedule D, Capital Gains and Losses, of its 1997 partnership tax return, SMP reported its sales of the $150 million (face value) notes receivable to TroMetro, and its sales to Imperial of 14.8 and 79.2-percent interests in Corona. As described in more detail supra, SMP reported a long-term capital loss of $147,486,000 on its sale of the receivable; a short-term capital loss of $11,647,367 with respect to the sale of the 14.8-percent Corona interest; and a long-term capital loss of $62,237,061 with respect to the sale of the 79.2-percent Corona interest.

163

The discussions involved: (1) A possible distribution deal between SMHC and Orion in 1997; (2) a possible sale by the Jones Entertainment Group in 1997 of the rights to 5 film titles; (3) negotiations in 1997 with CitiCorp Ventures, which was interested in acquiring a film library for use in its chain of theaters; (4) a possible distribution relationship with UnaPix Entertainment in 1997; (5) negotiations with Comcast Corp., regarding the distribution of SMHC's films in connection with its cable business; (6) a possible acquisition of the Crossroads film library in 1997; (7) negotiations with Atlas Entertainment in 1997 and 1998 regarding the development of a production capacity inside of SMHC; (8) a business proposal to establish an African-American film distribution company with C. O'Neill Brown in 1998; (9) a possible transaction with Reisher Entertainment in 1998; (10) a possible acquisition of the feature film library of the Modern Times Group in 1998; (11) negotiations with Frank Klein, who was president of PEC Israeli Economic Corp. in 1998; (12) negotiations regarding the sale of Polygram Filmed Entertainment in 1998; (13) a possible merger of SMHC with, or acquisition by, Artisan Entertainment in 1998; (14) a possible business venture with Regent Entertainment, Inc. in 1998; (15) negotiations for the purchase of film titles from Silver Screen International and Aries Entertainment, Inc., in 1999; and (16) a possible film deal involving Broadcast.com. in 1999. Petitioner also points to discussions with Alan Cole Ford, formerly of MGM, regarding his acquisition of Paul Kagan Associates.

164

In connection with his purchase of the receivables from SMP in 1997 and 1998, Mr. van Merkensteijn paid a total amount of approximately $1 million to SMP, either as cash downpayments or as principal and interest payments on his notes to SMP. In connection with his purchase of the $79 million receivable, Mr. van Merkensteijn paid approximately $400,000 ($120,000 as a cash down payment and $287,791 as principal and interest on his note). Besides the sales of the receivables, the Ackerman group had other dealings with TroMetro and Mr. van Merkensteijn. For example, on Dec. 7, 1998, SMP purportedly purchased a 50-percent interest in Railcar Management Partners, LLC, which Mr. van Merkensteijn owned, for $1.4 million (approximately the same amount that Mr. van Merkensteijn paid altogether for his purchases of the receivables). Given Mr. van Merkensteijn's close relationship with Mr. Lerner, evidenced in part by his sharing office space with Crown Capital, we cannot foreclose the possibility that SMP funneled back Mr. van Merkensteijn's purchase payments or "financed" TroMetro's purchases of the receivables in 1997 and 1998.

165

Mr. Lerner testified that SMP would receive "A very large payment" for the tax losses, roughly "$15 million."

166

In response to such a contention, the Court of Appeals for the Second Circuit has stated:

Having satisfied the formal requirements of what it sees as the applicable rules, SuCrest urges us to understand its elaborate machinations as a legitimate ploy to hold down taxes and directs us to the maxim that a person is entitled to arrange his taxes so as to pay only that which is due. But, of course, the taxpayer is not permitted to avoid taxes which are due and the invocation of the phrase tells us nothing about what must ultimately be rendered unto the I.R.S. any more than Socrates solved the thorny problems of justice by defining it to require that we give every person his due. [United States v. Ingredient Tech. Corp., 698 F.2d 88, 94 [51 AFTR 2d 83-555] (2d Cir. 1983).]



Peter & Joann Leedom Ackerman
Schedule of changes in tax liability

Tax (benefit) detriment

| | 1997 | 1998 |
|---|---|---|
| **Additional tax per Tax Court decision** | $ 35,820,123 | $ 13,860,454 |
| **Potential adjustments - Non-Santa Monica Pictures:** | | |
| 1. Section 1256 treatment applied to short term capital gain from Somerville Investments with respect to nonequity options (S & P index futures) (Sec 1256 treatment is 60% LT, 40% ST) | $ (1,389,188) | $ (29,169) |
| 2. Loss from Int'l Service Grp treated as non-passive | | $ (2,045,191) |
| 3. The debt owed by Economy Color Card to Somerville was a bad debt in 1997 in the amount of $7.85 million and should be a short term capital loss | $ (3,108,601) | |
| 4. In 1998 there was an input error that omitted Sc 475 losses from mark-to-market adjustment in the amount of $343,045 | | $ (142,641) |
| 5. Advances to ISG during 1997 | $13,050,000 | |

Z:\SOMERVILLE LLC\Tax\Ackerman\Schedule of changes in tax liability.xls

Peter & Joann Leedom Ackerman
Schedule of changes in tax liability

## Potential adjustments - Santa Monica Pictures LLC:

The following adjustments were calculated and designed to place the taxpayer in a position of his out of pocket expenses after disallowance of the capital losses, recognizing the continuing investment in film properties.

Tax (benefit) detriment

|  | 1997 | 1998 |
|---|---|---|
| 1. $10MM basis in property "purchased" from Banks | $ (3,960,000) | |
| 2. Contribution of capital to Corona Film Finance used to | | |
| a. Purchase film libraries ($3,020,000) | | $ (1,195,920) |
| b. Compensate Ishag and Seiler for services rendered to SMP by contribution and distribution from IFG in the amount of $2,005,792 | | $ (794,294) |
| 3. Other film investments of $1,274,111 | | $ (504,548) |
| 4. Film distribution expenses for which no benefit was received | | |
| √ $ 1,411,112 | | $ (558,800) |
| $ 885,554 | | $ (350,679) |
| √ $ 588,025 | | $ (232,858) |
| 5. Purchase of Railcar option from John van Merkensteijn for $1,400,000 | | $ (554,400) |



Peter & Joann Leedom Ackerman
Schedule of changes in tax liability

|  | 1997 | Tax (benefit) detriment | 1998 |
|---|---|---|---|
| 6. Notes receivable from ICI @ 12/31/97 | $ 1,220,050 | $ | (483,140) |
|    Notes receivable from Trometro @ 12/31/97 | $ 2,284,000 | $ | (904,464) |
| 7. Increase in notes receivable Trometro @ 12/31/98<br>   (net of principal payment received) | $ 1,267,834 | $ | (502,062) |

Z:\SOMERVILLE LLC\Tax\Ackerman\Schedule of changes in tax liability.xls

## INTERNATIONAL SERVICE GROUP HOLDINGS, LLC

Owner:  Somerville LLC

| DATE | TRANSACTION | CONTRIBUTIONS | WITHDRAWALS/ DISTRIBUTIONS | PROFIT/ LOSS | CUMULATIVE CAPITAL |
|---|---|---|---|---|---|
| 8/18/1998 | Loan (from SLLC) | 1,000,000.00 | | | |
| 8/20/1998 | Loan (from SLLC) | 2,900,000.00 | | | |
| | P/L | | | | |
| | **Balance at 12/31/98** | 3,900,000.00 | 0.00 | 0.00 | 3,900,000.00 |
| 01/05/99 | Loan (from SLLC) | 1,500,000.00 | | | |
| 02/12/99 | Loan (from SLLC) | 3,000,000.00 | | | |
| 05/06/99 | Loan (from SLLC) | 160,000.00 | | | |
| 05/11/99 | Loan (from SLLC) | 500,000.00 | | | |
| 05/20/99 | Loan (from SLLC) | 300,000.00 | | | |
| 05/27/99 | Loan (from SLLC) | 100,000.00 | | | |
| 05/27/99 | Loan (from SLLC) operating | 475,000.00 | | | |
| 06/02/99 | Loan (from SLLC) AVNE | 500,000.00 | | | |
| 07/21/99 | Loan (from SLLC) | 2,000,000.00 | | | |
| 09/15/99 | Loan (from SLLC) | 800,000.00 | | | |
| 10/14/99 | Loan (from SLLC) | 400,000.00 | | | |
| 10/29/99 | Loan (from SLLC) | 400,000.00 | | | |
| 12/13/99 | Loan (from SLLC) | 250,000.00 | | | |
| | **1999 Transactions** | 12,135,000.00 | 0.00 | 0.00 | 16,035,000.00 |
| 01/06/00 | Loan (from SLLC) | 100,000 | | | |
| 01/12/00 | Loan (from SLLC) | 100,000 | | | |
| 02/10/00 | Loan (from SLLC) | 375,000 | | | |
| | **2000 Transactions** | 575,000 | 0 | 0 | 16,610,000 |
| 04/20/01 | Loan (from SLLC) | 250,000 | | | |
| 12/31/01 | Write off of note receivable | | | (15,000,000) | |
| | **2001 Transactions** | 250,000 | 0 | (15,000,000) | 1,860,000 |
| 07/21/05 | Balance received from bank, acct closing | | 2,249 | | 1,860,000 |
| | | 0 | 2,249 | 0 | 1,857,751 |

At 12/31/04 there is a receivable on the books of SLLC from ISG Holdings for $1,860,000

# THE CITIBANK PRIVATE BANK

**Details of Activity**
SOMERVILLE, LLC

Preferred Custody Account 558746

Tax ID: 13-3979763

**Custody Officer**
Citicorp Trust Los Angeles (213) 239-1553

Statement Period:
Aug 01-Aug 31, 1998

| DATE | TRANSACTION | QUANTITY | DESCRIPTION | PRINCIPAL | INCOME |
|------|-------------|----------|-------------|-----------|--------|
| | | | **Opening Balance** | $345,557.06 | $ 98,586.45 |
| Aug 06 | Redemption | 6,000,000.000 | UNITED STATES TREAS BILLS<br>DTD 02/05/98<br>MAT 08/06/98<br>REDEEMED AT PAR<br>ACCRUED INTEREST | 5,956,000.02 | 43,999.98 |
| Aug 07 | Interest Earned | | INTEREST FROM PRINCIPAL INVESTMENT<br>OF CITIBANK M.D.A INSTITUTIONAL<br>FOR THE PERIOD 07/01/98 - 07/31/98<br>AVG BALANCE          3,380,687.87<br>AVG RATE                    4.40% | | 12,633.58 |
| Aug 07 | Interest Earned | | INTEREST FROM INCOME    INVESTMENT<br>OF CITIBANK M.D.A INSTITUTIONAL<br>FOR THE PERIOD 07/01/98 - 07/31/98<br>AVG BALANCE            74,275.10<br>AVG RATE                    4.40% | | 277.48 |
| Aug 14 | Fees | | PAID CITIBANK MONTHLY<br>CUSTODY FEE BASED UPON<br>MARKET VALUE OF    $11,426,083.51<br>AS OF JULY 31, 1998 | | (476.09) |
| Aug 18 | Payment | | BY WIRE TO: CHASE MANHATTAN BANK<br>NEW YORK, NY.<br>CREDIT A/C #967 375002 N/O<br>INTERNATIONAL SERVICE GROUP<br>HOLDINGS, LLC. RE: DISTRIBUTION<br>OF FUNDS AS DIRECTED. | (1,000,000.00) | |

**CITIBANK◈**

672873

N001350

# THE CITIBANK PRIVATE BANK

Statement Period:
Aug 01-Aug 31, 1998

**Details of Activity** (Continued)
Preferred Custody Account 558746

| DATE | TRANSACTION | QUANTITY | DESCRIPTION | PRINCIPAL | INCOME |
|------|-------------|----------|-------------|-----------|--------|
| Aug 20 | Payment | | BY WIRE TO: CHASE MANHATTAN BANK NEW YORK, NY. CREDIT A/C #967-375002 N/O INTERNATIONAL SERVICE GROUP HOLDINGS, LLC. RE: DISTRIBUTION AS DIRECTED. | (2,900,000.00) | |
| Aug 26 | Purchase | 2,000,000.000 | UNITED STATES TREAS BILLS DTD 03/12/98 MAT 09/10/98 @ .998008 MORGAN (J.P.) SECURITIES INC DATE EXECUTED 08/25/98 PRICE X UNITS $1,996,016.68 | (1,996,016.68) | |
| Aug 27 | Redemption | 5,000,000.000 | UNITED STATES TREAS BILLS DTD 02/26/98 MAT 08/27/98 REDEEMED AT PAR ACCRUED INTEREST | 4,975,487.55 | 24,512.45 |
| | | | **Closing Balance** | $ 5,381,027.95 | $ 179,533.85 |

Page 7 of 7

**CITIBAN⊕°**

672873

N001350

## THE CITIBANK PRIVATE BANK

**Details of Activity**
SOMERVILLE, LLC

Preferred Custody Account 558746

Tax ID: 13-3979763

**Custody Officer**
Citicorp Trust Los Angeles (213) 239-1553

Statement Period:
Jan 01-Jan 31, 1999

| DATE | TRANSACTION | QUANTITY | DESCRIPTION | PRINCIPAL | INCOME |
|------|-------------|----------|-------------|-----------|--------|
| | | | **Opening Balance** | $2,376,285.22 | $ 0.00 |
| Jan 05 | Payment | | BY WIRE TO: CHASE MANHATTAN BANK NEW YORK, NY CREDIT A/C #967-375002 N/O INTERNATIONAL SERVICE GROUP HOLDING. RE: DISTRIBUTION AS DIRECTED. | (1,500,000.00) | |
| Jan 05 | Transfer | | WIRED FUNDS RECEIVED FROM: J.P. MORGAN, CUMBERLAND PARTNERS | 4,357,000.00 | |
| Jan 08 | Interest Earned | | INTEREST FROM PRINCIPAL INVESTMENT OF CITIBANK M.D.A INSTITUTIONAL FOR THE PERIOD 12/01/98 - 12/31/98 AVG BALANCE      1,905,154.93 AVG RATE                       3.45% | | 5,582.45 |
| Jan 08 | Interest Earned | | INTEREST FROM INCOME INVESTMENT OF CITIBANK M.D.A INSTITUTIONAL FOR THE PERIOD 12/01/98 - 12/31/98 AVG BALANCE        67,411.36 AVG RATE                       3.45% | | 197.52 |
| Jan 13 | Transfer | | WIRED FUNDS RECEIVED FRM: MELLON /PIT B/O/P: NEUBERGER & BERMAN LLC | 6,028,167.00 | |

**CITIBAN🔾**

N000321

771819

# THE CITIBANK PRIVATE BANK

**Details of Activity**
SOMERVILLE, LLC

Preferred Custody Account 558746

Tax ID: 13-3979763

**Custody Officer**
Citicorp Trust Los Angeles (213) 239-1553

Statement Period:
Feb 01-Feb 28, 1999

| DATE | TRANSACTION | QUANTITY | DESCRIPTION | PRINCIPAL | INCOME |
|------|-------------|----------|-------------|-----------|--------|
| | | | **Opening Balance** | $ 16,538,472.58 | $ 27,861.10 |
| Feb 05 | Interest Earned | | INTEREST FROM PRINCIPAL INVESTMENT OF CITIBANK M.D.A INSTITUTIONAL FOR THE PERIOD 01/01/99 - 01/31/99 AVG BALANCE        11,034,975.59 AVG RATE                   3.22% | | 30,039.79 |
| Feb 05 | Interest Earned | | INTEREST FROM INCOME INVESTMENT OF CITIBANK M.D.A INSTITUTIONAL FOR THE PERIOD 01/01/99 - 01/31/99 AVG BALANCE        17,304.68 AVG RATE                   3.22% | | 47.01 |
| Feb 09 | Payment | | BY WIRE TO: CHASE MANHATTAN BANK NEW YORK, NY. CREDIT A/C #9678 40546 N/O FEDELE'S GOURMENT FINANCE LLC. RE: TRANSFER OF FUNDS FOR SOMERVILLE LLC. | (7,000,000.00) | |
| Feb 12 | Fees | | PAID CITIBANK MONTHLY CUSTODY FEE BASED UPON MARKET VALUE OF        $16,566,333.68 AS OF JANUARY 31, 1999 | | (690.26) |
| Feb 12 | Payment | | BY WIRE TO: CHASE MANHATTAN BANK NEW YORK, NY. CREDIT A/C #967 375002 N/O INT'L SERVICE GROUP HOLDINGS, LLC. RE: DISTRIBUTION AS DIRECTED. | (3,000,000.00) | |

CITIBANK◆

Page 5 of 6

789994

N001363

# THE CITIBANK PRIVATE BANK

**Statement Period:**
May 01-May 31, 1999

## Details of Activity (Continued)
Preferred Custody Account 558746

| DATE | TRANSACTION | QUANTITY | DESCRIPTION | PRINCIPAL | INCOME |
|------|-------------|----------|-------------|-----------|--------|
| May 04 | Purchase | 9,360,000.000 | UNITED STATES TREAS BILLS<br>DTD 12/31/98<br>MAT 07/01/99<br>@ .992895<br>HONGKONG SHANGHI BK(FOR DTC USE 44<br>DATE EXECUTED 05/03/99<br>PRICE X UNITS $9,293,497.29 | (9,293,497.29) | |
| May 06 | Payment | | BY WIRE TO: CHASE MANHATTAN BANK<br>NEW YORK, NY. CREDIT A/C #967-<br>375002 N/O INT'L SERVICE GROUP<br>HOLDING, LLC RE: DISTRIBUTION<br>AS REQUESTED. | (160,000.00) | |
| May 07 | Interest Earned | | INTEREST FROM PRINCIPAL INVESTMENT<br>OF CITIBANK M.D.A INSTITUTIONAL<br>FOR THE PERIOD 04/01/99 - 04/30/99<br>AVG BALANCE       3,762,457.35<br>AVG RATE              2.83% | | 8,658.27 |
| May 07 | Interest Earned | | INTEREST FROM INCOME INVESTMENT<br>OF CITIBANK M.D.A INSTITUTIONAL<br>FOR THE PERIOD 04/01/99 - 04/30/99<br>AVG BALANCE          22,303.29<br>AVG RATE              2.83% | | 51.66 |
| May 11 | Payment | | BANK WIRE TO:<br>CHASE MANHATTAN BANK<br>NEW YORK, NY. F/C/T A/C<br>#967375002 N/O INTERNATIONAL<br>SERVICE GROUP HOLDINGS LLC<br>RE: TRANSFER FUNDS AS REQUESTED. | (500,000.00) | |
| May 14 | Fees | | PAID CITIBANK MONTHLY<br>CUSTODY FEE BASED UPON<br>MARKET VALUE OF    $26,897,372.53<br>AS OF APRIL 30, 1999 | | (1,120.72) |

**CITIBAN⊙**

N001328

649531

# EXHIBIT C<sup>*</sup>

## 5 of 8

*Personal Information, such as Social Security Numbers, has been redacted.

