**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PETER ACKERMAN, | § | |
| | § | |
| 3229 R St., N.W. | § | |
| Washington, D.C. 20007 | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:08-cv-00279 |
| | § | |
| UNITED STATES OF AMERICA, | § | Judge Henry H. Kennedy |
| | § | |
| Internal Revenue Service | § | |
| 1111 Constitution Ave., N.W. | § | |
| Washington, D.C. 20224 | § | |
| | § | |
| Defendant. | § | |

## AMENDED COMPLAINT

Plaintiff Peter Ackerman ("Plaintiff"), by and through his undersigned counsel, files this Amended Complaint against the United States of America ("Defendant"), and alleges as follows

1.     Plaintiff at all times relevant to this matter resides at 3229 R Street, N.W., Washington, D.C. 20007. Plaintiff's social security account number is xxx-xx-1402.

2.     This is a civil action against the Defendant for the recovery of income taxes for the years 1997 through 2003 which were erroneously and illegally assessed and collected as discussed below.

3.     This case was brought pursuant to 26 United States Code (U.S.C.) § 6230(c)(3) (hereafter also cited as "I.R.C."), and 28 U.S.C. §§ 1340 and 1346. Venue is proper pursuant to 28 U.S.C. § 1396.

4. Plaintiff has made no transfer or assignment of this claim or any part thereof and at all times has been the sole and absolute owner of such claim. No action with respect to this claim has been taken before the Congress of the United States or before any department or agency of the United States other than action before the Treasury Department, as hereinafter described. No other suit or process by Plaintiff, or any assignee, is pending on such claim in any other court.

5. All conditions precedent to Plaintiff bringing this action have been performed or have occurred.

6. On or about January 8, 2006, the Internal Revenue Service ("I.R.S.") made assessments against the Plaintiff of income taxes, penalties and interest with respect to the tax years 1997 through 2003 inclusive. These assessments were supposed to be the product of an Opinion in the United States Tax Court, *Santa Monica Pictures, LLC v. Commissioner*, T.C. Memo 2005-144, (appeal dismissed, 2d Cir. 2007). Attached as Plaintiff's Exhibit A is a copy of the January 18, 2006, cover letter from the I.R.S. Office in Ogden, Utah, as well as each of the I.R.S. Forms 4549-A, Income Tax Examination Changes, that accompanied it. That letter admitted that the computations for 2000-2003 were not based upon complete information.

7. In accordance with I.R.C. § 6230(c), representatives of the Plaintiff submitted a series of timely claims for computational adjustments with respect to the material identified in Exhibit A.

   A. On February 21, 2006, attorney Howard Levinton, pursuant to a Power of Attorney, submitted on behalf of Plaintiff a letter to the I.R.S. Office in Ogden, Utah that had issued the January 18, 2006, letter. His letter was a claim for computational adjustments, pointing out that the total of the adjustments in the Forms 4549-A for 1997 and 1998 exceeded the adjustments reflected in the holdings of the Tax Court. A copy of that letter is attached as Exhibit B.

B.  On March 28, 2006, Mr. Levinton submitted on behalf of Plaintiff a timely supplemental claim for computational adjustments for all years, with significant supporting materials, which described additional corrections to be made.  A true and complete copy of Mr. Levinton's request and the supporting materials is attached as Exhibit C.

C.  On August 16, 2006, counsel for Plaintiff in this matter submitted a further timely supplemental request for computational adjustment, which reaffirmed most of the prior requests but corrected others and pointed out additional items for correction, of which a copy is attached as Exhibit D.  Part of that submission was a summary of all the adjustments identified in Exhibits B, C, and D.

8.  The filing of a request for computational adjustment under I.R.C. § 6230 (c) does not require the prior payment of the underlying tax, penalty or interest, as it is directed at the components of the computation and not the ultimate liability.  However, Plaintiff fully paid the assessed liabilities on or about October 19, 2006.

9.  The amounts of net adjustments (some of which relate to ordinary income or losses, and others relating to capital gains or losses) and the computed reduction in income tax resulting from Exhibits B, C, and D are as follows:

| Tax Year | Net Items of Adjustment to Taxable Income | Refund Produced by Net Adjustments |
|---|---:|---:|
| 1997 | $30,737, 885 | $14, 583,325 |
| 1998 | 19,260,280 | 6,130,229 |
| 1999 | 13,970,000 | 2,019,736 |
| 2000 | (5,872,059) | none |
| 2001 | 22,303,992 | none |
| 2002 | 1,334,000 | 1,914,156 |
| 2003 | 7,200,000 | none |

To the extent those refunds of income tax would be allowable, the penalties and interest assessed against Plaintiff would likewise have been reduced *pro rata* and should be refunded.

