IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER ACKERMAN,<br><br>          Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendants. | No. 1:08-cv-00279 (HHK) |

## RULE 16.3 JOINT REPORT TO THE COURT

On July 14 & 15, 2008, counsel for Plaintiff Peter Ackerman ("Plaintiff") and the Defendant United States of America ("Defendant") met and conferred telephonically pursuant to LCvR 16.3 and the Court's June 30, 2008, Order for Initial Scheduling Conference. The parties report to the Court on the items enumerated in LCvR 16.3(c) as follows:

1. Plaintiff does not believe that this case can be resolved by dispositive motion, but Plaintiff intends to file a preliminary motion to determine subject matter jurisdiction.

The United States intends to file an early motion contending that subject matter jurisdiction is lacking because plaintiff did not properly file the required administrative refund claim within the six month statute of limitations for the pleaded Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA") action. See 26 U.S.C. §6230(c)(2)(A).

Depending on how the Court might resolve the preliminary cross-motions on subject matter jurisdiction, the United States may contend that subject matter jurisdiction does not exist for tax years 1997, 1998, 2000 and 2002 because Plaintiff separately filed a petition with the Tax Court for those tax years. See 26 U.S.C. §6512(a). The United States may also challenge the claimed refund for tax year 1999 under 26 U.S.C. §6511(b).

The United States independently contends that at least Plaintiff's claims/items included in Exhibits C and D to the amended complaint do not qualify as claims of erroneous computational adjustment. See 26 U.S.C. §6230(c)(1)(A). The United States expects to file its motion regarding this matter under either Fed.R.Civ.P. 12(c) fairly early during the discovery window or under Fed.R.Civ.P. 56(c) after the close of discovery.

*Santa Monica Pictures LLC v. Commissioner of Internal Revenue,* T.C. Memo. 2005-104 was settled while on appeal. Consequently, the United States may file a motion contending that the settlement of *Santa Monica Pictures* is a bar to plaintiff's claims.

Plaintiff believes that it would be appropriate to stay discovery pending the cross-motions on subject matter jurisdiction and/or any other preliminary motions the United States intends to file, so long as the Court sets a deadline for all preliminary motions so as not to unreasonably delay these proceedings. The United States believes it would be appropriate to stay discovery pending the cross-motions on subject matter jurisdiction, but only if a sufficiently long discovery window is thereafter provided.

2.      Plaintiff does not believe any additional parties need to be joined in the present action. Defendant believes the addition of Plaintiff's spouse, Joanne Leedom-Ackerman, may be required, but the parties believe that any factual or legal issues relating to the joinder of Ms. Leedom-Ackerman may be resolved by the parties in the short term. If additional parties need to be joined, the parties agree to a deadline of September 15, 2008. The parties agree to a deadline of September 15, 2008, for amendment of the pleadings.

3.      The parties do not believe that the case should be assigned to a Magistrate Judge for any purpose.

4.     The parties are amenable to discussions of settlement in this case. The parties met on July 8, 2008, to initiate preliminary settlement discussions, and the parties plan to meet again on August 27, 2008, to continue these discussions. The parties believe they will have a better understanding of the prospects of settlement after the meeting on August 27, 2008. If the parties are unable to make any progress on settlement in August, the parties do not believe there is a reasonable possibility of settlement prior to resolution of any preliminary motions in this case.

5.     The parties do not believe that this case would benefit from Alternative Dispute Resolution at this time.

6.     Plaintiff does not believe the case can be resolved by dispositive motion at this time, but Plaintiff does intend to file a preliminary motion to determine subject matter jurisdiction.

The United States does contend that this case can be disposed of by motions under Fed. R. Civ. P. 12(c) and/or 56(c). The United States refers to its stated position in paragraph (1) above.

7.     Plaintiff proposes that the parties agree to exchange initial disclosures as required by Federal Rule of Civil Procedure 26(a) within thirty (30) days of resolution of all preliminary motions.

The United States does not oppose delaying the initial Fed. R. Civ. P. 26(a)(1) disclosures so long as an adequate discovery window is thereafter allowed. The United States refers to its stated position in paragraph (8) below.

8.     The parties have preliminarily discussed limited informal discovery in this case. Plaintiff anticipates additional discovery will be taken within the limits prescribed by the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the District of

Columbia. Plaintiff believes completion of discovery should be within 120 days after resolution of the parties' preliminary motions on subject matter jurisdiction and other issues. Plaintiff reserves the right to file a protective order if it deems such an order to be appropriate.

The United States notes that the amended complaint claims a refund of $24.1 million. In addition, *Ackerman I* relates to both *Ackerman III* (D.D.C. Nos. 1:08-cv-0722) and *Ackerman IV* (D.D.C. No. 1:08-cv-1136) that in the aggregate claim refunds of another $30.8 million. The United States contends this matter is also factually complex (e.g., Complaint, Ex. C, alone, claims at least eleven separate refund items). Accordingly, the United States requests a one-year discovery window. Finally, the United States especially contends that a one-year discovery window for the most recently filed *Ackerman IV* (D.D.C. No. 1:08-cv-01136) complaint is appropriate. As a matter of simplifying pretrial matters, it may make sense to have the discovery window in *Ackerman I* tied to the discovery window in *Ackerman IV*.

9. The parties agree that expert discovery should take place after the close of fact discovery. The parties hold in abeyance any specific deadlines regarding expert discovery until a fact discovery deadline is put in place.

10. This action is not a class action. Therefore, item 10 is not applicable to this case.

11. The parties agree that, although bifurcation *per se* may not be appropriate, early disposition of any and all motions addressing subject matter jurisdiction would be appropriate.

12. The parties agree that the Court should schedule the pretrial conference after the close of discovery.

13. The parties agree that a trial date should be set at the pretrial conference.

14. The parties believe that they have addressed all matters appropriate for inclusion in a scheduling order.

        Respectfully submitted,

        */s/ James P. Joseph*
        JAMES P. JOSEPH, D.C. Bar No. 421231
        REBECCA L. D. GORDON, D.C. Bar No. 468809

        Arnold & Porter, L.L.P.
        555 Twelfth Street, N.W.
        Washington, D.C.  20004-1206
        (202) 942-5000 (telephone)
        (202) 942-5999 (facsimile)
        LEAD COUNSEL FOR PLAINTIFF


        */s/ Joseph E. Hunsader*
        JOSEPH E. HUNSADER
        JAN MEIR GEHT
        Trial Attorneys, Tax Division
        U.S. Department of Justice
        Post Office Box 277
        Washington, D.C.  20044
        (202) 514-0472 (telephone)
        (202) 514-6866 (facsimile)
        LEAD COUNSEL FOR DEFENDANT

Dated:  July 22, 2008