**THE CITIBANK PRIVATE BANK**

Statement Period:
May 01-May 31, 1999

**Details of Activity** (Continued)
Preferred Custody Account 558746

| DATE | TRANSACTION | QUANTITY | DESCRIPTION | PRINCIPAL | INCOME |
|------|-------------|----------|-------------|-----------|--------|
| May 20 | Payment | | BY WIRE TO: CHASE MANHATTAN BANK NEW YORK, NY. CREDIT A/C #967-375002 N/O INTERNATIONAL SERVICE GROUP HOLDINGS, LLC. RE: DISTRIBUTION AS REQUESTED. | (400,000.00) | |
| May 26 | Transfer | | TRANSFER FUNDS TO 558746 | | |
| May 27 | Payment | | | (1,000,000.00) | |
| | | | BANK WIRE TO: CHASE MANHATTAN BANK NEW YORK, NY. F/C/T A/C #967.375002 N/O INTERNATIONAL SERVICE GROUP HOLDINGS, LLC RE: DISTRIBUTION OF FUNDS AS REQUESTED. | (975,000.00) | |
| May 28 | Transfer | | TSF FROM #558745 TO #558746 AS DIRECTED | 1,750,000.00 | |
| | | | **Closing Balance** | **$ 2,654,643.40** | **$ 31,821.05** |

**CITIBAN🌐**

N001328

H49531

# THE CITIBANK PRIVATE BANK

**Details of Activity**
SOMERVILLE, LLC

Preferred Custody Account 558746

Tax ID: 13-3979763

**Custody Officer**
Citicorp Trust Los Angeles (213) 239-1553

Statement Period:
Jun 01-Jun 30, 1999

| DATE | TRANSACTION | QUANTITY | DESCRIPTION | PRINCIPAL | INCOME |
|------|-------------|----------|-------------|-----------|--------|
| | | | **Opening Balance** | $ 2,664,643.40 | $ 31,821.05 |
| Jun 01 | Payment | | BY WIRE TO: BANK OF BERMUDA N.Y LT NY, NY SWIFT CODE BBDA US 33 CHIPS ID: #994 F/C/T A/C #8010 840528 N/O BANK OF BERMUDA (CAYMAN) LTD F/F/C/T A/C #7500 1505 N/O HIGHBRIDGE CAPITAL CORP. REF: SOMERVILLE LLC RE: DISTRIBUTION OF FUNDS AS REQUESTED | (1,750,000.00) | |
| Jun 02 | Payment | | BY WIRE TO: CHASE MANHATTAN BANK NEW YORK, NY F/C/T A/C #967-3750002 N/O INTERNATIONAL SERVICE GROUP HOLDINGS, LLC RE: DISTRIBUTION OF FUNDS AS DIRECTED | (2,000,000.00) | |
| Jun 02 | Transfer | | TSF FROM 558745 TO 558746 AS DIRECTED. | 2,000,000.00 | |
| Jun 03 | Cash Addition | | WIRED FUNDS RECEIVED FROM: BANK OF BERMUDA. RETURN OF WIRED FDS A/O 6/1/99 UNABLE TO APPLY | 1,750,000.00 | |
| Jun 04 | Interest Earned | | INTEREST FROM PRINCIPAL INVESTMENT OF CITIBANK M.D.A INSTITUTIONAL FOR THE PERIOD 05/01/99 - 05/31/99 AVG BALANCE        3,482,401.20 AVG RATE                2.55% | | 7,541.99 |

**CITIBANK**

N001406

872538

# THE CITIBANK PRIVATE BANK

Statement Period:
Jul 01-Jul 31, 1999

## Details of Activity (Continued)
Preferred Custody Account 558746

| DATE | TRANSACTION | QUANTITY | DESCRIPTION | PRINCIPAL | INCOME |
|------|-------------|----------|-------------|-----------|--------|
| Jul 08 | Transfer | | WIRED FUNDS RECEIVED FROM:<br>MELLON P/T<br>B/O/P: NEUBERGER BERMAN LLC. | 9,392,353.28 ✓ | |
| Jul 09 | Fees | | PAID CITIBANK MONTHLY<br>CUSTODY FEE BASED UPON<br>MARKET VALUE OF     $10,303,572.12<br>AS OF JUNE 30, 1999 | | (429.32) ✓ |
| Jul 21 | Payment | | BANK WIRE TO:<br>CHASE MANHATTAN BANK<br>NEW YORK, NY  F/C/T A/C<br>#967-375002  N/O INTERNATIONAL<br>SERVICE GROUP HOLDINGS, LLC<br>RE: DISTRIBUTION AS DIRECTED. | (1,750,000.00) ✓ | |
| Jul 26 | Payment | | BANK WIRE TO:<br>CHASE MANHATTAN BANK<br>NEW YORK, NY  F/F/C A/C<br>#80700-1839165 N/O THALES FUND, L<br>REF: SOMERVILLE LLC<br>RE: DISTRIBUTION OF FUNDS AS<br>REQUESTED. | (10,740,000.00) ✓ | |
| Jul 26 | Transfer | | TSF FROM 558745 TO 558746<br>AS DIRECTED. | 5,000,000.00 ✓ | |
| | | | **Closing Balance** | $ 4,472,350.69 | $ 68,538.74 |

**CITIBAN○**

891155

N001332

THE CITIBANK PRIVATE BANK

**Details of Activity**
SOMERVILLE, LLC

Statement Period:
Sep 01-Sep 30, 1999

Preferred Custody Account 558746

Tax ID: 13-3979763

**Custody Officer**
Citicorp Trust Los Angeles (213) 239-1553

| DATE | TRANSACTION | QUANTITY | DESCRIPTION | PRINCIPAL | INCOME |
|------|-------------|----------|-------------|-----------|--------|
| | | | **Opening Balance** | $ 4,442,350.69 | $ 91,014.09 |
| Sep 03 | Interest Earned | | INTEREST FROM PRINCIPAL INVESTMENT OF CITIBANK M.D.A INSTITUTIONAL FOR THE PERIOD 08/01/99 - 08/31/99 AVG BALANCE          3,092,650.76 AVG RATE                    2.55% | | 6,697.93 |
| Sep 03 | Interest Earned | | INTEREST FROM INCOME INVESTMENT OF CITIBANK M.D.A INSTITUTIONAL FOR THE PERIOD 08/01/99 - 08/31/99 AVG BALANCE            84,238.11 AVG RATE                    2.55% | | 182.45 |
| Sep 10 | Fees | | PAID CITIBANK MONTHLY CUSTODY FEE BASED UPON MARKET VALUE OF $4,533,364.78 AS OF AUGUST 31, 1999 | | (188.89) |
| Sep 15 | Payment | | BY WIRE TO: CHASE MANHATTAN BANK NEW YORK, NY. CREDIT A/C #967- 375002 N/O INTERNATIONAL SERVICE GROUP HOLDINGS, LLC RE: TRANSFER AS DIRECTED. | (800,000.00) | |
| Sep 15 | Payment | | BY WIRE TO: WELLS FARGO BANK NEW YORK, NY. CREDIT A/C #0743- 739-641 N/O AURORAS EQUITY PARTNER II, LP. REF: SOMERVILLE LLC AS REQUESTED | (103,025.00) | |

**CITIBAN⊕®**

Page 5 of 7

932454

N001393

## THE CITIBANK PRIVATE BANK

**Details of Activity** (Continued)
Preferred Custody Account 558746

Statement Period:
Oct 01-Oct 31, 1999

| DATE | TRANSACTION | QUANTITY | DESCRIPTION | PRINCIPAL | INCOME |
|------|-------------|----------|-------------|-----------|--------|
| Oct 08 | Interest Earned | | INTEREST FROM INCOME    INVESTMENT OF CITIBANK M.D.A INSTITUTIONAL FOR THE PERIOD 09/01/99 - 09/30/99 AVG BALANCE         90,789.85 AVG RATE             2.55% | | 190.37 |
| Oct 12 | Payment | | BANK WIRE TO:   WACHOVIA BANK, N.A. WINSTON SALEM, NC F/C/T A/C #1864-048533 N/O DAVIDSON COTTON CO IN REF: SOMERVILLE COTTON CO INC REF: SOMERVILLE LLC RE: PLS ADVISE RAMONA JOHNSON (704) 378-5110 TRANSFER AS DIRECTE | (237,056.00) | |
| Oct 12 | Payment | | BANK WIRE TO:   FIRST UNION BANK CHARLOTTE, NC F/C/T A/C #20000000621186 N/O DAVIDSON COTTON CO INC REF: SOMERVILLE LLC RE: TRANSFER OF FUNDS AS DIRECTED | (136,185.00) | |
| Oct 13 | Payment | | BANK WIRE TO:   WELLS FARGO BANK LOS ANGELES, CA F/C/T A/C #0743-739-641 N/O AURORA EQUITY PARTNERS, II L.P RE: TRANSFER OF FUNDS AS REQUESTED. | (7,191.00) | |
| Oct 14 | Payment | | BY WIRE TO: CHASE MANHATTAN BANK NEW YORK, NY. CREDIT A/C #967-INTERNATIONAL SERVICE GROUP HOLDINGS, LLC. RE: TRANSFER OF FUNDS AS DIRECTED. | (400,000.00) | |
| Oct 14 | Transfer | | TSF FROM 558745 TO 558746 | 1,000,000.00 | |

**CITIBAN**

N001307

Page 7 of 8

973445

**Details of Activity**
SOMERVILLE, LLC

**Custody Officer**
Citicorp Trust Los Angeles (213) 239-1553

Statement Period:
Nov 01-Nov 30, 1999

Preferred Custody Account 558746

Tax ID: 13-3979763

| DATE | TRANSACTION | QUANTITY | DESCRIPTION | PRINCIPAL | INCOME |
|------|-------------|----------|-------------|-----------|--------|
| | | | **Opening Balance** | $ 8,456,825.73 | $ 9,299.92 |
| Nov 01 | Payment | | BY BANK WIRE TO: CHASE MANHATTAN BANK NEW YORK, NY FOR CREDIT TO A/C #967-375002 N/O INTERNATIONAL SERVICE GROUP LLC RE: DISTRIBUTION OF FUNDS AS DIRECTED | (400,000.00) | |
| Nov 01 | Payment | | BY WIRE TO: CHASE MANHATTAN BANK NEW YORK, NY, CREDIT A/C #967-840643 N/O SOMERVILLE LLC. RE: TRANSFER OF FUNDS AS DIRECTED | (100,000.00) | |
| Nov 02 | Cash Addition | | WIRED FUNDS RECEIVED FROM: MORGAN STANLEY & CO. B/O/P: SOMERVILLE INVESTMENTS LLC | 1,908,048.05 | |
| Nov 02 | Cash Addition | | WIRED FUNDS RECEIVED FROM: MORGAN STANLEY & CO. B/O/P: SOMERVILLE INVESTMENTS LLC | 2,357,788.97 | |
| Nov 02 | Cash Addition | | WIRED FUNDS RECEIVED FROM: MORGAN STANLEY & CO. B/O/P: SOMERVILLE INVESTMENTS LLC | 4,910,133.95 | |
| Nov 02 | Cash Addition | | WIRED FUNDS RECEIVED FROM: MORGAN STANLEY & CO. B/O/P: SOMERVILLE INVESTMENTS LLC | 4,878,056.63 | |

N001309

# THE CITIBANK PRIVATE BANK

Statement Period:
Dec 01-Dec 31, 1999

**Details of Activity** (Continued)
Preferred Custody Account 558746

| DATE | TRANSACTION | QUANTITY | DESCRIPTION | PRINCIPAL | INCOME |
|------|-------------|----------|-------------|-----------|--------|
| Dec 09 | Transfer | | TO CORRECT ENTRY OF 10-29-99 WIRE TO CHASE MANHATTAN BANK FOR INTG SERVICE GROUP HOLDINGS A/C 967 375002 | (400,000.00) | |
| Dec 09 | Payment | | BY WIRE TO: CHASE MANHATTAN BANK NEW YORK, NEW YORK CREDIT A/C #967-00827-1 N/O FRESH DIRECT, L.L.C. REF: SOMERVILLE, LLC, RE: TRANSFER OF FUNDS AS REQUESTD. | (540,000.00) | |
| Dec 10 | Fees | | PAID CITIBANK MONTHLY CUSTODY FEE BASED UPON MARKET VALUE OF $49,170,961.30 AS OF NOVEMBER 30, 1999 | | (2,048.79) |
| Dec 10 | Transfer | | WIRED FUNDS RECEIVED FROM: GOLDMAN SACHS B/O/P: SOMERVILLE STR. | 2,302.98 | |
| Dec 13 | Payment | | BANK WIRE TO: CHASE MANHATTAN BANK NEW YORK, NEW YORK  F/C/T A/C #967-375002 N/O INTERNATIONAL SERVICE GROUP HOLDINGS, L.L.C. RE: TRANSFER OF FUNDS AS REQUESTED | (250,000.00) | |
| Dec 14 | Payment | | BANK WIRE TO: CHASE MANHATTAN BANK NEW YORK, NEW YORK  F/C/T A/C #967-008263  N/O FRESH DIRECT HOLDING L.L.C. REF: SOMERVILLE, L.L.C. TRANSFER OF FUND AS REQUESTED. | (1,000,000.00) | |

**CITIBAN©**

Page 11 of 12

993141

N001511

THE CITIBANK PRIVATE BANK

**Details of Activity**
SOMERVILLE, LLC

Tax ID: 13-3979763

Preferred Custody Account 558746

**Custody Officer**
Citicorp Trust Los Angeles (213) 239-1553

Statement Period:
Jan 01-Jan 31, 2000

| DATE | TRANSACTION | QUANTITY | DESCRIPTION | PRINCIPAL | INCOME |
|------|-------------|----------|-------------|-----------|--------|
| | | | **Opening Balance** | $ 15,929,169.67 | $ 26,897.22 |
| Jan 06 | Redemption | 5,000,000.000 | UNITED STATES TREAS BILLS<br>DTD 01/07/99<br>MAT 01/06/2000<br>REDEEMED AT PAR | 4,994,750.00 | |
| Jan 06 | Interest Earned | 5,000,000.000 | INTEREST AT MATURITY    5000000.00<br>UNITED STATES TREAS   BILLS<br>DTD 01/07/99<br>MAT 01/06/2000 | | 5,250.00 |
| Jan 06 | Payment | | BANK WIRE TO:<br>CHASE MANHATTAN BANK<br>NEW YORK, NEW YORK, F/C/T A/C<br>#967-375002 N/O INTERNATIONAL<br>SERVICE GROUP HOLDINGS, LLC.<br>RE: TRANSFER OF FUNDS AS REQUESTED | (100,000.00) | |
| Jan 07 | Interest Earned | | INTEREST FROM PRINCIPAL INVESTMENT<br>OF CITIBANK M.D.A INSTITUTIONAL<br>FOR THE PERIOD 12/01/99 - 12/31/99<br>AVG BALANCE            18,241,828.06<br>AVG RATE                        2.55% | 39,507.28 | |
| Jan 07 | Interest Earned | | INTEREST FROM INCOME   INVESTMENT<br>OF CITIBANK M.D.A INSTITUTIONAL<br>FOR THE PERIOD 12/01/99 -12/31/99<br>AVG BALANCE             106,359.72<br>AVG RATE                        2.55% | | 230.42 |

CITIBAN㊀

Page 7 of 9

12792

N001314

## Details of Activity (Continued)
Preferred Custody Account 558746

Statement Period:
Jan 01-Jan 31, 2000

| DATE | TRANSACTION | QUANTITY | DESCRIPTION | PRINCIPAL | INCOME |
|------|-------------|----------|-------------|-----------|--------|
| Jan 10 | Payment | | BY WIRE TO: WELLS FARGO BANK LOS ANGELES, CA. CREDIT A/C 0743-739-641 N/O AURORA EQUITY PARTNERS II L.P. REF: SOMERVILLE, L.L.C. | (10,919.00) | |
| Jan 12 | Transfer | | TRANSFER FUNDS TO A/C 558746 TO CORRECET ENTRY OF 12/9/99 | 400,000.00 | |
| Jan 12 | Payment | | BY WIRE TO: CHASE MANHATTAN BANK NEW YORK, NEW YORK. CREDIT A/C 967-375002 N/O INTERNATIONAL SERVICE GROUP HOLDINGS, L.P.C. RE: TRANSFER OF FUNDS AS REQUESTED. | (100,000.00) | |
| Jan 13 | Redemption | 5,000,000.000 | UNITED STATES TREAS BILLS DTD 07/15/99 MAT 01/13/2000 REDEEMED AT PAR | 4,973,586.11 | |
| Jan 13 | Interest Earned | 5,000,000.000 | INTEREST AT MATURITY 5000000.00 UNITED STATES TREAS BILLS DTD 07/15/99 MAT 01/13/2000 | | 26,413.89 |
| Jan 14 | Fees | | PAID CITIBANK MONTHLY CUSTODY FEE BASED UPON MARKET VALUE OF $35,904,566.89 AS OF DECEMBER 31, 1999 | | (1,496.02) |
| Jan 27 | Redemption | 5,000,000.000 | UNITED STATES TREAS BILLS DTD 07/29/99 MAT 01/27/2000 REDEEMED AT PAR | 4,964,654.17 | |

N00314

# THE CITIBANK PRIVATE BANK

Statement Period:
Feb 01-Feb 29, 2000

**Details of Activity** (Continued)
Preferred Custody Account 558746

| DATE | TRANSACTION | QUANTITY | DESCRIPTION | PRINCIPAL | INCOME |
|------|-------------|----------|-------------|-----------|--------|
| Feb 10 | Interest Earned | 5,000,000.000 | INTEREST AT MATURITY 5000000.00 UNITED STATES TREAS BILL DTD 08/12/99 MAT 02/10/2000 | | 45,048.61 |
| Feb 10 | Payment | | BANK WIRE TO: CHASE MANHATTAN BANK NEW YORK, NEW YORK F/C/T A/C #967-375002 N/O INTERNATIONAL SERVICE GROUP HOLDINGS, L.L.C. RE: TRANSFER OF FUNDS AS REQUESTED. | (375,000.00) | |
| Feb 11 | Fees | | PAID CITIBANK MONTHLY CUSTODY FEE BASED UPON MARKET VALUE OF $35,676,989.57 AS OF JANUARY 31, 2000 | (1,486.54) | |
| Feb 15 | Transfer | | WIRED FUNDS RECEIVED FROM: CHASE NYC B/O/P: MOORE TECHNOLOGY VENTURE FD II LP. | 290,970.00 | |
| Feb 16 | Payment | | BANK WIRE TO: CHASE MANHATTAN BANK NEW YORK, NY F/C/T A/C #967-008263 N/O FRESH DIRECT HOLDINGS LLC REF: SOMERVILLE LLC RE: DISTRIBUTION OF FUNDS AS DIRECT. | (1,000,000.00) | |

**CITIBAN⬦®**

N001344

32051

# THE CITIBANK PRIVATE BANK

Statement Period:
Apr 01-Apr 30, 2001

**Details of Activity** (Continued)
Preferred Custody Account 558746

| DATE | TRANSACTION | QUANTITY | DESCRIPTION | PRINCIPAL | INCOME |
|------|-------------|----------|-------------|-----------|--------|
| Apr 06 | Interest Earned | | INTEREST FROM PRINCIPAL INVESTMENT OF CITIBANK M.D.A INSTITUTIONAL FOR THE PERIOD 03/01/01 - 03/31/01 AVG BALANCE 4,782,534.75 AVG RATE 2.54% | | 10,357.74 ✓ |
| Apr 06 | Interest Earned | | INTEREST FROM INCOME INVESTMENT OF CITIBANK M.D.A INSTITUTIONAL FOR THE PERIOD 03/01/01 - 03/31/01 AVG BALANCE 22,495.11 AVG RATE 2.54% | | 48.75 ✓ |
| Apr 11 | Transfer | | WIRED FUNDS RECEIVED FROM CHASE NYC B/O/P: CROWN EMAK INVESTMENT, LLC | 299,850.00 ✓ | |
| Apr 11 | Payment | | BY WIRE TO: CHASE MANHATTAN BANK N A NEW YORK NY. CREDIT A/C 900-900-1364 N/O INCOME SWAP (EQUITY) RE: SOMERVILLE LLC. | (287,812.50) ✓ | |
| Apr 12 | Transfer | | WIRED FUNDS RECD FROM CHASE MANHATTAN BANK NA B/O/P: THALES CAPITAL, LLC | 270,000.00 ✓ | |
| Apr 13 | Fees | | PAID CITIBANK MONTHLY CUSTODY FEE BASED UPON MARKET VALUE OF $6,695,418.62 AS OF MARCH 31, 2001 | (278.98) ✓ | |
| Apr 20 | Payment | | BY WIRE TO: CHASE MANHATTAN BANK N A NEW YORK NY. CREDIT A/C 967-375002 N/O INTERNATIONAL SERVICES GROUP HOLDINGS LLC RE: TRANSFER OF FUNDS AS REQUESTED. | (250,000.00) ✓ | |

**CITIBAN⦿**

333049

N001309

INTERNATIONAL SERVICE INVESTORS, LLC

Owner:  Somerville LLC

| DATE | TRANSACTION | CONTRIBUTIONS | WITHDRAWALS/ DISTRIBUTIONS | PROFIT/ LOSS | ADJUSTED BASIS |
|---|---|---|---|---|---|
| 12/10/97 | Cap Contribution (from SST)* | 1,200,000.00 | | | |
| 12/23/97 | Cap Contribution (from SLLC) | 5,000,000.00 | | | |
| 12/29/97 | Cap Contribution (from SLLC) | 11,850,000.00 | | | |
| | P/L | | | | |
| | Balance at 12/31/97 | 18,050,000.00 | 0.00 | 0.00 | 18,050,000.00 |
| | Trsf | (25.00) | | | |
| 12/31/98 | Withdrawal | | 1,200,000.00 | | |
| | P/L | | | (7,125,683.00) | |
| | Balance at 12/31/98 | (25.00) | 1,200,000.00 | (7,125,683.00) | 9,724,292.00 |
| 12/31/99 | P/L | | | (6,003,869.00) | |
| | Balance at 12/31/99 | 0.00 | 0.00 | (6,003,869.00) | 3,720,423.00 |
| 12/31/00 | P/L | | | (1,925,269.00) | |
| | Balance at 12/31/00 | 0.00 | 0.00 | (1,925,269.00) | 1,795,154.00 |
| 12/31/01 | P/L | | | (4,801,140.00) | |
| | Balance at 12/31/01 | 0.00 | 0.00 | (4,801,140.00) | (3,005,986.00) |
| 12/31/02 | P/L  (FINAL RETURN) | | | 21.00 | |
| | Balance at 12/31/02 | 0.00 | 0.00 | 21.00 | (3,005,965.00) |
| 12/31/03 | Capital Gain realized on liquidation of LLC | | | | 3,004,985.00 |

* Somerville S Trust made the initial contribution for the benefit of SLLC
Per Perry Lerner (9/29/98)  all funds wired to ISI,LLC in 1997 are capital contributions

# THE CITIBANK PRIVATE BANK

**Details of Activity**
SOMERVILLE, LLC

Preferred Custody Account 558746

Tax ID: 13-3979763

**Custody Officer**
Citicorp Trust Los Angeles (213) 239-1553

Statement Period:
Dec 01-Dec 31, 1997

| DATE | TRANSACTION | QUANTITY | DESCRIPTION | PRINCIPAL | INCOME |
|------|-------------|----------|-------------|-----------|--------|
| | | | **Opening Balance** | $ 0.00 | $ 0.00 |
| Dec 19 | Security Addition | 15,000,000.000 | FREE<br>UNITED STATES TREAS BILLS<br>DTD 09/25/97<br>MAT 03/26/98<br>RECEIVE FREE FROM A/C 558284<br>RECEIVE FREE FROM A/C 558284<br>DATE EXECUTED 12/18/97<br>VALUED AT      $98.676 PER 100 | | |
| Dec 19 | Security Addition | 15,000,000.000 | FREE<br>UNITED STATES TREAS BILLS<br>DTD 10/09/97<br>MAT 04/09/98<br>RECEIVE FREE FROM A/C 558284<br>RECEIVE FREE FROM A/C 558284<br>DATE EXECUTED 12/18/97<br>VALUED AT      $98.413 PER 100 | | |
| Dec 19 | Transfer | | TRANSFER FUNDS FROM A/C # 558284<br>PRINCIPAL TO A/C# 558746 PRINC<br>RE: TRANSFER FUNDS TO SOMERVILLE<br>LLC AS REQUESTED. | 7,000,000.00 | |
| Dec 23 | Payment | | BANK WIRE TO: CHASE MANHATTAN BANK<br>NEW YORK, NY  F/C/T A/C<br>#967 343 453 N/O INTERNATIONAL<br>SERVICE INVESTORS, LLC<br>RE: TRANSFER OF FUNDS AS REQUESTED | (5,000,000.00) | |