10. Although personnel at the I.R.S. Office in Ogden, Utah, to whom the claims for adjustment were delivered, verbally acknowledged receipt of the claims, the I.R.S. has never responded in writing, indicated that the claims are in any way improper or deficient, or explained why any part of them would not be allowable.

11. This suit is timely pursuant to I.R.C. §§ 6230(c) and 6532(a).

12. Defendant has refused and continues to refuse to process any of the requested computational adjustments described above, and refuses to refund the income taxes resulting from the claims for computational adjustments identified above. For the reasons set out in this Amended Complaint and in Plaintiff's claims, Exhibits B through D hereto, Plaintiff is entitled to and demands judgment against Defendant for refunds of income tax in the amount of $14,583,325 in 1997, $6,130,229 in 1998, $2,019,736 in 1999, $1,914,156 in 2002, or such other amount as may be allowable, plus refunds of a *pro rata* portion of the applicable penalties, together with interest thereon according to law and for costs and further relief as may be just and appropriate.

WHEREFORE, PLAINTIFF PRAYS for judgment compelling Defendant to process the adjustments in Exhibits B, C, and D as are proper, and, after doing so, for judgment against Defendant in the amounts alleged in Paragraph 9 or for such other amounts to which Plaintiff is entitled in law and fact, together with the penalties applied to those amounts, interest according to law on the total, and for costs and further relief as may be just and appropriate.

Respectfully submitted,


_____*/s/ James P. Joseph*_____
JAMES P. JOSEPH, D.C. Bar No. 421231
REBECCA L. D. GORDON, D.C. Bar No. 468809

Arnold & Porter, L.L.P.
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
(202) 942-5000 (telephone)
(202) 942-5999 (facsimile)

LEAD COUNSEL FOR PLAINTIFF


Dated: February 29, 2008

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 29th day of February, 2008, the foregoing Amended Complaint was sent to the below addresses by the delivery method indicated:

Clerk's Office
United States District Court for the District of Columbia
*By electronic mail* (dcd_cmecf@dcd.uscourts.gov)

Attorney General of the United States
United States Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
*By Certified Mail*

United States Attorney for the District of Columbia
555 Fourth Street N.W.
Washington, D.C. 20530
*By Certified Mail*

                                        */s/ James P. Joseph*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PETER ACKERMAN, | § § | |
| 3229 R St., N.W. | § § | |
| Washington, D.C. 20007 | § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No. 1:08-cv-00279 |
| UNITED STATES OF AMERICA, | § § | Judge Henry H. Kennedy |
| Internal Revenue Service | § § | |
| 1111 Constitution Ave., N.W. | § | |
| Washington, D.C. 20224 | § § | |
| Defendant. | § | |

## NOTICE

Plaintiff Peter Ackerman, by and through his undersigned counsel, notes that the Exhibits filed with his original Complaint of February 19, 2008 are those to be appended to his Amended Complaint filed today. Plaintiff also notes the following errata: three pages within the exhibits were oriented upside-down. These pages are Exhibit C, Part 7 of 8, pages 6 and 7, and Exhibit C, Part 8 of 8, page 8.

    Respectfully submitted,

      /s/ James P. Joseph  
    JAMES P. JOSEPH, D.C. Bar No. 421231  
    REBECCA L. D. GORDON, D.C. Bar No. 468809

    Arnold & Porter, L.L.P.  
    555 Twelfth Street, N.W.  
    Washington, D.C. 20004-1206  
    (202) 942-5000 (telephone)  
    (202) 942-5999 (facsimile)  
    LEAD COUNSEL FOR PLAINTIFF

Dated: February 29, 2008

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 29th day of February, 2008, the foregoing Notice was sent to the below addresses by the delivery method indicated:

Clerk's Office
United States District Court for the District of Columbia
*By electronic mail* (dcd_cmecf@dcd.uscourts.gov)

Attorney General of the United States
United States Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
*By Certified Mail*

United States Attorney for the District of Columbia
555 Fourth Street N.W.
Washington, D.C. 20530
*By Certified Mail*

               */s/ James P. Joseph*