CITIBANK

Page 5 of 7

507358

N001515

## THE CITIBANK PRIVATE BANK

Statement Period:
Dec 01-Dec. 31, 1997

**Details of Activity** (Continued)
Preferred Custody Account 558746

| DATE | TRANSACTION | QUANTITY | DESCRIPTION | PRINCIPAL | INCOME |
|------|-------------|----------|-------------|-----------|--------|
| Dec 24 | Sale | 15,000,000.000 | UNITED STATES TREAS BILLS<br>DTD 10/09/97<br>MAT 04/09/98<br>@ .976105<br>NESBITT BURNS SECURITIES, INC.<br>DATE EXECUTED 12/23/97<br>PRICE X UNITS $14,641,579.20<br>ACCRUED INTEREST | 14,641,579.20 | 122,129.25 |
| Dec 24 | Sale | 15,000,000.000 | UNITED STATES TREAS BILLS<br>DTD 09/25/97<br>MAT 03/26/98<br>@ .978859<br>NESBITT BURNS SECURITIES, INC.<br>DATE EXECUTED 12/23/97<br>PRICE X UNITS $14,682,895.95<br>ACCRUED INTEREST | 14,682,895.95 | 111,254.10 |
| Dec 29 | Payment | | BANK WIRE TO:<br>CHASE MANHATTAN<br>NEW YORK F/C/T A/C #967 343 453<br>N/O INTERNATIONAL SERVICE<br>INVESTORS, LLC<br>RE: TRANSFER OF FUNDS AS REQUESTED | (11,850,000.00) | |
| Dec 29 | Payment | | BANK WIRE TO:<br>MORGAN GUARANTY TRUST CO.<br>NEW YORK F/C/T A/C #08121942<br>N/O CUMBERLAND PARTNERS FOR<br>SOMERVILLE LLC<br>RE: TRANSFER OF FUNDS AS REQUESTED | (5,000,000.00) | |
| Dec 30 | Transfer | | BY TSFR TO:<br>ACCOUNT #558746-00 PRINCIPAL<br>FROM INCOME | | (233,383.35) |

**CITIBAN⟨⟩**

Page 6 of 7

N001515

507358



**Somerville LLC**
**Journal Entries**
**31-Dec-97**

| Description | Debit | Credit |
|---|---|---|
| Cash | 7,000,000.00 | |
| Partner's Capital | | (7,000,000.00) |
| T Bills | ~~20,585,362.00~~ 29,324,474 | |
| Partner's Capital | | ~~(20,585,362.99)~~ 29,324,474 |
| Investment ISI | 5,000,000.00 | |
| Cash | | (5,000,000.00) |
| Investment SILLC | ~~75,848,118.00~~ 75,764,853 | |
| Partner's Capital | | ~~(75,747,000.00)~~ 75,764,853 |
| ~~Interest Income~~ | | ~~(100,817.00)~~ |
| ~~U.S. Bond Interest~~ | | ~~(6,851.00)~~ |
| Investment in Harch Opportunity Fund | 6,528,158.00 | |
| Partner's Capital | | (6,528,158.00) |
| Receivable from Economy | 7,850,000.00 | |
| Partner's Capital | | (7,850,000.00) |
| Investment CIP | 18,768,683.00 | |
| Partner's Capital | | (18,768,683.00) |
| Cash | 29,557,858.50 | |
| T Bills | | (29,324,475.15) |
| Interest Income | | (260,887.78) |
| Loss on Sale of T Bills | 27,504.43 | |
| Investment ISI | 11,850,000.00 | |
| Investment CIP | 5,000,000.00 | |
| Cash | | (16,850,000.00) |
| Investment CIP | 210,864.00 | |
| Income - pass through | | (211,822.00) |
| Investment Deduction | 958.00 | |
| Totals | 197,322,498.86 | (197,322,495.86) |

Investment SILLC        2,47,242

Income - pass through                247,242

# EXHIBIT C<sup>*</sup>

## 6 of 8

*Personal Information, such as Social Security Numbers, has been redacted.

**SOMERVILLE, LLC**
General Ledger

| DATE | DESCRIPTION | CASH | | | OTHER ASSETS | | | |
|---|---|---|---|---|---|---|---|---|
| | | Citibank | T Bills | Receivables | CUMBERLAND INVEST PART LLC | SOMERVILLE INVESTMENTS LLC | ISI, LLC | CUMBERLAND PARTNERS |
| 12/19/1997 | Wire from Somerville SST | 5,000,000.00 | | | | | | |
| 12/19/1997 | Trsf 15m UST Bill due 3/26/98 fr SST | | 14,789,092.11 | | | | | |
| 12/19/1997 | Trsf 15m UST Bill due 4/9/98 fr SST | | 14,753,997.81 | | | | | |
| 12/23/1997 | Wire to International Service Investors LLC | (5,000,000.00) | | | | | | |
| 12/16/97 | Assignment from Somerville S Trust of interest in Cumberland Investment Partners, LLC | | | | | | | 5,000,000.00 |
| 12/24/97 | Sell 15m UST Bill due 3/26/98 | 14,682,895.95 | (14,789,092.11) | | | | | |
| 12/24/97 | Int on 15m UST Bill due 3/26/98 | 111,254.10 | | | | | | |
| 12/24/97 | Sell 15m UST Bill due 4/9/98 | 14,641,579.20 | (14,753,997.81) | | | | | |
| 12/24/97 | Int on 15m UST Bill due 4/9/98 | 122,129.25 | | | | | | |
| 12/29/97 | Wire to International Service Investors LLC | (11,850,000.00) | | | | | 11,850,000.00 | |
| 12/29/97 | Wire to Cumberland Partners | (5,000,000.00) | | | | | | 5,000,000.00 |
| 12/31/97 | Cumberland Investment Partners LLC tax entries | | | | | | | |
| | Income/Loss from K-1 | | | | 210,864.00 | | | |
| | Change in unrealized appreciation | | | | (71,377.00) | | | |
| | Income from pass-thru entities | | | | 32,121.00 | | | |
| | Income on books but not on K-1 | | | | | | | |
| | | 14,707,858.50 | 0.00 | 0.00 | 18,917,604.00 | | 5,000,000.00 | 5,000,000.00 |
| 4/15/98 | D.C. Taxes paid by PA&JLA (for SLLC) | | | | | | | |
| | **1997 TOTAL ASSETS** | | | | | | | |
| | **1997 INCOME** | | | | | | | |
| | **1997 EXPENSES** | | | | | | | |

Cumberland Investment Partners, LLC is managed by Westcreek Capital Group at 700 Eleventh Street NW, Suite 640, WDC
K-1 enclosed
International Service Investors is managed by Jason Ackerman at 660 Madison Avenue, NY
There will be no K-1 issued by ISI,LLC for 1997 as there were no items of Income or expense recorded in 1997
Somerville Investments LLC is managed by Rockport Capital, Ltd in London
Tax return for Somerville Investments LLC being prepared by Grant Thornton
Cumberland Partners is managed by Andrew Wallach and Bruce Wilcox at 1114 Avenue of the Americas, NY
There will be no K-1 issued by Cumberland Partners as the contribution effective date was January 1998

I4700ISG

Form **1065**

**U.S. Return of Partnership Income**

OMB No. 1545-0099

Department of the Treasury
Internal Revenue Service

For calendar year 2002, or tax year beginning . . . . . . . . . . , and ending . . . . . . . . . .
▶ **See separate instructions.**

**2002**

| A  Principal business activity | | |
|---|---|---|
| **MANUFACTURER** | | |

**B**  Principal product or service
**SAMPLES**

**C**  Business code number
**339900**

| Use the IRS label. Otherwise, print or type. | Name of partnership **INTERNATIONAL SERVICE GROUP, LLC** | **D** Employer identification number ■85543 |
|---|---|---|
| | Number, street, and room or suite no. If a P.O. box, see page 14 of the instructions. **C\O LERNER&MILLER 500 PARK AV-SU510** | **E** Date business started **8/29/97** |
| | City or town, state, and ZIP code **NEW YORK           NY 10022** | **F** Total assets (see page 14 of the instructions) $  **0** |

**G**  Check applicable boxes: **(1)** ☐ Initial return  **(2)** ☐ Final return  **(3)** ☐ Name change  **(4)** ☐ Address change  **(5)** ☐ Amended return

**H**  Check accounting method: **(1)** ☐ Cash  **(2)** ☒ Accrual  **(3)** ☐ Other (specify) ▶

**I**  Number of Schedules K-1. Attach one for each person who was a partner at any time during the tax year                                ▶

**Caution:** Include only trade or business income and expenses on lines 1a through 22 below. See the instructions for more information.

| | | | |
|---|---|---|---|
| **Income** | **1a** Gross receipts or sales | **1a** | |
| | **b** Less returns and allowances | **1b** | **1c** |
| | **2** Cost of goods sold (Schedule A, line 8) | | **2** |
| | **3** Gross profit. Subtract line 2 from line 1c | | **3** |
| | **4** Ordinary inc. (loss) from other partnerships, estates, & trusts (att. sch.) | | **4** |
| | **5** Net farm profit (loss) (attach Schedule F (Form 1040)) | | **5** |
| | **6** Net gain (loss) from Form 4797, Part II, line 18 | | **6** |
| | **7** Other income (loss) (attach schedule) | | **7** |
| | **8** **Total income (loss).** Combine lines 3 through 7 | | **8** |
| **Deductions** (see pg. 15 of the instructions for limitations) | **9** Salaries and wages (other than to partners) (less employment credits) | | **9** |
| | **10** Guaranteed payments to partners | | **10** |
| | **11** Repairs and maintenance | | **11** |
| | **12** Bad debts | | **12** |
| | **13** Rent | | **13** |
| | **14** Taxes and licenses | | **14** |
| | **15** Interest | | **15** |
| | **16a** Depreciation (if required, attach Form 4562) | **16a** | |
| | **b** Less depreciation reported on Schedule A and elsewhere on return | **16b** | **16c** |
| | **17** Depletion (**Do not deduct oil and gas depletion.**) | | **17** |
| | **18** Retirement plans, etc. | | **18** |
| | **19** Employee benefit programs | | **19** |
| | **20** Other deductions (attach schedule) | | **20** |
| | **21** **Total deductions.** Add the amounts shown in the far right column for lines 9 through 20 | | **21** |
| | **22** **Ordinary income (loss)** from trade or business activities. Subtract line 21 from line 8 | | **22** |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than general partner or limited liability company member) is based on all information of which preparer has any knowledge.

▶ _____
Signature of general partner or limited liability company member

▶ _____  Date

May the IRS discuss this return with the preparer shown below (see instructions)?  ☒ Yes  ☐ No

| **Paid Preparer's Use Only** | Preparer's signature | | Date | | Check if self-employed ▶ ☐ | Preparer's SSN or PTIN 59265 |
|---|---|---|---|---|---|---|
| | Firm's name (or yours if self-employed), address, and ZIP code | **LEVINE, JACOBS & COMPANY, L.L.C.** **333 EISENHOWER PARKWAY** **LIVINGSTON, NJ          07039** | | | EIN 7596 | Phone no. **973-992-9400** |

For Paperwork Reduction Act Notice, see separate instructions.

DAA

Form **1065** (2002)

1065 (2002)   **INTERNATIONAL SERVICE GROUP, LLC**   ▇▇▇▇▇ 35543   Page

## Analysis of Net Income (Loss)

| | | | | | |
|---|---|---|---|---|---|
| 1 | Net income (loss). Combine Schedule K, lines 1 through 7 in column (b). From the result, subtract the sum of Schedule K, lines 8 through 11, 14a, 17g, and 18b | | | | **1** |

| 2 | Analysis by partner type: | (I) Corporate | (II) Individual (active) | (III) Individual (passive) | (iv) Partnership | (v) Exempt organization | (vi) Nominee/Oth |
|---|---|---|---|---|---|---|---|
| a | General partners | | | | | | |
| b | Limited partners | | | | | | |

**Note: Schedules L, M-1 and M-2 are not required if Question 5 of Schedule B is answered "Yes."**

## Schedule L   Balance Sheets per Books

| | Assets | Beginning of tax year (a) | (b) | End of tax year (c) | (d) |
|---|---|---|---|---|---|
| 1 | Cash | | 1,709 | | |
| 2a | Trade notes and accounts receivable | | | | |
| b | Less allowance for bad debts | | | | |
| 3 | Inventories | | | | |
| 4 | U.S. government obligations | | | | |
| 5 | Tax-exempt securities | | | | |
| 6 | Other current assets (attach schedule) | | | | |
| 7 | Mortgage and real estate loans | | | | |
| 8 | Other investments (attach schedule) | | | | |
| 9a | Buildings and other depreciable assets | | | | |
| b | Less accumulated depreciation | | | | |
| 10a | Depletable assets | | | | |
| b | Less accumulated depletion | | | | |
| 11 | Land (net of any amortization) | | | | |
| 12a | Intangible assets (amortizable only) | | | | |
| b | Less accumulated amortization | | | | |
| 13 | Other assets (attach schedule) | | | | |
| 14 | Total assets | | 1,709 | | |
| | **Liabilities and Capital** | | | | |
| 15 | Accounts payable | | 147,253 | | |
| 16 | Mortgages, notes, bonds payable in less than 1 year | | 88,767 | | |
| 17 | Other current liabilities (attach schedule) **SEE STMT 1** | | 24,380 | | |
| 18 | All nonrecourse loans | | | | |
| 19 | Mortgages, notes, bonds payable in 1 year or more | | 878,663 | | |
| 20 | Other liabilities (attach schedule) **SEE STMT 2** | | 11,464,850 | | |
| 21 | Partners' capital accounts | | −12,602,204 | | |
| 22 | Total liabilities and capital | | 1,709 | | |

## Schedule M-1   Reconciliation of Income (Loss) per Books With Income (Loss) per Return

| 1 | Net income (loss) per books | | 6 | Income recorded on books this year not included on Schedule K, lines 1 through 7 (itemize): |
|---|---|---|---|---|
| 2 | Income included on Sch. K, ln. 1 through 4, 6, and 7, not recorded on books this year (itemize): | | a | Tax-exempt interest  $ |
| 3 | Guaranteed payments (other than health insurance) | | 7 | Deductions included on Schedule K, lines 1 through 11, 14a, 17g, and 18b, not charged against book income this year (itemize): |
| 4 | Expenses recorded on books this year not included on Schedule K, lines 1 through 11, 14a, 17g, and 18b (itemize): | | a | Depreciation  $ |
| a | Depreciation  $ | | | |
| b | Travel and entertainment  $ | | 8 | Add lines 6 and 7 |
| | | | 9 | Income (loss) (Analysis of Net Income (Loss), line 1). Subtract line 8 from line 5 |
| 5 | Add lines 1 through 4 | | | |

## Schedule M-2   Analysis of Partners' Capital Accounts

| 1 | Balance at beginning of year | −12,602,204 | 6 | Distributions:   a  Cash | |
|---|---|---|---|---|---|
| 2 | Capital contributed:   a  Cash | | | b  Property | |
| | b  Property | | 7 | Other decreases (itemize): | |
| 3 | Net income (loss) per books | | | | |
| 4 | Other increases (itemize):  **SEE STMT 3**  12,602,204 | 12,602,204 | 8 | Add lines 6 and 7 | |
| 5 | Add lines 1 through 4 | | 9 | Balance at end of year. Subtract ln. 8 from ln. 5 | |

DAA

Form **1065**

**U.S. Return of Partnership Income**

Department of the Treasury
Internal Revenue Service

For calendar year 2002, or tax year beginning .............. , and ending ..............
▶ **See separate instructions.**

OMB No. 1545-0099

**2002**

| | | | |
|---|---|---|---|
| **A** Principal business activity | Use the IRS label. Other- wise, print or type. | Name of partnership | **D** Employer identification number |
| **HOLDING** | | **INTERNATIONAL SERVICE INVESTORS LLC** | 35540 |
| **B** Principal product or service | | Number, street, and room or suite no. If a P.O. box, see page 14 of the instructions. | **E** Date business started |
| **MANAGEMENT** | | **C\O LERNER & MILLER** | **8/27/97** |
| **C** Business code number | | City or town, state, and ZIP code | **F** Total assets (see page 14 of the instructions) |
| **551112** | | **NEW YORK          NY 10022** | $ |

**G** Check applicable boxes: **(1)** ☐ Initial return  **(2)** ☐ Final return  **(3)** ☐ Name change  **(4)** ☐ Address change  **(5)** ☐ Amended return

**H** Check accounting method: **(1)** ☐ Cash  **(2)** ☒ Accrual  **(3)** ☐ Other (specify) ▶ ..............

**I** Number of Schedules K-1. Attach one for each person who was a partner at any time during the tax year  ▶ ..............

**Caution:** Include **only** trade or business income and expenses on lines 1a through 22 below. See the instructions for more information.

| | | | |
|---|---|---|---|
| **Income** | **1a** Gross receipts or sales | **1a** | |
| | **b** Less returns and allowances | **1b** | **1c** |
| | **2** Cost of goods sold (Schedule A, line 8) | | **2** |
| | **3** Gross profit. Subtract line 2 from line 1c | | **3** |
| | **4** Ordinary inc. (loss) from other partnerships, estates, & trusts (att. sch.) | | **4** |
| | **5** Net farm profit (loss) (attach Schedule F (Form 1040)) | | **5** |
| | **6** Net gain (loss) from Form 4797, Part II, line 18 | | **6** |
| | **7** Other income (loss) (attach schedule) | | **7** |
| | **8** **Total income (loss).** Combine lines 3 through 7 | | **8** |

| | | | |
|---|---|---|---|
| **Deductions** (see pg. 15 of the instructions for limitations) | **9** Salaries and wages (other than to partners) (less employment credits) | | **9** |
| | **10** Guaranteed payments to partners | | **10** |
| | **11** Repairs and maintenance | | **11** |
| | **12** Bad debts | | **12** |
| | **13** Rent | | **13** |
| | **14** Taxes and licenses | | **14** |
| | **15** Interest | | **15** |
| | **16a** Depreciation (if required, attach Form 4562) | **16a** | |
| | **b** Less depreciation reported on Schedule A and elsewhere on return | **16b** | **16c** |
| | **17** Depletion (Do not deduct oil and gas depletion.) | | **17** |
| | **18** Retirement plans, etc. | | **18** |
| | **19** Employee benefit programs | | **19** |
| | **20** Other deductions (attach schedule) | | **20** |
| | **21** **Total deductions.** Add the amounts shown in the far right column for lines 9 through 20 | | **21** |
| | **22** **Ordinary income (loss)** from trade or business activities. Subtract line 21 from line 8 | | **22** |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than general partner or limited liability company member) is based on all information of which preparer has any knowledge.

▶ ..................................................................  ▶ ..............
Signature of general partner or limited liability company member          Date

May the IRS discuss this return with the preparer shown below (see Instructions)? ☒ Yes  ☐ No

**Paid Preparer's Use Only**

| | | | |
|---|---|---|---|
| Preparer's signature | Date | Check if self-employed ▶ ☐ | Preparer's SSN or PTIN  59265 |
| Firm's name (or yours if self-employed), address, and ZIP code | **LEVINE, JACOBS & COMPANY, L.L.C.** **333 EISENHOWER PARKWAY** **LIVINGSTON, NJ          07039** | | EIN  47596  Phone no. **973-992-9400** |

For Paperwork Reduction Act Notice, see separate instructions.

DAA

Form **1065** (2002)

Form 1065 (2002)   **INTERNATIONAL SERVICE INVESTORS LLC** ▆▆▆▆5540                    Page

## Schedule A    Cost of Goods Sold (see page 19 of the instructions)

| | | | |
|---|---|---|---|
| 1 | Inventory at beginning of year | 1 | |
| 2 | Purchases less cost of items withdrawn for personal use | 2 | |
| 3 | Cost of labor | 3 | |
| 4 | Additional section 263A costs (attach schedule) | 4 | |
| 5 | Other costs (attach schedule) | 5 | |
| 6 | **Total.** Add lines 1 through 5 | 6 | |
| 7 | Inventory at end of year | 7 | |
| 8 | **Cost of goods sold.** Subtract line 7 from line 6. Enter here and on page 1, line 2 | 8 | |

9a  Check all methods used for valuing closing inventory:

   (i)  ☐ Cost as described in Regulations section 1.471-3

   (ii)  ☒ Lower of cost or market as described in Regulations section 1.471-4

   (iii)  ☐ Other (specify method used and attach explanation) ▶

b  Check this box if there was a writedown of "subnormal" goods as described in Regulations section 1.471-2(c) ........ ▶ ☐

c  Check this box if the LIFO inventory method was adopted this tax year for any goods (if checked, attach Form 970) ... ▶ ☐

d  Do the rules of section 263A (for property produced or acquired for resale) apply to the partnership? ......... ☐ Yes  ☐ No

e  Was there any change in determining quantities, cost, or valuations between opening and closing inventory? ......... ☐ Yes  ☐ No
   If "Yes," attach explanation.

## Schedule B    Other Information

| | | Yes | No |
|---|---|---|---|
| 1 | What type of entity is filing this return? Check the applicable box: | | |
| a | ☐ Domestic general partnership    b ☐ Domestic limited partnership | | |
| c | ☒ Domestic limited liability company    d ☐ Domestic limited liability partnership | | |
| e | ☐ Foreign partnership    f ☐ Other ▶ | | |
| 2 | Are any partners in this partnership also partnerships? | X | |
| 3 | During the partnership's tax year, did the partnership own any interest in another partnership or in any foreign entity that was disregarded as an entity separate from its owner under Regulations sections 301.7701-2 and 301.7701-3? If yes, see instructions for required attachment | | X |
| 4 | Is this partnership subject to the consolidated audit procedures of sections 6221 through 6233? If "Yes," see **Designation of Tax Matters Partner below** | | X |
| 5 | Does this partnership meet all three of the following requirements? | | |
| a | The partnership's total receipts for the tax year were less than $250,000; | | |
| b | The partnership's total assets at the end of the tax year were less than $600,000; **and** | | |
| c | Schedules K-1 are filed with the return and furnished to the partners on or before the due date (including extensions) for the partnership return. | | |
| | If "Yes," the partnership is not required to complete Schedules L, M-1, and M-2; Item F on page 1 of Form 1065; or Item J on Schedule K-1 | X | |
| 6 | Does this partnership have any foreign partners? If "Yes," the partnership may have to file Forms 8804, 8805 and 8813. See page 20 of the instructions | | X |
| 7 | Is this partnership a publicly traded partnership as defined in section 469(k)(2)? | | X |
| 8 | Has this partnership filed, or is it required to file, **Form 8264,** Application for Registration of a Tax Shelter? | | X |
| 9 | At any time during calendar year 2002, did the partnership have an interest in or a signature or other authority over a financial account in a foreign country (such as a bank account, securities account, or other financial account)? See page 20 of the instructions for exceptions and filing requirements for Form TD F 90-22.1. If "Yes," enter the name of the foreign country. ▶ | | X |
| 10 | During the tax year, did the partnership receive a distribution from, or was it the grantor of, or transferor to, a foreign trust? If "Yes," the partnership may have to file Form 3520. See page 20 of the instructions | | X |
| 11 | Was there a distribution of property or a transfer (e.g., by sale or death) of a partnership interest during the tax year? If "Yes," you may elect to adjust the basis of the partnership's assets under section 754 by attaching the statement described under **Elections Made By the Partnership** on page 8 of the instructions | | X |
| 12 | Enter the number of **Forms 8865,** Return of U.S. Persons With Respect to Certain Foreign Partnerships, attached to this return ▶ | | |

## Designation of Tax Matters Partner (see page 21 of the instructions)

Enter below the general partner designated as the tax matters partner (TMP) for the tax year of this return:

| Name of designated TMP ▶ | SOMERVILLE, LLC | Identifying number of TMP ▶ | ▆▆▆▆9763 |
|---|---|---|---|
| Address of designated TMP ▶ | C/O CROWN CAPITAL GROUP NEW YORK    NY 10021 | | |

DAA

Form **1065** (2002)

Form 1065 (2002)    **INTERNATIONAL SERVICE INVESTORS LLC ███████5540**    Page

| Schedule K | Partners' Shares of Income, Credits, Deductions, etc. | | |
|---|---|---|---|

| | (a) Distributive share items | | (b) Total amount |
|---|---|---|---|
| **Income (Loss)** | **1** Ordinary income (loss) from trade or business activities (page 1, line 22) | **1** | |
| | **2** Net income (loss) from rental real estate activities (attach Form 8825) | **2** | |
| | **3a** Gross income from other rental activities ............... **3a** | | |
| | **b** Expenses from other rental activities (attach sch.) .... **3b** | | |
| | **c** Net income (loss) from other rental activities. Subtract line 3b from line 3a | **3c** | |
| | **4** Portfolio income (loss):    **a** Interest income | **4a** | 2 |
| | **b** Ordinary dividends | **4b** | |
| | **c** Royalty income | **4c** | |
| | **d** Net short-term capital gain (loss) (attach Schedule D (Form 1065)) | **4d** | |
| | **e (1)** Net long-term capital gain (loss) (attach Schedule D (Form 1065)) | **4e(1)** | |
| | **(2)** 28% rate gain (loss) ▶    **(3)** Qualified 5-year gain ▶ | | |
| | **f** Other portfolio income (loss) (attach schedule) | **4f** | |
| | **5** Guaranteed payments to partners | **5** | |
| | **6** Net section 1231 gain (loss) (other than due to casualty or theft) (attach Form 4797) | **6** | |
| | **7** Other income (loss) (attach schedule) | **7** | |
| **Deductions** | **8** Charitable contributions (attach schedule) | **8** | |
| | **9** Section 179 expense deduction (attach Form 4562) | **9** | |
| | **10** Deductions related to portfolio income (itemize) | **10** | |
| | **11** Other deductions (attach schedule) | **11** | |
| **Credits** | **12a** Low-income housing credit: | | |
| | **(1)** From partnerships to which section 42(j)(5) applies | **12a(1)** | |
| | **(2)** Other than on line 12a(1) | **12a(2)** | |
| | **b** Qualified rehabilitation expenditures related to rental real estate act. (att. Form 3468) | **12b** | |
| | **c** Credits (other than cr. shown on lines 12a & 12b) related to rental real estate activities | **12c** | |
| | **d** Credits related to other rental activities | **12d** | |
| | **13** Other credits | **13** | |
| **Invest-ment Interest** | **14a** Interest expense on investment debts | **14a** | |
| | **b (1)** Investment income included on lines 4a, 4b, 4c, and 4f above | **14b(1)** | 21 |
| | **(2)** Investment expenses included on line 10 above | **14b(2)** | |
| **Self-Employ-ment** | **15a** Net earnings (loss) from self-employment | **15a** | |
| | **b** Gross farming or fishing income | **15b** | |
| | **c** Gross nonfarm income | **15c** | |
| **Adjust-ments and Tax Preference Items** | **16a** Depreciation adjustment on property placed in service after 1986 | **16a** | |
| | **b** Adjusted gain or loss | **16b** | |
| | **c** Depletion (other than oil and gas) | **16c** | |
| | **d (1)** Gross income from oil, gas, and geothermal properties | **16d(1)** | |
| | **(2)** Deductions allocable to oil, gas, and geothermal properties | **16d(2)** | |
| | **e** Other adjustments and tax preference items (attach schedule) | **16e** | |
| **Foreign Taxes** | **17a** Name of foreign country or U.S. possession ▶ | | |
| | **b** Gross income from all sources | **17b** | |
| | **c** Gross income sourced at partner level | **17c** | |
| | **d** Foreign gross income sourced at partnership level: | | |
| | **(1)** Passive ▶    **(2)** Listed categories (attach schedule) ▶    **(3)** General limitation ▶ | **17d(3)** | |
| | **e** Deductions allocated and apportioned at partner level: | | |
| | **(1)** Interest expense ▶    **(2)** Other ▶ | **17e(2)** | |
| | **f** Deductions allocated & apprtn. at ptnrshp. level to foreign source inc.: | | |
| | **(1)** Passive ▶    **(2)** Listed categories (attach schedule) ▶    **(3)** General limitation ▶ | **17f(3)** | |
| | **g** Total foreign taxes (check one): ▶    Paid ☐    Accrued ☐ | **17g** | |
| | **h** Reduction in taxes available for credit (attach schedule) | **17h** | |
| **Other** | **18** Section 59(e)(2) expenditures: | | |
| | **a** Type ▶    **b** Amount ▶ | **18b** | |
| | **19** Tax-exempt interest income | **19** | |
| | **20** Other tax-exempt income | **20** | |
| | **21** Nondeductible expenses | **21** | |
| | **22** Distributions of money (cash and marketable securities) | **22** | |
| | **23** Distributions of property other than money | **23** | |
| | **24** Other items & amounts required to be reported separately to partners (att. sch.) | | |

DAA

Form **1065** (2002)

Form 1065 (2002)  **INTERNATIONAL SERVICE INVESTORS LLC** ████85540    Page 4

## Analysis of Net Income (Loss)

| | | |
|---|---|---|
| 1 | Net income (loss). Combine Schedule K, lines 1 through 7 in column (b). From the result, subtract the sum of Schedule K, lines 8 through 11, 14a, 17g, and 18b | **1** |

| 2 | Analysis by partner type: | (i) Corporate | (ii) Individual (active) | (iii) Individual (passive) | (iv) Partnership | (v) Exempt organization | (vi) Nominee/Other |
|---|---|---|---|---|---|---|---|
| a | General partners | | | | | | |
| b | Limited partners | | | | 21 | | |

**Note: Schedules L, M-1 and M-2 are not required if Question 5 of Schedule B is answered "Yes."**

## Schedule L    Balance Sheets per Books

| | Assets | Beginning of tax year (a) | (b) | End of tax year (c) | (d) |
|---|---|---|---|---|---|
| 1 | Cash | | | | |
| 2a | Trade notes and accounts receivable | | | | |
| b | Less allowance for bad debts | | | | |
| 3 | Inventories | | | | |
| 4 | U.S. government obligations | | | | |
| 5 | Tax-exempt securities | | | | |
| 6 | Other current assets (attach schedule) | | | | |
| 7 | Mortgage and real estate loans | | | | |
| 8 | Other investments (attach schedule) | | | | |
| 9a | Buildings and other depreciable assets | | | | |
| b | Less accumulated depreciation | | | | |
| 10a | Depletable assets | | | | |
| b | Less accumulated depletion | | | | |
| 11 | Land (net of any amortization) | | | | |
| 12a | Intangible assets (amortizable only) | | | | |
| b | Less accumulated amortization | | | | |
| 13 | Other assets (attach schedule) | | | | |
| 14 | **Total assets** | | | | |
| | **Liabilities and Capital** | | | | |
| 15 | Accounts payable | | | | |
| 16 | Mortgages, notes, bonds payable in less than 1 year | | | | |
| 17 | Other current liabilities (attach schedule) | | | | |
| 18 | All nonrecourse loans | | | | |
| 19 | Mortgages, notes, bonds payable in 1 year or more | | | | |
| 20 | Other liabilities (attach schedule) | | | | |
| 21 | Partners' capital accounts | | | | |
| 22 | **Total liabilities and capital** | | | | |

## Schedule M-1    Reconciliation of Income (Loss) per Books With Income (Loss) per Return

| | | | | | |
|---|---|---|---|---|---|
| 1 | Net income (loss) per books | | 6 | Income recorded on books this year not included on Schedule K, lines 1 through 7 (itemize): | |
| 2 | Income included on Sch. K, ln 1 through 4, 6, and 7, not recorded on books this year (itemize): | | a | Tax-exempt interest    $ | |
| 3 | Guaranteed payments (other than health insurance) | | 7 | Deductions included on Schedule K, lines 1 through 11, 14a, 17g, and 18b, not charged against book income this year (itemize): | |
| 4 | Expenses recorded on books this year not included on Schedule K, lines 1 through 11, 14a, 17g, and 18b (itemize): | | a | Depreciation    $ | |
| a | Depreciation    $ | | | | |
| b | Travel and entertainment    $ | | 8 | Add lines 6 and 7 | |
| | | | 9 | Income (loss) (Analysis of Net Income (Loss), line 1). Subtract line 8 from line 5 | |
| 5 | Add lines 1 through 4 | | | | |

## Schedule M-2    Analysis of Partners' Capital Accounts

| | | | | | |
|---|---|---|---|---|---|
| 1 | Balance at beginning of year | | 6 | Distributions:    a  Cash | |
| 2 | Capital contributed:    a  Cash | | | b  Property | |
| | b  Property | | 7 | Other decreases (itemize): | |
| 3 | Net income (loss) per books | | | | |
| 4 | Other increases (itemize): | | 8 | Add lines 6 and 7 | |
| 5 | Add lines 1 through 4 | | 9 | Balance at end of year. Subtract ln. 8 from ln. 5 | |

DAA

**SCHEDULE K-1**    **Partner's Share of Income, Credits, Deductions, etc.**    **2002**
(Form 1065)                          See separate instructions                    OMB No. 1545-0099

Partner #:   1          For calendar year 2002 or tax year beginning _____ , and ending _____

| Partner's identifying number: ██ 9763 | Partnership's identifying number: ██ 35540 |
|---|---|
| Partner's name, address, and ZIP code: <br> SOMERVILLE, LLC <br> C/O CROWN CAPITAL GROUP <br> 660 MADISON AVENUE, 15TH FLOOR <br> NEW YORK      NY 10021 | Partnership's name, address, and ZIP code: <br> INTERNATIONAL SERVICE INVESTORS LLC <br> C\O LERNER & MILLER <br> NEW YORK       NY 10022 |

**A**  This partner is a ☐ general partner ☐ limited partner
☒ limited liability company member

**B**  What type of entity is this partner?        PARTNERSHIP

**C**  Is this partner a ☒ domestic or a ☐ foreign partner?

|  | (I) Before change or termination | (II) End of year |
|---|---|---|
| **D** Enter partner's percentage of: | | |
| Profit sharing ............... | .......... % | 98.000000% |
| Loss sharing ............... | .......... % | 98.000000% |
| Ownership of capital .... | .......... % | 98.000000% |

**E**  IRS Center where partnership filed return:
CINCINNATI, OH  45999-0011

**F**  Partner's share of liabilities (see instructions):
Nonrecourse .......................................... $............
Qualified nonrecourse financing ............. $............
Other ...................................................... $  25,820,076

**G**  Tax shelter registration number................................... ............

**H**  Check here if this partnership is a publicly traded
partnership as defined in section 469(k)(2)...................................... ☐

**I**  Check applicable boxes: (1) ☐ Final K-1    (2) ☐ Amended K-1

**J**  Analysis of partner's capital account:

| (a) Capital account at beginning of year | (b) Capital contributed during year | (c) Partner's share of lines 3, 4, and 7, Form 1065, Schedule M-2 | (d) Withdrawls and distributions | (e) Capital account at end of year (combine columns (a) through (d)) |
|---|---|---|---|---|
| | | | | |

| (a) Distributive share item | | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|
| **Income (Loss):** | | | |
| 4   Portfolio income (loss): | | | |
| a   Interest .................................................................... | **4a** | 21 | Sch. B, Part I, line1 |
| **Investment Interest:** | | | |
| 14b  (1)   Investment income included on lines 4a, 4b, 4c, and 4f .................. | **14b(1)** | 21 | See pg. 9 of Partner's Instr. for Sch. K-1 |

**SCHEDULE K-1**    **Partner's Share of Income, Credits, Deductions, etc.**    **2002**
(Form 1065)    See separate instructions    OMB No. 1545-0099

Partner #:  2    For calendar year 2002 or tax year beginning    , and ending

| Partner's identifying number: ███ 8303 | Partnership's identifying number: ███ 5540 |
|---|---|
| Partner's name, address, and ZIP code: <br><br> NEW CUMBERLAND CORP. INC. <br> 1000 S ELMORA AVENUE <br> ELIZABETH         NJ 07202 | Partnership's name, address, and ZIP code: <br><br> INTERNATIONAL SERVICE.INVESTORS LLC <br> C\O LERNER & MILLER <br> NEW YORK        NY 10022 |

**A**  This partner is a  ☐ general partner  ☐ limited partner
   ☒ limited liability company member
**B**  What type of entity is this partner?        CORPORATION
**C**  Is this partner a  ☒ domestic or a  ☐ foreign partner?

|   | (i) Before change <br> or termination | (ii) End of <br> year |
|---|---|---|
| **D**  Enter partner's percentage of: | | |
| Profit sharing .............. | ·········.% | 2.000000% |
| Loss sharing .............. | ·········.% | 2.000000% |
| Ownership of capital .... | ·········.% | 2.000000% |

**E**  IRS Center where partnership filed return:
   CINCINNATI, OH  45999-0011

**F**  Partner's share of liabilities (see instructions):
   Nonrecourse ......................................... $············
   Qualified nonrecourse financing ............ $············
   Other ................................................. $    526,941
**G**  Tax shelter registration number............................... ············
**H**  Check here if this partnership is a publicly traded
   partnership as defined in section 469(k)(2)................................... ☐
**I**  Check applicable boxes:  (1) ☐ Final K-1  (2) ☐ Amended K-1

**J**  Analysis of partner's capital account:

| (a) Capital account at <br> beginning of year | (b) Capital contributed <br> during year | (c) Partner's share of lines <br> 3, 4, and 7, Form 1065, <br> Schedule M-2 | (d) Withdrawls and <br> distributions | (e) Capital account at end of <br> year (combine columns (a) <br> through (d)) |
|---|---|---|---|---|
|  |  |  |  |  |

I4700 ISI INTERNATIONAL SERVICE INVESTORS LLC
█████ 5540
FYE: 12/31/2002

## Federal Statements

### Form 1065, Schedule K, Line 4a - Interest Income

| Description | Amount |
|---|---|
| INT SERVICE GROUP HOLDINGS, L | $ 21 |
| TOTAL | $ 21 |

Form **1065**

## U.S. Return of Partnership Income

Department of the Treasury
Internal Revenue Service

For calendar year 2000, or tax year beginning .............. , and ending ..............

▶ **See separate instructions.**

OMB No. 1545-0099

**2000**

| | | | | |
|---|---|---|---|---|
| **A** Principal business activity<br>**INVESTMENT** | Use the<br>IRS<br>label.<br>Other-<br>wise,<br>print<br>or type. | Name of partnership<br>**INT SERVICE GROUP HOLDINGS, LLC** | **D** Employer identification number<br>█████ 58794 |
| **B** Principal product or service<br>**INVESTMENT** | | Number, street, and room or suite no. If a P.O. box, see page 13 of the instructions.<br>**C/O CROWN, 660 MADISON AVE, 15TH FL** | **E** Date business started<br>**11/01/97** |
| **C** Business code number<br>**551112** | | City or town, state, and ZIP code<br>**NEW YORK        NY 10021** | **F** Total assets (see page 13 of<br>the instructions)<br>$ **1,842,654** |

**G** Check applicable boxes: **(1)** ☐ Initial return **(2)** ☐ Final return **(3)** ☐ Change in address **(4)** ☐ Amended return

**H** Check accounting method: **(1)** ☐ Cash **(2)** ☒ Accrual **(3)** ☐ Other (specify) ▶ ............

**I** Number of Schedules K-1. Attach one for each person who was a partner at any time during the tax year ▶ ............ **5**

**Caution:** Include **only** trade or business income and expenses on lines 1a through 22 below. See the instructions for more information.

| | | | | |
|---|---|---|---|---|
| **Income** | **1a** Gross receipts or sales | | **1a** | |
| | **b** Less returns and allowances | | **1b** | |
| | | | **1c** | |
| | **2** Cost of goods sold (Schedule A, line 8) | | **2** | |
| | **3** Gross profit. Subtract line 2 from line 1c | | **3** | |
| | **4** Ordinary inc. (loss) from other partnerships, estates, & trusts (att. sch.) SEE STMT 1 | | **4** | **-2,220,204** |
| | **5** Net farm profit (loss) (attach Schedule F (Form 1040)) | | **5** | |
| | **6** Net gain (loss) from Form 4797, Part II, line 18 | | **6** | |
| | **7** Other income (loss) (attach schedule) | | **7** | |
| | **8** **Total income (loss). Combine lines 3 through 7** | | **8** | **-2,220,204** |

| | | | | |
|---|---|---|---|---|
| **Deductions**<br>(see pg. 14 of instructions for limitations) | **9** Salaries and wages (other than to partners) (less employment credits) | | **9** | |
| | **10** Guaranteed payments to partners | | **10** | |
| | **11** Repairs and maintenance | | **11** | |
| | **12** Bad debts | | **12** | |
| | **13** Rent | | **13** | |
| | **14** Taxes and licenses | | **14** | |
| | **15** Interest | | **15** | |
| | **16a** Depreciation (if required, attach Form 4562) | **16a** | | |
| | **b** Less depreciation reported on Schedule A and elsewhere on return | **16b** | **16c** | |
| | **17** Depletion (**Do not deduct oil and gas depletion.**) | | **17** | |
| | **18** Retirement plans, etc. | | **18** | |
| | **19** Employee benefit programs | | **19** | |
| | **20** Other deductions (attach schedule) SEE STMT 2 | | **20** | **160,000** |
| | **21** **Total deductions. Add the amounts shown in the far right column for lines 9 through 20** | | **21** | **160,000** |
| | **22** **Ordinary income (loss)** from trade or business activities. Subtract line 21 from line 8 | | **22** | **-2,380,204** |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than general partner or limited liability company member) is based on all information of which preparer has any knowledge.

▶ Signature of general partner or limited liability company member ............ ▶ Date ............

| | | | | |
|---|---|---|---|---|
| **Paid Preparer's Use Only** | Preparer's<br>signature ▶ | | Date | Check if<br>self-employed ▶ ☐ | Preparer's SSN or PTIN<br>████ 39265 |
| | Firm's name (or yours<br>if self-employed),<br>address, and ZIP code | **LEVINE, JACOBS & COMPANY, L.L.C.**<br>**333 EISENHOWER PARKWAY**<br>**LIVINGSTON, NJ               07039** | | EIN ▶ ████ 17596 | |
| | | | | Phone<br>no. **973-992-9400** | |

For Paperwork Reduction Act Notice, see separate instructions.

Form **1065** (2000)

# EXHIBIT C*

## 7 of 8

*Personal Information, such as Social Security Numbers, has been redacted.

1065 (2000)  **INT SERVICE GROUP HOLDINGS, LLC** ████ 8794

## Schedule A  Cost of Goods Sold (see page 17 of the instructions)

| | | |
|---|---|---|
| Inventory at beginning of year | 1 | |
| Purchases less cost of items withdrawn for personal use | 2 | |
| Cost of labor | 3 | |
| Additional section 263A costs (attach schedule) | 4 | |
| Other costs (attach schedule) | 5 | |
| **Total.** Add lines 1 through 5 | 6 | |
| Inventory at end of year | 7 | |
| **Cost of goods sold.** Subtract line 7 from line 6. Enter here and on page 1, line 2 | 8 | |

Check all methods used for valuing closing inventory:

(I)   ☐ Cost as described in Regulations section 1.471-3

(II)  ☐ Lower of cost or market as described in Regulations section 1.471-4

(III) ☐ Other (specify method used and attach explanation) ▶

Check this box if there was a writedown of "subnormal" goods as described in Regulations section 1.471-2(c) ........ ▶ ☐

Check this box if the LIFO inventory method was adopted this tax year for any goods (if checked, attach Form 970) ...... ▶ ☐

Do the rules of section 263A (for property produced or acquired for resale) apply to the partnership? ........ ☐ Yes  ☐ No

Was there any change in determining quantities, cost, or valuations between opening and closing inventory? ....... ☐ Yes  ☐ No

If "Yes," attach explanation.

## Schedule B  Other Information

| | Yes | No |
|---|---|---|
| What type of entity is filing this return? Check the applicable box: | | |

a ☐ Domestic general partnership   b ☐ Domestic limited partnership

c ☒ Domestic limited liability company   d ☐ Domestic limited liability partnership

e ☐ Foreign partnership   f ☐ Other ▶

| | Yes | No |
|---|---|---|
| Are any partners in this partnership also partnerships? | X | |
| During the partnership's tax year, did the partnership own any interest in another partnership or in any foreign entity that was disregarded as an entity separate from its owner under Regulations sections 301.7701-2 and 301.7701-3? If yes, see instructions for required attachment | | X |
| Is this partnership subject to the consolidated audit procedures of sections 6221 through 6233? If "Yes," see Designation of Tax Matters Partner below | | X |
| Does this partnership meet **all three** of the following requirements? | | |
| The partnership's total receipts for the tax year were less than $250,000; | | |
| The partnership's total assets at the end of the tax year were less than $600,000; **and** | | |
| Schedules K-1 are filed with the return and furnished to the partners on or before the due date (including extensions) for the partnership return. | | |
| If "Yes," the partnership is not required to complete Schedules L, M-1, and M-2; Item F on page 1 of Form 1065; or Item J on Schedule K-1 | | |
| Does this partnership have any foreign partners? | | X |
| Is this partnership a publicly traded partnership as defined in section 469(k)(2)? | | X |
| Has this partnership filed, or is it required to file, **Form 8264,** Application for Registration of a Tax Shelter? | | X |
| At any time during calendar year 2000, did the partnership have an interest in or a signature or other authority over a financial account in a foreign country (such as a bank account, securities account, or other financial account)? See page 19 of the instructions for exceptions and filing requirements for Form TD F 90-22.1. If "Yes," enter the name of the foreign country. ▶ | | X |
| During the tax year, did the partnership receive a distribution from, or was it the grantor of, or transferor to, a foreign trust? If "Yes," the partnership may have to file Form 3520. See page 19 of the instructions | | X |
| Was there a distribution of property or a transfer (e.g., by sale or death) of a partnership interest during the tax year? If "Yes," you may elect to adjust the basis of the partnership's assets under section 754 by attaching the statement described under **Elections Made By the Partnership** on page 7 of the instructions | | |
| Enter the number of Forms 8865 attached to this return ▶ | | |

## Designation of Tax Matters Partner (see page 19 of the instructions)

Enter below the general partner designated as the tax matters partner (TMP) for the tax year of this return:

Name of designated TMP ▶ **INTERNATIONAL SERVICE INVESTORS LLC**   Identifying number of TMP ▶ ████ 5540

Address of designated TMP ▶ **C\O CROWN, 660 MADISON AVE, 15TH FL**

**NEW YORK          NY  10021**

Form **1065** (2000)

INT SERVICE GROUP HOLDINGS, LLC                68794

**Form 1065 (2000)**

**Schedule K**  Partners' Shares of Income, Credits, Deductions, etc.

| | (a) Distributive share items | | | (b) Total amount |
|---|---|---|---|---|
| | **Income (Loss)** | | | |
| 1 | Ordinary income (loss) from trade or business activities (page 1, line 22) | | 1 | -2,380,204 |
| 2 | Net income (loss) from rental real estate activities (attach Form 8825) | | 2 | |
| 3a | Gross income from other rental activities | 3a | | |
| b | Expenses from other rental activities (attach sch.) | 3b | | |
| c | Net income (loss) from other rental activities. Subtract line 3b from line 3a | | 3c | |
| 4 | Portfolio income (loss):  a Interest income | | 4a | 2,767 |
| b | Ordinary dividends | | 4b | |
| c | Royalty income | | 4c | |
| d | Net short-term capital gain (loss) (attach Schedule D (Form 1065)) | | 4d | |
| e | Net long-term capital gain (loss) (attach Schedule D (Form 1065)): | | | |
| | (1) 28% rate gain (loss) ▶ | (2) Total for year ▶ | 4e(2) | |
| f | Other portfolio income (loss) (attach schedule) | | 4f | |
| 5 | Guaranteed payments to partners | | 5 | |
| 6 | Net section 1231 gain (loss) (other than due to casualty or theft) (attach Form 4797) | | 6 | |
| 7 | Other income (loss) (attach schedule) | | 7 | |
| | **Deductions** | | | |
| 8 | Charitable contributions (attach schedule) | | 8 | |
| 9 | Section 179 expense deduction (attach Form 4562) | | 9 | |
| 10 | Deductions related to portfolio income (itemize) | | 10 | |
| 11 | Other deductions (attach schedule) | | 11 | |
| | **Credits** | | | |
| 12a | Low-income housing credit: | | | |
| | (1) From partnerships to which section 42(j)(5) applies for property placed in service before 1990 | | 12a(1) | |
| | (2) Other than on line 12a(1) for property placed in service before 1990 | | 12a(2) | |
| | (3) From partnerships to which section 42(j)(5) applies for property placed in service after 1989 | | 12a(3) | |
| | (4) Other than on line 12a(3) for property placed in service after 1989 | | 12a(4) | |
| b | Qualified rehabilitation expenditures related to rental real estate act. (att. Form 3468) | | 12b | |
| c | Credits (other than cr. shown on lines 12a & 12b) related to rental real estate activities | | 12c | |
| d | Credits related to other rental activities | | 12d | |
| 13 | Other credits | | 13 | |
| | **Investment Interest** | | | |
| 14a | Interest expense on investment debts | | 14a | |
| b | (1) Investment income included on lines 4a, 4b, 4c, and 4f above | | 14b(1) | 2,767 |
| | (2) Investment expenses included on line 10 above | | 14b(2) | |
| | **Self-Employment** | | | |
| 15a | Net earnings (loss) from self-employment | | 15a | -145,200 |
| b | Gross farming or fishing income | | 15b | |
| c | Gross nonfarm income | | 15c | |
| | **Adjustments and Tax Preference Items** | | | |
| 16a | Depreciation adjustment on property placed in service after 1986 | | 16a | 1,975 |
| b | Adjusted gain or loss | | 16b | |
| c | Depletion (other than oil and gas) | | 16c | |
| d | (1) Gross income from oil, gas, and geothermal properties | | 16d(1) | |
| | (2) Deductions allocable to oil, gas, and geothermal properties | | 16d(2) | |
| e | Other adjustments and tax preference items (attach schedule) | | 16e | |
| | **Foreign Taxes** | | | |
| 17a | Name of foreign country or U.S. possession ▶ | | | |
| b | Gross income sourced at partner level | | 17b | |
| c | Foreign gross income sourced at partnership level: | | | |
| | (1) Passive ▶   (2) Listed categories (attach sch.) ▶   (3) General limitation ▶ | | 17c(3) | |
| d | Deductions allocated and apportioned at partner level: | | | |
| | (1) Interest expense ▶   (2) Other ▶ | | 17d(2) | |
| e | Deductions allocated & apprtn. at ptnrshp. level to foreign source inc.: | | | |
| | (1) Passive ▶   (2) Listed categories (attach sch.) ▶   (3) General limitation ▶ | | 17e(3) | |
| f | Total foreign taxes (check one): ▶  Paid ☐  Accrued ☐ | | 17f | |
| g | Reduction in taxes available for credit & gross income from all sources (attach sch.) | | 17g | |
| | **Other** | | | |
| 18 | Section 59(e)(2) expenditures:  a Type ▶   b Amount ▶ | | 18b | |
| | | | 19 | |
| 19 | Tax-exempt interest income | | | |
| 20 | Other tax-exempt income                SEE STMT 3 | | 20 | 99,000 |
| 21 | Nondeductible expenses                 SEE STMT 4 | | 21 | 1,153 |
| 22 | Distributions of money (cash and marketable securities) | | 22 | |
| 23 | Distributions of property other than money | | 23 | |
| 24 | Other items & amounts required to be reported separately to partners (att. sch.) | | | |

DAA

Form **1065** (2000)

Form 1065 (2000)    **INT SERVICE GROUP HOLDINGS, LLC**    ██████68794    Page **4**

## Analysis of Net Income (Loss)

| | | | | | | |
|---|---|---|---|---|---|---|
| 1 | Net income (loss). Combine Schedule K, lines 1 through 7 in column (b). From the result, subtract the sum of Schedule K, lines 8 through 11, 14a, 17f, and 18b | | | | 1 | -2,377,437 |

| Analysis by partner type: | (i) Corporate | (ii) Individual (active) | (iii) Individual (passive) | (iv) Partnership | (v) Exempt organization | (vi) Nominee/Other |
|---|---|---|---|---|---|---|
| a  General partners | | | | | | |
| b  Limited partners | -219,913 | -374,446 | | -1,783,078 | | |

## Schedule L    Balance Sheets per Books (Not required if Question 5 on Schedule B is answered "Yes.")

| | Assets | Beginning of tax year (a) | (b) | End of tax year (c) | (d) |
|---|---|---|---|---|---|
| 1 | Cash | | 48,193 | | 50,962 |
| 2a | Trade notes and accounts receivable | | | | |
| b | Less allowance for bad debts | | | | |
| 3 | Inventories | | | | |
| 4 | U.S. government obligations | | | | |
| 5 | Tax-exempt securities | | | | |
| 6 | Other current assets (attach schedule) | | | | |
| 7 | Mortgage and real estate loans | | | | |
| 8 | Other investments (attach schedule) | | | | |
| 9a | Buildings and other depreciable assets | | | | |
| b | Less accumulated depreciation | | | | |
| 10a | Depletable assets | | | | |
| b | Less accumulated depletion | | | | |
| 11 | Land (net of any amortization) | | | | |
| 12a | Intangible assets (amortizable only) | | | | |
| b | Less accumulated amortization | | | | |
| 13 | Other assets (attach schedule)   SEE STMT 5 | | 3,499,051 | | 1,791,692 |
| 14 | Total assets | | 3,547,244 | | 1,842,654 |
| | **Liabilities and Capital** | | | | |
| 15 | Accounts payable | | | | |
| 16 | Mortgages, notes, bonds payable in less than 1 year | | | | |
| 17 | Other current liabilities (attach schedule) | | | | |
| 18 | All nonrecourse loans | | | | |
| 19 | Mortgages, notes, bonds payable in 1 year or more | | | | |
| 20 | Other liabilities (attach schedule)   SEE STMT 6 | | 16,035,000 | | 16,610,000 |
| 21 | Partners' capital accounts | | -12,487,756 | | -14,767,346 |
| 22 | Total liabilities and capital | | 3,547,244 | | 1,842,654 |

## Schedule M-1    Reconciliation of Income (Loss) per Books With Income (Loss) per Return
### (Not required if Question 5 on Schedule B is answered "Yes." See page 30 of the instructions.)

| | | | | | | |
|---|---|---|---|---|---|---|
| 1 | Net income (loss) per books | -2,279,590 | 6 | Income recorded on books this year not included on Schedule K, lines 1 through 7 (itemize): | | |
| 2 | Income included on Sch. K, ln. 1 through 4, 6, and 7, not recorded on books this year (itemize): | | a | Tax-exempt interest    $  ......  SEE STMT 8 ...... 99,000 | | 99,000 |
| 3 | Guaranteed payments (other than health insurance) | | 7 | Deductions included on Schedule K, lines 1 through 11, 14a, 17f, and 18b, not charged against book income this year (itemize): | | |
| 4 | Expenses recorded on books this year not included on Schedule K, lines 1 through 11, 14a, 17f, and 18b (itemize): | | a | Depreciation    $ ...... | | |
| a | Depreciation    $ | | | | | |
| b | Travel and entertainment  $ ......  SEE STMT 7   1,153 | 1,153 | 8 | Add lines 6 and 7 | | 99,000 |
| 5 | Add lines 1 through 4 | -2,278,437 | 9 | Income (loss) (Analysis of Net Income (Loss), line 1). Subtract line 8 from line 5 | | -2,377,437 |

## Schedule M-2    Analysis of Partners' Capital Accounts (Not required if Question 5 on Schedule B is answered "Yes.")

| | | | | | | |
|---|---|---|---|---|---|---|
| 1 | Balance at beginning of year | -12,487,756 | 6 | Distributions:  a  Cash | | |
| 2 | Capital contributed during year | | | b  Property | | |
| 3 | Net income (loss) per books | -2,279,590 | 7 | Other decreases (itemize): | | |
| 4 | Other increases (itemize): | | 8 | Add lines 6 and 7 | | |
| 5 | Add lines 1 through 4 | -14,767,346 | 9 | Balance at end of year. Subtract ln. 8 from ln. 5 | | -14,767,346 |

AA    Form **1065** (2000)

I4700ISGH

Form **1065**

**U.S. Partnership Return of Income**

For calendar year 1999, or tax year beginning _____, and ending _____

▶ **See separate instructions.**

OMB No. 1545-0099

**1999**

Department of the Treasury
Internal Revenue Service

| A Principal business activity **INVESTMENT** | Use the IRS label. Other-wise, please print or type. | Name of partnership **INT SERVICE GROUP HOLDINGS, LLC** | D Employer identification number ████8794 |
|---|---|---|---|
| Principal product or service **INVESTMENT** | | Number, street, and room or suite no. If a P.O. box, see page 12 of the instructions. **C/O CROWN CAPITAL INC** **660 MADISON AVE, 15TH FL** | E Date business started **11/01/97** |
| C Business code number **551112** | | City or town, state, and ZIP code **NEW YORK       NY 10021** | F Total assets (see page 12 of the instructions) **$ 3,547,244** |

G Check applicable boxes:   (1) ☐ Initial return   (2) ☐ Final return   (3) ☐ Change in address   (4) ☐ Amended return
H Check accounting method:   (1) ☐ Cash   (2) ☒ Accrual   (3) ☐ Other (specify) _____
I Number of Schedules K-1. Attach one for each person who was a partner at any time during the tax year   ▶   **5**

Caution: Include **only** trade or business income and expenses on lines 1a through 22 below. See the instructions for more information.

| | | | | |
|---|---|---|---|---|
| **Income** | 1a Gross receipts or sales | 1a | | |
| | b Less returns and allowances | 1b | 1c | |
| | 2 Cost of goods sold (Schedule A, line 8) | | 2 | |
| | 3 Gross profit. Subtract line 2 from line 1c | | 3 | |
| | 4 Ordinary inc. (loss) from other partnerships, estates, & trusts (att. sch.)   **SEE STMT 1** | | 4 | **-7,934,060** |
| | 5 Net farm profit (loss) (attach Schedule F (Form 1040)) | | 5 | |
| | 6 Net gain (loss) from Form 4797, Part II, line 18 | | 6 | |
| | 7 Other income (loss) (attach schedule) | | 7 | |
| | 8 **Total income (loss).** Combine lines 3 through 7 | | 8 | **-7,934,060** |
| **Deductions** (see page 14 of the instructions for limitations) | 9 Salaries and wages (other than to partners) (less employment credits) | | 9 | |
| | 10 Guaranteed payments to partners | | 10 | |
| | 11 Repairs and maintenance | | 11 | |
| | 12 Bad debts | | 12 | |
| | 13 Rent | | 13 | |
| | 14 Taxes and licenses | | 14 | |
| | 15 Interest | | 15 | |
| | 16a Depreciation (if required, attach Form 4562) | 16a | | |
| | b Less depreciation reported on Schedule A and elsewhere on return | 16b | 16c | |
| | 17 Depletion (Do not deduct oil and gas depletion.) | | 17 | |
| | 18 Retirement plans, etc. | | 18 | |
| | 19 Employee benefit programs | | 19 | |
| | 20 Other deductions (attach schedule)   **SEE STMT 2** | | 20 | **403,955** |
| | 21 **Total deductions.** Add the amounts shown in the far right column for lines 9 through 20 | | 21 | **403,955** |
| | 22 Ordinary income (loss) from trade or business activities. Subtract line 21 from line 8 | | 22 | **-8,338,015** |

**Please Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than general partner or limited liability company member) is based on all information of which preparer has any knowledge.

▲ _____
Signature of general partner or limited liability company member

▶ _____
Date

| **Preparer's Use Only** | Preparer's signature ▶ | | Date | Check if self-employed ▶ | Preparer's SSN or PTIN ████9265 |
|---|---|---|---|---|---|
| | Firm's name (or yours if self-employed) and address | **LEVINE, JACOBS & COMPANY, L.L.C.** **333 EISENHOWER PARKWAY** **LIVINGSTON, NJ** | | EIN ▶ ████7596 | ZIP code ▶ 07039 |

For Paperwork Reduction Act Notice, see separate instructions.
DAA

Form **1065** (1999)

DAA

## Form 1065 (1999)

Page 2

### Schedule A  Cost of Goods Sold (see page 17 of the instructions)

| | | |
|---|---|---|
| 1 Inventory at beginning of year | 1 | |
| 2 Purchases less cost of items withdrawn for personal use | 2 | |
| 3 Cost of labor | 3 | |
| 4 Additional section 263A costs (attach schedule) | 4 | |
| 5 Other ▇▇▇▇ h schedule) | 5 | |
| 6 Total. Add lines 1 through 5 | 6 | |
| 7 Inventory at end of year | 7 | |
| 8 Cost of goods sold. Subtract line 7 from line 8. Enter here and on page 1, line 2 | 8 | |

9a Check all methods used for valuing closing inventory:
  (i) Cost as described in Regulations section 1.471-3
  (ii) Lower of cost or market as described in Regulations section 1.471-4
  (iii) Other (specify method used and attach explanation) ▶

b Check this box if there was a writedown of "subnormal" goods as described in Regulations section 1.471-2(c) ▶

c Check this box if the LIFO inventory method was adopted this tax year for any goods (if checked, attach Form 970) ▶

d Do the rules of section 263A (for property produced or acquired for resale) apply to the partnership?   Yes ☐  No ☐

e Was there any change in determining quantities, cost, or valuations between opening and closing inventory?   Yes ☐  No ☐
  If "Yes," attach explanation.

### Schedule B  Other Information

| | | Yes | No |
|---|---|---|---|
| 1 | What type of entity is filing this return? Check the applicable box: <br> a ☐ General partnership  b ☐ Limited partnership  c ☒ Limited liability company <br> e ☐ Other | | |
| 2 | Are any partners in this partnership also partnerships? | X | |
| 3 | Is this partnership a partner in another partnership? | X | |
| 4 | Is this partnership subject to the consolidated audit procedures of sections 6221 through 6233? If "Yes," see Designation of Tax Matters Partner below | | X |
| 5 | Does this partnership meet ALL THREE of the following requirements? | | |
| a | The partnership's total receipts for the tax year were less than $250,000; | | |
| b | The partnership's total assets at the end of the tax year were less than $600,000; AND | | |
| c | Schedules K-1 are filed with the return and furnished to the partners on or before the due date (including extensions) for the partnership return. <br> If "Yes," the partnership is not required to complete Schedules L, M-1, and M-2, Item F on page 1 of Form 1065; or Item J on Schedule K-1 | | |
| 6 | Does this partnership have any foreign partners? | | X |
| 7 | Is this partnership a publicly traded partnership as defined in section 469(k)(2)? | | X |
| 8 | Has this partnership filed, or is it required to file, Form 8264, Application for Registration of a Tax Shelter? | | X |
| 9 | At any time during calendar year 1999, did the partnership have an interest in or a signature or other authority over a financial account in a foreign country (such as a bank account, securities account, or other financial account)? See page 18 of the instructions for exceptions and filing requirements for Form TD F 90-22.1. If "Yes," enter the name of the foreign country. ▶ | | |
| 10 | During the tax year, did the partnership receive a distribution from, or was it the grantor of, or transferor to, a foreign trust? If "Yes," the partnership may have to file Form 3520. See page 18 of the instructions | | |
| 11 | Was there a distribution of property or a transfer (e.g., by sale or death) of a partnership interest during the tax year? If "Yes," you may elect to adjust the basis of the partnership's assets under section 754 by attaching the statement described under Elections Made By the Partnership on page 7 of the instructions | | X |

**Designation of Tax Matters Partner** (see page 18 of the instructions)
Enter below the general partner designated as the tax matters partner (TMP) for the tax year of this return:

Name of designated TMP ▶ INTERNATIONAL SERVICE INVESTORS LLC    Identifying number of TMP ▶ 22-3535540

Address of designated TMP ▶ 1000 S ELMORA AVENUE  ELIZABETH, NJ  07202

Form 1065 (1999)

1065 (1999)  22-3558794  C/O CROWN CAPITAL INC

Form 1065 (1999)    C/O CROWN CAPITAL INC    22-3558794    Page 3

## Schedule K  Partners' Shares of Income, Credits, Deductions, etc.

| | (a) Distributive share items | | (b) Total amount |
|---|---|---|---|
| **Income (Loss)** | 1 | Ordinary income (loss) from trade or business activities (page 1, line 22) | -8,338,015 |
| | 2 | Net income (loss) from rental real estate activities (attach Form 8825) | |
| | 3a | Gross income from other rental activities ............ 3a | |
| | 3b | Expenses from other rental activities (attach sch.) ....... 3b | |
| | 3c | Net income (loss) from other rental activities. Subtract line 3b from line 3a | |
| | 4 | Portfolio income (loss): | |
| | a | Interest income | 46,278 |
| | b | Ordinary dividends | |
| | c | Royalty income | |
| | d | Net short-term capital gain (loss) (attach Schedule D (Form 1065)) | |
| | e | Net long-term capital gain (loss) (attach Schedule D (Form 1065)): | |
| | | (1) 28% rate gain (loss) .... (2) Total for year | |
| | f | Other portfolio income (loss) (attach schedule) | |
| | 5 | Guaranteed payments to partners | |
| | 6 | Net section 1231 gain (loss) (other than due to casualty or theft) (attach Form 4797) | |
| | 7 | Other income (loss) (attach schedule) | |
| **Deductions** | 8 | Charitable contributions (attach schedule) | |
| | 9 | Section 179 expense deduction (attach Form 4562) | |
| | 10 | Deductions related to portfolio income (itemize) | |
| | 11 | Other deductions (attach schedule) | |
| **Credits** | 12a | Low-income housing credit: | |
| | | (1) From partnerships to which section 42(j)(5) applies for property placed in service before 1990 | |
| | | (2) Other than on line 12a(1) for property placed in service before 1990 | |
| | | (3) From partnerships to which section 42(j)(5) applies for property placed in service after 1989 | |
| | | (4) Other than on line 12a(3) for property placed in service after 1989 | |
| | b | Qualified rehabilitation expenditures related to rental real estate ac. (att. Form 3468) | |
| | c | Credits (other than on lines 12a & 12b) related to rental real estate activities | |
| | d | Credits related to other rental activities | |
| | 13 | Other credits | |
| **Invest-ment Interest** | 14a | Interest expense on investment debts | 46,278 |
| | b | (1) Investment income included on lines 4a, 4b, 4c, and 4f above | |
| | | (2) Investment expenses included on line 10 above | |
| **Self-Employ-ment** | 15a | Net earnings (loss) from self-employment | -366,589 |
| | b | Gross farming or fishing income | |
| | c | Gross nonfarm income | |
| **Adjust-ments and Tax Preference Items** | 16a | Depreciation adjustment on property placed in service after 1986 | |
| | b | Adjusted gain or loss | |
| | c | Depletion (other than oil and gas) | |
| | d | (1) Gross income from oil, gas, and geothermal properties | |
| | | (2) Deductions allocable to oil, gas, and geothermal properties | |
| | e | Other adjustments and tax preference items (attach schedule) | |
| **Foreign Taxes** | 17a | Type of income ► | |
| | b | Name of foreign country or U.S. possession ► | |
| | c | Total gross income from sources outside the United States (attach sch.) | |
| | d | Total applicable deductions and losses (attach schedule) | |
| | e | Total foreign taxes (check one): ☐ Paid ☐ Accrued | |
| | f | Reduction in taxes available for credit (attach schedule) | |
| | g | Other foreign tax information (attach schedule) | |
| **Other** | 18 | Section 59(e)(2) expenditures: a Type ►   b Amount ► | |
| | 19 | Tax-exempt interest income    SEE STMT 3 | 247,500 |
| | 20 | Other tax-exempt income    SEE STMT 4 | |
| | 21 | Nondeductible expenses | 8,262 |
| | 22 | Distributions of money (cash and marketable securities) | |
| | 23 | Distributions of property other than money | |
| | 24 | Other items & amounts required to be reported separately to partners (att. sch.) | |

Page 4

1065 (1999)   C/O CROWN CAPITAL INC                                    8794

## Analysis of Net Income (Loss)

| | | | | | | |
|---|---|---|---|---|---|---|
| 1 | Net income (loss). Combine Schedule K, lines 1 through 7 in column (b). From the result, subtract the sum of Schedule K, lines 8 through 11, 14a, 17e, and 18b | | | | 1 | −8,291,737 |

| Analysis by partner type: | (i) Corporate | (ii) Individual (active) | (iii) Individual (passive) | (iv) Partnership | (v) Exempt organization | (vi) Nominee/Other |
|---|---|---|---|---|---|---|
| a General partners | −766,986 | −1,305,948 | | −6,218,803 | | |
| b Limited partners | | | | | | |

## Schedule L — Balance Sheets per Books (Not required if Question 5 on Schedule B is answered "Yes.")

| | Assets | Beginning of tax year (a) | (b) | End of tax year (c) | (d) |
|---|---|---|---|---|---|
| 1 | Cash | | | | 48,193 |
| 2a | Trade notes and accounts receivable | | | | |
| b | Less allowance for bad debts | | | | |
| 3 | Inventories | | | | |
| 4 | U.S. government obligations | | | | |
| 5 | Tax-exempt securities | | | | |
| 6 | Other current assets (attach schedule) | | | | |
| 7 | Mortgage and real estate loans | | | | |
| 8 | Other investments (attach schedule) | | | | |
| 9a | Buildings and other depreciable assets | | | | |
| b | Less accumulated depreciation | | | | |
| 10a | Depletable assets | | | | |
| b | Less accumulated depletion | | | | |
| 11 | Land (net of any amortization) | | | | |
| 12a | Intangible assets (amortizable only) | | | | |
| b | Less accumulated amortization | | | | |
| 13 | Other assets (attach schedule)   SEE STMT 5 | | | | 3,499,051 |
| 14 | Total assets | | | | 3,547,244 |
| | **Liabilities and Capital** | | | | |
| 15 | Accounts payable | | | | |
| 16 | Mortgages, notes, bonds payable in less than 1 year | | | | |
| 17 | Other current liabilities (attach schedule) | | | | |
| 18 | All nonrecourse loans | | | | |
| 19 | Mortgages, notes, bonds payable in 1 year or more | | | | 16,035,000 |
| 20 | Other liabilities (attach schedule)   SEE STMT 6 | | 4,435,257 | | −12,487,756 |
| 21 | Partners' capital accounts | | −4,435,257 | | |
| 22 | Total liabilities and capital | | | | 3,547,244 |

## Schedule M-1 — Reconciliation of Income (Loss) per Books With Income (Loss) per Return
(Not required if Question 5 on Schedule B is answered "Yes." See page 29 of the instructions.)

| | | | | | |
|---|---|---|---|---|---|
| 1 | Net income (loss) per books | −8,052,499 | 6 | Income recorded on books this year not included on Schedule K, lines 1 through 7 (itemize): | |
| 2 | Income included on Sch. K, ln. 1 through 4, 6, and 7, not recorded on books this year (itemize): | | a | Tax-exempt interest $   SEE STMT 8   247,500 | 247,500 |
| 3 | Guaranteed payments (other than health insurance) | | 7 | Deductions included on Schedule K, lines 1 through 11, 14a, 17e, and 18b, not charged against book income this year (itemize): | |
| 4 | Expenses recorded on books this year not included on Schedule K, lines 1 through 11, 14a, 17e, and 18b (itemize): | | a | Depreciation $ | |
| a | Depreciation $ | | | | |
| b | Travel and entertainment $   SEE STMT 7   8,262 | 8,262 | 8 | Add lines 6 and 7 | 247,500 |
| | Add lines 1 through 4 | −8,044,237 | 9 | Income (loss) (Analysis of Net Income (Loss), line 1). Subtract line 8 from line 5 | −8,291,737 |

## Schedule M-2 — Analysis of Partners' Capital Accounts (Not required if Question 5 on Schedule B is answered "Yes.")

| | | | | | |
|---|---|---|---|---|---|
| 1 | Balance at beginning of year | −4,435,257 | 6 | Distributions: a Cash | |
| 2 | Capital contributed during year | | | b Property | |
| 3 | Net income (loss) per books | −8,052,499 | 7 | Other decreases (itemize) | |
| 4 | Other increases (itemize) | | 8 | Add lines 6 and 7 | |
| 5 | Add lines 1 through 4 | −12,487,756 | 9 | Balance at end of year. Subtract ln. 8 from ln. 5 | −12,487,756 |

Form **1065** (1999)

B4

Form **1065**

Department of the Treasury
Internal Revenue Service

## U. Return of Partnership Income

For calendar year 2001, or tax year beginning _____ , _____ , and ending _____ , _____

OMB No. 1545-0099

**2001**

| A Principal business activity | Use the IRS label. Other-wise, print or type. | Name of partnership | D Employer identification number |
|---|---|---|---|
| SINGLE MEMBER LLC | | SOMERVILLE, LLC (A SINGLE MEMBER LLC) | ████9763 |
| B Principal product or service | | Number, street, and room or suite no. If a P.O. box, see page 13 of the instructions. | E Date business started |
| INVESTMENTS | | 1919 PENNSYLVANIA AVENUE N.W. SUITE 725 | 12/16/1997 |
| C Business code number | | City or town, state, and ZIP code | F Total assets |
| 525990 | | WASHINGTON, DC 20006 | $ 464,001,034. |

G Check applicable boxes: (1) ☐ Initial return (2) ☐ Final return (3) ☐ Name change (4) ☐ Address change (5) ☐ Amended return

H Check accounting method: (1) ☒ Cash (2) ☐ Accrual (3) ☐ Other (specify) ▶ _____

I Number of Schedules K-1. Attach one for each person who was a partner at any time during the tax year ▶ 1

**Caution:** Include only trade or business income and expenses on lines 1a through 22 below. See the instructions for more information.

**Income**

| | | |
|---|---|---|
| 1 a Gross receipts or sales | 1a | |
| b Less returns and allowances | 1b | 1c |
| 2 Cost of goods sold (Schedule A, line 8) | | 2 |
| 3 Gross profit. Subtract line 2 from line 1c | | 3 |
| 4 Ordinary income (loss) from other partnerships, estates, and trusts (attach schedule) **SEE STATEMENT 1** | | 4 <4,374,646.> |
| 5 Net farm profit (loss) (attach Schedule F (Form 1040)) | | 5 |
| 6 Net gain (loss) from Form 4797, Part II, line 18 | | 6 |
| 7 Other income (loss) (attach schedule) | | 7 |
| 8 **Total income (loss).** Combine lines 3 through 7 | | 8 <4,374,646.> |

**Deductions (see instructions for limitations)**

| | | |
|---|---|---|
| 9 Salaries and wages (other than to partners) (less employment credits) | | 9 |
| 10 Guaranteed payments to partners | | 10 |
| 11 Repairs and maintenance | | 11 |
| 12 Bad debts | | 12 15,000,000. |
| 13 Rent | | 13 |
| 14 Taxes and licenses | | 14 |
| 15 Interest | | 15 |
| 16 a Depreciation (if required, attach Form 4562) | 16a | |
| b Less depreciation reported on Schedule A and elsewhere on return | 16b | 16c |
| 17 Depletion (**Do not deduct oil and gas depletion.**) | | 17 |
| 18 Retirement plans, etc. | | 18 |
| 19 Employee benefit programs | | 19 |
| 20 Other deductions (attach schedule) | | 20 |
| 21 **Total deductions.** Add the amounts shown in the far right column for lines 9 through 20 | | 21 15,000,000. |
| 22 Ordinary income (loss) from trade or business activities. Subtract line 21 from line 8 | | 22 <19,374,646.> |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than general partner or limited liability company member) is based on all information of which preparer has any knowledge.

▶ _____ Signature of general partner or limited liability company member

▶ _____ Date

May the IRS discuss this return with the preparer shown below (see instr.)? ☒ Yes ☐ No

**Paid Preparer's Use Only**

| Preparer's signature ▶ | Date | Check if self-employed ▶ | Preparer's SSN or PTIN |
|---|---|---|---|
| Firm's name (or yours if self-employed), address, and ZIP code | GRANT THORNTON LLP 2 HOPKINS PLAZA, SUITE 700 BALTIMORE, MARYLAND 21201-2909 | EIN ████5558 | Phone no. 410-685-4000 |

JWA   For Paperwork Reduction Act Notice, see separate instructions.

111001
01-22-02

Form **1065** (2001)

155

# SCHEDULE K-1
## (Form 1065)
Department of the Treasury
Internal Revenue Service

**Partner's Share of Income, Credits, Deductions, etc.**

For calendar year 1998 or tax year
beginning _____, 1998, and ending _____

OMB No. 1545-0099

# 1998

Partner's identifying number ▶ [redacted]5877 | Partnership's identifying number ▶ [redacted]26720

**Partner's name, address, and ZIP code**

OMERVILLE S TRUST
C/O PERRY A. LERNER
1919 PENNSYLVANIA AVE NW, SUITE 725
WASHINGTON D.C. 20001

**Partnership's name, address, and ZIP code**

SANTA MONICA PICTURES LLC
1919 PENNSYLVANIA AVE N.W., SUITE 725
WASHINGTON, DC 20001

**A** This partner is a ☐ general partner ☐ limited partner
☒ limited liability company member

**B** What type of entity is this partner? ▶ TRUST

**C** Is this partner a ☒ domestic or ☐ foreign partner?

**D** Enter partner's percentage of: (i) Before change or termination / (ii) End of year
Profit sharing ....... 99.8820000 %
Loss sharing ........ 99.8820000 %
Ownership of capital 99.8820000 % / 100.5004387 %

**E** IRS Center where partnership filed return: PHILADELPHIA, PA

**F** Partner's share of liabilities:
Nonrecourse ...................... $ _____
Qualified nonrecourse financing ... $ _____
Other ............................. $ 210,859,071.

**G** Tax shelter registration number ▶ _____

**H** Check here if this partnership is a publicly traded partnership as defined in section 469(k)(2) .......... ☐

**I** Check applicable boxes: (1) ☐ Final K-1 (2) ☒ Amended K-1

**J** Analysis of partner's capital account:

| (a) Capital account at beginning of year | (b) Capital contributed during year | (c) Partner's share of lines 3, 4, and 7, Form 1065, Schedule M-2 | (d) Withdrawals and distributions | (e) Capital account at end of year (combine columns (a) through (d)) |
|---|---|---|---|---|
| 175,033,894. | 61,434,293. | 21,303,704. | ( 12,180,000. ) | 245,591,891. |

| | (a) Distributive share item | | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|---|
| **Income (Loss)** | 1 | Ordinary income (loss) from trade or business activities | 1 | <5,511,318.> | See page 6 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | 2 | Net income (loss) from rental real estate activities | 2 | | |
| | 3 | Net income (loss) from other rental activities | 3 | | |
| | 4 | Portfolio income (loss): | | | |
| | a | Interest | 4a | 11,320,047. | Sch. B, Part I, line 1 |
| | b | Ordinary dividends | 4b | 1,011,594. | Sch. B, Part II, line 5 |
| | c | Royalties | 4c | | Sch. E, Part I, line 4 |
| | d | Net short-term capital gain (loss) | 4d | 19,093,037. | Sch. D, line 5, col. (f) |
| | e | Net long-term capital gain (loss): | | | |
| | | (1) 28% rate gain (loss) | 4e(1) | | Sch. D, line 12, col. (g) |
| | | (2) Total for year | 4e(2) | <80,190,418.> | Sch. D, line 12, col. (f) |
| | f | Other portfolio income (loss) (attach schedule)   STATEMENT | 4f | <23,765.> | Enter on applicable line of your return. |
| | 5 | Guaranteed payments to partner | 5 | | See page 6 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | 6 | Net section 1231 gain (loss) (other than due to casualty or theft) | 6 | 640. | |
| | 7 | Other income (loss) (attach schedule) | 7 | | Enter on applicable line of your return. |
| **Deductions** | 8 | Charitable contributions (attach schedule)   SEE STATEMENT | 8 | 4,254. | Sch. A, line 15 or 16 |
| | 9 | Section 179 expense deduction | 9 | | See pages 7 and 8 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | 10 | Deductions related to portfolio income (attach schedule)   STMT | 10 | 594,765. | |
| | 11 | Other deductions (attach schedule)   SEE STATEMENT | 11 | 64,809. | |
| **Credits** | 12 a | Low-income housing credit: | | | |
| | | (1) From section 42(j)(5) partnerships for property placed in service before 1990 | a(1) | | |
| | | (2) Other than on line 12a(1) for property placed in service before 1990 | a(2) | | Form 8586, line 5 |
| | | (3) From section 42(j)(5) partnerships for property placed in service after 1989 | a(3) | | |
| | | (4) Other than on line 12a(3) for property placed in service after 1989 | a(4) | | |
| | b | Qualified rehabilitation expenditures related to rental real estate activities | 12b | | |
| | c | Credits (other than credits shown on lines 12a and 12b) related to rental real estate activities | 12c | | See page 8 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | d | Credits related to other rental activities | 12d | | |
| | 13 | Other credits | 13 | | |

JWA   For Paperwork Reduction Act Notice, see Instructions for Form 1065.

Schedule K-1 (Form 1065) 1998

811151
11-24-98

15290303   098652   [redacted]5455   092   SANTA MONICA PICTURES LLC   [redacted]8541

3

# EXHIBIT C*

## 8  of  8

*Personal Information, such as Social Security Numbers, has been redacted.

Schedule K-1 (Form 1065) 1998

| | (a) Distributive share item | | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|---|
| **Investment Interest** | 14 a Interest expense on investment debts | 14a | 100,287. | Form 4952, line 1 |
| | b (1) Investment income included on lines 4a, 4b, 4c, and 4f | b(1) | 12,331,641. | See page 9 of Partner's Instructions for Schedule K-1) Form 1065). |
| | (2) Investment expenses included on line 10 | b(2) | 594,765. | |
| **Self-employ-ment** | 15 a Net earnings (loss) from self-employment | 15a | | Sch. SE, Section A or B |
| | b Gross farming or fishing income | 15b | | See page 9 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | c Gross nonfarm income | 15c | | |
| **Adjustments and Tax Preference Items** | 16 a Depreciation adjustment on property placed in service after 1986 | 16a | 48,690. | See page 9 of Partner's Instructions for Schedule K-1 (Form 1065) and Instructions for Form 6251. |
| | b Adjusted gain or loss | 16b | <78,100.> | |
| | c Depletion (other than oil and gas) | 16c | 412. | |
| | d (1) Gross income from oil, gas, and geothermal properties | (d)1 | | |
| | (2) Deductions allocable to oil, gas, and geothermal properties | (d)2 | | |
| | e Other adjustments and tax preference items (attach schedule)  SEE STMT | 16e | <118.> | |
| **Foreign Taxes** | 17 a Type of income ▶ DIVIDENDS (FROM K-1) | | | Form 1116, check boxes |
| | b Name of foreign country or possession ▶  VARIOUS | | | |
| | c Total gross income from sources outside the United States (attach schedule) | 17c | 11,847. | Form 1116, Part I |
| | d Total applicable deductions and losses (attach schedule) | 17d | | |
| | e Total foreign taxes (check one): ▶ [X] Paid ☐ Accrued | 17e | 1,114. | Form 1116, Part II |
| | f Reduction in taxes available for credit (attach schedule) | 17f | | Form 1116, Part III |
| | g Other foreign tax information (attach schedule) | 17g | | See Instructions for Form 1116. |
| **Other** | 18 Section 59(e)(2) expenditures: a Type ▶ | | | See page 9 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | b Amount  SEE STATEMENT | 18b | 71,072. | |
| | 19 Tax-exempt interest income | 19 | | Form 1040, line 8b |
| | 20 Other tax-exempt income | 20 | | |
| | 21 Nondeductible expenses  SEE STATEMENT | 21 | 13,736. | See pages 9 and 10 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | 22 Distributions of money (cash and marketable securities) | 22 | 12,180,000. | |
| | 23 Distributions of property other than money | 23 | | |
| | 24 Recapture of low-income housing credit: | | | |
| | a From section 42(j)(5) partnerships | 24a | | Form 8611, line 8 |
| | b Other than on line 24a | 24b | | |

| **Supplemental Information** | 25 Supplemental information required to be reported separately to each partner (attach additional schedules if more space is needed): |
|---|---|

INTEREST FROM U.S. OBLIGATIONS                    SEE STATE TAX INSTRUCT.

INCLUDED IN LINE 4A          4,885,104. FOR POSSIBLE EXCLUSION

UNRECAPTURED SECTION 1250 GAIN

INCLUDED IN LINE 6 (25% RATE

AMOUNT)                    <332,233.> SCHEDULE D, LINE 25

*s/b 3 1256 gain      10825 × .99882 = 10,812*

*3475 MTM loss      < 343450> × .99882 = < 343,045 >*

*< 332,233 >*

811152
11-17-98
15290303    098652    ░░░░5455    092    SANTA MONICA PICTURES LLC    ░░8541

3

SANTA MONICA PICTURES LLC

26720

SCHEDULE K-1                    OTHER DEDUCTIONS

| DESCRIPTION | AMOUNT | PARTNER INSTRUCTIONS |
|---|---|---|
| OTHER DEDUCTIONS FROM MULTIPLE ACTIVITY SCHEDULE | 64,809. | SEE PARTNER INSTRUCTIONS FOR SCHEDULE K-1 (FORM 1065) |
| TOTAL TO SCHEDULE K-1, LINE 11 | 64,809. | |

SCHEDULE K-1            SECTION 59(E) ELECTION EXPENDITURES

| DESCRIPTION | AMOUNT | PARTNER INSTRUCTIONS |
|---|---|---|
| SEC 59(E) EXPENDITURES FROM MULTIPLE ACTIVITY SCH | 71,072. | SEE PARTNER INSTRUCTIONS FOR K-1 |
| TOTAL TO SCHEDULE K-1, LINE 18B | 71,072. | |

SCHEDULE K-1        OTHER ADJUSTMENTS AND TAX PREFERENCE ITEMS

| DESCRIPTION | AMOUNT | PARTNER INSTRUCTIONS |
|---|---|---|
| OTHER TAX PREFERENCE ITEMS FROM MULTIPLE ACTIVITY SCH. | <118.> | SEE PARTNER INSTRUCTIONS FOR SCHEDULE K-1 (FORM 1065) |
| TOTAL TO SCHEDULE K-1, LINE 16E | <118.> | |

SCHEDULE K-1                  NONDEDUCTIBLE EXPENSES

| DESCRIPTION | AMOUNT | PARTNER INSTRUCTIONS |
|---|---|---|
| NONDEDUCTIBLE EXPENSES - PASSTHROUGH | 13,736. | SEE PARTNER INSTRUCTIONS FOR K-1 |
| TOTAL TO SCHEDULE K-1, LINE 21 | 13,736. | |

Partner Number 3

15290303  098652      5455      092  SANTA MONICA PICTURES LLC      8541

*REVISED*

| SCHEDULE K-1<br>(Form 1065)<br>Department of the Treasury<br>Internal Revenue Service | Partner's Share of Income, Credits, Deductions, etc.<br>For calendar year 1998 or tax year<br>beginning _____, 1998, and ending _____ | OMB No. 1545-0099<br>**1998** |
|---|---|---|

| Partner's identifying number ▶ ███5877 | Partnership's identifying number ▶ ███26720 |
|---|---|
| Partner's name, address, and ZIP code | Partnership's name, address, and ZIP code |
| SOMERVILLE S TRUST<br>C/O PERRY A. LERNER<br>1919 PENNSYLVANIA AVE NW, SUITE 725<br>WASHINGTON D.C. 20001 | SANTA MONICA PICTURES LLC<br>1919 PENNSYLVANIA AVE N.W., SUITE 725<br>WASHINGTON, DC  20001 |

**A** This partner is a ☐ general partner   ☐ limited partner
    ☒ limited liability company member

**B** What type of entity is this partner? ▶ **TRUST**

**C** Is this partner a ☒ domestic or a ☐ foreign partner?

**D** Enter partner's percentage of:

| | (i) Before change or termination | (ii) End of year |
|---|---|---|
| Profit sharing | 99.8820000 % | 99.8820000 % |
| Loss sharing | 99.8820000 % | 99.8820000 % |
| Ownership of capital | 99.8820000 % | 100.5242035 % |

**E** IRS Center where partnership filed return: **PHILADELPHIA, PA**

**F** Partner's share of liabilities:
| Nonrecourse | $ |
| Qualified nonrecourse financing | $ |
| Other | $ 210,942,098. |

**G** Tax shelter registration number ▶

**H** Check here if this partnership is a publicly traded partnership as defined in section 469(k)(2)  ☐

**I** Check applicable boxes:  (1) ☐ Final K-1   (2) ☒ Amended K-1

**J** Analysis of partner's capital account:

| (a) Capital account at beginning of year | (b) Capital contributed during year | (c) Partner's share of lines 3, 4, and 7, Form 1065, Schedule M-2 | (d) Withdrawals and distributions | (e) Capital account at end of year (combine columns (a) through (d)) |
|---|---|---|---|---|
| 175,033,894. | 68,556,409. | 21,276,356. | ( 12,180,000. ) | 252,686,659. |

| | (a) Distributive share item | | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|---|
| **Income (Loss)** | 1 | Ordinary income (loss) from trade or business activities | 1 | <5,511,318.> | See page 6 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | 2 | Net income (loss) from rental real estate activities | 2 | | |
| | 3 | Net income (loss) from other rental activities | 3 | | |
| | 4 | Portfolio income (loss): | | | |
| | a | Interest | 4a | 11,320,047. | Sch. B, Part I, line 1 |
| | b | Ordinary dividends | 4b | 1,011,594. | Sch. B, Part II, line 5 |
| | c | Royalties | 4c | | Sch. E, Part I, line 4 |
| | d | Net short-term capital gain (loss) | 4d | 7,134,553. | Sch. D, line 5, col. (f) |
| | e | Net long-term capital gain (loss): | | | |
| | | (1) 28% rate gain (loss) | 4e(1) | | Sch. D, line 12, col. (g) |
| | | (2) Total for year | 4e(2) | <79,884,635.> | Sch. D, line 12, col. (f) |
| | f | Other portfolio income (loss) (attach schedule) **STATEMENT** | 4f | <23,765.> | Enter on applicable line of your return. |
| | 5 | Guaranteed payments to partner | 5 | | See page 6 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | 6 | Net section 1231 gain (loss) (other than due to casualty or theft) | 6 | 640. | |
| | 7 | Other income (loss) (attach schedule) *SEE STATEMENT* | 7 | (16,233,658) | Enter on applicable line of your return. |
| **Deductions** | 8 | Charitable contributions (attach schedule) **SEE STATEMENT** | 8 | 4,254. | Sch. A, line 15 or 16 |
| | 9 | Section 179 expense deduction | 9 | | See pages 7 and 8 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | 10 | Deductions related to portfolio income (attach schedule) **STMT** | 10 | 594,765. | |
| | 11 | Other deductions (attach schedule) **SEE STATEMENT** | 11 | 64,809. | |
| **Credits** | 12 a | Low-income housing credit: | | | |
| | | (1) From section 42(j)(5) partnerships for property placed in service before 1990 | a(1) | | Form 8586, line 5 |
| | | (2) Other than on line 12a(1) for property placed in service before 1990 | a(2) | | |
| | | (3) From section 42(j)(5) partnerships for property placed in service after 1989 | a(3) | | |
| | | (4) Other than on line 12a(3) for property placed in service after 1989 | a(4) | | |
| | b | Qualified rehabilitation expenditures related to rental real estate activities | 12b | | |
| | c | Credits (other than credits shown on lines 12a and 12b) related to rental real estate activities | 12c | | See page 8 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | d | Credits related to other rental activities | 12d | | |
| | 13 | Other credits | 13 | | |

JWA  **For Paperwork Reduction Act Notice, see Instructions for Form 1065.**
Schedule K-1 (Form 1065) 1998

811151
11-24-98

\* Sc 1256 gain
Sc 475 MTM loss

███████ ██████ ████ ███, SANTA MONICA PICTURES LLC ██████

Schedule K-1 (Form 1065) 1998

| | | (a) Distributive share item | | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|---|---|
| **Investment Interest** | 14 a | Interest expense on investment debts | 14a | 100,287. | Form 4952, line 1 |
| | b | (1) Investment income included on lines 4a, 4b, 4c, and 4f | b(1) | 12,331,641. | See page 9 of Partner's Instructions for Schedule K-1) Form 1065). |
| | | (2) Investment expenses included on line 10 | b(2) | 594,765. | |
| **Self-employ-ment** | 15 a | Net earnings (loss) from self-employment | 15a | | Sch. SE, Section A or B |
| | b | Gross farming or fishing income | 15b | | See page 9 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | c | Gross nonfarm income | 15c | | |
| **Adjustments and Tax Preference Items** | 16 a | Depreciation adjustment on property placed in service after 1986 | 16a | 48,690. | See page 9 of Partner's Instructions for Schedule K-1 (Form 1065) and Instructions for Form 6251. |
| | b | Adjusted gain or loss | 16b | <78,100.> | |
| | c | Depletion (other than oil and gas) | 16c | 412. | |
| | d | (1) Gross income from oil, gas, and geothermal properties | (d)1 | | |
| | | (2) Deductions allocable to oil, gas, and geothermal properties | (d)2 | | |
| | e | Other adjustments and tax preference items (attach schedule) SEE STMT | 16e | <118.> | |
| **Foreign Taxes** | 17 a | Type of income ▶ DIVIDENDS (FROM K-1) | | | Form 1116, check boxes |
| | b | Name of foreign country or possession ▶ VARIOUS | | | |
| | c | Total gross income from sources outside the United States (attach schedule) | 17c | 11,847. | Form 1116, Part I |
| | d | Total applicable deductions and losses (attach schedule) | 17d | | |
| | e | Total foreign taxes (check one): ▶ [X] Paid [ ] Accrued | 17e | 1,114. | Form 1116, Part II |
| | f | Reduction in taxes available for credit (attach schedule) | 17f | | Form 1116, Part III |
| | g | Other foreign tax information (attach schedule) | 17g | | See Instructions for Form 1116. |
| **Other** | 18 | Section 59(e)(2) expenditures: a Type ▶ | | | See page 9 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | b | Amount SEE STATEMENT | 18b | 71,072. | |
| | 19 | Tax-exempt interest income | 19 | | Form 1040, line 8b |
| | 20 | Other tax-exempt income | 20 | | See pages 9 and 10 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | 21 | Nondeductible expenses SEE STATEMENT | 21 | 13,736. | |
| | 22 | Distributions of money (cash and marketable securities) | 22 | 12,180,000. | |
| | 23 | Distributions of property other than money | 23 | | |
| | 24 | Recapture of low-income housing credit: | | | |
| | a | From section 42(j)(5) partnerships | 24a | | Form 8611, line 8 |
| | b | Other than on line 24a | 24b | | |

| | 25 | Supplemental information required to be reported separately to each partner (attach additional schedules if more space is needed): |
|---|---|---|
| **Supplemental Information** | | INTEREST FROM U.S. OBLIGATIONS        SEE STATE TAX INSTRUCT. |
| | | INCLUDED IN LINE 4A        4,885,104. FOR POSSIBLE EXCLUSION |

811152
11-17-98

3

19470104   098652   ██████5455   092  SANTA MONICA PICTURES LLC   ███████58542



SANTA MONICA PICTURES LLC                                                26720

---

SCHEDULE K-1                    OTHER INCOME (LOSS)

---

| DESCRIPTION | AMOUNT | PARTNER INSTRUCTIONS |
| --- | --- | --- |
| SC 475 MARK TO MARKET FROM PASS-THRU | <343,045.> | ENTER ON APPLICABLE LINE OF YOUR RETURN |
| NET INCOME (LOSS) FROM FORM 6781, LINE 5 | 16,576,703. | FORM 6781, LINE 1 |
| TOTAL TO SCHEDULE K-1, LINE 7 | 16,233,658. | |

---

SCHEDULE K-1                    OTHER DEDUCTIONS

---

| DESCRIPTION | AMOUNT | PARTNER INSTRUCTIONS |
| --- | --- | --- |
| OTHER DEDUCTIONS FROM MULTIPLE ACTIVITY SCHEDULE | 64,809. | SEE PARTNER INSTRUCTIONS FOR SCHEDULE K-1 (FORM 1065) |
| TOTAL TO SCHEDULE K-1, LINE 11 | 64,809. | |

---

SCHEDULE K-1            SECTION 59(E) ELECTION EXPENDITURES

---

| DESCRIPTION | AMOUNT | PARTNER INSTRUCTIONS |
| --- | --- | --- |
| SEC 59(E) EXPENDITURES FROM MULTIPLE ACTIVITY SCH | 71,072. | SEE PARTNER INSTRUCTIONS FOR K-1 |
| TOTAL TO SCHEDULE K-1, LINE 18B | 71,072. | |

---

SCHEDULE K-1        OTHER ADJUSTMENTS AND TAX PREFERENCE ITEMS

---

| DESCRIPTION | AMOUNT | PARTNER INSTRUCTIONS |
| --- | --- | --- |
| OTHER TAX PREFERENCE ITEMS FROM MULTIPLE ACTIVITY SCH. | <118.> | SEE PARTNER INSTRUCTIONS FOR SCHEDULE K-1 (FORM 1065) |
| TOTAL TO SCHEDULE K-1, LINE 16E | <118.> | |

---

10470104   098652        5455    092  SANTA MONICA PICTURES LLC        68542

Summary

Peter Ackerman & Joanne Leedom-Ackerman
Schedule of changes in taxable income
For the years ended December 31, 1997 – 2003



**Changes in income:**

| | 1997 | 1998 | 1999 | 2000 | 2001 | 2002 | 2003 |
|---|---|---|---|---|---|---|---|
| A1. $4.7 million in film purchase & distribution expenses | (991,333) | (683,025) | (1,152,941) | (1,835,000) | (60,000) | | |
| A2. 50% interest in Railcar Mgt | | | | (1,400,000) | | | |
| A3. Receivables from ICII & Trometto | | (2,284,000) | (1,267,834) | (1,220,050) | | | |
| A4. Payments to Ishaq & Seiler | | | | | | (2,005,792) | |
| A5. Purchase of SMH debt & stock net of basis allocated to items sold | | (1000000000)–? | | | | | |
| B2. Loan to Economy Color Card | | (7,850,000) | | 7,850,000 | | | |
| B3. Advance to ISG | | | | (16,860,000) | | | |
| B3. Material participation losses from ISI | (6,969,495) | (6,182,079) | (1,768,892) | (100,689) | | | |
| Loss on termination in 2002 Additional loss on termination for unrecorded capital contrib | | | | | | | |
| B4. Passive activity loss from SMP for Resort Theatres of America reclassed to non-busines STCL | | | | (15,000,000) | | | |
| B5. Loss from Sec 475 mark to market from pass-through entities | | (343,045) | | | | | |
| Sec 1256 netted with Sec 475 loss above not reported | | 10,812 | | | | | |
| ($332,233) appears as Sec 1250 recapture on original K-1) | | | | | | | |
| B6. Worthless stock-Davidson Cotton | | | | | (19,988,200) | | |

**No net change in income; but change in tax calculation**

| | 1997 | 1998 | 1999 | 2000 | 2001 | 2002 | 2003 |
|---|---|---|---|---|---|---|---|
| B1. Section 1256 income reclassed | | | | | | | |
| STCG | | (7,527,893) | (5,338,415) | | | | |
| LTCG | | 8,115,341 | 9,951,277 | | | | |

Handwritten annotations: (1,200,000); 501,169 (501,169); 4,300,000; 3,800,000; –1500000; (av/oo/un)(181)




# EXHIBIT D*

*Personal Information, such as Social Security Numbers, has been redacted.

# CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & MARTIN

A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

GEORGE W. CONNELLY, P.C.
PARTNER
Licensed in Texas, Illinois and New York
DIRECT DIAL NO (713) 654-9610
E-MAIL: george.connelly@chamberlainlaw.com

**ATTORNEYS AT LAW**

1200 SMITH STREET, SUITE 1400

**HOUSTON, TEXAS 77002**

(713) 658-1818    (800) 342-5829

(713) 658-2553 (FAX)

www.chamberlainlaw.com

HOUSTON
ATLANTA

August 16, 2006

Ms. Jackie Carver                                       VIA FEDERAL EXPRESS
Internal Revenue Service
1973 N. Rulon White Blvd.
MAIL STOP 4430
Ogden, Utah 84201

        Re:    Peter and Joanne Ackerman
                SSN: ███████-1402
                Income tax—1997 through 2003

Dear Ms. Carver:

        I am writing to follow up on your correspondence from Howard Levinton of Grant Thornton, dated February 21, 2006 and March 28, 2006, which were addressed to the correct computation of Mr. and Mrs. Ackerman's tax liabilities for these years.  Following our submissions, we have conducted an extensive review of the Taxpayers' returns in order to insure that you have complete and accurate information to determine their Federal income tax liability for the years of assessment.  As a result of this review, we have determined that some of our earlier adjustments were incorrect, which are corrected here, and that additional adjustments explained below are required to determine the correct income tax liability.  Accordingly, this letter should be considered as an amendment and restatement of our earlier submissions.  I have attached an updated Power of Attorney on which I appear, so that we can discuss these matters after you have reviewed this letter.

        The first point I wish to address has to do with the computation of the revised deficiencies.  Putting aside the modifications previously requested, the adjustments in the Santa Monica Pictures proceeding as reflected in the Final Notice of Partnership Administrative Adjustment treated the various capital losses which were being disallowed as 28% property.  However, neither of the assets were in fact 28% property.  Each of them—the interest in Corona Film Finance, LLC  and the $150 million note were sold in December 1997, well after the May 6 effective date for separating 28% property for 20% property, and each of these assets had a sufficient holding period, including those determined under I.R.C. § 1223, in excess of eighteen months.  Thus, the computation should be revised to reflect the correct percentage of 20% in any event.  The status of the losses—20 versus 28%—was not a partnership item that could have been raised in that proceeding, and the computation is incorrect to the extent it does not reflect the correct percentage.

MERITAS LAW FIRMS WORLDWIDE

Ms. Jackie Carver
August 16, 2006
Page 2

The March 28, 2006 letter contained a series of adjustments that were requested, and which you are still reviewing and considering. There are none that we wish to modify in connection with the film purchase and distribution expenses (A1 in the letter), the interest in Railcar Management, LLC (A2), the receivables from TroMetro, LLC and Imperial Credit Industries (A3 and A4), or the payments to Ishag & Seiler (A4). The same is true with respect to the $10 million claimed with respect to the purchase of stock and debt of Santa Monica Holdings Corp. (A6), the § 1256 issue concerning the investment in S & P Index future contracts in 1997 and 1998 (B1), or the § 475 adjustment (B5). Those adjustments are correct. However, there are other items that have come to our attention since that March 28 letter that require modification at this time.

With respect to the advance of $7,850,000 to Economy Color Card, Inc., (B2 in our March 2006 letter), we had asked that it be considered written off as worthless and allowed as a deduction in 1997. Our further review of all the facts and circumstances calls for us to request two changes to that treatment. First, it appears that the actual investment was $600,000 greater, or a total of $8,450,000. Second, it appears that the year of worthlessness should have been 1998.

Item B6 involved an advance to a company known as Davidson Cotton in the amount of $19,988,200 which was initially deducted on the Taxpayers' return for 2004. In our March 2006 letter, we took the position it was determined to have been bad in 2003, but have since discovered that the company went into receivership at the end of 2001, and believe that the item should be treated as a business bad debt in 2001.

In addition, a further analysis of the Taxpayers' records has uncovered a number of additional items reflecting worthless debts in connection with unsuccessful investments in the following ventures in the years shown:

| Tax Year | Investment | Amount |
|----------|------------|--------|
| 1998 | Central European Foods | $220,000 |
| 2000 | Metrocash | 250,000 |
| 2002 | Vesura | 165,000 |
| 2002 | Arc Spectrum | 749,000 |
| 2003 | Resolvnet | 600,000 |
| 2003 | Fedele | 600,000 |

These were not claimed on the original return and not uncovered in time for our March 2006 submission. Additional documentation to support them will be made available at your request.

Mr. Ackerman was also the victim of a fraud perpetrated by a person named Greg Earl with respect to a purported investment to be made in a partnership which was supposed to invest in shares of US Technologies Corporation. In point of fact, the money advanced by Mr. Ackerman never resulted in an investment on his behalf, but was embezzled. Mr. Earl is currently incarcerated as a consequence of this fraud along with others. Mr. Ackerman advanced

Ms. Jackie Carver
August 16, 2006
Page 3

$4,887,000, all of which is lost, but much of which has been deducted as a capital loss in 2002. The amount of $420,000 was inadvertently omitted from the computation of the amount of the loss for that period. The amounts were advanced between 1998 and 2001, and effectively stolen when paid, but 2002 was the year of discovery and thus should be the year of the deduction. Thus, the amount of the allowable loss should be increased $420,000, and the character should be changed from capital to theft loss.

Mr. Ackerman held warrants to purchase shares of a company named as Equity Marketing, Inc. The warrants expired in 2003, and his allocated basis at the time was $6 million. That expiration should support a capital loss in the year of the lapse, but this event was overlooked when his tax return was prepared for 2003.

We previously referred to a $15 million advance relative to Resort Theaters of America (B4) in 2001. This amount should be treated as a business bad debt in the year 2000.

Finally, we wish to bring to your attention several issues which affect the calculation of tax liability. First, Taxpayers have applied for a refund of taxes paid in 1999 in the amount of $2,104,413. The Service has failed to allow this claim, and the Taxpayers are pursuing their remedy in another proceeding. Any calculation of interest and penalties should take this claim into account. Second, $1.7 million of the additional tax shown for 2000 was not occasioned by the disallowance of losses. This should also be taken into account in the calculation of interest and penalties.

In the same vein, you should be aware that the Taxpayer received refunds or credits for 1997 through 2002 for the overpayment of taxes as then calculated. They were in the following amounts: 1997--$2,382,406; 1998--$2,257,414; 1999--$2,094,001; 2000--$5,965,054; 2001--$3,000,000; 2002--$1,750,000; and 2003--$1,000,000. Any overpayments should be treated as tax payments in those years for purposes of calculating interest and penalties, and to the extent they are taken into account they should reduce associated interest, penalties and interest on penalties.

Obviously, we stand ready to present whatever additional documentation or explanation you desire. We will provide the calculations to you shortly. In the meantime, however, I have attached a revised spreadsheet prepared by Grant Thornton reflecting the adjustments, the amounts and the years to which they relate.

We appreciate your understanding, and look forward to hearing from you.

Very truly yours,

GEORGE W. CONNELLY, P.C.

By:

Ms. Jackie Carver
August 16, 2006
Page 4


GWC:mat
Enclosure
cc: Peter Ackerman (w/out encl)
   Perry Lerner (w/out encl)
   Howard Levinton (w/out encl)

0584894.05
980406 000009:8/15/2006

Form **2848**
(Rev. March 2004)
Department of the Treasury
Internal Revenue Service

## Power of Attorney
## and Declaration of Representative

▶ Type or print.  ▶ See the separate instructions.

OMB No. 1545-0150

| For IRS Use Only |
|---|
| Received by: |
| Name |
| Telephone |
| Function |
| Date |

| **Part I** | Power of Attorney |
|---|---|

**Caution:** Form 2848 will not be honored for any purpose other than representation before the IRS.

**1    Taxpayer information.** Taxpayer(s) must sign and date this form on page 2, line 9.

Taxpayer name(s) and address

Peter Ackerman and Joanne Leedom-Ackerman
3229 R Street N.W.
Washington, D.C. 20007-2941-294

| Social security number(s) |
|---|
| ███-1402 |
| ███-7396 |

Employer identification number

Daytime telephone number
202-466-5900

Plan number (if applicable)

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2    Representative(s)** must sign and date this form on page 2, Part II.

Name and address
Howard Levinton, Esq.
2 Hopkins Plaza, Suite 700
Baltimore, Maryland 21201

CAF No. ████4119R
Telephone No. 410-244-3201
Fax No. 410-837-0587
Check if new: Address ☐  Telephone No. ☐  Fax No. ☐

Name and address
George W. Connelly, Jr., Esq.
1200 Smith Street, Suite 1400
Houston, Texas 77002

CAF No. ████28023R
Telephone No. 713-654-9610
Fax No. 713-658-2553
Check if new: Address ☐  Telephone No. ☐  Fax No. ☐

Name and address
Perry A. Lerner, Esq.
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462

CAF No.
Telephone No. 610-940-1714
Fax No. 610-825-7579
Check if new: Address ☒  Telephone No. ☒  Fax No. ☒

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3    Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) or Civil Penalty (see the instructions for line 3) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) (see the instructions for line 3) |
|---|---|---|
| Income Tax and Penalties | 1040 | 1997-2003 |
| | | |
| | | |

**4    Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for **Line 4. Specific uses not recorded on CAF.** .................. ▶ ☐

**5    Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative, the power to sign certain returns, or the power to execute a request for disclosure of tax returns or return information to a third party. See the line 5 instructions for more information.

**Exceptions.** An unenrolled return preparer cannot sign any document for a taxpayer and may only represent taxpayers in limited situations. See **Unenrolled Return Preparer** on page 2 of the instructions. An enrolled actuary may only represent taxpayers to the extent provided in section 10.3(d) of Circular 230. See the line 5 instructions for restrictions on tax matters partners.

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: ....................
................................................................................................................
................................................................................................................
................................................................................................................

**6    Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here _____ and list the name of that representative below.

Name of representative to receive refund check(s) ▶

For Privacy Act and Paperwork Reduction Notice, see page 4 of the instructions.

ISA
STF FED4675F.1

Form **2848** (Rev. 3-2004)

Form 2848 (Rev. 3-2004)

Page **2**

**7   Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2.

**a** If you also want the second representative listed to receive a copy of notices and communications, check this box . . . . ▶ ☒

**b** If you do not want any notices or communications sent to your representative(s), check this box . . . . . . . . . . . . . . . ▶ ☐

**8   Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐
**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**9   Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

| Signature | Date 3/29/06 | Title (if applicable) |
|---|---|---|
| Print Name  Peter Ackerman | PIN Number | Print name of taxpayer from line 1 if other than individual |
| Signature  Joanne Leedom-Ackerman | Date 3/27/06 | Title (if applicable) |
| Print Name  Joanne Leedom-Ackerman | PIN Number | |

---

**Part II    Declaration of Representative**

**Caution:** Students with a special order to represent taxpayers in Qualified Low Income Taxpayer Clinics or the Student Tax Clinic Program, see the instructions for Part II.

Under penalties of perjury, I declare that:
* I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
* I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
* I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
* I am one of the following:

**a** Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
**b** Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
**c** Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
**d** Officer — a bona fide officer of the taxpayer's organization.
**e** Full-Time Employee — a full-time employee of the taxpayer.
**f** Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
**g** Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d) of Treasury Department Circular No. 230).
**h** Unenrolled Return Preparer — the authority to practice before the Internal Revenue Service is limited by Treasury Department Circular No. 230, section 10.7(c)(1)(viii). You must have prepared the return in question and the return must be under examination by the IRS. See **Unenrolled Return Preparer** on page 2 of the instructions.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.** See the Part II instructions.

| Designation — Insert above letter (a–h) | Jurisdiction (state) or identification | Signature | Date |
|---|---|---|---|
| a | NY and MD | | 3/1/06 |
| a | TX | | 3-7-06 |
| a | CA and NY | | 3-13-06 |

Form **2848** (Rev. 3-2004)

## Peter Ackerman & Joanne Leedom-Ackerman

| Requested Adjustments to Income | 1997 | 1998 | 1999 | 2000 | 2001 | 2002 | 2003 |
|---|---|---|---|---|---|---|---|
| 1 Film purchase and distribution expenses | ($991,333) | ($683,025) | ($1,835,000) | ($1,152,941) | ($60,000) | | |
| 2 Purchase of 50% interest in Railcar Management LLC | | ($1,400,000) | | | | | |
| 3 Write off of receivables from Trometro LLC | ($2,284,000) | ($1,267,834) | | | | | |
| 4 Write off of receivables from Imperial Credit Industries In | | ($1,220,050) | | | | | |
| 5 Payments to Ishag & Seiler for services rendered | | | | | ($2,005,792) | | |
| 6 Purchase of debt and stock of Santa Monica Holdings Corp. Inc net of basis allocated to items sold | ($10,000,000) | | | | | | |
| 7 Loan to Economy Color Card-reversal of actual write off | | ($8,450,000) | | $7,850,000 | | | |
| 8 Advances to International Service Group LLC | | ($3,900,000) | ($12,135,000) | ($575,000) | ($250,000) | | |
| 9 Contribution to International Service Industries LLC | ($18,050,000) | | | | | | |
| 10 Application of section 475 rules to pass through entities | | ($343,045) | | | | | |
| The following loans/investments were worthless as of the year shown but were not reflected in previously filed returns | | | | | | | |
| 11 Central European Foods | | ($520,000) | | | | | |
| 12 Metrocash | | | | ($250,000) | | | |
| 13 Desura | | | | | | ($65,000) | |
| 14 Resolvnet | | | | | | | ($600,000) |
| 15 Foldic | | | | | | | ($600,000) |
| 16 Arc Spectrum | | | | | | ($749,000) | |
| 17 Theft loss - Greg Earl | | | | | | | |
| Decrease capital loss - Greg Earl/US Tech | | | | | | $4,467,000 | |
| Increase theft loss - Greg Earl/US Tech | | | | | | ($4,887,000) | |
| 18 Expiration of Crown EMAK warrant | | | | | | | ($6,000,000) |
| 19 Sec 1256 netted with Sec 475 loss above not reported ($332,233 appears as Sec 1250 recapture on original K-1) | | $10,812 | | | | | |
| 20 Business bad debt-Davidson Cotton | | | | | ($19,988,200) | | |
| 21 Application of section 1256 to qualifying transactions | | | | | | | |
| Decrease in short term capital gain | (7,527,893) | (5,338,415) | | | | | |
| Increase in long term capital gain | 8,115,341 | 9,951,277 | | | | | |
| 22 Change in treatment of funds advanced to Resort Theater of America | | | | | | | |
| Increase in long term capital gain | | | $14,000,000 | | | | |
| Increase business bad debt | | | ($14,000,000) | | | | |

C:\Documents and Settings\oonni\Local Settings\Temporary Internet Files\OLK23\Ogden changes in income Aug 8 21 xls

# Grant Thornton

untants and Business Advisors

March 28, 2006

Ms. Jackie Carver
Mail Stop 4430
Internal Revenue Service
1973 N. Rulon White Blvd
Ogden, UT  84201

Re:  Peter and Joanne Ackerman
     EIN████-1402

Dear Ms. Carver

This refers to your letter and accompanying computations dated January 18, 2006 and our initial response dated February 21, 2006.

In addition to the disparity in the amount of the capital gain adjustments to the Santa Monica Pictures LLC ("SMP") tax return flowing through to the Taxpayer addressed in my February 21, 2006 letter, there are a number of affected items arising out of the case. We request that you address and adjust your calculations accordingly.  Most of these items were related to the development and financing of the film library (the business purpose for the organization of SMP), some were incurred in an attempted distribution of films and some items are, themselves, characterized by the Tax Court's view and ultimate characterization of the business and activities of SMP.  These will be addressed in the first section of this letter.  Further, as a consequence of our review of the Taxpayers' returns for the years 1997 through 2003 inclusive we have become aware of other matters, none of which have been examined by the IRS, which also affect your computations and the amount of tax claimed to be due.  These items will be addressed in the second section of this letter.

The Tax Court concluded that the contribution of the banks to SMP, the exercise of the banks' put options, and SMP's sale of contributed receivables were transactions without economic substance or opportunity for profit. It held, among other things, that the Banks never intended to become partners and that the receivables and stock should have been considered to have been purchased directly by the partners of SMP from the Banks rather than having been contributed to SMP. The Tax Court further ignored the efforts of SMP and its affiliates both during the years at issue and thereafter which  supported SMP's stated business objectives.

Notwithstanding the views of the Tax Court relative to its business purposes and motivations for the transactions that occurred, there were a number of expenses and otherwise deductible items that SMP incurred during the years in question and thereafter in furtherance of its stated business objective that were not before the Tax Court as to which no tax benefits were ever claimed or derived by the Taxpayer.  It is patently unfair to disregard transactions

opkins Plaza
00
altimore, MD 21201-2909
T_410.685.4000
F- 410.837.0587
www.grantthornton.com

Thornton LLP
mber of Grant Thornton International

**Grant Thornton** 🜚

based upon a theory of a lack of economic substance and then deny Taxpayer the benefit of deductions for expenses made in furtherance of its profit objective—and Taxpayer submits that these items should be allowed as deductions no later than 1998, the last year before the Tax Court, or, alternatively, for the year in which they were incurred. The following items, A1 through A5, fall into this category of affected items. Items B1 through B6 set forth other items we request that Ogden personnel address. In each instance where applicable, appropriate backup is provided or is available on request.

A1. SMP expended in excess of $4.7 million in furtherance of its film acquisition activities and activities of its affiliates. A schedule originally prepared in 2001 indicating the library acquired, dates of acquisition and related expense is attached. The expenditures encompass not only the years before the Tax Court but two additional years. The films were paid for in a number of ways by different entities, but shared a common thread - all of the funds came from SMP and no tax benefits were derived by SMP or its affiliates for such expenditures. Libraries having an aggregate cost of $3,020,000 were paid for by Corona Film Finance, LLC ("Corona") out of capital contributed by SMP and charged directly to SMP's capital account. The films were transferred to Santa Monica Holding Corporation. Further, as indicated in the chart, SMP, provided the funds to Santa Monica Holdings Corporation to satisfy the requirements of the Troma acquisition agreement. We believe the deduction for these expenditures under section 165 is warranted to achieve at least a minimal consistency with the Tax Court's finding that there was no expectation of profit because of the Tax Court's finding of a lack of what it calls objective economic substance. Such a holding would render these investments worthless when made.

A2. In 1998 SMP purchased a 50% interest in Railcar Management Partners LLC from John Van Merkensteijn for $1.4 million dollars. The IRS's contention throughout the FPAA process was that this amount was paid, in fact, to allow Trometro Films LLC to finance the cash portion of the purchase price of the portions of the investment in Railcar Management Partners LLC was worthless, and Taxpayer believes that the $1.4 million should be allowed as a Section 165 write-off.. Even if the IRS' view of the transaction as, essentially, an additional loan of $1.4 million to Trometro Films LLC is adopted, the debt should be considered bad as of the end of 1998 because, at that time, Trometro Films LLC had no assets other than the purchased debt which the Tax Court held was worthless. See Fn 164 attached and the balance sheet of Trometro Films LLC as of December 31, 1998.

A3. In addition to the $1.4 million, and consistent with the Tax Court's view that there was no opportunity for profit from the transaction, the outstanding balances of the notes given in payment for the receivables by Trometro LLC and by Imperial Credit Industries, Inc. ("ICII") should be allowed as write-offs in 1998 either under Section 165 or Section 166. By its holdings that the sale of receivables did not result in a loss, and by making no findings regarding gain, the Tax Court held, in effect, that the basis of the receivables was equal for what was paid for them. Allowing a deduction under section 166 for the unpaid balances of these notes as of the end of the tax year in which these transactions were completed is the only way to harmonize their existence with the holding of the Tax Court. The balances of these notes as of the end of 1998 were ICII—$1,220,050, Trometro 1997 note — $2,284,000, and Trometro 1998 note — $1,267,834. Additionally, as illustrated by the Trometro Films LLC balance sheet, there were no assets other than the purchased notes available to pay claims; notes which the Tax Court held had no value.

A4. In 1998, $2,005,792 provided by SMP through its investment in Corona and Corona's subsequent investment in IFG, LLC, was paid to Mark Seiler and David Ishag in connection with their activities on behalf of

**Grant Thornton ⚑**

SMP, in particularly as regards the business plan and library acquisition activities. No deduction was claimed on the SMP or Corona return or any other tax return for these payments.

The funds were to have been paid in 1998 by means of a distribution from IFG Film Finance Fund LLC, an LLC established by Corona with funds contributed by SMP. Interest earned on the funds in IFG was specially allocated to Seiler and Ishag and the actual distribution occurred in 2001. Forms K-1 showing Corona's capital account in IFG and the distributions to Messrs Ishag and Seiler are attached.

A5. Among the conclusions reached by the Tax Court was that the step transaction doctrine recast the transaction into a purchase of the Santa Monica Holdings Corporation debt and stock for $10 million. Such amount should be allowed as a capital loss to the extent not utilized in A3 above. See fn 180 from the decision.

There are also other adjustments that should be made to the Taxpayer's returns that are necessary to arrive at the correct amount of tax for each of the years covered by your TEFRA computations. It is especially important that these matters be considered by IRS personnel in Ogden because your calculations provide the basis for collection action, and consideration by your office will be one of Taxpayer's only opportunities to resolve these matters before the ultimate taxpayers, the Ackermans, must satisfy their correct liability to the IRS. Given the magnitude of the adjustments we ask that you consider the following adjustments to your Form 4549A. As with the adjustments above, we stand ready to supply whatever additional documentation you believe necessary to sustain the requested changes.

B1. Somerville Investments LLC was owned during 1997 by Somerville S Trust, a grantor trust wholly owned by Taxpayer. Somerville S Trust transferred all of the interests in Somerville Investments LLC to Somerville LLC., a single member LLC which, itself, was subsequently transferred to SMP by Somerville S Trust. All of the Somerville entities' income and loss ultimately flows into the Taxpayer's return through SMP.

Somerville Investments LLC invested in S & P Index Futures Contracts in 1997 and 1998. Because S & P Index Futures Contracts qualify as "non equity options" within the meaning of section 1256(b)(3) of the Code, such contracts are subject to section 1256(a) under which they should be marked to market at year end and 40% of the gain or loss is to be treated as short term gain or loss and 60% is to be treated as long term gain or loss. As a consequence of not applying those rules and erroneously reporting all of the net gain as short term, Taxpayers overstated their short term capital gain. Attached are original and revised K-1s from Somerville Investments LLC which correct the presentation of gains from Form 6781.

B2. Taxpayer Peter Ackerman had advanced $7,850,000 to Economy Color Card Inc., a long lived family business in which he had no ownership interest. The business failed in 1997, was inactive in 1998 and filed a final return in 1999. Copies of the 1997 return, showing no activity and no assets as of November 30, 1998 are enclosed together with proof of Taxpayers advances. We believe the loan should be written off as worthless and allowed as a deduction in 1997.

B3. Economy Color Card contributed its remaining assets and substantial cash (which had been borrowed from the Taxpayer) to International Service Investors, LLC, ("ISI") an entity owned 98% by the Taxpayer, 1% by Economy Color Card and 1% by an unrelated entity. ISI then contributed these assets for a 75 % interest in International Service Group Holdings, LLC ("Holdings"). Holdings and ISI then established International Service Group LLC ("ISG"), an operating company that manufactured and sold color cards (including the popular Pokemon cards). In addition to substantial capital contributions to ISI, Mr. Ackerman advanced $16,860,000 to ISG through Holdings. Evidence of Taxpayers advances to Holdings and capital contributions to ISI is attached

# Grant Thornton 📎

During 1998, 1999 and 2000, Mr. Ackerman actively and materially participated in the business of ISG acting almost in concert with his brother Donald Ackerman as CEO. His distributive share of ISI losses for that period, which all related to the activities of ISI, were 1998, $6,969,495, 1999, $6,182,079 2000 $1,768,892, and 2001 $100,689. Although his residence was in Washington, D.C., he traveled on an almost weekly basis to New Jersey and spent anywhere between 1-3 hours per day on the telephone with Don on operational matters affecting this entity. Evidence of his material participation, including travel logs, will be provided. We submit that losses from ISI reflected on his tax return as passive should be reclassified to active and deducted in the year incurred. Further, Taxpayers capital account on its own books was understated by $1,200,000 as a result of the 12/10/97 contribution made directly by the Somerville S Trust. As a consequence, Somerville's capital account on its own books was $1,200,000 less than its actual capital account and its loss on the cessation of ISI's activities was understated by $1,200,000. This loss of $501,169, while reflected on the Taxpayer's 2003 return, should actually have been claimed in 2002, when all of ISG's activities ceased. Therefore the allowable loss in 2002 from the disposition should have been $1,701,169. Portions of the 2002 ISI and ISG returns are attached.

Further, no part of Mr. Ackerman's advances of $16,860,000 to ISG was ever repaid, thus resulting in a bad debt. We believe it became clear that the debt was uncollectible as early as 1999. No bad debt was ever claimed by Mr. Ackerman, an oversight which is understandable in view of the substantial capital losses incurred in SMP which were the subject of this case. A copy of each of the 1999 and 2000 Holdings returns are attached.

B4. In 2001 Somerville LLC, a single member LLC owned by SMP, wrote off a $15 million advance it had previously made to Resort Theatres of America. Such amount was erroneously deducted on page 1 of SMP's tax return and subjected to the passive loss rules. The bad debt should have been treated as a non-business bad debt and separately stated to be passed through and deducted by the Taxpayer on Schedule D.

B5. In 1998 there was an input error in the calculation of Taxpayer's gain or loss subject to the mark-to-market rules of section 475. A mark-to-market loss of $-343,450 was inadvertently recorded as unrecaptured section 1250 gains on SMP's tax return. This resulted in an overstatement of taxpayer's income of $343,045 from SMP which should be corrected. See attached K-1s from SMP to Somerville S Trust showing income as originally filed and as corrected for this oversight.

B6. A non-business bad debt of $19,988,200 with respect to Taxpayer's allocated portion of amounts advanced to Davidson Cotton initially deducted in 2004 was determined to have been bad in 2003. Amended returns have been prepared for the Davidson Cotton holding entities reflecting this change and a Request for Administrative Adjustment will be prepared for SMP. Copies will be provided to you.

A spreadsheet showing the effect of all of these adjustments to income and the years to which we believe they are applicable is attached as a schedule to this letter. We stand ready to supply additional information with respect to any of the requested adjustments and are hopeful that these items can be resolved with you.

Our updated Power of Attorney is also enclosed, authorizing the undersigned and others to represent the Taxpayer in these matters.

Yours truly,
**Grant Thornton LLP**


Howard Levinton

HL/jek
Enclosure

4

Form **2848**
(Rev. March 2004)
Department of the Treasury
Internal Revenue Service

# Power of Attorney
## and Declaration of Representative

▶ Type or print.  ▶ See the separate instructions.

OMB No. 1545-0150

**For IRS Use Only**
Received by:
Name _____
Telephone _____
Function _____
Date _____

| **Part I** | **Power of Attorney** |
|---|---|

**Caution:** *Form 2848 will not be honored for any purpose other than representation before the IRS.*

**1    Taxpayer information.** Taxpayer(s) must sign and date this form on page 2, line 9.

Taxpayer name(s) and address

Peter Ackerman and Joanne Leedom-Ackerman
3229 R Street N.W.
Washington, D.C. 20007-2941-294

Social security number(s)
████-1402
████-7396

Employer identification number

Daytime telephone number
202-466-5900

Plan number (if applicable)

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2    Representative(s)** must sign and date this form on page 2, Part II.

Name and address
Howard Levinton, Esq.
2 Hopkins Plaza, Suite 700
Baltimore, Maryland 21201

CAF No. ████4119R
Telephone No. 410-244-3201
Fax No. 410-837-0587
Check if new: Address ☐  Telephone No. ☐  Fax No. ☐

Name and address
George W. Connelly, Jr., Esq.
1200 Smith Street, Suite 1400
Houston, Texas 77002

CAF No. ████8023R
Telephone No. 713-654-9610
Fax No. 713-658-2553
Check if new: Address ☐  Telephone No. ☐  Fax No. ☐

Name and address
Perry A. Lerner, Esq.
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462

CAF No. _____
Telephone No. 610-940-1714
Fax No. 610-825-7579
Check if new: Address ☒  Telephone No. ☒  Fax No. ☒

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3    Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) or Civil Penalty (see the instructions for line 3) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) (see the instructions for line 3) |
|---|---|---|
| Income Tax and Penalties | 1040 | 1997-2003 |
|  |  |  |
|  |  |  |

**4    Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for **Line 4. Specific uses not recorded on CAF.** . . . . . . . . . . . . . . . . . ▶ ☐

**5    Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative, the power to sign certain returns, or the power to execute a request for disclosure of tax returns or return information to a third party. See the line 5 instructions for more information.

**Exceptions.** An unenrolled return preparer cannot sign any document for a taxpayer and may only represent taxpayers in limited situations. See **Unenrolled Return Preparer** on page 2 of the instructions. An enrolled actuary may only represent taxpayers to the extent provided in section 10.3(d) of Circular 230. See the line 5 instructions for restrictions on tax matters partners.

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**6    Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here _____ and list the name of that representative below.

Name of representative to receive refund check(s) ▶

For Privacy Act and Paperwork Reduction Notice, see page 4 of the instructions.

Form **2848** (Rev. 3-2004)

ISA
TF FED4675F.1

Form 2848 (Rev. 3-2004)            Page **2**

**7**   **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2.

   **a**  If you also want the second representative listed to receive a copy of notices and communications, check this box ▶ ☒

   **b**  If you do not want any notices or communications sent to your representative(s), check this box . . . . . . . . . . . . . . . . . ▶ ☐

**8**   **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐
   **YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**9**   **Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶**IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

| *(Signature)* | Date 3/29/06 | Title (if applicable) |
|---|---|---|
| Signature | Date | Title (if applicable) |

Print Name: *Peter Ackerman*      PIN Number: [ ]      Print name of taxpayer from line 1 if other than individual

| *(Signature)* | Date 3/27/06 | Title (if applicable) |
|---|---|---|
| Signature | Date | Title (if applicable) |

Print Name: *Joanne Leedom-Ackerman*      PIN Number: [ ]

---

**Part II**    **Declaration of Representative**

**Caution:** *Students with a special order to represent taxpayers in Qualified Low Income Taxpayer Clinics or the Student Tax Clinic Program, see the instructions for Part II.*

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

   **a**  Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.

   **b**  Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.

   **c**  Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.

   **d**  Officer — a bona fide officer of the taxpayer's organization.

   **e**  Full-Time Employee — a full-time employee of the taxpayer.

   **f**  Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).

   **g**  Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d) of Treasury Department Circular No. 230).

   **h**  Unenrolled Return Preparer — the authority to practice before the Internal Revenue Service is limited by Treasury Department Circular No. 230, section 10.7(c)(1)(viii). You must have prepared the return in question and the return must be under examination by the IRS. See **Unenrolled Return Preparer** on page 2 of the instructions.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.** See the Part II instructions.

| Designation — Insert above letter (a–h) | Jurisdiction (state) or identification | Signature | Date |
|---|---|---|---|
| a | NY and MD | *(signature)* | 3/1/06 |
| a | TX | *(signature)* | 3-7-06 |
| a | CA and NY | *(signature)* | 3-13-06 |

Form **2848** (Rev. 3-2004)